| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | BCM/1469 |
| THOMAS M. MOROUGHAN, | |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| -against- | **CV 12-0512 (JB)(AKT)** |
| THE COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK DETECTIVES TAVARES, CHARLES E. LESTER III, DETECTIVE/SGT. WILLIAM J. LAMB, SUFFOLK POLICE OFFICER MEANY AND SUFFOLK JOHN DOES 1-10, THE COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU POLICE OFFICERS ANTHONY D. DILEONARDO, EDWARD BIENZ and JOHN DOES 11-20, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Defendants, COUNTY OF SUFFOLK, DETECTIVE RONALD TAVARES, DETECTIVE CHARLES LESER (sued herein as "Lester"), DETECTIVE WILLIAM LAMB and P.O. WILLIAM MEANY by their attorney, Dennis M. Cohen, Suffolk County Attorney, by Brian C. Mitchell, Assistant County Attorney, answering the plaintiff's Complaint hereby allege as follows:

1.  The allegations contained in the paragraphs numbered 1, 2, 3 and 4 of the Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, the defendants make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 5, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40(A-D), 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56. 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 84, 87, 88, 89, 90, 91, 99 and 130 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 6 of the Complaint, except admit that Tavares, Lester, Lamb and Meany are employed by the Suffolk County Police Department.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 7 of the Complaint, except admit that Suffolk County Police Department is an administrative agency of the County of Suffolk.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 8 of the Complaint, except admit that Leser is a member of the Suffolk County Police Department.

6. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 9 of the Complaint, except admit that Tavares is a member of the Suffolk County Police Department.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 10 of the Complaint, except admit that Meany is a member of the Suffolk County Police Department.

8. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 11 of the Complaint, except admit that Lamb is a member of the Suffolk County Police Department.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 12, 14, 25, 27, 39, 83, 85 (1 and 2), 86, 92, 93, 94, 95, 96, 97, 98, 101, 102 (1-22), 103, 104, 106, 108, 110, 112, 114, 116, 118, 120, 121, 122, 123, 125, 126, 128, 129, 131, 132, 133, 134, 135, 136, 137, 138, 140, 141, 143, 144, 146 and 148 of the Complaint, and refer all questions of law to the Court.

10. Answering the paragraphs numbered 105, 107, 109, 111, 113, 115, 117, 119, 124, 127, 139, 142, 145 and 147 of the Complaint, defendants repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

11. That the Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

12. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

13. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14.     That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15.     That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16.     That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

17.     That municipal defendants are not liable for punitive damage awards.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

18.     That this Court lacks subject matter jurisdiction.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

19.     That defendant's actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

20.     That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

21.     That the substance of any communications, if any, made by the defendants and/or their agents are and were true.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

22.     That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

23.     That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

24.     That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

25.     That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

26.     That the substance of any communications, if any, made by defendants and/or their agents are and were absolutely privileged.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

27.     That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

28.     That the Suffolk County Police Department is not an entity susceptible to suit. See, e.g., Wilson v. City of New York, 800 F.Supp. 1098, 1101 (EDNY 1992).

WHEREFORE, defendants demand judgment against the plaintiff dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated:  Hauppauge, New York
       February 22, 2012

Yours, etc.

DENNIS M. COHEN
SUFFOLK COUNTY ATTORNEY
Attorney for Defendants,
County of Suffolk, Detectives Tavares, Leser and Lamb and P.O. Meany
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788

By: _____
Brian C. Mitchell   BCM-1469
Assistant County Attorney

To:
Law Office of Anthony M. Grandinette
Attorney for Plaintiff
114 Old Country Road, Suite 420
Mineola, NY 11501

Office of the Nassau County Attorney
One West Street
Mineola, NY 11501