IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

THOMAS M. MOROUGHAN,

        Plaintiff,

-against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK DETECTIVES TAVARES, CHARLES E. LESTER III, DETECTIVE/SGT. WILLIAM J. LAMB, SUFFOLK POLICE OFFICER MEANY AND SUFFOLK JOHN DOES 1-10, THE COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU POLICE OFFICERS ANTHONY D. DILEONARDO, EDWARD BIENZ AND JOHN DOES 11-20,

        Defendants.

12 CV 0512

**DEFENDANT DILEONARDO'S ANSWER TO VERIFIED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS AGAINST COUNTY OF NASSAU AND NASSAU COUNTY POLICE DEPARTMENT**

**JURY DEMAND**

---

The Defendant, ANTHONY D. DILEONARDO [hereinafter "Defendant"], by and through his counsel, BARKET, MARION, EPSTEIN & KEARON, LLP, answers the plaintiff's Complaint as follows, upon information and belief:

### AS FOR AN ANSWER TO INTRODUCTION

1.     Denies each and every allegation contained in paragraph 1 of the complaint.

2.     Denies each and every allegation contained in paragraph 2 of the Complaint.

3.     The allegations set forth in paragraph 3 of the complaint assert a legal conclusion to which no response is required.

4.     The allegations set forth in paragraph 4 of the complaint assert a legal conclusion to which no response is required.

5.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 of the complaint.

6. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

7. Defendant begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

8. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

9. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 9 of the complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

10. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

11. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

12. Defendant begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

13. Paragraph 13 was omitted from the Complaint.

14. Generally admits the allegations contained in paragraph 14 of the Compliant, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

15. Police Officer Anthony DiLeonardo was at all relevant times an employee of the Nassau County Police Department and the County of Nassau and at all times relevant to the Complaint was acting in his official capacity as an officer of the Nassau County Police Department.

16. Generally admits the allegations contained in paragraph 16, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

17. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO GENERAL FACTS

18. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 18 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

19. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 19 of the complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

20. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 20 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

21. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 21 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

22. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 22 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

23. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 23 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

24. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 24 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

25. Denies each and every allegation contained in paragraph 25 of the complaint.

26. Defendant admits that Jillian Bienz was a passenger in Bienz' Acura

27. Denies each and every allegation contained in paragraph 27 of the complaint.

28. Denies each and every allegation contained in paragraph 28 of the complaint.

29. Defendant admits that Sophia Cornia was a passenger in the Infinity.

30. Denies each and every allegation contained in paragraph 30 of the complaint,

31. Denies each and every allegation contained in paragraph 31 of the complaint.

32. Denies each and every allegation contained in paragraph 32 of the complaint.

33. Denies each and every allegation contained in paragraph 33 of the complaint.

34. Denies each and every allegation contained in paragraph 34 of the complaint.

35. Denies each and every allegation contained in paragraph 35 of the complaint.

36. Denies each and every allegation contained in paragraph 36 of the complaint.

37. Denies each and every allegation contained in paragraph 37 of the complaint.

38. Denies each and every allegation contained in paragraph 38 of the complaint.

39. Denies each and every allegation contained in paragraph 39 of the complaint.

40. Denies each and every allegation contained in paragraph 40, 40 A, 40 B, 40 C and 40 D of the complaint.

41. Denies each and every allegation contained in paragraph 41 of the complaint.

42. Denies each and every allegation contained in paragraph 42 of the complaint.

43. Denies each and every allegation contained in paragraph 43 of the complaint.

44. Denies each and every allegation contained in paragraph 44 of the complaint.

45. Denies each and every allegation contained in paragraph 45 of the complaint.

46. Denies each and every allegation contained in paragraph 46 of the complaint.

47. Denies each and every allegation contained in paragraph 47 of the complaint.

48. Denies each and every allegation contained in paragraph 48 of the complaint.

49. Denies each and every allegation contained in paragraph 49 of the complaint.

50. Denies each and every allegation contained in paragraph 50 of the complaint.

51. Denies each and every allegation contained in paragraph 51 of the complaint.

52. Denies each and every allegation contained in paragraph 52 of the complaint.

## AS FOR AN ANSWER TO EVENTS AT HUNTINGTON HOSPITAL

53. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 53 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

54. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 54 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

55. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 55 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

56. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 56 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

57. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 57 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

58. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 58 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

59. Denies each and every allegation contained in paragraph 59 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

60. Denies each and every allegation contained in paragraph 60 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

61. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 61 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO NASSAU DETECTIVES

62. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 62 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

63. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 63 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

64. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 64 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

65. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 65 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

66. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 66 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

67. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 67 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

68. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 68 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

69. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 69 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

70. Denies each and every allegation contained in paragraph 70 of the complaint.

71. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 71 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

72. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 72 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO SUFFOLK DETECTIVES

73. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 73 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

74. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 74 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

75. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 75 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

76. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 76 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

77. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 77 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

78. Denies each and every allegation contained in paragraph 78 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

79. Denies each and every allegation contained in paragraph 79 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

80. Denies each and every allegation contained in paragraph 80 of the complaint, except begs leave to refer all questions of fact to the trier and all questions of law to the Court.

81. Denies each and every allegation contained in paragraph 81 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

82. Denies each and every allegation contained in paragraph 82 of the complaint.

83. Denies each and every allegation contained in paragraph 83 of the complaint.

84. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 84 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

85. Denies each and every allegation contained in paragraph 85 of the complaint, except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

86. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 86 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

87. Denies each and every allegation contained in paragraph 87 of the complaint.

88. Denies each and every allegation contained in paragraph 88 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

89. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 89 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

90. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 90 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

91. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 91 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

92. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 92 of the complaint, except begs leave to refer all questions of fact to the trier of fact.

93. Denies each and every allegation contained in paragraph 93 of the complaint.

94. Denies each and every allegation contained in paragraph 94 of the complaint.

95. Denies each and every allegation contained in paragraph 95 of the complaint.

96. Denies each and every allegation contained in paragraph 96 of the complaint.

97. Denies each and every allegation contained in paragraph 97 of the complaint.

98. Denies each and every allegation contained in paragraph 98 of the complaint.

99. Denies each and every allegation contained in paragraph 99 of the complaint.

100. Denies each and every allegation contained in paragraph 100 of the complaint.

101. Denies each and every allegation contained in paragraph 101 of the complaint.

102. Denies each and every allegation contained in paragraph 102, inclusive of subparagraphs 102(1) through and including subparagraph 102(22) of the complaint.

103. Denies each and every allegation contained in paragraph 103 of the complaint.

### AS FOR AN ANSWER TO EXCESSIVE FORCE CLAIM

104. Denies each and every allegation contained in paragraph 104 of the complaint.

### AS FOR AN ANSWER TO COUNT I

### 42 U.S.C. § 1985 – CONSPIRACY AGAINST NASSAU AND SUFFOLK

105. For his answer to paragraph 105, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 104 as though fully set forth at length.

106. Denies each and every allegation contained in paragraph 106 of the complaint.

### AS FOR AN ANSWER TO COUNT II

### 42 U.S.C. § 1985 – CONSPIRACY AGAINST NASSAU AND SUFFOLK AND OTHERS NAMELY SOPHIA CORNIA, JILLIAN BIENZ, BIENA AND DILEONARDO

107. For his answer to paragraph 107, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 106 as though fully set forth at length.

108. Denies each and every allegation contained in paragraph 108 of the complaint.

### AS FOR AN ANSWER TO COUNT III

### 42 U.S.C. § 1985 – CONSPIRACY AGAINST NASSAU AND SUFFOLK AND OTHERS NAMELY SOPHIA CORNIA, JILIAN BIENZ, BIENZ AND DILEONARDO

109. For his answer to paragraph 109, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 108 as though fully set forth at length.

110. Denies each and every allegation contained in paragraph 110 of the complaint.

### AS FOR AN ANSWER TO COUNT IV

### 42 U.S.C. § 1985 – CONSPIRACY AGAINST NASSAU AND OTHERS NAMELY SOPHIA CORNIA AND JILIAN BIENZ

109. For his answer to paragraph 109, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 108 as though fully set forth at length.

110. Denies each and every allegation contained in paragraph 110 of the complaint.

### AS FOR AN ANSWER TO COUNT V

### 42 U.S.C. § 1985 – CONSPIRACY AGAINST NASSAU AND OTHERS NAMELY BIENZ, DILEONARDO, SOPHIA CORNIA AND JILIAN BIENZ

111. For his answer to paragraph 111, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 110 as though fully set forth at length.

112. Denies each and every allegation contained in paragraph 112 of the complaint.

### AS FOR AN ANSWER TO COUNT VI

### 42 U.S.C. § 1985 – CONSPIRACY AGAINST SUFFOLK COUNTY AND OTHERS NAMELY SOPHIA CORNIA AND JILIAN HENZ

113. For his answer to paragraph 113, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 112 as though fully set forth at length.

114. Denies each and every allegation contained in paragraph 1114 of the complaint.

### AS FOR AN ANSWER TO COUNT VII

### 42 U.S.C. § 1985 – CONSPIRACY AGAINST SUFFOLK AND OTHERS NAMELY BIENZ, DILEONARDO, SOPHIA CORNIA AND JILIAN BIENZ

115. For his answer to paragraph 115, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 114 as though fully set forth at length.

116. Denies each and every allegation contained in paragraph 116 of the complaint.

### AS FOR AN ANSWER TO COUNT VIII

### 42 U.S.C. § 1985 – CONSPIRACY AGAINST SUFFOLK AND OTHERS NAMELY BIENZ, AND DILEONARDO

117. For his answer to paragraph 117, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 116 as though fully set forth at length.

118. Denies each and every allegation contained in paragraph 118 of the complaint.

## AS FOR AN ANSWER TO COUNT IX

### 42 U.S.C. § 1985 – CONSPIRACY AGAINST BIENZ, DILEONARDO, SOPHIA CORNIA AND JILIAN BIENZ

119. For his answer to paragraph 119, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 118 as though fully set forth at length.

120. Denies each and every allegation contained in paragraph 120 of the complaint.

## AS FOR AN ANSWER TO COUNT X

### 42 U.S.C. § 1983 – FALSE IMPRISONMENT AGAINST SUFFOLK COUNTY TAVARES and LESSER

121. Denies each and every allegation contained in paragraph 121 of the complaint.

## AS FOR AN ANSWER TO COUNT XI

### 42 U.S.C. § 1983 – FALSE ARREST AGAINST SUFFOLK COUNTY TAVARES and LESSER

122. Denies each and every allegation contained in paragraph 122 of the complaint.

## AS FOR AN ANSWER TO COUNT XII

### 42 U.S.C. § 1983 – MALICIOUS PROSECUTION AGAINST SUFFOLK COUNTY TAVARES and LESSER

123. Denies each and every allegation contained in paragraph 123 of the complaint.

## AS FOR AN ANSWER TO COUNT XIII

### 42 U.S.C. § 1983 – UNREASONABLE AND EXCESSIVE FORCE

124. Denies each and every allegation contained in paragraph 124 of the complaint.

125. Denies each and every allegation contained in paragraph 125 of the complaint.

126. Denies each and every allegation contained in paragraph 126 of the complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

### AS FOR AN ANSWER TO COUNT XIV

### 42 U.S.C. § 1983 – FIRST; FOURTH, FIFTH, NINTH, FOURTEENTH AMENDMENTS AND PRIVACY VIOLATIONS

127. For his answer to paragraph 127, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 126 as though fully set forth at length.

128. Denies each and every allegation contained in paragraph 128 of the complaint.

129. Denies each and every allegation contained in paragraph 129 of the complaint.

130. Denies each and every allegation contained in paragraph 130 of the complaint.

131. Denies each and every allegation contained in paragraph 131 of the complaint.

132. Denies each and every allegation contained in paragraph 132 of the complaint.

### AS FOR AN ANSWER TO COUNT XV

### PENDENT CLAIM OF FALSE ARREST AGAINST SUFFOLK COUNTY TAVARES and LESSER AND ITS EMPLOYEES

133. Denies each and every allegation contained in paragraph 133 of the complaint.

134. Denies each and every allegation contained in paragraph 134 of the complaint, except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

### AS FOR AN ANSWER TO COUNT XVI

### PENDENT CLAIM OF FALSE IMPRISONMENT AGAINST SUFFOLK COUNTY TAVARES and LESSER AND ITS EMPLOYEES

135. Denies each and every allegation contained in paragraph 135 of the complaint.

136. Denies each and every allegation contained in paragraph 136 of the complaint, except states that the County is vicariously liable for any allegations attributable to the Defendant.

### AS FOR AN ANSWER TO COUNT XVII

### PENDENT CLAIM OF MALICIOUS PROSECUTION AGAINST SUFFOLK COUNTY TAVARES and LESSER AND ITS EMPLOYEES

137. Denies each and every allegation contained in paragraph 137 of the complaint.

138. Denies each and every allegation contained in paragraph 138 of the complaint, except states that the County is vicariously liable for any allegations attributable to the Defendant.

### AS FOR AN ANSWER TO COUNT XVIII

### PENDENT CLAIM OF ASSAULT

139. For his answer to paragraph 139, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 138 as though fully set forth at length.

140. Denies each and every allegation contained in paragraph 140 of the complaint.

141. Denies each and every allegation contained in paragraph 141 of the complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

### AS FOR AN ANSWER TO COUNT XIX

### PENDENT CLAIM OF BATTERY

142. For his answer to paragraph 142, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 141 as though fully set forth at length.

143. Denies each and every allegation contained in paragraph 143 of the complaint.

144. Denies each and every allegation contained in paragraph 144 of the complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

### AS FOR AN ANSWER TO COUNT XX

### PENDENT CLAIM OF PRIMA FACIE TORT

145. For his answer to paragraph 145 Defendant hereby adopts and incorporates the responses to paragraphs 1 through 144 as though fully set forth at length.

146. Denies each and every allegation contained in paragraph 146 of the complaint.

### AS FOR AN ANSWER TO COUNT XI

### PENDENT CLAIM FOR LIBEL AND SLANDER

147. For his answer to paragraph 147 Defendant hereby adopts and incorporates the responses to paragraphs 1 through 146 as though fully set forth at length.

148. Denies each and every allegation contained in paragraph 148 of the complaint, except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

149. The Defendant is entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

150. Plaintiff fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

151. Should Plaintiff recover damages as result of the findings of liability in whole or in part as against the Defendant, such recovery should be reduced and diminished in proportion to the degree of comparative negligence or wrongdoing of Plaintiff in contributing to such damages.

### FOURTH AFFIRMATIVE DEFENSE

152. Plaintiff has failed to mitigate damages in this matter.

## FIFTH AFFIRMATIVE DEFENSE

153. The alleged acts of conduct of the Defendant creates vicarious liability pursuant to the doctrine of respondent superior and consequently Nassau County and the Nassau County Police Department is liable for any acts or conduct of any liability, including but not limited to the Defendant, as a matter of law as the Defendant was acting in the scope of his employment as an employee of the County Defendants at all times and for all acts alleged in Plaintiff's complaint.

## CROSS-CLAIMS

### AS AND FOR CROSS-CLAIM AGAINST DEFENDANT COUNTY OF NASSAU AND DEFENDANT NASSAU COUNTY POLICE DEPARTMENT (HEREINAFTER "NASSAU COUNTY DEFENDANTS")

154. That at all times and for all acts alleged in Plaintiff's complaint, the Defendant was acting in the scope of his employment as an employee of the County Defendants.

155. The alleged acts of conduct of the Defendant creates vicarious liability pursuant to the doctrine of respondent superior and consequently the Nassau County Defendants are liable for any acts or conduct of any liability, including but not limited to the Defendant, as a matter of law.

156. If the allegations of the complaint are sustained and the Defendant is judged liable by reasons of the facts and/or operation of law or otherwise, then the responsibility for damages sustained by Plaintiff will be that of the Nassau County Defendants.

157. By reasons of the foregoing, the Defendant demands that the Court adjudicating the trial hereof apportion responsibility and liability, if any, among the parties.

158. That in the event the Defendant is held liable for the Plaintiffs, then the Defendant demands judgment against the Nassau County Defendants for such amounts as he may be required to pay.

## AND AS FOR A SECOND CROSS-CLAIM AGAINST NASSAU COUNTY DEFENDANTS

159. Defendant hereby adopts and incorporates the responses to paragraphs 159 through 163 as though fully set forth at length.

160. That if Plaintiff sustained personal injuries and resulting damage at the time and place set forth in the complaint and in the matter alleged, said injuries and resulting damages were not sustained through any carelessness, recklessness, acts, omissions, negligence, and/or breaches of duty, and/or warranty and/or contract and/or strict liability other than of the Plaintiff, and if said injuries and damages are deemed to have arose by verdict or judgment out of carelessness, recklessness, acts, omissions, negligence, and/or breaches of duty, and/or obligations, and/or statute, and/or contract in fact or implied by law, upon the part of the Defendant then Nassau County Defendants are bound to fully indemnify the Defendant and the Defendant will hold Nassau County Defendants responsible for the full amount of any verdict or judgment that Plaintiff herein may recover against the Defendant in this action, including all costs and disbursements.

**WHEREFORE,** the Defendant respectfully prays the Court as follows:

That the Court dismiss the Complaint as against the Defendant, in its entirety and/or if judgment is rendered against the Defendant that said Defendant have a judgment in a like amount against Nassau County and the Nassau County Police Department, together with the costs and disbursements of this action;

That the Court grant the Defendant such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
April 2, 2012

BARKET MARION EPSTEIN & KEARON

By: _____
Amy B. Marion