The Law Office Of
## ANTHONY M. GRANDINETTE
ATTORNEY AT LAW

114 OLD COUNTRY ROAD
SUITE 420
MINEOLA, NEW YORK 11501



SUFFOLK OFFICE:
By Appointment Only
4 Beech Lane
Stony Brook, New York 11790

TEL: (516) 877-2889
FAX: (516) 294-5348
EMAIL: grandinetteesq@aol.com

April 2, 2012

**VIA ECF**
Honorable Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

Re:   Thomas M. Moroughan v. The County of Suffolk, et al.
      Index No.: CV12-512

Dear Judge Tomlinson:

  This office represents Thomas Moroughan, the plaintiff in the above referenced action and I submit this letter motion concerning potential conflicts of interest which exist in the dual representation of the County and individual defendants.

  Factually, this claim arises following a traffic altercation with two off duty Nassau County Police Officers, one of whom shot Mr. Moroughan two times, and also fractured his nose with the butt of his gun. Thereafter, Moroughan fled the scene, called 911, and drove himself to Huntington Hospital. While being treated for his injuries at Huntington Hospital he was arrested by Suffolk Police Officers for assault in the second degree and reckless endangerment. The criminal charges were subsequently dismissed by the Suffolk County District Attorney's Office, and this civil action alleging false arrest, malicious prosecution, and other claims followed. Moroughan sued Nassau and Suffolk Counties, as well as police officers within their employ, both individually and in their professional capacities. Accordingly, potential conflicts of interest exist in the singular representation of the individual defendants, as well as the municipalities who employ them. For example, Nassau Police Officers DiLeonardo and Bienz, may argue they were acting within the scope of their official duties as police officers in an attempt to effectuate an arrest Moroughan, thereby asserting an immunity defense. Conversely, Nassau County may avoid liability by asserting that the Officers were **not** acting within the scope of their employment. This case presents similar conflicts which existed in <u>Dunton v. County of Suffolk</u>, 729 F.2d 903 (2d Cir. 1984), resulting in a reversal and remand after trial for the District Courts failure to properly resolve the conflict issues.

  According to the second Circuit, the District Court should… "satisfy itself that no conflict exists or at least provide notice to the affected party if one does". <u>Id</u>., <u>citing</u>, <u>In Re</u>

Taylor, 567 F2d, 1183, 1191(2d Cir. 1977); Koufakis v. Carvel, 425 F.2d892, 900-01(2d Cir. 1970).

Accordingly, the plaintiff respectfully request this court inquire of the individual defendants, and their counsel, concerning all potential conflicts of interest. In Re Taylor, 567 F.2d at 1191(2nd Cir. 1977). The plaintiff also seeks an affirmative position from the respective County Attorneys Offices' on the issue of indemnification of the individually named officers, for both compensatory and punitive damages, irrespective of who represents them.

I would ask this matter be addressed at our next appearance on April 6, 2012, prior to the formal commencement of discovery.

Respectfully submitted,

Anthony M. Grandinette

AMG/eb