| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

BEFORE:   A. KATHLEEN TOMLINSON          DATE:   4/6/12
          U.S. MAGISTRATE JUDGE           TIME:   10:30 AM

*Moroughan v. The County of Suffolk, et al.*, **CV 12-512 (JFB) (AKT)**

TYPE OF CONFERENCE:     **INITIAL CONFERENCE**

APPEARANCES:   Plaintiff    Anthony M. Grandinette

               Defendant    Brian C. Mitchell (County of Suffolk defendants)
                            Michael J. Ferguson (County of Nassau, Edward Bienz,
                                 John Does 11- 20)
                            Kevin Kearon (Anthony DiLeonardo)

SCHEDULING:

The Discovery Status Conference will be held on August 22, 2012 at 10:30 a.m.

THE FOLLOWING RULINGS WERE MADE:

1. Counsel for the parties in this action, brought pursuant to §§ 1983, 1985, 1988 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, met for a Rule 26(f) conference and I am adopting the discovery plan submitted by them with several modifications. The Case Management and Scheduling Order ("CMSO") is being entered separately. Initial Disclosures pursuant to Rule 26(a) have been served by the parties.

   Plaintiff has already served discovery demands. The defendants' obligation to respond to those demands did not arise until today's conference. Therefore, the responses to plaintiff's discovery demands must be served by May 21, 2012. Discovery deadlines for parties who have not yet served discovery demands are set forth in the accompanying CMSO. Counsel should keep in mind that's discovery responses are due six weeks from the date the demands are served.

2. Prior to today's conference, plaintiff's counsel filed a letter [DE 11] expressing concern about the prospect of a conflict of interest on the part of defense counsel in representing both the municipalities and the individual defendants simultaneously. Counsel referred to a Second Circuit case cautioning that the district court should satisfy itself that no conflict exists or at least provide notice to the affected party if one does. Part of this concern was resolved when separate counsel for Officer DiLeonardo appeared at today's conference. Attorney Grandinette believes there is still a conflict issue regarding Officer Bienz who continues to be represented by Nassau County and to whom certain information should be conveyed as Mr. Grandinette believes. Assistant County Attorney Feguson stated that Officer Bienz is being indemnified by the County, except for any punitive damages that may be awarded individually against him. Plaintiff's counsel requested that this information be formally made known to Officer Bienz. I advised Plaintiff's counsel that I surmised it had been, and that at this juncture, I did not intend to issue any Order directing further action with regard to the alleged conflict addressed by counsel. This issue can certainly be revisited as the case progresses and, as I noted to Plaintiff's counsel, if he believes in the future that he has a good-faith basis to bring a motion to disqualify, which is his option.

3. Counsel for Suffolk County confirmed that a litigation hold was sent to appropriate County employees regarding any potential documents relevant to this case. Counsel for Nassau County will make further inquiry whether the litigation hold was sent to and, if so, when report that information back to the court within two weeks. I asked assistant County Atty. Ferguson to ensure that such notification also went to individual defendant Bienz informing/reminding him of his duty to preserve all relevant information relating to this case, including electronically stored information.

4. Plaintiff's counsel advised that he has served copies of his client's medical records as well as HIPAA-compliant release authorizations to Defendants' counsel with his discovery demands. Plaintiff's counsel further advised that he is seeking HIPAA authorizations from defendants' counsel for the police officers who claim they were assaulted during the underlying incident. Attorney Kearon will confer with his client on this issue and will notify the Court and opposing counsel by April 13, 2012 whether his client will provide the authorization requested. Plaintiff's counsel also seeks such records for Edward Bienz. I have directed Plaintiff's counsel, pursuant to Local Civil Rule 37.3, to speak with Attorney Ferguson to see if this issue can be resolved. If counsel are unable to reach a resolution, then Attorney Grandinette can file a letter motion seeking appropriate relief by April 23, 2012. Opposing counsel will then have three business days to file any opposition.

5. Based upon the discussions with the attorneys during today's conference, it looks as if a Stipulation and Order of Confidentiality will be needed during the discovery and trial phases of this case to address items such as medical records, personnel records, internal affairs reports, etc.. Therefore, I am directing the parties to work on a proposed document that can be forwarded to me after execution by the parties to be reviewed and "so ordered." That Order will then become part of the Court record. The proposed stipulation is to be filed on ECF by May 18, 2012.

6. I am giving the parties until May 18, 2012 to confer and reach an agreement on the method by which electronically stored information ("ESI") shall be produced in this case. The parties are to file their letter agreement on ECF <u>no later than May 18</u> setting forth the specific details of the agreement reached.

7. Plaintiff's counsel seeks the Internal Affairs Reports prepared by the respective police departments in both counties. With regard to Nassau County, Attorney Ferguson stated that the police department has 18 months from the date of the underlying incident to complete the report and, consequently, Nassau has four more months for completion of that report. Counsel for Suffolk County will get back to me expeditiously with a response as to the timeframe in which Suffolk expects to finish its report. After some discussion regarding the case law addressing production of internal affairs reports, I stated to counsel that this production would likely be required, even in redacted form, solely to the respective parties in this case for purposes of this litigation only, and subject to a duly executed Stipulation and Order of Confidentiality. Plaintiff's counsel stated that he was reserving his right to take depositions of the authors of the respective reports once they are completed. Counsel for Suffolk County stated that he did not see any purpose in examining the authors of the report when the report itself contains statements of witnesses, etc. I advised counsel that we will see where this issue takes us as the case progresses and that, once again, the parties have an obligation to confer in good faith under Local Civil Rule 37.3 to try to resolve any discovery disputes before seeking Court intervention.

8. Plaintiff's counsel stated that he believes he will need to take approximately 19 depositions, beyond the presumptive limit of 10 set forth in the Federal Rules. Again, all counsel need to confer on this issue to try to reach a resolution. If, having done so, they are unable to arrive at consensus, then plaintiff's counsel may file an appropriate letter motion setting forth the additional witnesses he seeks to depose, the material nature of the testimony and why such testimony is not cumulative.

9. Should any party need to move to amend, the deadline to file a letter request to Judge Bianco for the required pre-motion conference for purposes of moving to amend is July 18, 2012

10. The parties may retain experts for this action. Any party who intends to utilize an expert for its case-in-chief must serve the expert report(s) and all disclosures required under Rule 26 no later than January 4, 2013. The deadline for rebuttal expert reports and disclosures is March 14, 2013. Expert depositions must be completed by April 12, 2013.

    Counsel intends to introduce testimony from plaintiff's treating physicians. These doctors are not being produced as expert witnesses. Plaintiff expects to retain a police practices expert. Defendants have indicated that they may wish to have the plaintiff produced for an independent medical examination. Plaintiff is to cooperate in making himself available for the IME so that the defendants will be able to meet their expert rebuttal deadline of March 14, 2013.

11. If any party intends to move for summary judgment, counsel are directed to Judge Bianco's Individual Practice Rules with regard to the preliminary requirement of filing a letter request for a pre-motion conference. The deadline for filing the letter request for a pre-motion conference is April 30, 2013.

12. As set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today, **three business days before the August 22, 2012 status conference, the parties are directed to file a discovery status report** setting forth the following information: (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not, state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses and providing an end-date by which those depositions will be completed. Once these four items have been addressed in the report, the parties are to confirm whether discovery is proceeding on schedule. If all discovery to that date has been completed in compliance with the Case Management and Scheduling Order, and if there are no pending disputes requiring court intervention, the parties may request an adjournment or cancellation of the discovery status conference. If warranted, I will cancel or adjourn the conference. **NOTE**: Any status report that does not specifically and individually address the four categories noted above will be returned to the parties as non-compliant, even where the parties may be seeking an adjournment/cancellation.

13. Also as set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today, **no less than two business days before the pretrial conference**, the attorney for each party must submit by mail or fax (not by ECF) a one to two-page, *ex parte* statement of his/her client's settlement position.

14. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing the appropriate letter motion as expeditiously as possible. <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>. Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (<u>*n o t*</u> merely an exchange of e-mails or letters).

    If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

15. Under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying Case Management and Scheduling Order must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders. All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline. The parties are directed to my Individual Practice Rules for further information.

                                        SO ORDERED

                                        /s/ A. Kathleen Tomlinson
                                        A. KATHLEEN TOMLINSON
                                        U.S. Magistrate Judge