**EDWARD P. MANGANO**
County Executive



**JOHN CIAMPOLI**
County Attorney

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
516-571-3056
FAX: 516-571-3058

April 20, 2012

**By ECF and Facsimile Transmission to the Court at 631-712-5677**
Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

                Re:    Thomas M. Moroughan v. County of Suffolk et al.
                      Civil Action No.: CV-12-0512 (JFB)(AKT)

Dear Judge Bianco:

      This office represents defendants County of Nassau, Nassau County Police Department, and Nassau County police officer Edward Bienz and write to request a pre-motion conference to make a Rule 12(c) motion to dismiss the plaintiff's claim against defendant police officer Edward Bienz. This is an action brought pursuant to 42 USC §§1983 and 1985 and pendent state claims of false arrest, false imprisonment, malicious prosecution, assault, battery, prima facie tort, libel and slander. The only federal claims against officer Bienz are that officer Bienz conspired to violate plaintiff's constitutional rights under §1985 (5 counts), and §1983 (1 count).

      Plaintiff filed the complaint on February 3, 2012. Defendants County of Nassau and Edward Bienz answered the complaint on or about March 12, 2012.

      This case arises out of a road rage incident in the early morning hours of February 27, 2011 in Huntington, Long Island involving plaintiff, a cab driver, and two off-duty Nassau County police officers driving separate vehicles. Believing he was the victim of aggressive driving, plaintiff pulled alongside defendant officer DiLeonardo's vehicle and engaged DiLeonardo in a verbal altercation. Bienz' vehicle was stopped in front of DiLeonardos. All parties left their separate vehicles. According to the plaintiff, as the argument with DiLeonardo continued he re-entered his cab and drove in reverse. At some point after the argument began DiLeonardo unholstered his off-duty 38 caliber revolver from his ankle holster. Plaintiff initially drove in reverse and then began to drive forward (to effect a u-turn). At this point plaintiff alleges "DiLeonardo intentionally, negligently and/or recklessly discharged all five rounds", striking him twice.

Bienz, who was unarmed, never spoke to DiLeonardo before the shooting, and never spoke to or touched the plaintiff; nor is he alleged to have done so in the complaint.

The detailed statement of facts in plaintiff's complaint contains only three allegations with respect to officer Bienz. Specifically: 1) that before the shooting Bienz's car was being operated in an erratic manner; 2) that officer Bienz subsequently exited his vehicle; and 3) that he "continue[d] approaching" plaintiff's vehicle as plaintiff was trying to flee. Each of these facts concerning Bienz, even if proven true, do not suggest any acts of conspiracy by officer Bienz either before or after the shooting. Nor do they point to any constitutional violations by officer Bienz at any time. As such plaintiff's complaint does not raise any issues of fact concerning officer Bienz which, if proven true, would support recovery. Therefore, for the reasons set forth herein, officer Bienz will ask this Court to dismiss plaintiff's complaint against him in its entirety with prejudice.

Plaintiff alleges five counts of conspiracy against Bienz under §1985. Because §1985(1) and (2) are inapplicable here, it appears that plaintiff is basing his §1985 claim on sub-paragraph (3). Claims brought under 42 U.S.C. § 1985(3) require a showing of "invidiously discriminatory motivation." Griffin v. Breckenridge, 403 US 88, 102 (1971). This means that plaintiff must allege "some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Id. It is now well settled that the element of class based animus is not removed from claims alleging conspiracy under color of state law. Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994). Plaintiff here makes no allegation of a class based motivation behind the complained of conduct. Further, no such allegation could be maintained under the existing facts as the plaintiff has not indicated that he is a member of any protected group. Therefore, plaintiff's conspiracy claims under §1985 must be dismissed as a matter of law.

Based on the allegations in the complaint, plaintiff would similarly fail in his conspiracy claim against Bienz even if it were brought under 42 U.S.C. §1983. To state a cause of action under §1983 plaintiff would first have to argue that officer Bienz, while off-duty, was acting under color of state law. Plaintiff would further have to demonstrate that officer Bienz "acted in a willful manner, culminating in an agreement, understanding, or meeting of the minds, that violated the plaintiff's rights ... secured by the constitution or the federal courts." Morpurgo v Inc. Vil. of Sag Harbor, 697 F Supp. 2d 309, 331 (EDNY 2010).

While plaintiff is not required to state the "place and date of defendants' meeting and the summary of their conversations" when pleading conspiracy, the pleadings must nevertheless "present facts tending to show agreement and concerted action." Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005). The complaint here does not contain any facts tending to show officer Bienz's involvement in any concerted action of any kind. Indeed, what the complaint confirms is that the shooting was an impulsive, spontaneous action by DiLeonardo and undertaken solely by DiLeonardo with no assistance from or involvement by officer Bienz. There is nothing in the complaint that alleges any action undertaken by officer Bienz to assist DiLeonardo against the plaintiff either at the time of the shooting or at any time thereafter.

Plaintiff's complaint does not say when officer Bienz may have engaged in any conspiracy against him. It is possible that plaintiff is alleging that officer Bienz conspired in the subsequent detention and arrest of plaintiff. However, once again, none of the factual allegations in the complaint state or support this proposition either. The complaint does not allege any facts tending to show that officer Bienz was involved in any way with plaintiff's detention, questioning, or subsequent arrest. The Second Circuit has dismissed such

complaints "containing only conclusory, vague, or general allegations of a conspiracy to deprive a person of a constitutional right." Brito v. Arthur, 403 Fed. Appx. 620, 621 (2d Cir. 2010) citing Ostrer v. Aronwald, 567 F.2d 551,553 (2d Cir. 1977) (per curiam) (internal quotations omitted) (considering a claim brought under §1985(3) and affirming the dismissal of a complaint that was bereft of any facts that defendants engaged in a conspiracy). Therefore, officer Bienz will respectfully ask this Court to dismiss the five conspiracy counts against him in plaintiff's complaint as improperly brought under §1985 and insufficiently pled to survive under §1983.

The complaint as to Bienz alleges a single count under 42 U.S.C. §1983 alleging violations of multiple vaguely articulated constitutional rights. To succeed in this claim under §1983, plaintiff must show that the complained of conduct was committed by a person acting under color of state law. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1993). Plaintiff must further identify the specific constitutional rights allegedly infringed upon. Graham v. Connor, 490 U.S. 386, 394 (1989). Officer Bienz was not acting under "color of state law" when he was off duty and out of uniform and did not invoke the power of the police department in any way.

Were plaintiff successful in showing that officer Bienz was acting under color of state law, plaintiff would further have to identify specific constitutional rights that were violated by officer Bienz. Plaintiff here relies on a multitude of constitutional amendments including the First, Fourth, Ninth, and Fourteenth amendments. Alleged violations include the denial of "access to seek redress in the courts"; "engag[ing] in a cover up in order to conceal the wrongful and unlawful conduct taken against Plaintiff"; acts aimed at "conceal[ing] the truth [that] continue to the detriment of Plaintiff"; conduct that "interfered with the federally protected liberty and privacy interest of the Plaintiff to maintain a stable family relationship free of intervention from the State"; and injuries and damages suffered as a "direct and proximate result" of those actions.

The detailed statement of facts in plaintiff's complaint does not set forth any acts by officer Bienz supporting the conclusory allegation that he denied plaintiff access to the courts, or that he engaged in a cover up or concealed the truth. Nor does the complaint contain any allegations that officer Bienz undertook any acts that prevented plaintiff from maintaining a stable family relationship. Therefore, officer Bienz asks that this Court find that plaintiff has not alleged any facts that tend to show that officer Bienz engaged in any acts that violated his constitutional rights.

Accordingly, the defendant officer Edward Bienz respectfully asks this Court to schedule a pre-motion conference so that he may make a motion under FRCP Rule 12(c) to dismiss all of plaintiff's claims against him.

I thank the Court for considering this request.

Respectfully submitted,

Michael Ferguson, Esq.
Deputy County Attorney
One West Street
Mineola, New York 11501
(516) 571-3054

cc: Anthony M. Grandinette, Esq.
The Law Offices of Anthony M. Grandinette
114 Old County Road, Suite 420
Mineola, New York 11501

Suffolk County Attorney's Office
H. Lee Dennison Building
100 Veteran's Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788

Amy Beth Marion, Esq.
Barket, Marion, Epstein
666 Old Country Road
Garden City, NY 11530