# The Law Office Of
# ANTHONY M. GRANDINETTE

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Of Counsel:
Paul Casteleiro
New Jersey

Bryant R. Camareno
Florida

Telephone: (516)877-2889
Telecopier: (516)294-5348
Email: Grandinettelaw@gmail.com

April 24, 2012

Honorable Joseph F. Bianco
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Thomas Moroughan v. The County of Suffolk, et al.
Index No.: CV12-0512 (JB)(AKT)

Dear Judge Bianco:

I am counsel to plaintiff, Thomas M. Moroughan and submit this letter pursuant to your honor's individual rule IIIA in response to defendant Bienz request for permission to file a 12(c) motion to dismiss and requesting permission for a pre-motion conference to amend the complaint. Plaintiff seeks leave to extend this Courts three page letter motion rule, in that this application is both a response to, and request for, a pre-motion conference.

**A. Motions To Dismiss: Standard of Review** Defendants seeks leave to file a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When considering a motion to dismiss for failure to state a claim, the court must consider only those facts set forth in the complaint or documents attached thereto. The court must accept as true all factual allegations in the complaint and all reasonable inferences must be drawn in favor of the non-moving party. Bell Atlantic Corp v. Twomby, 550 U.S. 544, 127 S. Ct. 1955, 167 L.E. 2d 209(1986). Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College, 128 F.3d 59, 63 (2d Cir.1997).The facts plead must be sufficient to give rise to a "reasonably founded hope that the discovery process will reveal relevant evidence" in support of their claims. The burden of proof lies with the moving party. Bell Atlantic Corp v. Twomby, 550 U.S. 544, 127 S. Ct. 1955, 167 L.E. 2d 209(1986), A complaint should not be dismissed simply because a plaintiff is unlikely to succeed on the merits. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

**B. Motion to Amend: Standard of Review** Plaintiff must demonstrate that leave to amend is appropriate pursuant to Rule 15. Deere v. Goodyear Tire and Rubber Co., 175 F.R.D. 157, 165 (N.D.N.Y. 1997); Robinson v. Town of Colonie, No. 91 Civ 1355, 1993 Wl 191166 at *4 (N.D.N.Y. June 3, 1993). Under Rule 15(a), leave to amend "shall be freely granted when justice so requires." Motions for leave to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment, or prejudice to the other party. See Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962; Aetna Casualty and Surety Co. v. Aniero Concrete Co., Inc., 404 F.3d 566 (2d Cir. 2005).

**C. Relevant Procedural History** Plaintiff filed a summons and complaint commencing this action on February 23, 2012(DE 1). The County of Suffolk and individual named defendants employed thereby answered on February 22, 2012(DE 2). Defendant County of Nassau and Edward Bienz answered on March 9, 2012 (DE 6)[1]. Defendant DiLeonardo filed an answer and cross claim[2] by counsel Amy Marion on April 2, 2012 (DE 10). A preliminary conference was held before Magistrate A. Kathleen Tomlinson on April 6, 2012, after which a discovery order was issued (DE 14), including a directive permitting any party to seek leave to amend the pleadings by July 18, 2012(DE 13, minute entry at par. 9). On April 20, 2012, defendant Bienz submitted the instant application challenging the legal sufficiency of Counts 3, 5, 7, 8, and 9 alleging conspiracy under section 1985, and count 14, alleging a 1983 claim[3].

**1. Conspiracy Under 1985:** The legal basis for defendant's motion is that counts 3,5,7,8 and 9 allege 1985 conspiracy claims against Bienz requiring a showing of a racial or class based discriminatory aim behind the conspiracy, citing, Griffin v. Breckenridge, 403 US 88, 102 (1971), and that plaintiff makes no such allegations in his complaint. Plaintiff agrees. The facts in plaintiff's complaint are plead as, and were meant to be, a conspiracy under 1983, and not 1985. The complaint never alleged a racial or class based conspiracy. Accordingly, the plaintiff seeks leave to amend his conspiracy claims.

Recognizing plaintiff's error in the pleadings, and in anticipation of his application to amend the complaint, Bienz incorrectly argues futility in the amendment. Bienz argues that "plaintiff would similarly fail in his conspiracy claim against Bienz even if brought under 42 USC 1983 plaintiff would first have to argue that, Bienz, while off-duty, was acting under color of state law." However, to establish a § 1983 conspiracy, plaintiff must prove "(1) an agreement between two or more state actors **or between a state actor and a private entity**; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999). Although a successful § 1983 claim requires evidence of state action, liability may be imposed upon private individuals pursuant to a conspiracy theory. Ciambriello v. County of Nassau, 292 F.3d 307, 324–25 (2d Cir.2002). Therefore, notwithstanding Bienz argument that he was off duty, it is well recognized that private individuals who are not state actors, may be liable under Section 1983 if they have conspired with or engaged in joint activity with state actors. Briscoe, 460 U.S. at 330 n. 7, 103 S.Ct. 1108; Adickes, 398 U.S. at 152, 90 S.Ct. 1598; Annunziato, 744 F.2d at 250, Dennis v. Sparks, 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). In the instant action, DiLeonardo was a state actor, in that the criminal information annexed to the complaint as exhibit A, specifically states that DiLeonardo acted as "a police

---

[1] Contrary to Beinz assertions that he was not a state actor, four affirmative defenses in his verified answer (3, 4, 5, and 6) are all based upon the assertion that Bienz was acting under the color of law.
[2] DiLeonardo asserts in his fifth affirmative defense and both cross claims against Nassau County, that at all times and for all acts alleged in the complaint, he was acting within the scope of his employment, and therefore admits to being a state actor for purposes of plaintiff's 1983 claims.
[3] Just 14 days after the preliminary conference, little, if any, prejudice can befall defendants by permitting plaintiff to amend the complaint to property cite 42 USC 1983, as opposed to 42 USC 1985, under the conspiracy counts (discussed infra).

officer" …"performing a lawful duty arresting Thomas Moroughan for reckless endangerment"….Therefore, plaintiff has meet his pleading requirement for a 1983 conspiracy claim based upon the facts in, and exhibits annexed to the complaint, by asserting that Bienz conspired with DiLeonardo. Lastly, a private individual claiming immunity, as Bienz does here, who is charged with conspiring with a state actor must establish his own basis for invoking an immunity defense. See Briscoe v. LaHue, 460 U.S. 325, 330 n. 7, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Even though Bienz claims he is a private actor in this application, he asserts four affirmative defenses seeking immunity as a state actor(DE 6).

**2. Count 14, 42 USC 1983, Applicable Legal Standard:** To state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), plaintiff must show a deprivation of constitutional rights "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983; Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993). The gravamen of the constitutional rights alleged to have been deprived here is Plaintiff's constitutionally protected liberty interest and due process protections. It is true that a plaintiff must also prove that defendant acted "under color of state law." Briscoe, 460 U.S. at 329–30, 103 S.Ct. 1108; Adickes v. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Annunziato v. The Gan, Inc., 744 F.2d 244, 249 (2d Cir.1984). When determining whether a person is a state actor, the court considers "the extent to which the actor relies on governmental assistance and benefits ...; whether the actor is performing a traditional governmental function ...; and whether the injury caused is aggravated in a unique way by the incidents of governmental authority." LeBlanc–Sternberg v. Fletcher, 67 F.3d 412, 433 (2d Cir.1995) (citations omitted), quoting, Edmonson v. Leesville Concrete Co., 500 U.S. 614, 621–22, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991)

**A. Defendant's Legal Position:** Bienz seeks leave to dismiss Count 14 on the grounds that he is not a state actor, and that the complaint is vague containing "only conclusory, vague, or general allegations of a conspiracy to deprive a person of a constitutional right." Citing Brito v. Arthur, 403 Fed. Appx. 620, 612 (2d Cir. 2010),

**B. State Actor:** This application should be denied as futile in that plaintiff plead Bienz acted in his capacity as a police officer, Bienz asserted he was a state actor in four of his affirmative defenses, Bienz is in fact a Nassau County police officer, and the arrest paperwork indicates DiLeonardo was acting in his official capacity at the time of these events. At best, whether Bienz is a state actor is an issue of fact, as opposed to a question of law. The issue of whether Bienz was or was not acting in his official capacity as a state actor will be more fully defined by the discovery process.

**C. Vague Pleadings:** A fair reading of the full complaint and exhibits, rather than the few select paragraphs cherry picked by defendant, alleges that plaintiff was shot twice by police officer DiLeonardo, without just cause. After plaintiff fled the scene and sought medical treatment, the defendants, including Bienz, conspired with each other, lying about the true nature of the events, fabricating evidence, etc., resulting in plaintiff's false arrest, imprisonment, and malicious prosecution amongst other claims, for the purpose of

shielding themselves from administrative and legal action. Despite the clear notice of the allegations against him articulated in the complaint (that he and DiLeonardo were drunk, violated various VTL statutes, and thereafter DiLeonardo assaulted plaintiff with unjustified deadly physical force and that Bienz subsequently lied about those events), defendant Bienz bases his application upon the claim of factual insufficiency of the complaint. Notwithstanding this position, at page two, the Defense admits that "…it is possible that plaintiff is alleging that officer Bienz conspired in the subsequent detention and arrest of plaintiff. However, once again, none of the factual allegations in the complaint state or support this proposition either. The complaint does not allege any facts tending to show that officer Bienz was involved in any way with the plaintiff's detention, questioning, or subsequent arrest." To the contrary, the complaint alleges that Bienz lied about the true events thereby fabricating "probable cause" to arrest Moroughan, as part of a concocted story to protect himself and DiLeonardo. Standing alone, paragraph 102 sufficiently outlines numerous overt acts engaged in by Bienz and others, which resulted in multiple constitutional wrongs against plaintiff. In addition to the allegations in the complaint, the plaintiff annexed five relevant exhibits many of which give independent support to plaintiff's claim such as the district attorney's statement when dismissing the criminal charges that "there is … evidence that the officers involved had been consuming alcoholic beverages prior to the shooting"(DE 1,Ex E). Conspiracies by their very nature are secretive. Pangburn 200 F 3d, 72. Finally, the intra-corporate conspiracy doctrine is inapplicable to the case at bar as multiple entities and individual actors are alleged to have participated in the conspiracy, and individuals. Brioch v. Incorporated Village of Southampton, 650 F.Supp.2d 234, 247 (E.D.N.Y. 2009).

The complaint is crystal clear that the conspiracy involved a cover up and misrepresentation of the true facts by Bienz and others which prevented his justifiable arrest while insuring the false arrest of Moroughan. It is also very clear that Bienz misused his position as a police officer to accomplish the conspirital goal.

    Accordingly, the plaintiffs request for permission to file a motion to amend should be granted and defendants request to file a 12(b)(6) motion should be denied.

                                  Respectfully submitted,

                                  Anthony M. Grandinette

AMG/eb
CC:    All Counsel by ECF