UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
=================================================x

Thomas M. Moroughan

                                        Plaintiffs,

       -against-                                          **STIPULATION AND**
                                                          **ORDER OF**
                                                          **CONFIDENTIALITY**

The County of Suffolk, et al.                             12-CV-0512(JFB)(AKT)

                                        Defendants.

_____

    1.    This Stipulation and Order follows the direction of the Hon. A. Kathleen Tomlinson, U.S.M.J. that in the event that the defendants' provide the plaintiff, and other named defendants, with a copies of the Suffolk County Police Department Internal Affairs Bureau Report, when completed, and the Nassau County Police Department Internal Affairs Bureau Report, when completed, relating to the investigation surrounding the events of this claim; that defendants' provide plaintiff, and other named parties, with personnel files of named defendants, subject to any objections asserted by the parties, and that in the event that medical records of certain parties, such as hospital records, operative reports, x-rays, independent medical examination reports, test results ,etc., become part of the documents produced during discovery then they will be covered by this order.

    2.    It is hereby stipulated and agreed that an Order may be made and entered via endorsement of this Stipulation, without further notice, providing as follows:

    (a) Plaintiff is defined as the above named litigant and no one else.

    (b) Confidential

documents are defined in paragraph (1);

(c) The subject parties shall mean all parties and their respective counsel named in this action.

(d) Defendants Nassau and Suffolk Counties and the individual parties will produce for inspection and use one copy of each confidential documents for the subject parties. Execution of this Stipulation and Order before or after actual receipt of the confidential documents does not in any way relieve the subject parties of the obligation to comply with each and all provisions of this Stipulation and Order, and does not in any way impair the validity thereof.   The subject parties are prohibited from disseminating any confidential document or portions thereof provided pursuant to this Stipulation, except for use in the prosecution of this litigation such as a deposition, motion or trial exhibit (see also paragraph (f)), without leave of Court.

(e) Portions of each document furnished hereunder consist of confidential information to be protected by this Stipulation and Order and may consist of information not previously disclosed, part of the public record or duplicated from an unprivileged source and made part of the IAB file. It is not the intent of the parties to make otherwise unprivileged documents privileged merely by their existence within the IAB file.

(f) The subject parties will use the confidential documents and information contained therein solely for the purposes of this litigation, and shall not, without defendants prior written consent, or by authority of the Court, make the confidential documents or the information contained therein available to any other person not a party, witness, expert or related to the prosecution of this litigation.

(g)  Within two weeks after the production to the subject parties of the confidential documents, each party shall return to the respective defendant any documents that they believe they do not need for use in this litigation.

(h) Within thirty days after the entry of a final judgment in this litigation (including appeals or petitions for review), the subject parties shall (i) return all remaining confidential documents produced pursuant to this Stipulation and Order; (ii) destroy all notes, summaries, digests, and synopses of the confidential documents. Notice of such destruction shall be given to counsel for defendants thereafter.

(i) In the event that a subject party wishes to use a confidential document or any confidential information therein in any paper filed in this litigation, such paper (or part thereof containing the confidential document or confidential information) shall be filed under seal and maintained under seal by the Court unless otherwise agreed to between the parties and/or the Court.

(j) The restrictions stated herein may be extended to additional documents by written agreement of the parties, filed in this Court, without further order.

(k) Persons to whom confidential documents are made available under this Stipulation and Order are bound by the restrictions contained herein.

(j) The Court shall retain jurisdiction of this action to the extent necessary to enforce any provision of this Stipulation and Order.

(k) Nothing in this confidentiality order shall constitute a waiver of any discovery objection or privilege asserted by any party.

_____
Anthony M. Grandinette
114 Old Country Road

Mineola, NY 11501
516 877-2889
Attorney for Plaintiff

By: _____
Brian C. Mitchell BCM/1469
Suffolk Deputy County Attorney
Suffolk County Attorney's Office
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
631-853-4055


By: _____
Michael J. Ferguson, Esq.
Deputy Nassau County Attorney
Nassau County Attorney's Office
One West Street
Mineola, New York, 11501
(516)571-3054


_____
Amy Beth Marion, Esq.
Atty for Anthony DiLeonardo
Barket, Marion, Epstein
666 Old Country Road
Garden City, New York 11530
(516)745-1500



SO ORDERED:
Dated: Central Islip, New York
_____, 2012


_____
A. Kathleen Tomlinson, U.S.M.J.