UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS M. MOROUGHAN,

                        Plaintiff,                      **AMENDED CASE MANAGEMENT AND SCHEDULING ORDER**

      -against-                                      CV 12-512 (JFB) (AKT)

THE COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
SUFFOLK DETECTIVES TAVARES,
CHARLES E. LESTER III,
DETECTIVE/SGT. WILLIAM J. LAMB,
SUFFOLK POLICE OFFICER MEANY AND
SUFFOLK JOHN DOES 1-10, THE
COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU POLICE
OFFICERS ANTHONY D. DILEONARDO,
EDWARD BIENZ and JOHN DOES 11-20,

                        Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.      **DEADLINES AND COURT APPEARANCES**

| | |
|---|---|
| Suffolk County Defendants to provide their remaining responses to Plaintiff's outstanding discovery by: | September 24, 2012 |
| Any interrogatories must be served by: | September 28, 2012 |
| All responses to such interrogatories must be served by: | November 12, 2012 |
| All fact discovery concludes on: | February 28, 2013 |
| Deadline for service of the expert report(s) and all expert disclosures required under Rule 26 for any party utilizing an expert for its case-in-chief: | April 5, 2013 |

|  |  |
|---|---|
| All expert depositions must be completed by: | July 12, 2013 |
| Dispositive motion process started by: | August 2, 2013 |
| Joint pretrial order due by: | September 6, 2013[1] |
| <u>Pretrial Conference:</u> | September 13, 2013, at [TIME] |

## II.     DISCOVERY IN GENERAL

a.     **<u>Stays of discovery.</u>**  Discovery is not automatically stayed by the pendency of a dispositive motion, settlement discussions between the parties, a referral to mediation, or an agreement among the parties to suspend discovery.  A party seeking a stay of discovery must seek a court order and must show good cause why such relief should be granted.

b.     **<u>Written discovery.</u>**  Unless otherwise agreed to by the parties or so ordered by the court, responses to any request for written discovery pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is due no later than 30 days after service of the request.  All such requests and responses must conform to Local Civil Rules 26.3 (uniform definitions in discovery requests), 26.5 (cooperation among counsel in discovery), 26.6 (regarding attorney review of form discovery requests), and 26.7 (discovery requests to be read reasonably).

c.     **<u>Depositions.</u>**  Pursuant to Local Civil Rule 26.5, counsel are expected to cooperate with each other, consistent with the legitimate interests of their clients, in scheduling depositions.  If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Federal Rule of Civil Procedure 30 unless excused by the party that served the notice or by the court.

d.     **<u>Expert discovery.</u>**  Unless specific deadlines for expert discovery are set forth above, the deadline for completing all discovery includes the production of all expert reports, including any rebuttal reports.  The parties must ensure that they have completed underlying fact discovery, and that they have produced initial expert reports, in sufficient time for any rebuttal reports to have been served by the deadline.  Unless otherwise ordered, or unless the parties agree to proceed otherwise, expert depositions may take place at any time before trial.

---

[1] Under Judge Bianco's Individual Practice Rule IV(A)(11), the deadline for filing the Joint Pre-trial Order and the Pre-trial Conference will be stayed if a motion for summary judgment is made. If a summary judgment motion is made, the Joint Pretrial Order shall be due thirty days prior to the scheduled trial date or, alternatively, Judge Bianco's Chambers will contact the parties to set new dates for submission of the Joint Pre-trial Order and Pre-trial Conference.

e. **Compliance with deadlines.** To be timely, a request for written discovery, deposition notice, or subpoena must be served in sufficient time for compliance to occur before the relevant deadline. I may decide not to enforce an untimely request, notice, or subpoena.

f. **Discovery disputes.**

i. While parties must attempt in good faith to resolve discovery disputes in good faith before seeking judicial intervention, they must also ensure that any unresolved dispute is brought to my attention in sufficient time for the dispute to be resolved and discovery to be completed according to the deadlines in this schedule.

ii. A motion to resolve a discovery dispute must be litigated pursuant to Local Civil Rules 37.3 and 6.4 and in accordance with my individual rules, which can be found at http://www.nyed.uscourts.gov/pub/rules/AKT-MLR.pdf. Motions that do not comply with all such requirements may not be accepted. Failure to submit a timely opposition in compliance with applicable rules may result in a motion being granted as unopposed.

### III. DISPOSITIVE MOTIONS DEADLINE

The deadline for commencing dispositive motions is the date by which the **first** action must be taken to commence such a motion pursuant to the individual practices of the district judge to whom this case is assigned. As specified in the individual practice rules of the assigned district judge, that action will be either (a) submitting a letter requesting a pre-motion conference, (b) requesting an oral argument date from the district judge, (c) initiating the exchange of statements pursuant to Local Civil Rule 56.1, or (d) filing the notice of motion together with supporting papers . Each judge's individual rules can be found at www.nyed.uscourts.gov.

### IV. SETTLEMENT TO BE DISCUSSED AT PRETRIAL CONFERENCE

**No less than two business days before the pretrial conference**, each party must submit by mail or fax (not by ECF) a one-page, *ex parte* statement of its settlement position. The statement must specify the terms on which the party is willing to settle the case, whether those terms are negotiable, and an explanation of that position. These statements will be treated as confidential, and will not be docketed, and should therefore include a realistic statement of the party's settlement position. Meaningful settlement discussions will occur at this conference; clients or other persons with full settlement authority must be present or immediately available by telephone.

### V. MODIFICATIONS TO THE SCHEDULE

a. While the parties are encouraged to cooperate with each other in conducting discovery, they should not agree among themselves to any extensions that will render them unable to meet any deadline set forth above. **The deadlines in this order will be enforced, and**

**will be modified only upon a timely showing of good cause**.  The fact that a party intends to seek summary judgment, standing alone, will not be considered good cause to alter or suspend the deadline for filing a joint pretrial order (if one is required pursuant to the individual rules of the assigned district judge) or to postpone a discussion of settlement at the pretrial conference.

  b. A request for an extension of any deadline submitted less than 30 days before that deadline will be considered untimely and will not be granted absent extraordinary circumstances.

  c. A request for modification of any deadline in this scheduling order must be in writing, and submitted in accordance with  my individual practice rules.

## VI. ELECTRONIC FILING AND CONTACT INFORMATION:

  All filings must be submitted electronically pursuant to Administrative Order 2004-08.  The lead attorney for each party must be registered with the Court's ECF system and must file a notice of appearance in this action so that he or she will be personally notified of all filings.  The parties are under a continuing obligation to keep the Court apprised of any changes in their contact information, including mailing addresses, e-mail addresses, and daytime telephone numbers.

            **SO ORDERED:**

Dated: Central Islip, New York
    August 22, 2012

            /s/ A. Kathleen Tomlinson
            A. KATHLEEN TOMLINSON
            United States Magistrate Judge