# Barket, Marion, Epstein & Kearon, LLP

Attorneys at Law
666 OLD COUNTRY ROAD, SUITE 700 • GARDEN CITY, NEW YORK 11530
[P] 516.745.1500 • [F] 516.745.1245

===============================================================

| | |
|---|---|
| Bruce A. Barket | Steven B. Epstein |
| Amy B. Marion | Kevin T. Kearon |

Hon. Elaine Jackson Stack
Of Counsel

October 16, 2012

**via ELECTRONIC FILING**
Magistrate Judge A. Kathleen Tomlinson
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

          Re:    Thomas M. Moroughan v. County of Suffolk, et al.
                   12-CV-0512 (JFB)(AKT)

Dear Judge Tomlinson:

      I represent the individually named Defendant Officer Anthony DiLeonardo in the above-referenced action and I am writing this letter to inform the Court of a discovery dispute between Plaintiff and Defendant DiLeonardo. The parties have met and conferred pursuant to Your Honor's Individual Practice Rules and Local Civil Rule 26.5 in an attempt to resolve the dispute. The parties have reached an agreement regarding Plaintiff's request for Defendant's telephone records for dates after the date of incident giving rise to Plaintiff's claims and, I am requesting a ruling from Your Honor regarding Defendant DiLeonardo's telephone records for the date of incident so as to avoid any unnecessary motion practice.

      In response to Plaintiff's First Request for Production of Documents and Things (RFP) to Defendant DiLeonardo, Defendant DiLeonardo objected to Requests numbers 6, 9, 10 and 11 as Defendant DiLeonardo maintained that these requests were not likely to lead to the discovery of relevant or admissible information or evidence.

- Request Number 6 asks for the production of all personal cellular phone records for Anthony DiLeonardo from February 26, 2011 through the present date;

- Request Number 9 asks for the production of any and all communications, generated by Anthony D. DiLeonardo from February 20, 2011 through present, including, but not limited to cellular telephonic records generated on any cellular phone used, owned or operated by Anthony DiLorenzo, emails, text messages generated and/or between Anthony DiLeonardo and Edward Bienz;

- Request Number 10 asks for the production of any and all communications, generated by Anthony D. DiLeonardo from February 20, 2011 through present, including, but not limited to cellular telephonic records generated on any cellular phone used, owned or operated by Anthony DiLorenzo, emails, text messages generated and/or between Anthony DiLeonardo and Sophie Cornia; and

- Request Number 11 asks for the production of any and all communications, generated by Anthony D. DiLeonardo from February 20, 2011 through present, including, but not limited to cellular telephonic records generated on any cellular phone used, owned or operated by Anthony DiLorenzo, emails, text messages generated and/or between Anthony DiLeonardo and Jillian Bienz.

Defendant DiLeonardo maintains, as stated to Plaintiff's counsel, that the requested telephone records for any date after the incident giving rise to the false arrest claims against Defendant DiLeonardo are not relevant nor are such records likely to lead to the admissibility of relevant evidence or information.  The parties agreed that, with Your Honor's approval, Defendant would provide his telephone records for the date of the incident with a chart indicating the names associated with the numbers in the telephone records so that Your Honor could determine whether or not the records for the date of the incident giving rise to Plaintiff's claims should be turned over to Plaintiff.

Thus, Defendant respectfully requests that Your Honor issue a ruling as to whether the Defendant is required to provide the Court with Defendant DiLeonardo's telephone records for the date of incident giving rise to Plaintiff's claims so that the Court could determine whether such records are likely to lead to the admissibility of relevant evidence and thus ought to be provided to Plaintiff.

Respectfully Submitted,

BARKET MARION EPSTEIN & KEARON, LLP

By:     /s/ Amy Marion
       Amy Marion (AM-7761)

cc: via electronic filing
    Anthony M. Grandineete, Esq.
    Michael Ferguson, Esq., Assistant Nassau County Attorney
    Brian Mitchell, Esq., Assistant Suffolk County Attorney