Case 2:12-cv-00512-JFB-AKT   Document 35-4   Filed 10/22/12   Page 1 of 25 PageID #: 326

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

operating a 2011 Infiniti, NY Reg. FHP1567, did interfere with the free and proper use of a public highway by unreasonably endangering the users of the public highway.   PO DiLeonardo did, without cause, flash his high beams at and aggressively cut off Mr. Moroughan, who was operating a 2010 Toyota Prius, NY Reg. 13100TY. This charge is based upon information and belief, the source of which includes Suffolk County Shooting Incident Reconstruction Report, Suffolk County Police Department Crime Scene Photographs, statements of Thomas Moroughan, Kristie Mondo, Jillian Bienz, Sophia Cornia, Eric Klug, and written statements of PO Bienz and PO DiLeonardo.

It is recommended that Police Officer DiLeonardo be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 2, sub 1:  Members of the Department will not engage in unlawful conduct, whether on or off duty.  To wit:  On February 27, 2011 at or about 0115 hours, PO DiLeonardo did violate New York State Vehicle and Traffic Law Section 1192.1 **Driving while ability impaired (Violation).**  While off duty at Oakwood Road and Tippen Drive, Huntington, in the County of Suffolk, PO DiLeonardo did operate a 2011 Infiniti, NY Reg. FHP1567, while his ability was impaired by the consumption of alcohol.  This charge is based upon information and belief, the source of which includes Suffolk County Shooting Incident Reconstruction Report, Suffolk County Police Department Crime Scene Photographs, statements of Thomas Moroughan, Kristie Mondo, Jillian Bienz, Sophia Cornia, Eric Klug, and written statements of PO Bienz and PO DiLeonardo and medical reports of PO DiLeonardo.

It is recommended that Police Officer DiLeonardo be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 1, Sub 2:  Members of the Department, whether on or off duty, will not engage in conduct unbecoming an officer or member of the Department, or in any action which may be prejudicial to the good order and

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                              PAGE 90

efficiency of the Police Department. To wit: On February 27, 2011 at or about 0115 hours, PO DiLeonardo, while off duty on West Hills Road, Huntington, in the County of Suffolk, while operating a 2011 Infiniti, NY Reg. FHP1567, did engage in a road rage incident with a 2010 Toyota Prius, NY Reg. 13100TY, driven by Mr. Moroughan. PO DiLeonardo flashed his high beams at the taxi causing Mr. Moroughan to drive onto the shoulder of the road. This charge is based upon information and belief, the source of which includes Suffolk County Shooting Incident Reconstruction Report, Suffolk County Police Department Crime Scene Photographs, statements of Thomas Moroughan, Kristie Mondo, Jillian Bienz, Sophia Cornia, Eric Klug, and written statements of PO Bienz and PO DiLeonardo.


It is recommended that Police Officer DiLeonardo be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 1, Sub 2: Members of the Department, whether on or off duty, will not engage in conduct unbecoming an officer or member of the Department, or in any action which may be prejudicial to the good order and efficiency of the Police Department. To wit: On February 27, 2011 at or about 0115 hours, PO DiLeonardo, while off duty at Oakwood Road and Tippen Drive, Huntington, in the County of Suffolk, did engage in a heated verbal argument with Mr. Moroughan who was driving a 2010 Toyota Prius, NY Reg. 13100TY. This charge is based upon information and belief, the source of which includes Suffolk County Shooting Incident Reconstruction Report, Suffolk County Police Department Crime Scene Photographs, statements of Thomas Moroughan, Kristie Mondo, Jillian Bienz, Sophia Cornia, Eric Klug, and written statements of PO Bienz and PO DiLeonardo.


It is recommended that Police Officer DiLeonardo be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 1, Sub 2: Members of the Department, whether on or off duty, will not engage in conduct unbecoming an officer or member

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                                              PAGE 91

of the Department, or in any action which may be prejudicial to the good order and efficiency of the Police Department. To wit: On February 27, 2011 at or about 0115 hours, PO DiLeonardo, while off duty at Oakwood Road and Tippen Drive, Huntington, in the County of Suffolk, while engaged in a heated verbal argument with Mr. Moroughan who was driving a 2010 Toyota Prius, NY Reg. 13100TY, exited his vehicle escalating the incident from a verbal argument to a shooting and physical altercation. This charge is based upon information and belief, the source of which includes Suffolk County Shooting Incident Reconstruction Report, Suffolk County Police Department Crime Scene Photographs, medical reports of Mr. Moroughan, statements of Thomas Moroughan, Kristie Mondo, Jillian Bienz, Sophia Cornia, Eric Klug, and written statements of PO Bienz and PO DiLeonardo.

It is recommended that Police Officer DiLeonardo be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 7, Sub. 1: No member of the Department will indulge in intoxicants while in uniform. No member will be unfit for duty by reason of intoxicants. To wit: On February 27, 2011 at or about 0115 hours, PO DiLeonardo, while off duty at Oakwood Road and Tippen Drive, Huntington, in the County of Suffolk, did engage in a road rage incident which escalated into a shooting incident after he consumed at least six (6) alcohol drinks in a 4.5 hour period causing him to be unfit for duty. This charge is based upon information and belief, the source of which includes statements of Jillian Bienz, Sophia Cornia, written statements of PO Bienz and PO DiLeonardo and medical records of PO DiLeonardo.

It is recommended that Police Officer DiLeonardo be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 16, Sub. 2: Members of the Department will not use Physical Force except as provided by law. In addition, members will: Not fire shots from a moving vehicle or at a moving vehicle unless: a. such member or a third person is in imminent danger of death or serious physical injury. b. such

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                                 PAGE 92

member is in a position whereby he may reasonably fire an accurate shot at the assailant and is legally justified in using deadly physical force and innocent bystanders are not likely to be injured by an inaccurate shot or ricochet. To wit: On February 27, 2011 at or about 0115 hours, PO DiLeonardo, while off duty at Oakwood Road and Tippen Drive, Huntington, in the County of Suffolk, did without justification, fire five shots from his .38 caliber Smith & Wesson revolver at a 2010 Toyota Prius, NY Reg. 13100TY, which was attempting to make a u-turn. This charge is based upon information and belief, the source of which includes, Suffolk County Shooting Incident Reconstruction Report, Suffolk County Police Department Crime Scene Photographs, medical reports of Mr. Moroughan, statements of Thomas Moroughan, Kristie Mondo, Jillian Bienz, Sophia Cornia, Eric Klug, and written statements of PO Bienz and PO DiLeonardo.

It is recommended that Police Officer DiLeonardo be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 16, Sub. 5: Members of the Department will not use Physical Force except as provided by law. In addition, members will not use deadly physical force in circumstances that present a grave risk of death or serious physical injury to innocent persons. To wit: On February 27, 2011 at or about 0115 hours, PO DiLeonardo, while off duty at Oakwood Road and Tippen Drive, Huntington, in the County of Suffolk, did without justification, fire five shots from his .38 caliber Smith & Wesson revolver at a 2010 Toyota Prius, NY Reg. 13100TY, presenting a grave risk of death to Mr. Moroughan, the driver, and Ms. Mondo, the passenger. This charge is based upon information and belief, the source of which includes Suffolk County Shooting Incident Reconstruction Report, Suffolk County Police Department Crime Scene Photographs, medical reports of Mr. Moroughan, statements of Thomas Moroughan, Kristie Mondo, Jillian Bienz, Sophia Cornia, Eric Klug, and written statements of PO Bienz and PO DiLeonardo.

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                                        PAGE 93

It is recommended that Police Officer DiLeonardo be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 16, Sub. 6: Members of the Department will not use Physical Force except as provided by law. In addition, members will not recklessly use deadly physical force. To wit: On February 27, 2011 at or about 0115 hours, PO DiLeonardo, while off duty at Oakwood Road and Tippen Drive, Huntington, in the County of Suffolk, did unjustifiably fire five shots from his .38 caliber Smith & Wesson revolver at a 2010 Toyota Prius, NY Reg. 13100TY, which was occupied by Mr. Moroughan, the driver, and Ms. Mondo, the passenger. Two bullets struck Mr. Moroughan, one (1) bullet perforated the folded up arm rest in the rear of the vehicle, and two (2) of the bullets were not recovered. This charge is based upon information and belief, the source of which includes Suffolk County Shooting Incident Reconstruction Report, Suffolk County Police Department Crime Scene Photographs, medical reports of Mr. Moroughan, statements of Thomas Moroughan, Kristie Mondo, Jillian Bienz, Sophia Cornia, Eric Klug, and written statements of PO Bienz and PO DiLeonardo.


It is recommended that Police Officer DiLeonardo be served one (1) PDCN 209 for violating Department Rule Article 8, Rule 12, Sub. 2: Members are personally responsible for the proper and authorized use, cleanliness, serviceability, and proper safeguarding of their uniforms and equipment and any other Department property issued for or assigned to their use. To wit: On February 27, 2011 at or about 0115 hours, PO DiLeonardo, while off duty at Oakwood Road and Tippen Drive, Huntington, in the County of Suffolk,  did fail to safeguard his .38 caliber Smith & Wesson revolver when he dropped it inside of a 2010 Toyota Prius, NY Reg. 13100TY, after engaging in a road rage incident.

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                         PAGE 94

It is recommended that Police Officer Bienz be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 2, sub 1: Members of the Department will not engage in unlawful conduct, whether on or off duty. To wit: On February 27, 2011 at or about 0115 hours, PO Bienz did violate New York State Vehicle and Traffic Law Section 1212, **Reckless Driving (Misdemeanor).** While off duty on West Hills Road, Huntington, in the County of Suffolk, PO Bienz, while operating a 2008 Acura, NY Reg. EMV2534, did interfere with the free and proper use of a public highway by unreasonably endangering the users of the public highway when he drove at a high rate of speed on the left side of Mr. Moroughan, who was operating a 2010 Toyota Prius, NY Reg. 13100TY, causing him to drive up onto the sidewalk. This charge is based upon information and belief, the source of which includes Suffolk County Shooting Incident Reconstruction Report, Suffolk County Police Department Crime Scene Photographs, statements of Thomas Moroughan, Kristie Mondo, Jillian Bienz, Sophia Cornia, Eric Klug, and written statements of PO Bienz and PO DiLeonardo.

It is recommended that Police Officer Bienz be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 2, sub 1: Members of the Department will not engage in unlawful conduct, whether on or off duty. To wit: On February 27, 2011 at or about 0115 hours, PO Bienz did violate New York State Vehicle and Traffic Law Section 1192.1 **Driving while ability impaired (Violation).** While off duty at Oakwood Road and Tippen Drive, Huntington, in the County of Suffolk, PO Bienz did operate a 2008 Acura, NY Reg. EMV2534, while his ability was impaired by the consumption of alcohol. This charge is based upon information and belief, the source of which includes Suffolk County Shooting Incident Reconstruction Report, Suffolk County Police Department Crime Scene Photographs, statements of Thomas Moroughan, Kristie Mondo, Jillian Bienz, Sophia Cornia, and written statements of PO Bienz and PO DiLeonardo and medical reports of PO Bienz.

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                      PAGE 95

It is recommended that Police Officer Bienz be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 1, Sub 2: Members of the Department, whether on or off duty, will not engage in conduct unbecoming an officer or member of the Department, or in any action which may be prejudicial to the good order and efficiency of the Police Department. To wit: On February 27, 2011 at or about 0115 hours, PO Bienz, who was operating a 2008 Acura, NY Reg. EMV2534, while off duty on West Hills Road, Huntington, in the County of Suffolk, did engage in a road rage incident with a 2010 Toyota Prius, NY Reg. 13100TY, driven by Mr. Moroughan. PO Bienz drove at a high rate of speed on the left side of Mr. Moroughan, causing Mr. Moroughan to drive up onto the sidewalk. This charge is based upon information and belief, the source of which includes Suffolk County Shooting Incident Reconstruction Report, Suffolk County Police Department Crime Scene Photographs, statements of Thomas Moroughan, Kristie Mondo, Jillian Bienz, Sophia Cornia, and written statements of PO Bienz and PO DiLeonardo.

It is recommended that Police Officer Bienz be served one (1) PDCN 209 for violating Department Rule Article 5, Rule 7, Sub. 1: No member of the Department will indulge in intoxicants while in uniform. No member will be unfit for duty by reason of intoxicants. To wit: On February 27, 2011 at or about 0115 hours, PO Bienz, while off duty at Oakwood Road and Tippen Drive, Huntington, in the County of Suffolk, did engage in a road rage incident which escalated into a shooting incident after he consumed at least eight (8) alcohol drinks in a 4.5 hour period causing him to be unfit for duty. This charge is based upon information and belief, the source of which includes statements of Jillian Bienz, Sophia Cornia, written statements of PO Bienz and PO DiLeonardo and medical records of PO Bienz.

It is recommended that Police Officer Bienz be served one (1) PDCN 209 for violating Department Rule Article 8, Rule 7, Sub 1: Members of the Force and those

## INTERNAL AFFAIRS UNIT

## NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                    PAGE 96

Members of the Department issued a shield will at all times carry said shield, unless unreasonable or impractical, and will not give or entrust his shield to any person without first being directed to do so by a Superior Officer of this Department. To wit: On February 27, 2011 at or about 0115 hours, PO Bienz, while off duty at Oakwood Road and Tippen Drive, Huntington, in the County of Suffolk, did fail to carry his Department issued shield. This charge is base upon information and belief, the source of which is the written statement of PO Bienz.

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                           PAGE 97

## INTERVIEW OF ASSISTANT DISTRICT ATTORNEY RISCO LEWIS
## NASSAU COUNTY ASSISTANT DISTRICT ATTORNEY

On July 20, 2011 the above captioned person was interviewed on the phone by D/Sgt. Distler. ADA Lewis is an Assistant District Attorney for Nassau County and the godmother of Mr. Moroughan. ADA Lewis stated that she has known Mr. Moroughan since he was a kid and she looked after him when they lived in Gordon Heights. ADA Lewis stated she now resides in Wheatley Heights and she speaks to Mr. Moroughan a few times a year.

ADA Lewis stated that in the early morning hours on February 27, 2011 she received a phone call from Kristie Mondo's aunt stating that Mr. Moroughan had been shot and was at Huntington Hospital. ADA Lewis stated that she arrived at Huntington Hospital at approximately 2:00 am and when she arrived she observed that both Nassau County police officers and Suffolk County police officers were present. ADA Lewis stated that there was a uniformed Suffolk County police officer stationed outside of Mr. Moroughan's room and she was not allowed to enter to speak with him. ADA Lewis stated she remained outside of the room and she could see Mr. Moroughan who was asking for her to come in. ADA Lewis stated Mr. Moroughan was telling everyone that ADA Lewis was his attorney and she informed the officers that she could not be his attorney based on their relationship.

ADA Lewis stated while at the hospital she observed that the Nassau County Police were conducting the investigation and the Nassau County Police members told her that they were waiting for Suffolk County homicide to arrive. ADA Lewis stated that the Suffolk County detectives did not show up until later. ADA Lewis stated she overheard a doctor and nurse discussing that the officer was drunk.

ADA Lewis stated that at approximately 8 am, she was informed that Mr. Moroughan was under arrest and she was allowed to speak with him. ADA Lewis

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

stated Mr. Moroughan was crying and said "I don't know why he shot me, he shot me for no reason." ADA Lewis stated she asked Mr. Moroughan if he knew they were cops and he responded "how would I know, he had on a bright orange shirt." ADA Lewis stated that Mr. Moroughan told her he picked up his girlfriend and a car was racing behind him, passed him and he later caught up with the car. ADA Lewis stated that PO DiLeonardo busted the window and told him he was going to arrest him.

ADA Lewis stated she responded to the stationhouse after Mr. Moroughan was released from the hospital and was informed that the Nassau County Police were making the arrest and the Suffolk County Police were just doing the paperwork.

## INTERVIEW OF ANTHONY RIVERA
## SERIAL NUMBER 7362, SHIELD NUMBER 1021
## SPECIAL INVESTIGATIONS SQUAD

On November 16, 2011 Detective Anthony Rivera, Serial Number 7362, Shield Number 1021, Special Investigations Squad was interviewed at the Internal Affairs Unit by D/Sgt. Distler. A written statement was prepared and is attached.

Det. Rivera reported on March 5, 2011 he was notified by his squad supervisor of a report from the Suffolk County Police Department regarding possible threats to the lives of Nassau County Police Department members Police Officers Anthony DiLeonardo and Edward Bienz. Detective Rivera received a copy of Suffolk County Field Report 2011-104470, which states, Mr. Joseph Frisenda, a former employee of Dobro's Taxi, had a conversation with Dennis Dobrochasov, owner of Dobro's Taxi, and Mr. Dobrochasov stated that he was upset over the ongoing investigation into a police shooting and quoted Mr. Dobrochasov as stating 'I'm

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                                        PAGE 99

going to go after the cop who shot Tommy. I'm going to go after his family too. I'm
gonna make his life a living hell.'

Det. Rivera contacted Suffolk County Detective's Grogan and O'Grady from
the Suffolk County Intelligence Unit. Det. Rivera reported that he met with SCPD
Detectives Grogan and O'Grady on March 5, 2011 and they responded to Dobro's
Taxi at 675 West Jericho Turnpike, Huntington and 67 W. Main Street, Apartment
204, Oyster Bay, NY (residence of Mr. Dennis Dobrochasov) in an attempt to locate
Mr. Dobrochasov. Mr. Dobrochasov was not at either location and Det. Rivera left
his business card for Mr. Dobrochasov to contact him.

Det. Rivera reported that on March 6, 2011 he was contacted by Mr.
Dobrochasov. Det. Rivera reported that Detective James McIntosh, Serial Number
7628, Shield Number 1060, Special Investigations Squad and he met Mr.
Dobrochasov at Dobro's Taxi. Det. Rivera reported that Mr. Dobrochasov stated that
his taxi cab was in a police impound, and he stated he was losing money every day.
Mr. Dobrochasov denied making any threats against any police officers. Det. Rivera
relayed his findings to Detective O'Grady from Suffolk County Police Department
and spoke to PO DiLeonardo and PO Bienz who stated that they did not request any
further investigation at that time.

On December 1, 2011 Detective Rivera prepared Case Report
211CR0090643, for FOA Investigation in regards to his investigation. A copy of the
case report is attached to the case.

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                                PAGE 100

## INTERVIEW OF INSPECTOR EDMUND HORACE
## SERIAL NUMBER 6069, SUPPORT DIVISION

On December 14, 2011 Inspector Horace was interviewed in the Office of the Chief of Support by D/Sgt. Distler.

Inspector Horace reported that on the night of February 26, 2011 he was assigned as the Duty Inspector on call. Inspector Horace reported that at approximately 0145 hours on February 27, 2011 he received a phone call from the Third Precinct desk officer who informed him that a Nassau County police officer had been involved in a shooting and the police officer was at Huntington Hospital. Inspector Horace responded to Huntington Hospital and while en route spoke to Chief Lorraine Hannon, who was assigned as the Duty Chief on call. Chief Hannon directed Inspector Horace to update her when he arrived at Huntington Hospital.

Inspector Horace reported that when he arrived at Huntington Hospital he saw a Third Precinct sergeant standing at the entrance to the emergency room. Inspector Horace reported there was a crime scene set up around a taxi cab which was parked in front of the emergency room entrance. Inspector Horace had a conversation with the sergeant, (INVESTIGATOR'S NOTE: The Third Precinct sergeant has been identified as Sergeant Timothy Marinace, Serial Number 6550, Shield Number 389, Third Precinct) who updated Inspector Horace on the status of the incident. Sgt. Marinace was assigned to the incident as the Care Taker Supervisor as per Department Procedure ADM 1221. Inspector Horace reported he was briefed with the details of the incident by detectives from the Second Precinct in Suffolk County. Inspector Horace reported he called Chief Hannon and updated her on the circumstances of the incident and Chief Hannon informed Inspector Horace that Chief John Hunter, Deputy Chief of Patrol, would be responding to the location as part of the Deadly Force Response Team.

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                    PAGE 101

Inspector Horace reported that PO DiLeonardo and PO Bienz were in separate rooms in the hospital and each officer had a PBA representative with them. After being briefed by Sgt. Marinace, Inspector Horace responded to PO DiLeonardo's room and had a brief conversation with PO DiLeonardo, asking him how he was feeling.   Inspector Horace reported he shook hands with PO DiLeonardo and was able to evaluate his PO DiLeonardo's condition.   Inspector Horace reported that PO DiLeonardo appeared alert, and he was upset over the incident.   Inspector Horace reported that he observed no odor of alcohol on PO DiLeonardo's breath, his speech was coherent and his eyes were not glassy. Inspector Horace reported there was no indication of alcohol impairment exhibited by PO DiLeonardo and he did not discuss the incident with PO DiLeonardo as there was a pending investigation being conducted by the Suffolk County Police Department.

Inspector Horace reported he responded to PO Bienz's room.  PO Bienz was lying flat on a back board.  Inspector Horace reported he shook PO Bienz's hand and asked him how he was doing.  PO Bienz responded that he had 'been better.' Inspector Horace had a brief conversation with PO Bienz and observed that PO Bienz was conscious and alert.  Inspector Horace reported that he did not smell an odor of alcohol on PO Bienz breath and he did not observe any slurring of words or any indication that PO Bienz was impaired by alcohol.  Inspector Horace reported that he did not discuss the incident with PO Bienz due to the pending investigation being conducted by the Suffolk County Police Department.

Inspector Horace reported that he did see PO DiLeonardo's girlfriend and PO Beinz's wife in the hospital spoke to both women briefly and did not observe any indication of alcohol impairment nor did he discuss the incident with the women.

Inspector Horace reported that he observed a female at the hospital and was informed that she was a Nassau County District Attorney.   Inspector Horace



INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

reported that he did not speak with the district attorney nor did he know her purpose for being at the hospital.

Inspector Horace reported that he never spoke with Thomas Moroughan, the taxi driver, or Kristie Mondo, girlfriend of Thomas Moroughan, at the hospital. Inspector Horace reported that he never heard Thomas Moroughan ask for an attorney nor state that he had an attorney present.

Inspector Horace reported a Suffolk County Police Department Lieutenant who was the head of the homicide bureau responded to the hospital and informed Inspector Horace that Suffolk County Police Department was arresting Thomas Moroughan for assault and reckless driving. Inspector Horace reported that PO DiLeonardo and PO Bienz were released from Huntington Hospital and he responded with them to the Suffolk County Police Department Second Precinct to assist in the investigation.

## INTERVIEW OF ASSISTANT CHIEF JOHN P. HUNTER
## SERIAL NUMBER 6010, DEPUTY CHIEF OF PATROL

On December 16, 2011 Assistant Chief John P. Hunter was interviewed by D/Sgt. Distler in the Office of the Chief of Patrol.

Chief Hunter reported that on February 27, 2011 he received a phone call from Chief Hannon informing him that a shooting had just occurred in Huntington involving two off duty Nassau County police officers. It was determined that Chief Hunter would respond to the scene as the Team Coordinator of the Deadly Force Response Team.

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                                PAGE 103

Chief Hunter reported that he responded to Oakwood Drive, Huntington and observed Suffolk County Police Department Crime Scene filming the area where the shooting occurred. Captain Daniel Flanagan arrived at Oakwood Drive and Chief Hunter and Captain Flanagan surveyed the scene. Chief Hunter reported that after he was done at Oakwood Drive, he responded to Huntington Hospital and met with PO DiLeonardo and PO Bienz. Chief Hunter reported that PO DiLeonardo, PO Bienz, Jillian Bienz and Sophia Cornia were all present in the same hospital room. Chief Hunter reported that he shook hands with PO DiLeonardo and PO Bienz and had a brief conversation with both officers asking them about their medical condition and if there was anything they needed. Chief Hunter stated his purpose was to determine if PO DiLeonardo and PO Bienz were fit for duty.

Chief Hunter reported that as he spoke to PO DiLeonardo and PO Bienz he did not notice any odor of alcohol on their breath, nor did he notice any slurred speech or glassy eyes. Chief Hunter reported that his conclusions were based on his 34 years of experience in the police department. Chief Hunter reported he also spoke briefly with Jillian Bienz and Sophia Cornia and did not notice any odor of alcohol, slurred speech or glassy eyes. Chief Hunter reported he was able to conclude that PO DiLeonardo and PO Bienz exhibited no signs of any impairment.

Chief Hunter reported that as part of his duties as Team Coordinator of the Deadly Physical Force Response Team he prepared a report of his findings which he submitted to the Commissioner of Police on February 27, 2011. A copy the report is attached and made a part of the case.

Chief Hunter reported that while he was at Huntington Hospital, he was informed that there was a Nassau County Assistant District Attorney present who was a family friend of Thomas Moroughan. Chief Hunter reported that he did not hear Thomas Moroughan state that he had an attorney or request to have an attorney present.

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                       PAGE 104

Chief Hunter reported that Detective Sergeant DeMartinis was acting as the liaison between the Nassau County Police Department and the Suffolk County Police Department and was providing the updates on the investigation. Chief Hunter reported that he was informed that Suffolk County Police Department was arresting PO Moroughan for Assault and Reckless Driving. Chief Hunter responded to Suffolk County Police Department Second Precinct when PO DiLeonardo and PO Bienz were released from the hospital.

## INTERVIEW OF DETECTIVE SERGEANT JOHN DEMARTINIS
## SERIAL NUMBER 6667, SHIELD NUMBER 101, HOMICIDE SQUAD

On February 7, 2012 the above captioned officer was interviewed at the Internal Affairs Unit by D/Sgt. Distler.

D/Sgt. DeMartinis reported that on February 27, 2010 he received a phone call from Assistant Chief Hunter who informed him that a shooting had just occurred in Huntington involving two off duty Nassau County police officers. D/Sgt. DeMartinis reported that a supervisor from the Homicide Squad is part of the full team response of the Deadly Force Response Team and as such he responded to Huntington Hospital on February 27, 2010.

D/Sgt. DeMartinis reported that when he arrived at the hospital PO DeLeonardo and PO Bienz were in a room and he never spoke with either officer or was in an area where he was able to observe the officers. D/Sgt. DeMartinis reported that since the shooting occurred in Suffolk County he had no investigative purpose in the investigation. D/Sgt. DeMartinis reported his role was to assist Suffolk County Homicide Detectives with any information they may need regarding PO DeLeonardo and PO Bienz, such as their shield numbers and commands.

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 27- 2011                                    PAGE 105

D/Sgt. DeMartinis reported that he never discussed the investigation with any member of Suffolk County Police Department.

Jo-Ann Distler
Detective Sergeant

Ralph T. Hoffman
Detective Lieutenant

Edward C. Dordon
Inspector

Incident Summary

## Nassau County Police Department
## Internal Investigation Summary

- Return to the prior page.
- Return to the main menu.
- 🖶 Print this incident.

**Incident Entered By:** DI EDWARD DORDON

## Incident Details

| Date Received | Date of Occurrence | Tm of Occurrence |
|---|---|---|
| 6/6/2011 | 2/27/2011 | 1:16 |
| **Record ID #** | **Complaint Tracking #** | **IA No** |
| 14685 | 185-2011 | 27-2011 |

**Incident Summary**

Complaint tracking number 185-2011.

Investigation commenced at the direction of the Commissioner of Police, Thomas Krumpter.

On the above date and time the subject officers were allegedly involved in a road rage incident which led to shots being fired by off duty PO DiLeonardo in front of 422 Oakwood Rd. in Huntington Station. Thomas Moroughan, an involved citizen, was struck by two (2) bullets during this incident.

Thomas Moroughan was subsequently charged criminally by Suffolk County for his actions during this incident. On June, 2011 the Suffolk County District Attorny's Office dropped all charges against Thomas Moroughan.

There is an allegation that the subject officers may have been intoxicated at the time of this incident.

## Incident Location

- N/A Oakwood RD, Huntington Station, NY

## Complainant

DC THOMAS KRUMPTER - Serial_Number: 7332

## Involved Officers

**PO EDWARD BIENZ - Serial_Number: 8943**
**Allegations linked to this officer**
- UNLAWFUL CONDUCT
- VIOLATION OF DEPARTMENT RULES

**PO ANTHONY DILEONARDO - Serial_Number: 9013**
**Allegations linked to this officer**
- UNLAWFUL CONDUCT
- VIOLATION OF DEPARTMENT RULES

## Citizen Witnesses

**Kristie Mondo**
- Gender: Female

107

**Address**
• ~~143 19th ST, Direction: W, Huntington Station, NY~~

**Thomas Moroughan**
- Race: White - Gender: Male

**Address**
• ~~143 19th ST, Direction: W, Huntington Station, NY~~

## Attachments

No attachments

## Chain of Command History

No chain of command history

**Entering Officer Signature Line**

_____

DI EDWARD DORDON

02/27/2011  15:22   6318548236                     SCPD 2ND SQUAD                          PAGE  02/14



**POLICE DEPARTMENT, COUNTY OF SUFFOLK, NEW YORK**                    108

ACCREDITED LAW ENFORCEMENT AGENCY

ADVICE OF RIGHTS                     PDCS-1164b              Page __1__ of __3__

                                     CENTRAL COMPLAINT NUMBER __11-95045__

## YOU MUST UNDERSTAND YOUR RIGHTS BEFORE BEING ASKED ANY QUESTIONS

**YOUR RIGHTS**

1. You have the right to remain silent. _____ (INITIALS OF DEFENDANT)

2. Anything you say can and will be used against you in a court of law. (INITIALS OF DEFENDANT)

3. You have the right to talk to a lawyer, right now, and have him present with you while you are being questioned. (INITIALS OF DEFENDANT)

4. If you cannot afford a lawyer and want one, a lawyer will be appointed for you by the court before any questioning.   If you decide to answer questions now, without a lawyer present, you will have the right to stop the questioning at any time until you talk to a lawyer. _____ (INITIALS OF DEFENDANT)

**WAIVER OF RIGHTS**

1. Do you understand each of these rights I have explained to you?

   Answer: _____ Yes _____ TMM                    (USE EXACT WORDS OF DEFENDANT)

   Having these rights in mind, do you wish to talk to me/us now?

   Answer: _____ Yes  TMM                          (USE EXACT WORDS OF DEFENDANT)

                                                    SIGNATURE OF DEFENDANT

DATE: ___2-27-11___

TIME: ___0700___

WITNESS: ___Det. Charles E. Leser II 951___
          Police Officer's Signature

Sworn to Before me this
27th Day of February 2011
Det. Charles E. Leser II 951

CHARLES E. LESER II
NOTARY PUBLIC
STATE OF NEW YORK
# 01LE6075257
COMM EXP. 06/03/2014

STATE OF NEW YORK  }
COUNTY OF SUFFOLK  }

I, THOMAS MOROUGHAN July 23rd, [being duly sworn deposes and] say(s):
I WAS BORN AUGUST 19, 1984 IN STONY BROOK, N.Y.
I LIVE AT 143 W. 19TH ST. HUNTINGTON STATION.
ON FEBRUARY 27TH, 2011, AT ABOUT 1:10 - 1:15 A.M. I
WAS DRIVING A WHITE PRIUS TAXI FOR DDARD EXPRESS. I
WAS WORKING A 6 P.M. TO 6 A.M. SHIFT AND AT THAT TIME I
HAD MY GIRLFRIEND IN THE CAR WITH ME. HER NAME IS KRISTIE
MONAD. I HAVE BEEN WORKING FOR THE COMPANY FOR ONE
WEEK. MY SHIFT STARTED WITH ME HAVING A BAD DAY, THERE
WAS A LOT OF TRAFFIC AND I WASN'T MAKING ANY LIGHTS.
SOMETIME AFTER 1 A.M. A BLUE ACURA PAST ME AND I GOT

02/27/2011  15:22   6318548236

SCPD 2ND SQUAD

11-95045

109

POLICE DEPARTMENT
COUNTY OF SUFFOLK, N.Y.

PAGE 2/3

ANNOYED AND FLASHED MY HIGH BEAMS AT HIM. I
LEFT THEM ON CONTINUOUSLY. I WAS MAD AT THE
WAY THE GUY WAS DRIVING. A WHITE CAR THEN CAME
UP BEHIND ME AND FLASHED HIS BRIGHT LIGHTS AT
ME. AT THAT TIME I WAS DRIVING SOUTHBOUND ON
NEW YORK AVE IN HUNTINGTON STATION. THE WHITE
CAR PASSED ME AND I GOT PISSED OFF AND FOLLOWED
THE CARS. I DROVE WEST ON WEST 19th ST, THEN
NORTH ON OAKWOOD RD. I SAW THE TWO CARS
PARKED ON THE SIDE OF OAKWOOD DR AT TIPPEN ST.
I ROLLED DOWN MY PASSENGER WINDOW AND PULLED
NEXT TO THE WHITE INFINITI. I YELLED TO THE
GUY, WHO WAS IN HIS MID 20'S AND WHITE, "WHY
DON'T YOU LEARN HOW TO DRIVE YOU FUCKING
ASSHOLE!" HE CURSED BACK AT ME AND WE YELLED
BACK AND FORTH. I WENT TO GET OUT OF MY CAR
AND SO DID THE GUY IN THE WHITE CAR AND SO
DID THE GUY IN THE BLUE CAR WHO WAS STOPPED
DIRECTLY IN FRONT OF THE WHITE CAR. I THEN GOT
BACK IN MY CAR AND BACKED IT UP. I CONTINUED
YELLING AT THE GUY IN THE WHITE CAR AND HE YELLED
BACK. THE GUY IN THE WHITE CAR STARTED
WALKING TOWARD MY CAR AND I REVVED MY
ENGINE. I DROVE FORWARD TOWARD THE GUY WHO WAS
STANDING IN THE STREET NEAR HIS WHITE CAR. I
THEN SAW THE GUY FIRE ABOUT 3 OR 4 SHOTS AT
MY CAR AND I FELT I WAS HIT. I FELT HE

Sworn To Before me this
27th Day of FEBRUARY 2011
Det. Cland E. Leo II 95

CARLENE LESER II
NOTARY PUBLIC
STATE OF NEW YORK
# 01LE6075237
COMM EXP. 06/03/20 / 4

02/27/2011  15:22    6318548236

SCPD 2ND SQUAD

11-95045

PAGE  04/14

110

POLICE DEPARTMENT
COUNTY OF SUFFOLK, N.Y.

page 3/3

FIRED AT ME TO PROTECT HIMSELF BECAUSE I
DROVE AT HIM. THE GUY THEN CAME UP TO MY
DRIVER'S WINDOW AND SMASHED HIS GUN BUSTING MY
WINDOW AND HITTING ME IN THE FACE. THE GUY
TOLD ME TO GET OUT AND WE STRUGGLED. HE SAID
HE WAS A POLICE OFFICER AND THAT I WAS UNDER
ARREST. I WASN'T SURE HE WAS A COP, SO I DROVE
BACKWARDS MY DOOR WAS STILL OPEN AND AS I
WENT BACKWARDS I KNOCKED THE GUY DOWN. I
KNOW THE GUN WAS A REVOLVER. WHEN I WENT FORWARD
WITH MY CAR I MEANT TO GO BACKWARDS BUT I
HAD TROUBLE SHIFTING AT THE END I DROVE TO THE
HOSPITAL AND MY GIRLFRIEND CALLED 911 AS I DROVE
TO THE HOSPITAL. I HAVE READ THIS THREE PAGE
STATEMENT DETECTIVE TAVARES HAS WRITTEN AND I
SWEAR IT IS TRUE.

Sworn to before me
This 27th Day of February 2011
Dt. Charls E. Leser 951

CHARLES E. LESER II
NOTARY PUBLIC
STATE OF NEW YORK
# 01LE6075257
COMM EXP. 06/03/2014

53-0113: 8/98pm

02/27/2011  15:22   6318548236                SCPD 2ND SQUAD                        PAGE  05/14

11- 7- - 14
2/27/11          111
POLICE DEPARTMENT
COUNTY OF SUFFOLK, N.Y.
1 of 3

I, Kristie M. Mondo being duly sworn deposes
and says I am 23 years old. I was born on
8/29/87. I live at 143 W. 19 ST., Huntington
Station with my boyfriend Thomas Moroughan.
Tonight I was riding around with my boyfriend
in his taxi. He was working. At about 1:00 am
we were on W. 19 St. to pick up a trip.
There was a blue Acura driving in front of
us. I wasn't paying much attention to what happened,
but I think something happened with this car for
my boyfriend to put his high beams on the car.
The car was driving that erratic. He was driving
a little bit from side to side on the road before my
boyfriend put his high high beams on their car.
There was a white Infiniti driving behind us.
When my boyfriend turned his high beams on, the
white car behind us started flashing their high beams
at us. My boyfriend started driving slow to pull
off the car behind us. The car behind us passed
us. My boyfriend sped up as he was passing us to
try and prevent him from passing us, but he still
passed us.
We were now driving behind the two cars. We
came to a red light at W. 19 St. and
Oakwood Rd. The other two cars turned right
on red. My boyfriend waited until the light (cool. passed)

Kristie Mondo

SWORN TO BEFORE ME.           ALFRED M. CICCOTTO
                              NOTARY PUBLIC, STATE OF NEW YORK
Feb. 27, 2011                 NO. 01Ci6074751, SUFFOLK COUNTY
                              TERM EXPIRES 3/24/11              53-0113::9/96pa

02/27/2011  15:22    6318548236              SCPD 2ND SQUAD              PAGE  06/14

2/22/11                112
POLICE DEPARTMENT
COUNTY OF SUFFOLK, N.Y.

SWORN STATEMENT OF KRISTIE M. MAIPO                    2 oF 3
(cont. from page 1) turned green and then he turned
right on Oakwood Rd.
    We were heading north on Oakwood Rd. when we
saw the two cars stopped on the right side of
the road. My boyfriend stopped next to them and
started yelling at them to learn how to drive
Everybody was cursing at each other.
    The blue car was parked on the right side of
the road in front of us about ten or fifteen
feet. I saw a guy in an orange shirt standing
in the road next to that car. My boyfriend was
trying to do something with the gear shift. I
don't know if he was going forward or backward
because there was a lot of yelling going on and
I wasn't paying attention. Then the guy
in the orange shirt started shooting at the
car. I think he fired two times. I was
sitting in the front passenger seat and I ducked
down.
    I was ducking down when I heard my boyfriends
window to his door break. It shattered. I
looked up and my boyfriend was struggling with the
guy in the orange shirt. He said he was a cop and
that my boyfriend was going to jail. The drivers
door was open and he was trying to drag my
boyfriend out of the car. (cont. page 3)
                                        Kristie Maipo

SWORN TO BEFORE ME
                        ALFRED M. CICCOTTO
                        NOTARY PUBLIC, STATE OF NEW YORK
FEB. 27, 2011           NO. 01CI50747S1, SUFFOLK COUNTY
                        TERM EXPIRES 3/24/(h)
                                            53-0113:3/80p3.

02/27/2011  15:22   6316546236

113

2/27/11

POLICE DEPARTMENT
COUNTY OF SUFFOLK, N.Y.

SWORN STATEMENT OF KRISTIE M. MONDO                    3 OF 3
(cont. from page 2) My boyfriend was struggling with the
guy when I heard I think one shot. I didn't
see where the gun was when I heard the shot.
I never actually saw the gun but even though I
couldn't see it, I could tell it we were being shot at
when the guy was in front of the car, and I
heard the shot when he was struggling at the door
with my boyfriend.
    After that last shot my boyfriend put the
car in reverse and started driving backwards
with the guy in the orange shirt hanging on to
the door. Then the guy fell off the door and
Tommy drove away. Tommy said he was bleeding
and he thought he was shot. I told him to
drive to the hospital and I called 911.
    I have read the above statement consisting of
three pages taken by Det. Ciccotto here at Huntington
Hospital and I swear it is all true.  Kristie Mondo

SWORN TO BEFORE ME

FEB. 27, 2011

_Alfred M Ciccotto_

ALFRED M. CICCOTTO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01C15C74751, SUFFOLK COUNTY
TERM EXPIRES 3/24/11

53-0113:9/86ps

PDCS-7129