# Barket, Marion, Epstein & Kearon, LLP

Attorneys at Law

666 OLD COUNTRY ROAD, SUITE 700 • GARDEN CITY, NEW YORK 11530

[P] 516.745.1500 • [F] 516.745.1245

Bruce A. Barket

Amy B. Marion

Steven B. Epstein

Kevin T. Kearon

Hon. Elaine Jackson Stack

Of Counsel

October 25, 2012

**via ELECTRONIC FILING and**
**FACSIMILE (631) 712-5677**
Honorable Joseph F. Bianco
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

Re:  Thomas M. Moroughan v. County of Suffolk, et al.
12-CV-0512 (JFB)(AKT)

Dear Judge Bianco:

I represent the individually named defendant Officer Anthony DiLeonardo in the above-referenced action and I write this letter to respectfully request a pre-motion conference to seek Your Honor's permission to file a motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12 (c).

Plaintiff brings this action alleging numerous violations of his civil rights. During the early morning hours of February 27, 2011, Plaintiff, who was driving a taxi cab, followed and pursued Officer DiLeonardo's vehicle, stopped his cab next to Officer DiLeonardo's vehicle, and then shouted at Officer DiLeonardo "where the hell did you learn how to drive asshole". (D.E. 34, Plaintiff's Complaint at ¶¶ 32-34, 44.) According to the complaint, a "shouting match" ensued (D.E. 34, Plaintiff's Complaint ¶ 45) which was heated enough to have caused Plaintiff to allege that he was "fearing for his physical safety" (Id. at ¶ 46). At this point, Plaintiff got into his cab, placed it in reverse, and then accelerated towards Officer DiLeonardo. (D.E. 34-4) Officer DiLeonardo fired his weapon at the vehicle; Plaintiff, put his car in reverse knocking down Officer DiLeonardo, who had given chase. (Id.)

Defendant DiLeonardo is named in Count III, Count V, Count VII, Count VIII, and Count IX claiming Conspiracy under 42 U.S.C. 1983. According to the complaint:

1

> The defendants intentionally failed to act in accordance with the official duties inherent to their office, failed to accurately report their observations and intentionally withheld or omitted damaging evidence against DILEONARDO and BIENZ in furtherance of the conspiratorial goal of shielding DILEONARDO and BIENZ from criminal and administrative sanctions and in furtherance of the false arrest and malicious prosecution of MOROUGHAN . . . [in that] all named Defendants' lied in sworn statements as to their observations and actions concerning DILEONARDO and BIENZ to the benefit of DILEONARDO and BIENZ and the detriment of MOROUGHAN. All defendants did so to benefit themselves and their departments by conveying a benefit to their brethren officers.

(D.E. 34, ¶ 107.) None of these allegations involve Officer DiLeonardo. The only allegations stemming from the conspiracy charge which can be gleaned from the Amended Complaint are the conclusory allegations set forth in paragraph 150 that Officer DiLeonardo along with other named defendants "agreed expressly and/or tacitly to cover up the true facts leading up to and including the actions of BIENZ and DILEONARDO leading up to and including DILEONARDO shooting five rounds at MOROUGHAN'S cab as he attempted to flee the scene" (*id.* at ¶ 150). Importantly, the Amended Complaint is absolutely bare of any facts, allegations, or statements regarding the alleged "overt acts" which Officer DiLeonardo carried out in furtherance of this goal.

The overt acts which are set forth in the Amended Complaint: securing a false confession from Plaintiff, withholding evidence concerning Plaintiff's repeated complaints about being brutally shot and assaulted, about the erratic operation of the motor vehicles being driven by Officers DiLeonardo and Bienz, about Plaintiff's repeated requests for counsel, about Plaintiff's true medical condition, state of mind and cognitive processes when questioned, ignoring that Officer DiLeonardo had been drinking, failing to test DiLeonardo for alcohol or drugs, failing to give Officer DiLeonardo a sobriety test, failing to apply for a warrant for issuance of an order authorizing Officer DiLeonardo's blood to be tested, failing to interview witnesses, disseminating false and misleading information to the press, submitting false and misleading information to the Internal Affairs Bureau, DA's office and courts, creating false documents, lying to various investigators and submitting false reports to avoid criminal, civil, and administrative responsibility for the mistreatment, injuries and false arrest, do not involve or even allege to involve any participation on the part of Officer DiLeonardo (*Id.* at ¶ 102).

> In order to survive a motion to dismiss on his § 1983 conspiracy claim, [the plaintiff] must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.

*Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2nd Cir. 2002). Plaintiff must show that Officer DiLeonardo and the state officials shared a common unlawful goal and agreed to deprive the Plaintiff of rights guaranteed by federal law. *Anilao v. Spota*, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011). Plaintiff's Amended Complaint is completely devoid of any allegation that Officer DiLeonardo cooperated in any action with state authorities. Importantly, "Section 1983 does not impose civil liability on persons who merely stand to benefit from an assertion of authority under color of law, but only on those who act under color of law." See *Ginsberg v. Healey Car & Truck Leasing*, 189 F.3d 268, 272-73 (2d Cir. 1999). It is well- settled

2

that "'merely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation.'" *Valez v. City of New York*, No. 08 Civ. 3875, 2008 WL 5329974, at *4 (S.D.N.Y. Dec. 16, 2008)(quoting *Vazquez v. Combs*, No. 04 Civ. 4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004)).

The allegations in the Amended Complaint make it clear that no one was permitted to enter Plaintiff's hospital room and that Plaintiff was arrested after Suffolk County Detectives obtained a confession from Plaintiff (D.E. 34 ¶¶ 88-93). Hence, Officer DiLeonardo's actions during the road rage incident did not cause Plaintiff's arrest. If that was the case, then Plaintiff would have been immediately arrested. However, this was not what happened. Instead, Plaintiff was arrested after he made a full confession to the Suffolk County Detectives. Thus, Officer DiLeonardo's actions could not have caused the alleged constitutional injury. *See Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Missere v. Gross*, 826 F. Supp. 2d 542, 2011 WL 6030665, at *17 (S.D.N.Y. March 31, 2011) ("In a § 1983 action, the plaintiff must also establish that the party acting under color of law *caused* the alleged deprivation of a federal right."). Causation is established when a constitutional injury is "fairly traceable to [an] actual violation of [the plaintiff's] civil rights." *Townes v. City of New York*, 176 F.3d 138, 141 (2d Cir. 1999); *Zahrey v. Coffey*, 221 F.3d 342, 352 n.8 (2d Cir. 2000) (there is no liability when deprivation of liberty would have occurred "even in the absence of the antecedent misconduct," because "'but for' causation could be claimed to be lacking.").

Thus, while it may be *possible* that this is evidence of a nefarious plan among the defendants, the allegations do not "nudge" Plaintiff's claims "across the line from conceivable to plausible." *Bell Atlantic*, 550 U.S. 544, 555 (2007).

With regard to Plaintiff's state law claims of Assault and Battery (Count XXVI), the Plaintiff must establish that the officer's conduct must not fall within the protection of New York Penal Law § 35.30, which provides that a police officer may employ deadly force when "the use of deadly physical force is necessary to defend the police officer ... or another person from what the officer reasonably believes to be the use or imminent use of deadly physical force." *Henry-Lee v. City of New York*, 746 F. Supp. 2d 546, 563-64 (S.D.N.Y. 2010) citing N.Y. Penal Law § 35.30(1). Plaintiff cannot succeed on these claims.

The facts set forth by Plaintiff in his Amended Complaint establish that he had followed and chased Officer DiLeonardo's vehicle, stopped alongside the officer's vehicle, cursed at him, exited his vehicle to confront the officer in this angry state, and then immediately entered his vehicle, drove his car in reverse and then drove forward aiming directly at Officer DiLeonardo. (D.E. 34-4.). Plaintiff, has acknowledged in his complaint, that he drove in reverse knocking Officer DiLeonardo to the ground with the car door of his vehicle. (*Id.* at ¶ 60.)

The facts viewed in the light most favorable to Plaintiff establish that Officer DiLeonardo's conduct was reasonable when faced with Plaintiff's vehicle headed right for him and Officer Bienz after having engaged in a "shouting match" (D.E. 34, ¶ 45) which was obviously heated enough to have caused Plaintiff to be "fearing for his physical safety" (*Id.* at ¶ 46) and also heated enough for Officer DiLeonardo to have been in fear for himself and those around him when Plaintiff entered his vehicle, placed it in reverse and then placed the vehicle in drive and drove directly at Officer DiLeonardo.

Finally, the facts of this complaint establish that at the moment Officer DiLeonardo fired his weapon, it was objectively reasonable for him to believe that his actions did not violate Plaintiff's constitutional rights. *See Salim v. Proulx*, 93 F.3d 86, 91-92 (2d Cir. 1996). Even if Plaintiff can conclusively establish that Officer DiLeonardo acted negligently, "a claim that a state actor acted negligently does not state a deprivation of constitutional rights". *Id.* citing *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 348, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

Based upon the foregoing, Officer DiLeonardo requests a pre-motion conference so that he may then request permission to file a motion to dismiss the claims against him.

Respectfully Submitted,

BARKET MARION EPSTEIN & KEARON

By: _____
Amy B. Marion (AM-7761)

cc:   Anthony M. Grandinette, Esq.
      114 Old Country Road, Suite 420
      Mineola, NY  11501

      Michael Ferguson, Esq.
      Nassau County Attorney's Office
      One West Street
      Mineola, NY  11501

      Brian Mitchell, Esq.
      Suffolk County Attorney's Office
      H. Lee Dennison Building
      100 Veteran's Memorial Highway
      P.O. Box 6100
      Hauppauge, NY  11788