# The Law Office Of
# ANTHONY M. GRANDINETTE

Of Counsel:
Paul Casteleiro
New Jersey

Bryant R. Camareno
Florida

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Telephone: (516)877-2889
Telecopier: (516)294-5348
Email: Grandinettelaw@gmail.com

Honorable Joseph F. Bianco
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

November 6, 2012

      Re: Thomas Moroughan v. The County of Suffolk, et al.
      Index No.: CV 12-0512 (JB)(AKT)

Dear Judge Bianco:

      I am counsel to plaintiff, Thomas M. Moroughan and submit this letter in response to defendant DiLeonardo's October 25, 2012 request for a pre-motion conference[1] seeking leave to file a 12(b)(6) motion to dismiss plaintiff's Amended Complaint **(DE 38)**.

      Plaintiff's amended complaint **(DE 37)** levies numerous charges against DiLeonardo:

Excessive use of non-deadly physical force; (Count XIII) - Excessive use of deadly physical force; (Count XIII) - False Arrest; (Count XIV) - Conspiracy; (Counts III, V, VII, VIII and IX) - Assault and Battery. (Counts XXII and XXIII)

      DiLeonardo argues that Moroughan's proposed amended complaint fails to state valid causes of action against DiLeonardo for which relief can be granted and seeks to dismiss plaintiff's amended complaint.

      When considering a motion to dismiss for failure to state a claim, the court must consider only those facts set forth in the complaint or documents attached thereto. The court must accept as true all factual allegations in the complaint and all reasonable inferences must be drawn in favor of the non-moving party. Bell Atlantic Corp v. Twomby, 550 U.S. 544, 127 S. Ct. 1955, 167 L.E. 2d 209(1986). Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College, 128 F.3d 59, 63 (2d Cir.1997).The facts plead must be sufficient to give rise to a "reasonably founded hope that the discovery process will reveal relevant evidence" in support of their claims. The

---

[1] It appears that counsel is filing a 12(b)(6) letter motion in lieu of serving a formal Notice of Motion. Plaintiff is interpreting defendant's application as a 12(b)(6) letter motion based upon Your Honor's scheduling order dated August 20, 2012. In that Order, the Court granted plaintiff leave to file an amended complaint by October 22, 2012 and directed all defendants to file their 12(b)(6) motions on or before November 1, 2012, with plaintiff's reply by November 9, 2012.

1

burden of proof lies with the moving party. Bell Atlantic Corp v. Twomby, 550 U.S. 544, 127 S. Ct. 1955, 167 L.E. 2d 209(1986), A complaint should not be dismissed simply because a plaintiff is unlikely to succeed on the merits. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The plaintiff clearly meets this threshold burden. After an 18 month investigation into the underlying facts related to this action, the Nassau County Internal Affairs Bureau (IAB) issued a report[2] wherein it was concluded that DiLeonardo committed the following unlawful acts and violations of Nassau County Police Department Rules and Regulations on February 27, 2011:

Criminal Offenses
Attempted Assault in the first degree; Criminal use of a firearm in the second degree; Assault in the second degree; Assault in the third degree; Reckless Endangerment in the first degree; Criminal Mischief in the second degree; Reckless Driving; and Driving while Ability Impaired.

Departmental Rule Violations
Conduct unbecoming an officer; Being unfit for duty by reason of intoxicants; and Firing a shot at a moving vehicle.

Included in Nassau's IAB report are ambulance and hospital records which establish DiLeonardo's intoxication. Further, DiLeonardo admits in his sworn IAB statement that he had consumed a minimum of eight alcoholic drinks in the 4.5 hour period immediately preceding the shooting. DiLeonardo was, by his own admission, intoxicated when he twice shot and thereafter broke Moroughan's nose with the butt of his gun. Despite displaying clear and unambiguous indicia of intoxication, no attempt was made by any of the numerous Nassau or Suffolk police officers who responded to the scene or Huntington Hospital to perform field sobriety tests on DiLeonardo, nor seek a warrant for blood.

Also included in the report is the sworn eyewitness statement of Eric Klug given to Nassau IAB on July 18, 2011. Mr. Klug's statement corroborates every aspect of Moroughan's factual account of that morning. Mr. Klug observed DiLeonardo walking towards Morouhan's stationary vehicle while simultaneously discharging his firearm without pause or hesitation. Klug's eyewitness account proves that DiLeonardo and others, including named defendants herein, conspired with each other and lied when they asserted that Moroughan intentionally drove his vehicle at DiLeonardo, whom in turn fired at Moroughan in self defense. Despite the fact that Mr. Klug telephoned 911 contemporaneously with the shooting, no member of the Nassau of Suffolk police departments sought to interview or obtain a statement from Mr. Klug, even though Mr. Klug's name, address and telephone number were readily available. (See DE 37, exhibit "D" at pages 120-122).

---

[2] The entire Nassau County IAB Report is annexed to plaintiff's amended complaint in its entirety as Exhibit "D". As to Defendant DiLeonardo, the IAB report standing alone is sufficient to defeat DiLeonardo's 12(b)(6) motion. Bell Atlantic Corp v. Twomby, 550 U.S. 544, 127 S. Ct. 1955, 167 L.E. 2d 209(1986)

Witness Risco Lewis was present at the hospital on February 27, 2011. At that time, Ms. Lewis had been a Nassau County District Attorney for nineteen (19) years. Ms. Lewis is currently Deputy Commissioner of the Suffolk County Police Department. In her telephone interview with Suffolk IAB Ms. Lewis recounted that she observed Moroughan was upset and in a great deal of pain as a result of his injuries. Ms. Lewis also recounted that Moroughan made repeated and emphatic requests for an attorney and continually cried out in pain and confusion asking: "Why did they shoot me? I didn't do anything and they shot me". Significantly, this eyewitness account directly contradicts the named defendants; members of the Suffolk County Homicide Bureau, who reported that Moroughan appeared calm, in no apparent distress and never requested counsel. Ms. Lewis also recalled in her telephone interview with Suffolk IAB that at approximately 7:00 A.M. when two detectives[3] left Moroughan's hospital room she overheard them congratulating themselves, one of the detectives telling the other: "We got it". Finally, Ms. Lewis told IAB investigators that the ER physician in charge of treating DiLeonardo and Bienz had made several statements to the effect that "she wanted their blood", "that they were drunk and were going to get away with shooting someone because they were cops" (DE 37 at paragraphs 107 and 139).

In light of the determination by Nassau IAB, Mr. Klug's eyewitness statement and Ms. Lewis' account of events at Huntington Hospital, there is overwhelming evidence to support the seven claims against DiLeonardo alleged in plaintiff's amended complaint.

Finally, regarding the false arrest count, the Nassau IAB report makes it clear that Suffolk and Nassau County both place responsibility for Moroughan's arrest on the other party. Nassau asserts that Moroughan was arrested by Suffolk after obtaining the alleged "confession" at the Hospital and DiLeonardo's supporting deposition (see Exhibit D at page 102). Suffolk claims that DiLeonardo was the arresting officer and that Suffolk County merely processed the paperwork (see Exhibit D at pages 34 and 35). Given the respective positions of the defendants' on this issue, which defendant(s) effectuated Moroughan's arrest is clearly an issue of fact, and not an issue of law.

The foregoing clearly demonstrates that plaintiff has set forth facts and allegations sufficient to meet their burden of pleading prima facie conspiracy, assault, battery, false arrest and excessive use of deadly and non-deadly physical force causes of action. Therefore, plaintiff's complaint must survive DiLeonardo's 12(b)(6) Motion to Dismiss.

If the Court accepts as true all of the factual allegations contained in plaintiff's two hundred and thirty (230) paragraph amended complaint and approximately 415 pages of exhibits annexed thereto, drawing all reasonable inferences in plaintiff's favor, it is clear that plaintiff's causes of action must survive DiLeonardo's 12(b)(6) motion.

---

[3] Subsequently identified as the Suffolk Detectives, Tavares and Leser, who procured the false confession from Moroughan.

Very truly yours,

Anthony M. Grandinette

AMG/eb