UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
                                              12CV0512(JB)(AKT)
Thomas M. Moroughan

   -against-


The County of Suffolk, Suffolk County
Police Department, Suffolk Detectives Tavares, Charles
E. Lester III, Detective/Sgt. William J. Lamb, Suffolk
Police Officer Meany and Suffolk John Does 1-10,
The County of Nassau, Nassau County Police
Department, Nassau Police Officers Anthony D.
DiLeonardo, Edward Bienz and John Does 11-20
_____X

### PLAINTIFFS' MOROUGHAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ANTHONY DILEONARDO

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs demand that defendant Anthony DiLeonardo produce documents responsive to the following requests within thirty days of service of this demand. As required by Rule 26(e), the County must promptly amend or supplement answers or disclosures within thirty days after additional information or material is acquired, and in no event later than thirty days before trial.

It is required that the defendant party's answers restate each document request in full before responding to it. It is required that each document request be accorded a separate answer. Each response shall first set forth <u>verbatim</u> the document request to

1

which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to another request for documents unless the request for documents or subpart referred to supplies a complete and accurate answer to the request for documents or subpart being answered.

It is further required that all documents produced appear in the form, order, and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to documents subsequent to their initial preparation. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Documents not otherwise responsive to a request shall be produced if such documents refer to, relate to, or explain the documents called for in this Request, or if such documents are attached to documents called for in this Request and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

If documents are not in your possession but within your control, you are required to comply with the definition and instructions for "control" below. If you object to any request on the grounds of privilege, your response must identify the nature of the responsive information and specify the claimed privilege in a log, consistent with Rule 26(b)(5).

## DEFINITIONS

The following definitions and principles shall be deemed to have the meaning set

2

forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

    A.    The term, "document" includes, without limitation, writings, memoranda, transcripts, docket entries, exhibits, drawings, graphs, charts, photographs, phone records, tapes, computer files, datebooks, time sheets, logs, electronic or computerized data compilations, and any other data compilation from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

    B.    The term "communication" shall include documents and any oral statements made or transmitted by any person.

    C.    The term "person" shall refer to any natural person or persons, and any firm, corporation, association, partnership, or any other form of legal entity, unless expressly stated otherwise.

    D.    The term "you" refers to the party to whom these requests to admit are propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys.

    E.    "Control" shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identity the person in

3

        possession or custody. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

F.    Where the term "identify" is used in reference to an individual or person, it includes the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. In reference to a document or writing, the term "identify" calls for a description of the type of document or writing, its general subject matter, the date it bears, the author, the present or last known location, the date of transfer, and the custodian, including the same identifying information for the custodian as required for all "persons" as set forth in this paragraph above.

G.    The "NCPD" means the Nassau County Police Department and any employee or Division therein. The "SCPD. means the Suffolk County Police Department and any employee or Division therein.

## REQUESTS FOR PRODUCTION

1. Produce all records relating to the request for and or denial of Anthony D. Leonardo's indemnification, including but not limited to:

4

    a. the written regulations governing criteria for indemnification or the denial thereof;

    b. all paper work concerning DeLeonardo's application for and/ or appealing the denial of indemnification by Nassau County, all including but not limited to letters, e-mails, text messages, hearing minutes, written decisions, notifications, etc.;

2. Produce any and all documents and communications (defined above), created by Anthony DiLeonardo related to the shooting on February 27, 2011. Said documents shall include, but not be limited to:

    a. documents, reports, witness statements, e-mails, electronic communications, letters, notes, etc.;

3. Produce any and all documents and communications (defined above), created by Anthony DiLeonardo, specifically for the Nassau County Police Department, or any body of Nassau County government, related to the shooting on February 27, 2011. Said documents shall include, but not be limited to:

    a. documents, reports, witness statements, e-mails, electronic communications, letters, notes, etc..;

4. Produce any and all documents and communications (defined above), created by Anthony DiLeonardo specifically for the Nassau County Police Benevolent Association, or his Union, or any individual(s) affiliated with those organizations, relating to shooting of February 27, 2011. Said documents shall include, but not be limited to:

    a. documents, reports, witness statements, e-mails, electronic communications, letters, notes, testimony

5

5. Produce any and all documents and communications(defined above), created by any individual(s) or agency, or governmental body, relating to the shooting of February 27, 2011, in the possession of, or known to, Anthony DiLeonardo. Said documents shall include, but not be limited to:

    a. documents, reports, witness statements, e-mails, electronic communications, letters, notes, etc..

6. Produce all personal cellular phone records for Anthony DiLeonardo from February 26, 2011 through the present date.

7. Produce all business cellular phone records for Anthony DiLeonardo from February 26, 2011 through the present date.

8. Produce all credit card statements, and bank statements of Anthony DiLeonardo for purchases or cash withdrawls on February 26 and 27, 2011 after redacting account numbers and other purchases on dates not at issue.

9.Produce any and all communications, generated by Anthony D. DiLeonardo from February 20, 2011 through present, including, but not limited to:

    a. cellular telephonic records generated on any cellular phone used, owned or operated by Anthony DiLorenzo, emails, text messages generated and/or between Anthony DiLeonardo and Edward Bienz..

10. Produce any and all communications, generated by Anthony D. DiLeonardo from February 20, 2011 through present, including, but not limited to:

    a. cellular telephonic records generated on any cellular phone used, owned or operated by Anthony DiLorenzo, emails, text messages generated and/or between Anthony

DiLeonardo and Sophie Cornia.

11. Produce any and all communications, generated by Anthony D. DiLeonardo from February 20, 2011 through present, including, but not limited to:

   a. cellular telephonic records generated on any cellular phone used, owned or operated by Anthony DiLorenzo, emails, text messages generated and/or between Anthony DiLeonardo and Jillian Bienz.

12. Produce any and all communications, generated by Anthony D. DiLeonardo from February 20, 2011 through present, including, but not limited to:

   a. cellular telephonic records generated on any cellular phone used, owned or operated by Anthony DiLorenzo, emails, text messages generated and/or between Anthony DiLeonardo and any employee of the Nassau County Police Department.

13. Produce any and all materials, guidelines, memoranda, rules and regulations pertaining to the Nassau County Police Department's rules and regulations regarding the Department's policies governing off-duty police officers and their ability to carry and or discharge their firearms while off-duty.

14. Produce any and all materials pertaining to the specialized training received by Police Officer's DiLorenzo and Bienz at the Nassau County Police Academy regarding their instruction regarding use of firearms and deadly physical force. Such materials shall include, but not be limited to:

   a. Training manuals, instructors, specific course materials covered during said training, the names, ranks and credentials of the instructor(s) as well as the result of any test(s) or examination(s) participants may be required to complete in order to demonstrate sufficient

understanding and comprehension of said guidelines.

15. Produce any and all photographs in connection with the shooting incident on February 27, 2011.  Said photographs shall include, but not be limited to:

   a.  any and all photographs taken by Anthony DiLeonardo, the Nassau County Police Department's Deadly Force Unit, Nassau County Police Department, and/or its affiliates, or any other party, taken of the scene of the incident, the witnesses involved, the vehicles, and any other relevant photographic documentation.

16 . Produce a fully executed HIPPA authorization for Anthony DiLeonardo's medical records from Huntington Hospital and any subsequent follow-up medical treatment.

Plaintiff reserves the right to supplement and amend the foregoing requests for production of documents; and, in addition, they reserve the right to utilize other discovery mechanisms available to them.

Dated: June 21, 2012
     Mineola, New York

                                                                Respectfully submitted,

                                                                 By:  S/
                                                                  Anthony M. Grandinette (AMG5913)
                                                                114 Old Country Road, Ste. 420
                                                                Mineola, New York 11501
                                                                Tel: (516) 248-5317

                                                                ***Attorney for Plaintiff***

## Certificate of Service

I hereby certify that a true and accurate copy of Plaintiffs' First Request for Production of Documents and Things to Defendants Nassau and Suffolk County and Anthony D. DeLionardo was served via electronic mail on April 5, 2012 and personal service on April 6, 2012, upon:

Michael Furgeson, Esq.
Office of the County Attorney
County of Nassau
One West Street
Mineola, New York 11501-4820

Mr. Brian Mitchell, Esq.
Suffolk County Attorney's Office
P.O. Box 6100
Mineola, New York 11501

Amy B. Marion
Barkett, Marion, Epstein & Kearon
666 Old Country Road
Garden City, NY 11530

Anthony M. Grandinette, Esq.