# Barket, Marion, Epstein & Kearon, LLP

Attorneys at Law

666 OLD COUNTRY ROAD, SUITE 700 • GARDEN CITY, NEW YORK 11530

[P] 516.745.1500 • [F] 516.745.1245

| | |
|---|---|
| Bruce A. Barket | Steven B. Epstein |
| Amy B. Marion | Kevin T. Kearon |
| | |
| Hon. Elaine Jackson Stack | Aida F. Leisenring |
| Of Counsel | |

December 10, 2012

**via ELECTRONIC FILING**
Magistrate Judge A. Kathleen Tomlinson
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

Re:   Thomas M. Moroughan v. County of Suffolk, et al.
       12-CV-0512 (JFB)(AKT)

Dear Judge Tomlinson:

I am writing this letter in opposition to Plaintiff's motion to compel. Initially, Plaintiff's counsel states that I failed to follow through with my attempt to resolve the discovery dispute; counsel incorrectly maintains that I did not provide this Court with Defendant's telephone records and accompanying Cole's reports. I did in fact provide this Court with the material; however, this was the improper method to raise a discovery dispute, thus Your Honor issued an Order dated October 18, 2012 denying my attempts as an appropriate motion was not filed.

Initially, in response to Plaintiff's First Request for Production of Documents and Things (RFP) to Defendant DiLeonardo, Defendant DiLeonardo objected to Requests numbers 6, 9, 10 and 11 as Defendant DiLeonardo maintained that these requests were not likely to lead to the discovery of relevant or admissible information or evidence:

- Request Number 6 asks for the production of all personal cellular phone records for Anthony DiLeonardo from February 26, 2011 through the present date;
- Request Number 9 asks for the production of any and all communications, generated by Anthony D. DiLeonardo from February 20, 2011 (not February 26th as stated by Plaintiff's counsel) through present, including, but not limited to cellular telephonic records generated on any cellular phone used, owned or operated by Anthony DiLeonardo, emails, text messages generated and/or between Anthony DiLeonardo and Edward Bienz;
- Request Number 10 asks for the production of any and all communications, generated by Anthony D. DiLeonardo from February 20, 2011 through present, including, but not limited to cellular telephonic records generated on any cellular phone used, owned or operated by Anthony DiLeonardo, emails, text messages generated and/or between Anthony DiLeonardo and Sophie Cornia; and
- Request Number 11 asks for the production of any and all communications, generated by Anthony D. DiLeonardo from February 20, 2011 through present, including, but not limited to cellular telephonic records generated on any cellular phone used, owned or operated by Anthony DiLeonardo, emails, text messages generated and/or between Anthony DiLeonardo and Jillian Bienz.

Plaintiff's Amended Complaint alleges that the defendants engaged in a conspiracy to arrest and prosecute him (*see* D.E. 34). Jillian Bienz is the wife of defendant Officer Edward Bienz and Sophia Cornia was the girlfriend

of defendant Officer Anthony DiLeonardo; neither of these individuals are police officers. To prove a §1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) citing *Carson v. Lewis,* 35 F.Supp.2d 250, 271 (E.D.N.Y.1999). In order to satisfy the first requirement of acting under color of state law, the Second Circuit has required that the defendant exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Warren v. Fischl,* 33 F. Supp. 2d 171, 176-77 (E.D.N.Y. 1999) citing *Kern v. City of Rochester,* 93 F.3d 38, 43 (2d Cir.1996) (quoting *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 [1988]). Neither of these individuals are or were state actors who could be liable or responsible for the arrest and prosecution of Plaintiff. Additionally, private individuals cannot be held liable unless sufficient facts are shown which would establish that they instigated the state actors to arrest the Plaintiff. "Communications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor." *Fisk v. Letterman,* 401 F.Supp.2d 362, 377 (S.D.N.Y.2005). Therefore, Plaintiff's general and nonspecific allegations regarding a relationship between the defendants cannot support a finding that these individuals were state actors engaged in a conspiracy. Thus any requests for communications between Anthony DiLeonardo and Jillian Benz and Sophia Cornia could never lead to the discovery of relevant information.

Furthermore, the documents attached to Plaintiff's Amended Complaint make it clear that Officer DiLeonardo was acting in his capacity as a police officer during the incidents giving rise to Plaintiff's claims (*see* D.E. #37-1, Page ID # 502, County of Nassau states that PO DiLeonardo was effecting a lawful arrest; DE #36-3, Page ID # 427, Suffolk County's arrest report states that PO DiLeonardo was making a lawful arrest and identified himself as a police officer when making the arrest; DE #36-3, Page ID# 447, DFR – Deadly Force Team Investigation Report states that Officer DiLeonardo identified himself as a police officer and fired his weapon, fearing for his life, as Plaintiff was driving his vehicle straight at Officer DiLeonardo; DE #37-1, Page ID# 511, Nassau County Police Departments' Supervisor Report of Member's Actions states that Officer DiLeonardo was effecting a lawful arrest when he shot at Plaintiff and when he broke Plaintiff's driver's side window).

The acts and wrong doings asserted against both Suffolk and Nassau County defendants in Plaintiff's Amended Complaint deal entirely with their wrong doing surrounding all aspects of their investigations. None of the allegations in the complaint concerning their investigation allege that Anthony DiLeonardo had any input or say into the investigation, nor is it ever alleged that Anthony DiLeonardo was ever consulted with or ever made any statements regarding the investigation. Critically, the Amended Complaint does not purport to provide a basis to assume that Anthony DiLeonardo in some way had control or influence over his superiors at Nassau County or influence over the Suffolk County defendants so that it could be said that Anthony DiLeonardo reached an agreement to arrest and prosecute Plaintiff.

Plaintiff's Amended Complaint outlines the overt acts alleged in furtherance of the conspiracy claims as follows:

- defendants lied to plaintiff Moroughan (¶¶ 156,160, 161);
- manipulated plaintiff into believing he was a victim and not a suspect (¶ 157);
- created a false confession (¶ 159);
- withheld police paperwork from prosecutors (¶ 162);
- created false supporting depositions of DiLeonardo, Bienz and Cornia (¶ 163);
- concealed and ignored facts and witnesses establishing that DiLeonardo was the assailant and should have been arrested (¶ 164);
- ignored factual accounts given by plaintiff and witnesses (¶¶ 165, 166);
- ignored the physical and forensic evidence (¶ 167);
- ignored the fact that DiLeonardo, Bienz, Jillian Bienz, and Cornia had been drinking and were intoxicated (¶ 168);
- failed to test either DiLeonardo or Bienz for alcohol or drugs (¶ 169);
- failed to give either DiLeonardo or Bienz any field sobriety tests (¶ 170);
- failed to arrest either DiLeonardo or Bienz for DWI (¶ 171);
- failed to apply for a warrant to secure blood from DiLeonardo and Bienz (¶ 172);
- failed to secure a statement from Bienz (¶ 173);
- disseminated misleading information to the press about plaintiff (¶ 174);
- submitted false and misleading facts to the internal affairs bureaus, District Attorneys' Offices and courts (¶ 175);
- made false statements concerning the events (¶ 176);

- created false documents (¶ 177);
- denied plaintiff the right to counsel (¶ 178); and
- denied plaintiff his Miranda rights (¶ 178).

Amended Complaint, D.E. #34.

None of the overt acts alleged in these paragraphs, nor as described throughout the Amended Complaint, allege that defendant DiLeonardo orchestrated or participated in these acts, with the exception of the allegation that a false supporting deposition of Anthony DiLeonardo was prepared (see *id.* at ¶¶ 121 and 133). In paragraph 121 it is alleged that Anthony DiLeonardo "was brought" to the Suffolk County Second Precinct where he was questioned by defendants Tavares and Leser and then provided a one paragraph statement of the events as a result of the questioning by these officers. Paragraph 133 provides that defendant Tavares "took a one (1) paragraph statement from DiLeonardo" and that "Tavares was able to provide DiLeonardo with the information needed to articulate an intentionally false account of events which in turn provided DiLeonardo with a false basis to claim justification for the use of deadly physical force." (*Id.* at ¶ 133).

This allegation allows for the assumption that DiLeonardo wrote a statement as to the events that transpired and in no way provides a basis to support Plaintiff's claim that DiLeonardo participated in a conspiracy to falsely arrest and maliciously prosecute Plaintiff. Significantly, even if it is found that Anthony DiLeonardo's statement was not true, the "manufacture of false evidence, 'in and of itself,' . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right." *See Zahrey*, 221 F.3d at 348. *Zahrey v. City of New York*, CIVA 98-4546 DCP JCF, 2009 WL 1024261 (S.D.N.Y. Apr. 15, 2009).

Furthermore, the Amended Complaint undeniably states that Suffolk County defendants arrested and prosecuted Plaintiff and that the Nassau County defendants who came to the hospital to investigate the incident conspired to hide defendant DiLeonardo's intoxication. Importantly, merely alleging that the defendants worked together, or communicated generally with each other is insufficient to establish a conspiracy claim. *See Deskovic v. City of Peekskill*, 07-CV-8150 KMK, 2012 WL 4435316 (S.D.N.Y. Sept. 25, 2012). County defendants, such as Officers Bienz and DiLeonardo cannot conspire with each other. *See Conte v. County of Nassau*, 2010 WL 3924677 (E.D.N.Y. 2010). "[O]fficers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Id.* citing *Farbstein v. Hicksville Pub. Library,* 254 F. App'x 50, 51 (2d Cir.2007), *Herrmann v. Moore,* 576 F.2d 453, 459 (2d Cir.1978), *Herrmann,* 576 F.2d at 459; *Cameron v. Church,* 253 F.Supp.2d 611, 623 (S.D.N.Y.2003), *Quinn v. Nassau Cnty. Police Dep't,* 53 F.Supp.2d 347, 359–60 (E.D.N.Y.1999). Thus, any communications between Anthony DiLeonardo and Edward Bienz who were acting in their official capacity as police officers for Nassau County on the date of Plaintiff's arrest, as alleged in Plaintiff's Amended Complaint, does not provide a basis for discovery of their communications as such information is not relevant to proving a conspiracy claim since these individuals are legally incapable of conspiring together.

As for Plaintiff's claim that Defendant DiLeonardo's credit card and cash withdrawal records are discoverable because such records can purportedly show how much alcohol defendant DiLeonardo may have ingested, it is impossible, let alone permissible, to attempt to prove the amount of alcohol ingested based upon the amount of cash withdrawn or the amount charged to a credit card as Plaintiff purports. This request is far reaching and can never lead to the discovery of relevant information.

Therefore, Defendant DiLeonardo requests that this Court deny Plaintiff's letter motion to compel production of these records in its entirety.

                                                 Respectfully Submitted,

                                                 BARKET MARION EPSTEIN & KEARON, LLP

                              By:      /s/ Amy B. Marion
                                           Amy Marion (AM-7761)

cc:    Anthony M. Grandinette, Esq.
        Michael Ferguson, Esq.
        Brian Mitchell, Esq.