| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE**<br>**MINUTE ORDER** |

BEFORE:   A. KATHLEEN TOMLINSON          DATE:   12/13/2012
          U.S. MAGISTRATE JUDGE            TIME:   3:57 P.M. (19 minutes)

*Mouroughan v. County of Suffolk* **et al.**
**CV 12-512 (JFB) (AKT)**

TYPE OF CONFERENCE:        **MOTION HEARING**

APPEARANCES:   Plaintiff      Anthony Grandinette

               Defendant      Brian C. Mitchell (Suffolk County Defendants)
                              Michael J. Ferguson (Nassau County Defendants)
                              Amy Marion (Anthony DiLeonardo)

FTR:   3:57-4:16

SCHEDULING:

At the request of counsel, a Status Conference will be held on February 5, 2013 at noon. **[PLEASE NOTE: THE TIME OF THE CONFERENCE IS CHANGED FROM 10 A.M. TO NOON BASED ON A CONFLICT WITH THE COURT'S CALENDAR. COUNSEL SHOULD MARK THEIR CALENDARS TO REFLECT THE CHANGE IN TIME TO NOON].**

THE FOLLOWING RULINGS WERE MADE:

1.   I met with counsel today to resolve the Nassau County defendants' motion to seal plaintiff's Amended Complaint [DE 45]. Although the entire Amended Complaint cannot and should not be sealed, the pleading should have been redacted before the document was filed on ECF in order to comply compliance with the Stipulation and Order of Confidentiality executed by the parties and "so ordered" by the Court on May 18, 2012. Section 2(e) of that Stipulation states that "Portions of each document furnished hereunder consist of confidential information to be protected by this Stipulation and Order and may consist of information not previously disclosed, part of the public record or duplicated from an underprivileged source and made part of the IAB file. It is not the intent of the parties to make otherwise unprivileged documents privileged merely by their existence within the IAB file."

     The Amended Complaint contains confidential information from the Nassau County Internal Affairs Unit ("IAU") investigation report of the incident underlying this litigation. Plaintiff's counsel is directed to withdraw the Amended Complaint currently filed on ECF [DE 34]. Counsel is then directed to file the properly redacted pleading (i.e., compliant with the Stipulation) on ECF. The unredacted pleading is to be filed under seal with in the Clerk's Office. Plaintiff's counsel is further instructed to submit an unredacted Amended Complaint to Judge Bianco's Chambers and one to my Chambers as well. To the foregoing extent, the motion of counsel for the Nassau County defendants is granted.

2.   I also addressed plaintiff's motion to compel discovery [DE 44]. Plaintiff is seeking responsive documents and information in the possession, custody or control of defendant Anthony

DiLeonardo. In preparation for the hearing, the Court also reviewed defendant DiLeonardo's opposition to plaintiff's motion [DE 49].

Having reviewed the papers, the Court finds that the majority of the materials plaintiff is seeking are relevant given the allegations in the complaint, particularly in light of the broad scope of discovery under the Federal Rules. The motion to compel is therefore granted to the following extent:

- With respect to plaintiff's request for defendant DiLeonardo's phone records, I am directing counsel for defendant DiLeonardo to provide the Court and plaintiff's counsel via first class mail the home phone number, work phone number and cellular phone number for Mr. DiLeonardo, for the period covering February 26, 2011 through November 30, 2012. The Court directs that the numbers provided to plaintiff's counsel are produced on an" attorney's eyes only" basis. If Mr. DiLeonardo is also in possession of the home and cell phone numbers for co-defendant Edward Bienz and non-parties Sophia Corina and Jillian Bienz for that same time period, he is directed to provide that information as well. This material is to be served on plaintiff's counsel by January 4, 2013.

- Defendant DiLeonardo is also directed to provide to the Court, for an *in camera* review, his cellular and home telephone records for the period covering February 26, 2011 through November 30, 2012. The Court will then review the records, determine if any of the calls were made to any of the phone numbers produced and will provide the records in redacted form to all parties. These records must also be produced by January 4, 2013.

   Defendants DiLeonardo is further directed to produce any text messages that are retrievable for the period of February 26, 2011 to November 30, 2012.

- With respect to email communications, defendant DiLeonardo is directed to provide plaintiff with any emails he sent to Edward Bienz, Jillian Bienz, and Sylvia Corina from February 26, 2011 through November 30, 2012. Likewise, defendant DiLeonardo is directed to provide copies of any emails he received from Edward Bienz, Jillian Bienz and Sylvia Corina during the same time period. These documents are also to be produced by January 4, 2013.

- With respect to plaintiff's demand for the production of defendant DiLeonardo's bank statements and credit card statements, the Court directs defendant DiLeonardo to produce to plaintiff any credit card entries for charges which were incurred in any of the establishments that he references in his statement to the Internal Affairs Unit, including but not limited to Black Forrest Brew Haus, Blue Hanu, Artful Dodger, and any other restaurant or bar in which he incurred a charge on February 26 or 27, 2011. Other irrelevant charges may be redacted. Counsel for defendant DiLeonardo is directed to review her client's bank statements. If there are any cash withdrawals listed for February 26 or 27, 2011, counsel is to produce that statement but may redact any other you're relevant entries that might appear on the same page. If there is no indication of a cash withdraw on these dates, the bank statements do not need to be produced; however, Attorney Marion must make such affirmative representation in writing to plaintiff's counsel. These materials are also to be served by January 4, 2013. Counsel represented that she did not expect any delays in production as she is already in

       possession of defendant DiLeonardo's phone records. However, counsel will notify the Court in advance if any unforeseen circumstances arise.

4.    Plaintiff's counsel indicated that he will soon file a similar motion to compel with respect to the Nassau County defendants. The Court reminded counsel of their obligations under Rule 37.3, as well as Rule 37.1. If the dispute arises with regard to specific interrogatories or document requests, the Court's three-page limit for letter motions is waived.

5.    Plaintiff's counsel requested that the Court set a conference based on concerns about the existing discovery deadlines since plaintiff still has not received documents which are now to be produced in response to the Court's rulings today. I set a conference for February 5 but reminded the parties that they must still comply with their obligations under Rule 37.3. I am further directing that three days prior to the February 5, 2013 conference that each party provide the Court in writing with a list of any outstanding discovery issues.

                                     SO ORDERED

                                       /s/ A. Kathleen Tomlinson
                                       A. KATHLEEN TOMLINSON
                                       U.S. Magistrate Judge