**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

THOMAS M. MOROUGHAN,

                Plaintiff,

      -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK DETECTIVES
RONALD TAVARES, CHARLES LESER, EUGENE
GEISSINGER, NICHOLAS FAVATTA, and ALFRED
CICCOTTO, DETECTIVE/SGT. WILLIAM J. LAMB,
SGT. JACK SMITHERS, SUFFOLK POLICE
OFFICERS WILLIAM MEANY, ENID NIEVES,
CHANNON ROCCHIO, and JESUS FAYA and
SUFFOLK JOHN DOES 1-10, THE COUNTY OF
NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, SGT. TIMOTHY MARINACI,
DEPUTY CHIEF OF PATROL JOHN HUNTER,
INSPECTOR EDMUND HORACE, COMMANDING
OFFICER DANIEL FLANAGAN, DETECTIVE/SGT.
JOHN DEMARTINIS, NASSAU POLICE OFFICERS
ANTHONY D. DILEONARDO, EDWARD BIENZ
AND JOHN DOES 11-20,

                Defendants.

---

12 CV 0512(JFB)(AKT)

**DEFENDANT DILEONARDO'S
ANSWER TO AMENDED
COMPLAINT, AFFIRMATIVE
DEFENSES AND CROSS-
CLAIMS AGAINST COUNTY
OF NASSAU AND NASSAU
COUNTY POLICE
<u>DEPARTMENT</u>**

**<u>JURY DEMAND</u>**

The Defendant, ANTHONY D. DILEONARDO [hereinafter "Defendant"], by and through his counsel, BARKET, MARION, EPSTEIN & KEARON, LLP, answers the plaintiff's Amended Complaint as follows, upon information and belief:

      1.     Denies each and every allegation contained in paragraph 1 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

      2.     Denies each and every allegation contained in paragraph 2 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

3.      The allegations set forth in paragraph 3 of the Amended Complaint assert a legal conclusion to which no response is required.

4.      The allegations set forth in paragraph 4 of the Amended Complaint assert a legal conclusion to which no response is required.

5.      Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 of the Amended Complaint.

6.      Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

7.      Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

8.      Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

9.      Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 9 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

10.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

11.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

12.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

13.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 13 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

14.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

15.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 15 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

16.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 16 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

17.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

18.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 18 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

19.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 19 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

20.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 20 of the Amended Complaint, except as to Police Officer Anthony DiLeonardo who at all relevant times was an employee of the Nassau County Police Department and the County of Nassau and at all times relevant to the Amended Complaint was acting in his official capacity as an officer of the Nassau County Police Department.

21.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 21 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

22.     Police Officer Anthony DiLeonardo at all relevant times was an employee of the Nassau County Police Department and the County of Nassau and at all times relevant to the Amended Complaint was acting in his official capacity as an officer of the Nassau County Police Department.

23.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 23 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

24.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 24 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

25.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 25 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

26.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 26 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

27.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 27 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

28.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 28 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

29.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 29 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

30.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 30 of the Amended Complaint, except that Police Officer Anthony DiLeonardo at all relevant times was an employee of the Nassau County Police Department and the County of Nassau and at all times relevant to the Amended Complaint was

acting in his official capacity as an officer of the Nassau County Police Department and Nassau County is vicariously liable for any allegations attributable to the Defendant.

31.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 31 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

32.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 32 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

33.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 33 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

34.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 34 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

35.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 35 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

36.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 36 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

37.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 37 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

38.     Denies the allegations in paragraph 38 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

39.     Generally admits the allegations contained in paragraph 39 of the Amended Complaint, except begs leave to refer all questions of law to the Court and all questions of fact to the trier of fact.

40.     Denies the allegations in paragraph 40 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

41.     Denies the allegations in paragraph 41 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

42.     Generally admits the allegations contained in paragraph 42 of the Amended Complaint.

43.     Generally admits the allegations contained in paragraph 43 of the Amended Complaint.

44.     Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first clause of paragraph 44 of the Amended Complaint and, generally admits the allegations contained in the second clause of paragraph 44 that the words used were to the effect of however denies that those were the words and, that Nassau County is vicariously liable for any allegations attributable to the Defendant.

45.     Denies the allegations in paragraph 45 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

46.     Denies the allegations in paragraph 46 of the Amended Complaint except admits that Moroughan places the cab in reverse and that Nassau County is vicariously liable for any allegations attributable to the Defendant.   .

47.     Denies the allegations in paragraph 47 of the Amended Complaint except admits that Plaintiff drove his car in reverse and then drove his car forward and that Nassau County is vicariously liable for any allegations attributable to the Defendant.     .

48.     Denies sufficient knowledge or information to form a belief as to the truth of each and every allegation contained in the paragraph 48 of the Amended Complaint.

49.     Denies the allegations as set forth in paragraph 49 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

50.     Denies the allegations as set forth in paragraph 50 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

51.     Denies the allegations as set forth in paragraph 51 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

52.     Denies the allegations in paragraph 52 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

53.     Denies sufficient knowledge or information to form a belief as to the truth of each and every allegation contained in the paragraph 53 of the Amended Complaint.

54.     Denies sufficient knowledge or information to form a belief as to the truth of each and every allegation contained in the paragraph 54 of the Amended Complaint.

55.     Denies the allegations in paragraph 55 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

56.     Denies the allegations in paragraph 56 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

57.     Denies the allegations in paragraph 57 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

58.     Denies sufficient knowledge or information to form a belief as to the truth of the allegation contained in the paragraph 58 of the Amended Complaint

59.     Denies the allegations in paragraph 59 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

60.     Denies the allegations in paragraph 60 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

61.     Denies sufficient knowledge or information to form a belief as to the truth of each and every allegation contained in the paragraph 61 of the Amended Complaint.

62.     Denies sufficient knowledge or information to form a belief as to the truth of each and every allegation contained in the paragraph 62 of the Amended Complaint.

63.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegation contained in the paragraph 63 of the Amended Complaint.

64.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 64 of the Amended Complaint.

65.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 65 of the Amended Complaint.

66.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 66 of the Amended Complaint.

67.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 67 of the Amended Complaint.

68.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 68 of the Amended Complaint.

69.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 69 of the Amended Complaint.

70.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 70 of the Amended Complaint.

71.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 71 of the Amended Complaint.

72.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 72 of the Amended Complaint.

73.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 73 of the Amended Complaint.

74.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 74 of the Amended Complaint.

75.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegation contained in the paragraph 75 of the Amended Complaint.

76.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 76 of the Amended Complaint.

77.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 77 of the Amended Complaint.

78.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 78 of the Amended Complaint.

79.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 79 of the Amended Complaint.

80.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 80 of the Amended Complaint.

81.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 81 of the Amended Complaint.

82.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 82 of the Amended Complaint.

83.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 83 of the Amended Complaint.

84.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 84 of the Amended Complaint.

85.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 85 of the Amended Complaint.

86.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 86 of the Amended Complaint.

87.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 87 of the Amended Complaint.

88.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 88 of the Amended Complaint.

89.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 89 of the Amended Complaint.

90.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 90 of the Amended Complaint.

91.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 91 of the Amended Complaint.

92.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 92 of the Amended Complaint.

93.     Denies the allegations contained in the paragraph 93 of the Amended Complaint.

94.     Generally admits the allegations contained in paragraph 94 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

95.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 95 of the Amended Complaint.

96.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 96 of the Amended Complaint.

97.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 97 of the Amended Complaint.

98.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 98 of the Amended Complaint.

99.     Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 99 of the Amended Complaint.

100.    Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 100 of the Amended Complaint.

101.    Generally admits the allegations contained in paragraph 101 except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

102.    Generally admits the allegations contained in paragraph 102 except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

103.    Denies the allegations contained in the paragraph 103 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

104.    Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 104 of the Amended Complaint.

105.    Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 105 of the Amended Complaint.

106.    Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 106 of the Amended Complaint.

107.    Denies the allegations contained in the paragraph 107 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

108.    Denies the allegations contained in the paragraph 108 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

109.    Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 109 of the Amended Complaint.

110.    Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 110 of the Amended Complaint.

111.    Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 111 of the Amended Complaint.

112.    Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 112 of the Amended Complaint.

113.    Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 113 of the Amended Complaint.

114.    Denies the allegations contained in the paragraph 114 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

115.    Denies allegations contained in the paragraph 115 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant and denies sufficient knowledge or information to form a belief as to the truth of some of the allegations contained in the paragraph 115 of the Amended Complaint.

116.    Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 116 of the Amended Complaint.

117.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 117 of the Amended Complaint.

118.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 118 of the Amended Complaint.

119.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 119 of the Amended Complaint.

120.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 120 of the Amended Complaint.

121.     Denies the allegations contained in the paragraph 121 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

122.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 122 of the Amended Complaint.

123.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 123 of the Amended Complaint.

124.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 124 of the Amended Complaint.

125.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 125 of the Amended Complaint.

126.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 126 of the Amended Complaint.

127.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 127 of the Amended Complaint.

128.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 128 of the Amended Complaint.

129.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 129 of the Amended Complaint.

130.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 130 of the Amended Complaint.

131.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 131 of the Amended Complaint.

132.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 132 of the Amended Complaint.

133.    Denies the allegations contained in the paragraph 133 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

134.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 134 of the Amended Complaint.

135.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 135 of the Amended Complaint.

136.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 136 of the Amended Complaint.

137.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 137 of the Amended Complaint.

138.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 138 of the Amended Complaint.

139.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 139 of the Amended Complaint.

140.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 140 of the Amended Complaint.

141.    Denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph 141 of the Amended Complaint.

142.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 142 of the Amended Complaint.

143.    Denies the allegations contained in the paragraph 143 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

144.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 144 of the Amended Complaint.

145.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 145 of the Amended Complaint.

146.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 146 of the Amended Complaint.

147.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 147 of the Amended Complaint.

148.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 148 of the Amended Complaint.

149.    Denies the allegations contained in the paragraph 149 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

150.    Denies the allegations contained in the paragraph 150 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

151.    Denies the allegations contained in the paragraph 151 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

152.    Denies the allegations contained in the paragraph 152 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

153.    Denies the allegations contained in the paragraph 153 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

154.    Denies the allegations contained in the paragraph 154 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

155.    Denies the allegations contained in the paragraph 155 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

156.    Denies the allegations contained in the paragraph 156 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

157.    Denies the allegations contained in the paragraph 157 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

158.    Denies the allegations contained in the paragraph 158 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

159.    Denies the allegations contained in the paragraph 159 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

160.    Denies the allegations contained in the paragraph 160 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

161.    Denies the allegations contained in the paragraph 161 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

162.    Denies the allegations contained in the paragraph 162 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

163.    Denies the allegations contained in the paragraph 163 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

164.    Denies the allegations contained in the paragraph 164 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

165.    Denies the allegations contained in the paragraph 165 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

166.    Denies the allegations contained in the paragraph 166 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

167.    Denies the allegations contained in the paragraph 167 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

168.    Denies the allegations contained in the paragraph 168 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

169.    Denies the allegations contained in the paragraph 169 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

170.    Denies the allegations contained in the paragraph 170 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

171.    Denies the allegations contained in the paragraph 171 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

172.    Denies the allegations contained in the paragraph 172 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

173.    Denies the allegations contained in the paragraph 173 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

174.    Denies the allegations contained in the paragraph 174 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

175.    Denies the allegations contained in the paragraph 175 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

176.    Denies the allegations contained in the paragraph 176 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

177.    Denies the allegations contained in the paragraph 177 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

178.    Denies the allegations contained in the paragraph 178 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

179.    Denies the allegations contained in the paragraph 179 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

180.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 180 of the Amended Complaint as to IAU's investigation.

181.     Denies the allegations contained in the paragraph 181 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

182.     For his answer to paragraph 182, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 181 as though fully set forth at length.

183.     Denies the allegations contained in the paragraph 183 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

184.     For his answer to paragraph 184, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 183 as though fully set forth at length.

185.     Denies the allegations contained in the paragraph 185 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

186.     For his answer to paragraph 186, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 185 as though fully set forth at length.

187.     Denies the allegations contained in the paragraph 187 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

188.     For his answer to paragraph 188, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 187 as though fully set forth at length.

189.     Denies the allegations contained in the paragraph 189 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

190.   For his answer to paragraph 190, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 189 as though fully set forth at length.

191.   Denies the allegations contained in the paragraph 191 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

192.   For his answer to paragraph 192, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 191 as though fully set forth at length.

193.   Denies the allegations contained in the paragraph 193 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

194.   For his answer to paragraph 194, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 193 as though fully set forth at length.

195.   Denies the allegations contained in the paragraph 195 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

196.   For his answer to paragraph 196, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 195 as though fully set forth at length.

197.   Denies the allegations contained in the paragraph 197 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

198.   For his answer to paragraph 198, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 197 as though fully set forth at length.

199.    Denies the allegations contained in the paragraph 199 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

200.    For his answer to paragraph 200, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 199 as though fully set forth at length.

201.    Denies the allegations contained in the paragraph 201 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

202.    For his answer to paragraph 202, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 201 as though fully set forth at length.

203.    Denies the allegations contained in the paragraph 203 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

204.    For his answer to paragraph 204, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 203 as though fully set forth at length.

205.    Denies the allegations contained in the paragraph 205 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

206.    For his answer to paragraph 206, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 205 as though fully set forth at length.

207.    Denies the allegations contained in the paragraph 207 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

208.     For his answer to paragraph 208, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 207 as though fully set forth at length.

209.     Denies the allegations contained in the paragraph 209 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

210.     Denies the allegations contained in the paragraph 210 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

211.     For his answer to paragraph 211, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 210 as though fully set forth at length.

212.     Denies the allegations contained in the paragraph 212 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

213.     For his answer to paragraph 213, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 212 as though fully set forth at length.

214.     Denies the allegations contained in the paragraph 214 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

215.     For his answer to paragraph 215, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 214 as though fully set forth at length.

216.     Denies the allegations contained in the paragraph 216 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

217.   For his answer to paragraph 217, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 216 as though fully set forth at length.

218.   Denies the allegations contained in the paragraph 218 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

219.   For his answer to paragraph 219, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 218 as though fully set forth at length.

220.   Denies each and every allegation contained in paragraph 220 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

221.   For his answer to paragraph 221, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 220 as though fully set forth at length.

222.   Denies each and every allegation contained in paragraph 222 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

223.   For his answer to paragraph 223, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 222 as though fully set forth at length.

224.   Denies the allegations contained in the paragraph 224 of the Amended Complaint except states that the County is vicariously liable for any allegations attributable to the Defendant.

225.   For his answer to paragraph 225, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 224 as though fully set forth at length.

226.   Denies the allegations contained in the paragraph 226 of the Amended Complaint except states that the County is vicariously liable for any allegations attributable to the Defendant.

227. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 227 of the Amended Complaint.

228. For his answer to paragraph 228, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 227 as though fully set forth at length.

229. Denies the allegations contained in the paragraph 229 of the Amended Complaint except states that the County is vicariously liable for any allegations attributable to the Defendant.

230. For his answer to paragraph 230, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 229 as though fully set forth at length.

231. Denies the allegations contained in the paragraph 231 of the Amended Complaint except states that the County is vicariously liable for any allegations attributable to the Defendant.

232. Denies the allegations contained in the paragraph 232 of the Amended Complaint except states that the County is vicariously liable for any allegations attributable to the Defendant.

233. For his answer to paragraph 233, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 232 as though fully set forth at length.

234. Denies the allegations contained in the paragraph 234 of the Amended Complaint except states that the County is vicariously liable for any allegations attributable to the Defendant.

235. For his answer to paragraph 235, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 234 as though fully set forth at length.

236. Denies the allegations contained in the paragraph 236 of the Amended Complaint except states that the County is vicariously liable for any allegations attributable to the Defendant.

237. For his answer to paragraph 237, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 236 as though fully set forth at length.

238.     Denies the allegations contained in the paragraph 238 of the Amended Complaint except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

239.     For his answer to paragraph 239, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 238 as though fully set forth at length.

240.     Denies the allegations contained in the paragraph 240 of the Amended Complaint except states that the County is vicariously liable for any allegations attributable to the Defendant.

241.     Denies the allegations contained in the paragraph 241 of the Amended Complaint except states that the County is vicariously liable for any allegations attributable to the Defendant.

242.     For his answer to paragraph 242, Defendant hereby adopts and incorporates the responses to paragraphs 1 through 241 as though fully set forth at length.

243.     Denies each and every allegation contained in paragraph 243 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

244.     Denies each and every allegation contained in paragraph 244 of the Amended Complaint, except states that Nassau County is vicariously liable for any allegations attributable to the Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

245.     The Defendant is entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

246.     Plaintiff fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

247.     Should Plaintiff recover damages as result of the findings of liability in whole or in part as against the Defendant, such recovery should be reduced and diminished in proportion to the degree of comparative negligence or wrongdoing of Plaintiff in contributing to such damages.

## FOURTH AFFIRMATIVE DEFENSE

248.     Plaintiff has failed to mitigate damages in this matter.

## FIFTH AFFIRMATIVE DEFENSE

249.     The alleged acts of conduct of the Defendant creates vicarious liability pursuant to the doctrine of respondent superior and consequently Nassau County and the Nassau County Police Department is liable for any acts or conduct of any liability, including but not limited to the Defendant, as a matter of law as the Defendant was acting in the scope of his employment as an employee of the County Defendants at all times and for all acts alleged in Plaintiff's Amended Complaint.

## CROSS-CLAIMS

### AS AND FOR CROSS-CLAIM AGAINST DEFENDANT COUNTY OF NASSAU AND DEFENDANT NASSAU COUNTY POLICE DEPARTMENT (HEREINAFTER "NASSAU COUNTY DEFENDANTS")

250.     That at all times and for all acts alleged in Plaintiff's Amended Complaint, the Defendant was acting in the scope of his employment as an employee of the County Defendants.

251.     The alleged acts of conduct of the Defendant creates vicarious liability pursuant to the doctrine of respondent superior and consequently the Nassau County Defendants are liable for any acts or conduct of any liability, including but not limited to the Defendant, as a matter of law.

252.     If the allegations of the Amended Complaint are sustained and the Defendant is judged liable by reasons of the facts and/or operation of law or otherwise, then the responsibility for damages sustained by Plaintiff will be that of the Nassau County Defendants.

253.    By reasons of the foregoing, the Defendant demands that the Court adjudicating the trial hereof apportion responsibility and liability, if any, among the parties.

254.    That in the event the Defendant is held liable for the Plaintiffs, then the Defendant demands judgment against the Nassau County Defendants for such amounts as he may be required to pay.

## AND AS FOR A SECOND CROSS-CLAIM AGAINST NASSAU COUNTY DEFENDANTS

255.    Defendant hereby adopts and incorporates paragraphs 1 through 254 as though fully set forth at length.

256.    That if Plaintiff sustained personal injuries and resulting damage at the time and place set forth in the Amended Complaint and in the matter alleged, said injuries and resulting damages were not sustained through any carelessness, recklessness, acts, omissions, negligence, and/or breaches of duty, and/or warranty and/or contract and/or strict liability other than of the Plaintiff, and if said injuries and damages are deemed to have arose by verdict or judgment out of carelessness, recklessness, acts, omissions, negligence, and/or breaches of duty, and/or obligations, and/or statute, and/or contract in fact or implied by law, upon the part of the Defendant then Nassau County Defendants are bound to fully indemnify the Defendant and the Defendant will hold Nassau County Defendants responsible for the full amount of any verdict or judgment that Plaintiff herein may recover against the Defendant in this action, including all costs and disbursements.

**WHEREFORE,** the Defendant respectfully prays the Court as follows:

That the Court dismiss the Amended Complaint as against the Defendant, in its entirety and/or if judgment is rendered against the Defendant that said Defendant have a judgment in a like amount against Nassau County and the Nassau County Police Department, together with the costs and disbursements of this action;

That the Court grant the Defendant such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
       December 16, 2012

                        BARKET MARION EPSTEIN & KEARON


                  By:          /s/ Amy Marion
                        Amy B. Marion