UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Thomas M. Moroughan,

                              Plaintiff,

-against-

The County of Suffolk, Suffolk County Police Department, Suffolk Detectives Ronald Tavares, Charles Leser, Eugene Geissinger, Nicholas Favatta, and Alfred Ciccotto, Detective /Sgt. William J. Lamb, Sgt. Jack Smithers, Suffolk Police Officers William Meaney, Enid Nieves, Channon ROccchio and Jesus Faya and Suffolk John Does 1-10, the County of Nassau, Nassau County Police Department, Sgt. Timothy Marinaci, Deputy Chief of Patrol John Hunter, Inspector Edmund Horace, Commanding Officer Daniel Flanagan, Detective /Sgt. John DeMartinis, Nassau Police Officers Anthony D. DiLeonardo, Edward Bienz and John Does 11-20,

                              Defendants.

**ANSWER TO AMENDED COMPLAINT**

**CV 12-0512 (JB)(AKT)**

**JURY TRIAL DEMANDED**

    Defendants, COUNTY OF SUFFOLK, DETECTIVES RONALD TAVARES, CHARLES LESER, EUGENE GEISSINGER, NICHOLAS FAVATTA, ALFRED CICCOTTO, DETECTIVE SERGEANT WILLIAM LAMB, SGT. JACK SMITHERS, SUFFOLK POLICE OFFICER WILLIAM MEANEY, SUFFOLK POLICE OFFICER ENID NIEVES, POLICE OFFICER CHANNON ROCCHIO and POLICE OFFICER JESUS FAYA by their attorney, Paul J. Margiotta, Acting Suffolk County Attorney, by Brian C. Mitchell, Assistant County Attorney, answering the plaintiff's Amended Complaint hereby allege as follows:

    1.    Aver that the allegations contained in the paragraphs numbered 1, 2, 3 and 4 of the amended complaint characterize the legal action being brought and

purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

    2.   Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 6 of the amended complaint, except admit that all of the named individuals were employed by the Suffolk County Police Department.

    3.   Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 7 of the amended complaint, except admit that Suffolk County Police Department is an administrative agency of the County of Suffolk.

    4.   Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 8 of the amended complaint, except admit that Tavares is a member of the Suffolk County Police Department.

    5.   Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 9 of the amended complaint, except admit that Leser is a member of the Suffolk County Police Department.

    6.   Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 10 of the amended complaint, except admit that Geissinger is a member of the Suffolk County Police Department.

    7.   Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 11 of the amended complaint, except admit that Favata is a member of the Suffolk County Police Department.

8. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 12 of the amended complaint, except admit that Ciccotto is a member of the Suffolk County Police Department.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 13 of the amended complaint, except admit that Lamb is a member of the Suffolk County Police Department.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 14 of the amended complaint, except admit that Smithers is a member of the Suffolk County Police Department.

11. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 15 of the amended complaint, except admit that Meaney is a member of the Suffolk County Police Department.

12. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 16 of the amended complaint, except admit that Nieves is a member of the Suffolk County Police Department.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 17 of the amended complaint, except admit that Rocchio is a member of the Suffolk County Police Department.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 18 of the amended complaint, except admit that Faya is a member of the Suffolk County Police Department.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 5, 19, 20, 21, 31, 32, 33, 34, 35, 36, 37, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 53 a-d, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 84, 85,

86, 87, 89, 92, 94, 96, 97, 99, 101, 102, 102, 104, 105, 109, 113, 115 a-d, 116, 117, 139, 140 and 141.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 22, 23, 24, 25, 26, 27, 28, 29. 30, 38, 40, 52, 68, 80, 90, 93, 95, 98, 100, 106, 107, 108, 110, 111, 112, 114 a-f, 118, 119, 120, 121, 122, 123, 124, 125,126, 127, 128, 129, 130, 131, 133, 134, 135, 136, 137, 138, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 156, 157, 180, 181 a-e, 183, 185, 187, 189, 191, 193, 195, 197, 199, 201, 203, 205, 207, 109, 210, 212, 214, 216, 218, 220, 222, 224, 226, 227, 229, 231, 232, 234, 236, 238, 240, 241, 243 and 244 of the amended complaint, and refer all questions of law to the Court.

17. Deny the allegations contained in paragraphs numbered 88, 91, 132, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178 and 179 of the amended complaint.

18. Answering the paragraphs numbered 155 (1-154), 182 (156-181), 184 (182-183), 186, 188, 190, 192, 194, 196, 198, 200, 202, 204, 206, 208, 211, 213, 215, 217, 219, 221, 223, 225, 228, 230, 233, 235, 237, 239, and 242 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. That the amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. That municipal defendants are not liable for punitive damage awards.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. That this Court lacks subject matter jurisdiction.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

27. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28  That defendant's actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

29. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

30. That the substance of any communications, if any, made by the defendants and/or their agents are and were true.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

31. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

32. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

33. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

34. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

35. That the substance of any communications, if any, made by defendants and/or their agents are and were absolutely privileged.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

36. That the amended complaint fails to set forth sufficient facts to establish a claim of defamation and/or slander.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

37. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

38. To the extent that the amended complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

39. That the Suffolk County Police Department is not an entity susceptible to suit.

**AS AND FOR A CROSS COMPLAINT
AGAINST THE COUNTY OF NASSAU
AND THE NASSAU COUNTY DEFENDANTS AND
POLICE OFFICER ANTHONY DILEONARDO**

40. That if the plaintiff recovers herein against answering defendants, such recovery will have been caused and brought about by reason of the negligence or intentionally tortious acts of the co-defendants, by agents, servants and/or employees, which said negligence or intentionally tortious acts will have been primary and the negligence or intentionally tortious acts, if any, of answering defendants will be secondary, and answering defendants will be entitled to judgment against the co-defendants in any amount the plaintiff may recover herein, or in the alternate, to a determination of the comparative degrees of negligence or intentionally tortious acts of the said defendants, and to a judgment over in accordance with such determination.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the amended complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, or in the alternative, for judgment over and against the co-defendants in any amount plaintiff may recover against answering defendants, and/or to a determination of the respective degrees of negligence, and for judgment over and against said co-defendants in accordance therewith, together with the costs and disbursements hereof, and for such other and further relief as this Court deems

just and proper.

| | |
|---|---|
| Dated: Hauppauge, New York<br>December 20, 2012 | Yours, etc.<br><br>PAUL J. MARGIOTTA<br>ACTING SUFFOLK COUNTY ATTORNEY<br>Attorney for Defendants,<br>County of Suffolk, Detectives Tavares, Leser, Geissinger, Favatta, Ciccotto, Lamb, Smithers, Meaney, P.Os Nieves, Rocchio and Faya<br>H. Lee Dennison Building<br>100 Veterans Memorial Highway<br>P.O. Box 6100<br>Hauppauge, New York 11788<br><br>By: /s/ Brian C. Mitchell<br>Brian C. Mitchell<br>Assistant County Attorney |

To:
Law Office of Anthony M. Grandinette
Attorney for Plaintiff
114 Old Country Road, Suite 420
Mineola, NY 11501

Office of the Nassau County Attorney
One West Street
Mineola, NY 11501

Amy Marion, Esq.
Barket Marion Epstein & Kearon, LLP
Attorneys for Defendant DiLeonardo
666 Old Country Road, Suite 700
Garden City, NY 11530