The Law Office Of

# ANTHONY M. GRANDINETTE

Of Counsel:
Paul Casteleiro
New Jersey

Bryant R. Camareno
Florida

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Telephone: (516)877-2889
Telecopier: (516)294-5348
Email: Grandinettelaw@gmail.com

February 4, 2013

Magistrate A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re: Thomas Moroughan v. The County of Suffolk, et al.
      Index No.: CV 12-0512 (JB)(AKT)

Dear Magistrate Tomlinson:

    I am counsel to plaintiff, Thomas M. Moroughan, and I submit this discovery status conference report on behalf of the parties. On December 17, 2012, Plaintiff's filed an amended complaint, in which seven new Suffolk County defendant's were named. The production of all documents has not been completed. Notwithstanding that fact the parties commenced depositions on January 30, 2013. Only one deposition has been completed.

    Paper and electronic production of documents: Incomplete. The parties have met and conferred concerning the production of outstanding discovery:

    A. Counsel for Suffolk County, Brian C. Mitchell, has made diligent efforts to comply in a timely manner with plaintiff's discovery demands. As per the filing of plaintiff's amended complaint, we are aware that Mr. Mitchell would require additional time in order to procure additional discovery materials related to seven newly named defendants. At this time plaintiff is awaiting production of the following:

    i) Suffolk County IAB Report;
    ii) Personnel records for all named Suffolk defendants;
    iii) Prior civil litigation history pertaining to all named Suffolk defendants, if any;
    iv) Notification of any prior departmental or civilian complaints;
    v) Suffolk County District Attorney's Office inherited this case from SCPD on or about March 4, 2011 and the Suffolk County District Attorney's office dismissed all charges plaintiff on June 11, 2011. As per last disclosure from Suffolk County Attorney's office, Mr. Mitchell referenced Suffolk County DA files. However, after an extensive review of the files no documents attributable to the Suffolk County District Attorney's office were disclosed. This could be a simple oversight;
    vi) Suffolk County Attorney's office indicates that are not in possession of any emails or phone records relating to this case. Although no discovery disputes exist, plaintiff would like to discuss proof of an IT review conducted by SCPD pertaining to any and all electronic communications and the expected completion date of Suffolk IAB report.

B. NASSAU COUNTY

Paper and electronic production of documents: Incomplete. The parties have met and conferred concerning the production of outstanding discovery. At this time plaintiff is awaiting production of the following:

i) The NCPD Deadly Force Response Team and all electronic communications generated by members of that team in connection with this incident; these documents remain outstanding and are subject to plaintiff's Motion to Compel dated December 14, 2012;
ii) All telephone and electronic communications generated by Bienz in his personal and professional capacity, in relation to this case. These documents remain outstanding and are subject to plaintiff's Motion to Compel dated December 14, 2012. However, Mr. Ferguson submitted a letter to Your Honor dated January 17, 2013 in which he represents the submission of certain phone and electronic records for an in camera inspection. In that same correspondence Mr. Ferguson objects to the production of Bienz's additional phone records claiming that Nassau County is unwilling to bear the burden of the cost of their production. Accordingly, the disclosure of Bienz's telephone and electronic communications is still unresolved. Bienz has also asserted a spousal privilege regarding any communications with his wife, Jillian Bienz;
iii) Plaintiff has requested Indemnification Board records pertaining to Bienz. Although counsel advised us that Bienz was represented by outside counsel for that purpose, we have yet to receive authorization for production of those records, or the production of those records by or on behalf of Nassau County or Bienz;
iv) There is no substantive disclosure of any information pertaining to the administrative trials of Bienz or DiLeonardo. We were recently advised that these trials would be adjourned pending the resolution of the Federal civil rights case and we would like to discuss this issue with the Court;
v) It was recently discovered that Bienz may have filed a Workers Compensation Claim, or sought leave from work based upon medical necessity stemming from this incident and plaintiff seeks confirmation and documentation to that effect;
vi) Personnel records for all named Nassau defendants;
vii) Prior civil litigation history pertaining to all named Nassau defendants, if any;
iix) Notification of any prior departmental or civilian complaints, if any, regarding any named Nassau defendants.

C. OFFICER DiLEONARDO

Paper and electronic production of documents: Incomplete. The parties have met and conferred concerning the production of outstanding discovery. At this time plaintiff is awaiting production of the following:

2

i) It was recently discovered that Bienz may have filed a Workers Compensation Claim, or sought leave from work based upon medical necessity stemming from this incident and plaintiff seeks confirmation and documentation to that effect;

ii) On December 13, 2012 issued a ruling on plaintiff's motion to compel production of any and all electronic communications generated by DiLeonardo. Ms. Marion, counsel for DiLeonardo has fully complied with this order, providing the documents in correspondences dated January 2, 2013 and January 3, 2013.

iii) Although DiLeonardo executed a HIPAA authorization for his medical records, he refuses to execute a second HIPAA form permitting the hospital staff to discuss his treatment and the records created thereby. Counsel has been unable to resolve the dispute which resulted in the cancellation of Dr. Kraszewski's deposition scheduled on January 11, 2013. Bienz, who is similarly situated, has executed the necessary supplemental HIPAA authorization.

Since the last conference before the Court, plaintiff filed an amended complaint on December 17, 2012 and therefore it is believed that all parties will seek leave to extend the time periods proscribed in the Court's Amended Case Management and Scheduling Order dated August 23, 2012 with respect to: time within which to serve and answer interrogatories, conclude fact discovery; provide all expert disclosure; conduct all expert depositions; commence the dispositive motion process; joint pre-trial order and hold the pretrial conference.

Respectfully submitted,

Anthony M. Grandinette

AMG/eb