| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

BEFORE:   A. KATHLEEN TOMLINSON          DATE:   2/5/2013
          U.S. MAGISTRATE JUDGE           TIME:   12:33 p.m. (1 hr 15 min.)

*Moroughan v. County of Suffolk, et al.*
**CV 12-512 (JFB) (AKT)**

TYPE OF CONFERENCE:          **STATUS CONFERENCE**

APPEARANCES:   Plaintiff     Anthony Grandinette

               Defendant     Brian C. Mitchell (Suffolk County Defendants)
                             Michael J. Ferguson (Nassau County Defendants,
                                 except Anthony DiLeonardo)
                             Amy Marion (Anthony DiLeonardo)

FTR:   12:33-1:48

THE FOLLOWING RULINGS WERE MADE:

1. I met with the parties today for the Discovery Status Conference and to address plaintiff's Letter Motion to Compel Discovery [DE 52]. The Court is also in receipt of plaintiff's Amended Complaint, naming seven new defendants [DE 54]. It seems that some of the issues outlined in the Motion to Compel have been resolved, as per the parties' Discovery Status Report submitted in advance of this conference [DE 60]. The Court's directives with respect to the remaining discovery issues are outlined below.

2. *As to the Suffolk County Defendants*:

   - Suffolk County IAB Report:  Assistant County Attorney Mitchell has been following up on the status of the report and represents that it is still not complete. Mr. Mitchell was requested to speak with those preparing the report and advise that the Court is directing that an estimated time of completion be provided to the Court. Mr. Mitchell will provide that information to the Court at the earliest possible time.

   - Personnel records for all named Suffolk Defendants; prior civil litigation history; prior departmental or civilian complaints:  I noted that, in general, the Court does not require the wholesale production of personnel files in any case (given the non-relevant and confidential health information, among other things, often contained in such files), and so the request needs to be narrowed. Plaintiff's counsel represented that he seeks only training records, disciplinary records, civil, departmental, or civilian complaints, and prior civil litigation in which these defendants have been named. The Court directs the production of such information for a period of five years, running from the date of the incident underlying the instant complaint and back five years.

   - Suffolk County District Attorney's Office records: Plaintiff's counsel represents that this issue has been resolved; these files were sent to his office but that they were misplaced.

- <u>Suffolk County emails and phone records</u>: Plaintiff requests emails and phone records from Suffolk County regarding this case, or "proof of an IT review" from the Suffolk County Police Department confirming that the requested emails and phone records do not exist. Apparently, plaintiff's request requires obtaining the phone records of approximately eleven of the individual defendants for the cell phones they have used at work. Given the issues counsel has had obtaining telephone records thus far, the Court directs plaintiff's counsel to address this issue during depositions. Depending upon the information obtained from those depositions, plaintiff's right to return to the Court to seek further relief regarding the actual phone records is preserved. Counsel were advised that if plaintiff establishes a good-faith basis for those records, I will permit a particular deposition(s) to be reopened for further questioning on those records if necessary.

3. <u>*As to the Nassau County Defendants*</u>:

- As an initial matter, the Court confirms that the directives issued with respect to Officer DiLeonardo at the last status conference [DE 51] also apply to Officer Bienz.

- <u>Communications generated by the Nassau County Police Department Deadly Force Response Team</u>: The discovery status report lists as outstanding "electronic communications" from the Deadly Force Response Team which investigated the underlying incident giving rise to this litigation. Plaintiff's counsel claims that only the two-page report was produced, and clarifies that he is seeking all records related to this report, including electronic communications, telephone records and notes made by the officers during their investigation. Assistant County Attorney Ferguson argued that an in-depth investigation of the underlying incident is not within the Deadly Force Response Team's jurisdiction as the underlying incident occurred in Suffolk County. Therefore, very limited material other than the two page report, if any, would be available. With respect to electronic communications, the Court further directs plaintiff's counsel to address this issue during depositions as well, with leave to file a renewed application at a later date if necessary. Mr. Ferguson is directed to produce any *written* notes responsive to this request, to the extent that such rate notes exist, or, alternatively to provide a declaration/affidavit from an individual with first-acknowledge that no such notes exist.

- <u>All telephone and electronic communications generated by Bienz in his personal and professional capacity, related to this case</u>: Mr. Ferguson has supplied to the Court for an *in camera* review certain of Officer Bienz's telephone records. Production of telephone records is complicated by the fact that Officer Bienz switched service providers during the time frame at issue (February 26, 2011 - November 30, 2012). Officer Bienz's cell phone was also linked to the account of his father, Arthur Bienz. Attorney Ferguson represented that records from this account are forthcoming. Further, Cablevision requires a $50 fee for each month of phone records, which amounts to over $1,000 for the requested time period. Mr. Ferguson represented that Officer Bienz cannot afford to pay for these records. I informed plaintiff's counsel that if he feels the Cablevision records are necessary, he may subpoena them and Plaintiff will be responsible for the costs associated with the production of these records. Further, I will not require the production of records related to emails, telephone calls or text messages between Officer Bienz and his wife, Jillian Bienz. Plaintiff's counsel may discuss this topic during Jillian Bienz's depositions, within the parameters of spousal privilege, and may renew this application for relief from the Court, in good faith, if warranted after the deposition.

- Administrative trials of Bienz and DiLeonardo: Plaintiff's counsel represented that the administrative trials of Officers Bienz and DiLeonardo have not been held, and that he has been informed they will not be held pending the resolution of this case.  I noted that this is not an unusual practice, and the Court will not take any action with regard to those administrative trials.  Attorney Marion clarified that she was merely told the hearing with respect to her client was being adjourned.

- Workers compensation: Plaintiff's counsel states that the IAB report references a worker's compensation claim by Beinz related to the incident underlying this litigation.  Only within that restricted framework will the Court permit inquiry into this area.  Where Officer Bienz declared an injury or requested a leave of absence upon the basis is the underlying incident here, the Court finds that the production of such records is appropriate.  Mr. Ferguson represented that these documents have already been turned over as part of the IAU report and made reference to various pages in the report.  Plaintiff's counsel states that he only has the application.  If, upon further review, Plaintiff's counsel maintains there are still deficiencies, counsel is free to subpoena these records.

- Personnel records for all named Nassau defendants; prior civil litigation history pertaining to all named Nassau defendants; notification of any prior departmental or civilian complaints regarding the named Nassau defendants:  The Court directs the production of training records, disciplinary records, civil, departmental, or civilian complaints, and prior civil litigation with respect to these defendants for the period running from the date of the underlying incident and back five years.  Mr. Ferguson stated that he is aware of two incidents regarding Officer Beinz and he described those instance, which he maintains have no bearing on the instant litigation.  Notwithstanding the objection, and noting the broad scope of discovery, the Court directs the production of records related to these incidents.

4. *As to Defendant Officer DiLionardo:*

- Text messages: Attorney Marion stated that text messages are not available without a subpoena, and that depending on the carrier, the content of the text messages may not be available.  Counsel's understanding is that text message content is not available through Officer DiLionardo's particular carrier.   Plaintiff's counsel would still like to obtain the records of the text messages, even without the associated content.  Attorney Marion is directed to submit a draft Order to the Court on ECF and to the Court's law clerk at katherine_buckel@nyed.uscourts.gov for any outstanding text messages and telephone records.

- Workers compensation: As with Officer Bienz, Plaintiff's counsel is free to subpoena these records, with the limitation that only claims related to the incident underlying this litigation are to be sought and obtained.

- HIPPA authorization forms: HIPPA authorization forms have been obtained from Officer DiLeonardo, but Officer DiLeonardo will not execute a second HIPPA form allowing hospital staff to discuss his treatment, in order to facilitate the deposition of Dr. Kraszewski, the physician who treated him on the date of the underlying incident.  Attorney Marion maintains that her client is not required to waive his physician-patient privilege.  Notwithstanding that position, Plaintiff's counsel intends to subpoena such testimony, and the hospital has indicated that it will accept a subpoena from the Court for that purpose.  Attorney Marion intents to move to quash the subpoena on the grounds of relevance and

- physician-patient privilege. After conferring with counsel, the Court set a briefing schedule to address this issue. Plaintiff's counsel will submit the subpoena for the Court's review by February 11. Defendant Officer DiLeonardo's Motion to Quash, to be submitted as a formal motion under the Federal Rules, is to be served by March 1. Plaintiff's opposition papers are to be served by March 12. Defendant's Reply, if any, is to be served by March 19.

5. **Discovery Deadlines**

    - Plaintiff's counsel intends to make an application to take more than the presumptive limit of ten depositions contemplated by the Federal Rules of Civil Procedure. Plaintiff's counsel estimates that he will need to take approximately 20 depositions in this case. Defendants' counsel intend to depose the plaintiff. Counsel for the Nassau County defendants may wish to also take the deposition of plaintiff's girlfriend. Based on this information, I am extending the discovery cut-off to June 28. A Second Amended Case Management and Scheduling Order will be entered separately. This fact discovery deadline will not be further extended. The Court is also directing plaintiff's counsel to submit a letter to the Court by February 26 affirming that the parties have had a meet and confer regarding deposition scheduling, and setting forth the proposed deposition schedule for all deponents.

    - Mr. Ferguson noted that the head of the Deadly Force Response Team has been indicted in an unrelated matter and express concern about the potential problems which may emanate from that deposition. Plaintiff's counsel confirmed on the record today that he would not be addressing this issue during depositions.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge