## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS M. MOROUGHAN, ) | |
| ) | 12 CV 0512 |
| Plaintiff, ) | |
| ) | **ORDER** |
| -against- ) | |
| ) | |
| THE COUNTY OF SUFFOLK, SUFFOLK COUNTY ) | |
| POLICE DEPARTMENT, SUFFOLK DETECTIVES ) | |
| TAVARES, CHARLES E. LESTER III, ) | |
| DETECTIVE/SGT. WILLIAM J. LAMB, SUFFOLK ) | |
| POLICE OFFICER MEANY AND SUFFOLK JOHN ) | |
| DOES 1-10, THE COUNTY OF NASSAU, NASSAU ) | |
| COUNTY POLICE DEPARTMENT, NASSAU ) | |
| POLICE OFFICERS ANTHONY D. DILEONARDO, ) | |
| EDWARD BIENZ AND JOHN DOES 11-20, ) | |
| ) | |
| Defendants. ) | |

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**WHEREAS,** defendant Anthony DiLeonardo was ordered to produce any test messages that are retrievable for the period of February 26, 2011 through November 30, 2012, and

**WHEREAS,** defendant Anthony DiLeonardo, requested copies of any retrievable text messaging records from Sprint/Nextel Communications, Inc. for wireless number  for the time period of February 26, 2011 through November 30, 2012, and

**WHEREAS,** the records have not been produced to date, and

**WHEREAS,** defendant Anthony DiLeonardo, by his attorney Amy Marion, has now issued a subpoena duces tecum directed to Sprint/Nextel Communications, Inc., commanding production of any and all text messaging records for wireless number  for the time period of February 26, 2011 through November 30, 2012, and

1

**WHEREAS,** the subpoena requires the production of the records on or before March 12, 2013, and

**NOW, THEREFORE, IT IS HEREBY ORDERED,** that Sprint/Nextel Communications, Inc., produce any and all retrievable text messaging records for wireless number                   for the time period of February 26, 2011 through November 30, 2012, and it is

**FURTHER ORDERED,** that if the records are not produced on or before March 12, 2013, that Sprint/Nextel Communications, Inc. shall submit sworn affidavit(s) to counsel for plaintiff and defendants, by person(s) with actual knowledge, setting forth the following matters:

(1) A detailed account of the efforts made to locate the subject records, including the identities of all persons involved and their actual involvement;

(2) A description of all records relating to the location of the subject records;

(3) The identity of the person(s) who conducted the actual physical search for the subject records and the location(s) of that search.

**SO ORDERED.**

Dated: Central Islip, New York
March 1, 2013

A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

2