**EDWARD P. MANGANO**
County Executive

**JOHN CIAMPOLI**
County Attorney

COUNTY OF NASSAU
OFFICE OF THE COUNTY ATTORNEY
One West Street
Mineola, New York 11501-4820
516-571-3056
FAX: 516-571-6604

April 1, 2013

Magistrate A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: **THOMAS M. MOROUGHAN v. THE COUNTY OF SUFFOLK, SUFFOLK COUNTY et al**
Index No.: CV 12-0512 – CA #11T52383(F)

Dear Magistrate Tomlinson:

    This letter is in response to the self-serving letter from plaintiff's counsel dated March 27, 2013 (DE 76) in which he cherry-picks very limited portions of the deposition transcripts of Nassau County defendants to support his position that I have not been cooperative in complying with discovery.

    Before responding it is critical that this court be aware that with the exception of the deposition of Deputy Inspector Flanagan, plaintiff's counsel has withheld delivery of the same deposition transcripts that he selectively cites. Although the court reporter told me he sent all the transcripts to plaintiff's counsel, counsel has withheld the entire deposition transcripts of retired Detective John DeMartinis, Sergeant Timothy Marinace and Deputy Chief Edward Horace. Due to the obvious unfairness in plaintiff's counsel citing to minute portions of the transcripts, while at the same time withholding them from this office, this Court should summarily reject plaintiff's counsel's self-serving letter until the defense has an equal opportunity to respond.

    Despite being handicapped by being denied access to the deposition transcripts, I will endeavor to respond based on my memory, my notes, and the hundreds, if not thousands, of pages of documents – including about 18 months of Officer Bienz cell phone and home phone records – that have heretofore been provided by the Nassau County defendants including, three written responses to Demands for Documents, and the entire unredacted IAU report, which includes, amongst many other things, the Deadly Force Report (DFR), significant portions of the N.C.P.D. manual, firearm discharge reports, workmen's compensation documents, complete medical records, stacks of photographs and much more. No party in this case, including plaintiff, has produced more witnesses for depositions, nor more

documents, e-mails, and cell phone records, than Nassau County.

In his letter plaintiff's counsel begins with disclosure of "written notes" and then states that during the depositions "it became crystal clear that numerous telephone conversations and e-mail exchanges took place between members of the DFRT transmitting various drafts", containing "multiple substantive revisions". In an earlier letter to the Court, dated February 26, 2013 (DE 66) plaintiff's counsel made this same false statement that Chief Flanagan testified at this deposition that "multiple substantial revisions" were made to the DFR report. There are no substantive revisions. The DFR report is included in the IAU report, and all e-mails and revisions of the DFR report were provided by Nassau County in the Response to Plaintiff's Third Request for Documents dated March 8, 2013. (copies annexed as Exhibit A). In his letter, counsel says it was not until March 12, 2012, immediately preceding the DeMartinis deposition that he received his blank e-mail with (1 page) attachment (Exhibit B). If plaintiff's counsel needed more time to read one page he could have requested an adjournment of the EBT, which was done on any number of other occasions.

Despite counsel's hyperbolic claim of "substantive revisions", there are only minor revisions. As Deputy Inspector Flanagan repeatedly explained at his deposition on February 25, 2013, The DFR report is not an investigatory report. The members of the DFR team on the night of February 27, 2011 were not conducting an investigation, which is outside their jurisdiction. As the report states, the DFR report was prepared on the morning of the shooting on February 27, 2011 as a preliminary <u>administrative</u> report based on information supplied by Suffolk County. The report goes to the Commissioner the next day. For the same reason – because no investigation was being undertaken by the Nassau County defendants – the Nassau County defendants testified at their depositions that they have no written notes.

As to cell-phone records, and counsel's contention that I walked out of the room when he sought production of cell phone records at the deposition of DeMartinis (plaintiff's Exhibit E at page 67), with a lot of effort all the phone records of Officer Bienz were produced from February 27, 2011 through around December, 2012. It is my understanding from the Court's ruling on February 5, 2013, that plaintiff's counsel could ask about telephone records at the depositions, and, depending "upon the information obtained, return to the Court for further relief". Plaintiff's counsel asked repetitive questions about cell phone records at the depositions, to which the witnesses responded. I lack a specific recollection of what occurred on the single page of the transcript annexed to plaintiff's letter (DE 76-6), but would only note that the witness asked to take a break. I don't have any recollection of further conversation off the record during the break, and we don't have the transcript which may show what was said on the record after the break.

Finally, plaintiff's counsel claims that I unilaterally declared that Sergeant Marinace's deposition was finished and refused to produce him for the completion of his deposition. A lot that occurred on the date of Sergeant Marinace's deposition is left out. The deposition of Sergeant Marinace was scheduled to start at 10:30 a.m. on March 8, 2013 at this office. The witness arrived at 9:30 a.m. Plaintiff's counsel arrived at 12:00 noon with his lunch. As I stated in a e-mail to plaintiff's counsel, his late arrival would not normally have been a problem because Sergeant Marinace's involvement in the events in this case is so limited that he was the only member of the DFR team that was never even interviewed by the IAU in preparing their report. Any reasonably thorough deposition could have been conducted in about two (2) hours, and would easily have been completed in this case had plaintiff's counsel not asked most of his questions two, three, four, or more times.

Sergeant Marinace repeatedly testified that his role on the DFR team was as Care Taker Supervisor,

whose only function is to ensure the officers involved (Bienz and DiLeonardo) received medical treatment. In his letter plaintiff's counsel misconstrues the word "interview". Sergeant Marinace did not interview anyone. He testified several times that he spoke to each officer in the hospital for about one (1) minute to see if they were being cared for, as was his duty.

After five (5) hours of repetitive questions, I ended the deposition just past 5:00 p.m. for several reasons: First, as plaintiff's counsel was told, Sergeant Marinace had to be at work at 6:00 p.m. and he had to go home first before going to work; Second, since no lunch break was taken as we had no notice plaintiff's counsel would arrive at noon, I had nothing to eat since 7:30 a.m. and Sergeant Marinace also had not eaten all day; Third, the record will show that the repetitive questioning of Sergeant Marinace was unreasonably cumulative and duplicative, making a longer deposition of Sergeant Marinace unnecessary and burdensome.

Finally, plaintiff's counsel states I failed to produce administrative or civilian complaint records. But even the limited transcript provided by plaintiff's counsel (DE 76-7) shows that the witness (DeMartinis) was allowed to answer questions about civilian complaints in accordance with the Court's ruling (as did prior witnesses), and what I was objecting to was "production of any civilian complaints". Civilian complaints for five (5) years before the incident have been requested from the police department.

I disagree with plaintiff's counsel's statement that "we are at an impasse" on discovery. Progress has been made and more needs to be done. I asked for dates for plaintiff's deposition, and the deposition of his girlfriend, who was an eyewitness, but none have been provided. On several occasions over the past six months or so I suggested dates for the deposition of Officer Bienz but plaintiff's counsel always had an excuse. Nevertheless, in my opinion, all of the above can be worked out without the necessity of court intervention.

Respectfully submitted,

JOHN CIAMPOLI
COUNTY ATTORNEY – Nassau

Michael J. Ferguson, Esq.
Deputy County Attorney – Torts Bureau
(516) 571-3054

MJF:mca
Enc.