UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THOMAS M. MOROUGHAN,

                              Plaintiff,                               **ORDER**

        -against-

                                                                              CV 12-512 (JFB) (AKT)

THE COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
SUFFOLK DETECTIVES RONALD TAVARES,
CHARLES LESER, EUGENE GEISSINGER,
NICHOLAS FAVATTA, and ALFRED CICCOTTO,
DETECTIVE/SGT. WILLIAM J. LAMB, SGT. JACK
SMITHERS, SUFFOLK POLICE OFFICERS WILLIAM
MEANEY, ENID NIEVES, CHANNON ROCCHIO,
and JESUS FAYA and SUFFOLK JOHN DOES 1-10,
THE COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, SGT. TIMOTHY MARINACI,
DEPUTY CHIEF OF PATROL JOHN HUNTER,
INSPECTOR EDMUND HORACE, COMMANDING
OFFICER DANIEL FLANAGAN, DETECTIVE/SGT.
JOHN DEMARTINIS, NASSAU POLICE OFFICERS
ANTHONY D. DILEONARD, EDWARD BIENZ
and JOHN DOES 11-20,

                                      Defendants.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       On February 5, 2013, the Court held a Status Conference with all counsel in this matter to issue rulings on a motion to compel filed by plaintiff. *See* DE 61. As part of his motion to compel, plaintiff sought text message records from defendant Anthony DiLeonardo's cellular phone for the time period from February 26, 2011 through November 30, 2012. *Id.* Defendant DiLeonardo's counsel represented that the content of such text message records was not available through defendant DiLeonardo's particular carrier, Sprint/Nextel Communications, Inc.

("Sprint"), and that a subpoena would be necessary to obtain the records of the text messages, even without the associated content. *Id.*

On March 1, 2013, this Court issued an Order directing Sprint to provide all text message records for defendant DiLeonardo for the relevant time period. *See* DE 69. On March 25, 2013, the Court received a letter dated March 22, 2013, from Sprint's subpoena compliance department. Attached to the letter was a CD containing defendant DiLeonardo's text message records from September 6, 2011, through November 30, 2012.

On April 1, 2013, the Court received a letter from defendant DiLeonardo's counsel. Counsel's letter attached a March 18, 2013 correspondence she received from Sprint's compliance department. The correspondence included a CD containing defendant DiLeonardo's text message records from September 14, 2011 through November 30, 2012. The Court notes that defendant DiLeonardo's counsel represented in her letter that she was providing the records for the Court's *in camera* review. However, it does not appear that the Court ever directed such review of these records.

In any case, the Court has conducted a cursory review of both of the CDs provided. It appears that the records Sprint provided directly to the Court contain an additional week of data, while the records Sprint provided to defendant DiLeonardo's counsel are missing the week of September 6, 2011 through September 13, 2013. The Court notes that it has not reviewed every single entry in the voluminous data spreadsheets; however, it seems fairly apparent that the only difference between the records is this additional week of data. The Court is therefore directing counsel for defendant DiLeonardo to call Chambers to make arrangements to pick up the CD.

2

Counsel for defendant DiLeonardo is then directed to redact the CD accordingly if needed and to provide a redacted copy of the CD to all other counsel in this matter.

**SO ORDERED:**

Dated: Central Islip, New York
April 16, 2013

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge