# COUNTY OF SUFFOLK
## OFFICE OF DISTRICT ATTORNEY



### THOMAS J. SPOTA
#### DISTRICT ATTORNEY

May 22, 2013

Magistrate Judge A. Kathleen Tomlinson
Eastern District of New York
100 Federal Plaza, Courtroom 910
PO Box 9014
Central Islip, NY 11722-9014

Re: *Thomas M. Moroughan vs. County of Suffolk, et al.*
Eastern District Dkt: 12-CV-0512

Honorable Tomlinson:

      Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, the Suffolk County District Attorney's Office hereby files this Motion to Quash Plaintiff's subpoena signed by Your Honor on May 8, 2013. Specifically, the subpoena commands disclosure of:

> [a]ll documents from District Attorney files related to the criminal arrest of Thomas M. Moroughan on February 27, 2011 not previously disclosed (See Exhibit A) including all documents, including notes, memorandum, records, etc., including a physical copy of all grand jury subpoenas themselves (excluding the documents returned thereto to which you assert a privilege). Any documents which exist and are not produced should be identified on a separate privilege log which should be produced with the subpoenaed materials.

We urge the Court to quash this subpoena because it requires the District Attorney to disclose documents which are otherwise privileged.

      On September 20, 2012, pursuant to a Stipulated Order to unseal, our office provided the County Attorney's office with all the documents contained in our file. Documents obtained "pursuant to grand jury subpoena [which] include cell phone records and medical records" were not provided, as well as "copies of identification cards since their disclosure would violate rights."

Rule 45 of the Federal Rules of Civil Procedure states that "[o]n timely motion, the issuing court must quash or modify the subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

With respect to plaintiff's request for "a physical copy of all grand jury subpoenas themselves," respondent maintains that the release of the grand jury subpoenas is prohibited by New York State Criminal Procedure Law § 190.25(4) and Judiciary Law § 325. And, that in this civil case where plaintiff is using this subpoena as a tool for discovery, principles of comity apply. Plaintiff should therefore first make his application to the state court supervising the grand jury at issue before being provided these documents pursuant to a subpoena duces tecum in a federal civil case. *See, Ruther v. Boyle,* 879 FSupp 247 (EDNY 1995), citing *Douglas Oil Co. of California v. Petrol Stops Northwest,* 441 US 211, 218-19 (1979)("In general, requests for disclosure of grand jury transcripts should be directed to the court supervising the grand jury at issue").

With respect to plaintiff's request for documents including "notes, memorandum, records," we maintain that our office has previously provided all documents that are not privileged. Our office has previously denied plaintiff's request for a copy of the District Attorney's investigator's notes. Certain information procured from a criminal investigation, being confidential in nature, is entitled to protection under the "law enforcement privilege." *See, US v. Amodeo,* 44 F3d 141 (2d Cir. 1995)(Law enforcement privilege is "worthy of protection").

The Suffolk County District Attorney's Office maintains that the Detective Investigator's notes are protected under this privilege since the documents contain information that (1) undermines the confidentiality of sources; (2) would endanger witnesses and law enforcement personnel and (3) would under undermine the privacy of individuals involved in the investigation. *Id.* In this case, plaintiff was originally charged in a confrontation with Nassau County Police Officers. It was only after the Suffolk County District Attorney's Office investigated the matter, that the plaintiff's case was dismissed.

In this case, the privacy interest of the third parties who participated in the investigation should be given great weight. See, *In re Newsday, Inc.* 896 F.2d 74, 79-80 (2d Cir. 1990)("the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the material should weigh heavily in a court's balancing equation."). Also, disclosure of the Detective Investigator's notes could result in the impairment of law enforcement efficiency in future cases or other ongoing investigations conducted by this office. See, *US v. Amodeo,* 71 F3d 1044 (2d Cir. 1995)(if "release is likely to cause persons in the particular future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access").

This case involved an investigation of a shooting by an off-duty police officer. The privacy of the third party witnesses and the integrity of the investigation performed by the District Attorney's Office would be jeopardized by disclosure of the investigator's notes. And absent a showing by plaintiff that the information sought is not available through other discovery or other sources or without asserting a particularized compelling need for the privileged

information, we urge the Court to quash the subpoena.  *See, In re City of New York,* 607 F3d 923, 948 (2d Cir 2010).

   Thank you for your attention to this matter.  Should the Court require fuller briefing on this matter, we would be happy to comply.  Also, please do not hesitate to contact me with any questions or concerns.  I can be reached directly at (631) 852-2466.

              Very truly yours,


              Anne E. Oh
              Assistant District Attorney
              Appeals Bureau



cc:  ANTHONY M. GRANDINETTE, Esq. Attorney for Plaintiff
    114 Old Country Road, Suite 420
    Mineola, New York  11501

    BRIAN C. MITCHELL, Esq. Attorney for Suffolk County
    Suffolk County Attorney's Office
    H. Lee Dennison Building
    100 Veterans Memorial Highway
    P.O. Box 6100
    Hauppauge, New York  11788-0099