```
 1   DISTRICT COURT OF THE STATE OF NEW YORK
 2   COUNTY OF SUFFOLK      PART D-35
 3   ----------------------------------------X
 4   THE PEOPLE OF THE STATE OF NEW YORK,      :CASE NO.
 5                        Petitioner,          :2011SU007884
 6     - against -                             :
 7    THOMAS MOROUGHAN,                        :
 8                        Defendant.           :
 9   ----------------------------------------X
                         June 6, 2011
10                       Central Islip, New York
11
     BEFORE:
12
13            HON. GAETAN LOZITO
              District Court Judge
14
15   APPEARANCES:
16
              THOMAS SPOTA, ESQ.
17            District Attorney - Suffolk County
              For the People of the State of New York
18            BY:   RAPHAEL PEARL, ESQ.
                    Assistant District Attorney
19
20
              THE LAW OFFICE OF WILLIAM PETRILLO
21            11 Clinton Avenue
              Rockville Centre, New York   11570
22            BY:   WILLIAM PETRILLO, ESQ.
                    Attorney for the Defendant
23
24
25            Susan T. Connors, RPR
              Senior Court Reporter
```

People -v- Thomas Moroughan

1    THE CLERK:  42, Thomas Moroughan.
2    THE COURT:  Second call.
3    Mr. Petrillo and Mr. Pearl are in
4    the hallway.
5    Second call.
6    (WHEREUPON, A RECESS WAS TAKEN)
7    THE CLERK:  This is 42,
8    Thomas Moroughan.
9    MR. PEARL:  May we approach?
10   THE COURT:  Yes.
11   (WHEREUPON, A DISCUSSION WAS HELD
12   OUTSIDE THE PRESENCE OF THE JURY BETWEEN
13   THE ASSISTANT DISTRICT ATTORNEY,
14   MR. PEARL, DEFENSE COUNSEL, MR. PETRILLO,
15   AND THE HON. GAETAN LOZITO)
16   THE COURT:  Sir, would you step up,
17   please.
18   (WHEREUPON, THE DEFENDANT,
19   THOMAS MOROUGHAN, IS PRESENT IN THE
20   COURTROOM)
21   THE COURT:  People.
22   MR. PEARL:  Thank you, Your Honor.
23   Your Honor, at this time under
24   Docket 2011SU007884 The People have an
25   application to dismiss the charges against

1  Mr. Moroughan in the interest of justice
2  pursuant to -- excuse me, Your Honor
3  170.30 F.
4      Judge, just for the record, a
5  review of the evidence discloses a
6  significant deficiency in the proof which
7  would impact our ability to prove beyond a
8  reasonable doubt the elements of the
9  charges currently pending against the
10 defendant -- I'm sorry, I'm just out of
11 breath -- those being Reckless
12 Endangerment as a Class A Misdemeanor and
13 Assault in the Second Degree as a Class D
14 Felony.
15     There is conflicting evidence
16 surrounding the facts and circumstances
17 which led to the discharge of a firearm by
18 off duty Police Officer Anthony DiLeonardo
19 from Nassau County, as well as the actions
20 of both parties thereafter.
21     There is evidence to support the
22 fact that defendant cabdriver escalated
23 the confrontation by pursuing the vehicle
24 operated by the off duty police officers,
25 stopping to initiate an angry verbal

1  exchange and subsequentially exiting his
2  vehicle to confront the officers on the
3  street.
4      There is also evidence to support
5  the fact that the defendant withdrew from
6  the confrontation by retreating to his
7  vehicle and attempted to drive away from
8  the location.  In his haste to withdraw,
9  he was moving his vehicle forward at the
10 time the shots were fired.
11     There is also evidence that the
12 officers involved had been consuming
13 alcoholic beverages prior to the shooting.
14 And that Officer DiLeonardo refused to
15 provide a sample of his blood and urine to
16 hospital personnel who were treating his
17 injuries following the incident.
18     While there is evidence to prove
19 the officer consumed alcohol prior to
20 discharging the firearm, there is
21 conflicting evidence to prove he was
22 legally intoxicated, so it negatively
23 impacts upon the officer's credibility
24 upon whose testimony the charges are
25 based.  That undermines The People's

People -v- Thomas Moroughan

1  ability to obtain a conviction beyond a
2  reasonable doubt.
3        Further, the scientific evidence,
4  specifically, trajectory and
5  reconstruction analysis, which has been
6  turned over to Mr. Petrillo today,
7  provides some support for the position of
8  both The People and the defendant, but it
9  is not in and of itself dispositive of the
10 ultimate issues.
11       The defendant suffered from two
12 non-life threatening gunshot wounds and a
13 broken nose as a result of the conflict
14 with Officer DiLeonardo. The officer
15 suffered minor injury, the most serious
16 being a cut to his finger, which he caused
17 by breaking the driver's side window of
18 the cab with the butt of his gun in order
19 to arrest the defendant. That action also
20 caused the defendant's broken nose.
21       In addition, the defense has
22 represented that the defendant does not
23 wish to testify before a grand jury or to
24 participate in any criminal proceeding
25 regarding the events of that night.

1  We have attempted to speak with the
2  defendant's girlfriend who was -- who was
3  a passenger in the cab at the time of the
4  shooting, but she has declined to speak
5  with us.
6      Our investigative findings have
7  been made available to the Nassau County
8  Police Department and their Internal
9  Affairs Bureau.
10     Therefore, following the
11 acknowledgment of counsel and his joining
12 in the application, The People would be
13 moving to dismiss the charges against the
14 defendant pursuant to 130.70.
15     MR. PETRILLO:  F.
16     For Mr. Moroughan,
17 William Petrillo, 111 Clinton Avenue,
18 Rockville Center.
19     Good morning, Your Honor.
20     THE COURT:  Good morning.
21     MR. PETRILLO:  Your Honor, I would
22 first like to thank the Suffolk County
23 District Attorney's Office for their
24 investigation into this case.  And, quite
25 frankly, for correcting the injustice that

```
1    took place to Mr. Moroughan back on
2    February 27th when he was, quite frankly,
3    arrested without any basis to do so.  So
4    we thank them for their expeditious
5    investigation and for correcting this
6    injustice.
7         Umm, we do agree, Judge, that the
8    case should be dismissed pursuant to
9    170.50 Subdivision F, which calls for a
10   legal impediment.
11        It is our position in this case,
12   Judge, that as The People stated, there is
13   insufficient evidence to prove the case
14   beyond a reasonable doubt.  The legal
15   impediment here is that Mr. Moroughan is
16   actually innocent in this case.
17        It has been our position from day
18   one that on the day in question
19   Mr. Moroughan did not commit any crime.
20   There was never a basis to have arrested
21   him in the first place.  And he is
22   completely innocent.
23        We do not agree with all of the
24   findings of fact as stated or as
25   interpreted by The People.
```

| | |
|---|---|
| 1 | I will acknowledge on the record, |
| 2 | Judge, that we do agree that at the time |
| 3 | the shots were fired Mr. Moroughan was |
| 4 | moving forward in his -- in his taxicab. |
| 5 | He was not moving at anybody, he was not |
| 6 | intending to hit anybody, he was not |
| 7 | acting reckless, and he was not acting |
| 8 | with criminal negligence, he was simply |
| 9 | moving forward, endangering no one. And, |
| 10 | quite frankly, fleeing for his life in an |
| 11 | effort to get out of there. |
| 12 | I believe it's undisputed in this |
| 13 | case, Judge, that at the time the two |
| 14 | shots were fired at Mr. Moroughan the off |
| 15 | duty officers had not even identified |
| 16 | themselves yet at that point. |
| 17 | The People in their findings of |
| 18 | fact talk about an alleged verbal |
| 19 | confrontation and Mr. Moroughan allegedly |
| 20 | escalating a confrontation. We do |
| 21 | disagree with those findings of fact, |
| 22 | Judge, as they do ignore the series of |
| 23 | traffic incidents that took place prior to |
| 24 | that with the off duty officer. The one |
| 25 | who The People say there is conflicting |

```
 1    evidence of intoxication.  The one who
 2    The People say refused to provide blood
 3    and urine.  He was driving -- a
 4    conflicting series of traffic incidents,
 5    it's our position caused by and escalated
 6    by the off duty police officer.
 7         Mr. Moroughan, in our position, did
 8    not escalate anything, and was reacting to
 9    what was happening to him.
10         The People did speak about an
11    alleged butt of the gun.  And it's true,
12    Mr. Moroughan suffered some injuries as a
13    result of being pistol whipped and hit
14    with the butt of a gun, but it was not in
15    an effort to perform any sort of lawful
16    arrest.
17         I also will acknowledge for the
18    record that I have advised Mr. Moroughan
19    that this case is being dismissed.  That
20    he -- that there is no need to be
21    testifying before a grand jury or
22    participating in any criminal proceedings.
23         And I have let the Suffolk County
24    District Attorney's Office know that as
25    well.
```

1        So in the end, Judge, we agree that
2   the case should be dismissed pursuant to
3   170.30 F.  That the legal impediment is
4   his actual innocence.  That there was
5   never a basis or probable cause for the
6   arrest in the first place.
7        And we join in the application to
8   dismiss the case for those reasons.
9            THE COURT:  For the reasons --
10           MR. PEARL:  Judge, just so the
11  record is clear, while there might be a
12  legal impediment, The People are not
13  joining in that application of actual
14  innocence.
15           People are relying on our statement
16  on the record.
17           THE COURT:  The People's
18  application to dismiss pursuant to Section
19  170.30 Subdivision F for the reasons
20  stated in the record by The People is
21  granted.
22           MR. PEARL:  Thank you, Your Honor.
23           MR. PETRILLO:  Thank you,
24  Your Honor.
25           Have a nice day.

People -v- Thomas Moroughan

\* \* \*

I, Susan T. Connors, Senior Court Reporter, hereby certify that the foregoing is a true and correct transcript of the County Court proceedings regarding The People of the State of New York -v- Thomas Moroughan, held on June 6, 2011, at Central Islip, New York.

Dated: 10/4/11

_Susan T. Connors_
Susan T. Connors, RPR
Senior Court Reporter