The Law Office Of
# ANTHONY M. GRANDINETTE

Of Counsel:
Paul Casteleiro
New Jersey

Bryant R. Camareno
Florida

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Telephone: (516)877-2889
Telecopier: (516)294-5348
Email: Grandinettelaw@gmail.com

June 5, 2013

Magistrate A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    Thomas M. Moroughan v. The County of Suffolk, et al.
             Docket No.: CV-12-0512

Dear Magistrate Tomlinson:

      I am counsel to plaintiff, Thomas M. Moroughan (Moroughan) and submit this letter in opposition to the Suffolk County District Attorney's (District Attorney) motion to quash (DE 87) and seeking a Production Order directing the District Attorney provide a Privilege Log to the Court and Plaintiff pursuant to local rule 26.2 and to submit all documents at issue to chambers for an in camera inspection.

      On February 27, 2011 Moroughan was shot by off duty Nassau police officer Anthony DiLeonardo. Suffolk County Police Department (SCPD) investigated the shooting, which resulted in Moroughan's arrest on February 27, 2011. On March 4, 2011, in a highly unusual move, the District Attorney's Office assumed all responsibility for the investigation from the SPCD Homicide Bureau-- an elite investigative unit. Even more unusual is that on June 6, 2011, a mere 88 days into the District Attorney's investigation, all charges were dismissed by the District Attorney in open court, at which time specific factual references were made concerning evidence from the District Attorney's investigation warranting a complete dismissal of all criminal charges against Moroughan, e.g., evidence that DiLeonardo and Bienz consumed alcohol prior to the shooting (See Exhibit A).

      On April 5, 2012 plaintiff demanded the production of the District Attorney's file. The plaintiff was served on September 10, 2012 with what purported to be the District Attorney's file, absent documents which were withheld as privileged. The only materials provided by the District Attorney's office were documents that had been received by their office from the SCPD, with the exception of three letters to eyewitness requesting contact for interviews (Exhibit B).

      The District Attorney merely copied the police records and re-served them. Not one interview note, record, document, recording, etc, was disclosed to plaintiff from the District Attorney's file, yet the District Attorney's 88 day investigation formed the factual basis for dismissal of the criminal case against Moroughan. Plaintiff was provided the police documents

1

from the DA's file asserting Moroughan's guilt, but was not provided with any of the Brady or Giglio materials from their investigation supporting his innocence.

Plaintiff made several attempts to secure the production of the District Attorney's investigative file prior to submission of the subpoena at issue. The materials were not forthcoming and further attempts to secure the materials from defendant Suffolk County were unsuccessful. As a result, on May 6, 2013 plaintiff submitted a subpoena[1] to Your Honor (DE 83) which was So Ordered on May 8, 2013 (DE 84). On May 22, 2013, the District Attorney filed a Motion to Quash (DE 87) plaintiff's subpoena, arguing principles of comity and "law enforcement privilege". The District Attorney argues that principles of comity requires plaintiff, in the first instance, to submit their application to the state court which supervised the grand jury (see Ruther v. Boyle, F.Supp 247, EDNY 1995). However, as no privilege log has been produced, plaintiff is unaware of what specific materials the District Attorney claims to be protected, or by what specific privilege. By withholding this information the District Attorney has effectively been able to stonewall plaintiff's efforts to obtain information which, by its nature, is relevant within the meaning of FRE 401.

In Ruther v. Boyle, the court distinguishes between documents created solely for the purpose of a grand jury investigation and documents which may have been presented to a grand jury but created for a separate purpose. (Ruther, v. Boyle, 879 F.Supp. 247(E.D.N.Y. 1995) citing Lucas 725 F.3d at 1011). An investigative file is created for the purpose of conducting an investigation. While those materials may ultimately be used in a grand jury proceeding, it is not the purpose for which those documents have been created and therefore are subject to disclosure and are not protected by grand jury privilege. Accordingly, the DA must submit all documents to the Court for a determination of what category each document belongs. In the instant case, it is conceivable that no documents are protected by the grand jury privilege, as no evidence was ever presented to a grand jury in this case.

Alternatively, the District Attorney asserts, for the first time, a "law enforcement privilege", relying upon US v. Amodeo, 71 F3d 1044 (2d Cir. 1995). This reliance is misplaced. The law enforcement "...privilege is designed to prevent disclosure of law enforcement techniques and procedure, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in the investigation, and otherwise to prevent interference with an investigation" Amedeo citing In Re Dep't of Investigation, 856 F.2d 481 (2d Cir. 1988).

The District Attorney's criminal investigation of Moroughan has been closed for nearly two years. This is not a "whistle-blower" case, there is no reason to believe confidential sources were involved. The identity of the witnesses to the shooting are known to all parties, nor is plaintiff interested in publicizing any unique or specialized investigative techniques which may have been employed by the assigned investigators. Plaintiff merely seeks disclosure of the investigative file which is clearly relevant under FRE 401. Disclosure of these materials would not in anyway impede the District Attorney's office ability to conduct future investigations.

---

[1] The subpoena calls for the production of the District Attorney's investigative file and the production of a separate privilege log identifying any documents which were being classified as privileged and not produced by the District Attorney.

Further, any legitimate issues which may exist can be addressed by means of a protective order issued by the Court following an in camera review.

Even if some of the documents in question were protected by the grand jury privilege in the first instance, plaintiff is entitled to this information pursuant to the "Particularized Needs" standard. The Court in Ruther, citing Douglas Oil Company of California et al. v. Petrol Stops Northwest, et al. *(441 U.S. 211 60 L.Ed.2d 1979)* states that "the party seeking grand jury material must show (1) that the material they seek is needed to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that the request is structured to cover only material so needed" *(Id at 222)*.

The materials sought by plaintiff are required to prevent an injustice in the instant litigation, as plaintiff will be immeasurably harmed by lack of access to probative materials which speak to the heart of the case at bar. The need for disclosure is greater than the need for secrecy as plaintiff has no other source of access to the information contained in the District Attorney's investigative files, and plaintiff's demands have been structured to cover only material related to the investigation of the criminal case brought against Moroughan. Plaintiff has satisfied the "particularized need" standard and does not run afoul of the "law enforcement privilege". Any privacy interests which may exist are so slight as to be inconsequential, especially when weighed against the public's strong interest regarding the alleged unlawful conduct of Nassau and Suffolk County law enforcement agencies, as well as the probable injustice Moroughan will suffer in the case at bar.

In Douglas Oil the Court held that as a matter of comity an application for grand jury material should first be made to the State Court supervising the grand jury. While this case is distinguished from Douglas Oil in that no grand jury was convened, plaintiff has submitted a concurrent application to the State Court for the production of grand jury documents. Counsel will submit the decision and order of the State Court on its motion to the extent it is necessary for this Court to consider granting the disclosure of grand jury materials even if the State Court denies the plaintiff's request[2].

Therefore, plaintiff respectfully requests that the Court denies the District Attorney's motion to quash and further seeks a Production Order requiring the District attorney to produce and submit to Chambers, a privilege log, along with all documents to which they assert a privilege, consistent with the foregoing arguments.

Respectfully Submitted,

Anthony M. Grandinette

AMG:hs

---

[2] "If after reviewing the plaintiff's application [for documents that are part of any grand jury proceeding], the state court supervising the grand jury decided that secrecy of the grand jury proceedings is still warranted, then the plaintiff may challenge the state court's decision before this [Federal District] Court" Ruther v. Boyle citing Lucas F.2d at 1099.

3

cc:
Nassau County Attorney's Office
Michael Ferguson, Esq.
Deputy County Attorney
One West Street
Mineola, NY 11501

cc:
Suffolk County Attorney's Office
Mr. Brian Mitchell, Esq.
P.O. Box 6100
Mineola, NY 11501

cc:
Barkett, Marion, Epstein & Kearon
Amy B. Marion, Esq.
666 Old Country Road
Garden City, NY 11530

cc:
County of Suffolk
Office of District Attorney
Appeals Bureau
Anne E. Oh, Esq.
Criminal Courts Building
200 Center Drive
Riverhead, NY 11901-3388