LAW OFFICES OF
# GREENBERG BURZICHELLI GREENBERG P.C.

HARRY GREENBERG
ROBERT J. BURZICHELLI *
SETH H. GREENBERG *

GENEVIEVE E. PEEPLES
LINDA N. KELLER

*ALSO ADMITTED IN NEW JERSEY

3000 MARCUS AVENUE
SUITE 1W7
LAKE SUCCESS, NEW YORK 11042
PHONE: 516-570-4343
FACSIMILE: 516-570-4348
* * * * *
100 CHURCH STREET, SUITE 846
NEW YORK, NEW YORK 10007
Phone: 646-845-7490

INTERNET: WWW.GBGLAWOFFICE.COM
E-MAIL: ATTORNEY'S FIRST INITIAL
AND LAST NAME @GBGLAWOFFICE.COM

June 25, 2013

**By ECF and Fax**

The Honorable A. Kathleen Tomlinson
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:   *Moroughan v. The County of Suffolk, et al.*
      Index No.: CV-12-0512 (JFB) (AKT)

Dear Judge Tomlinson:

     Pursuant to Federal Rule of Civil Procedure ("FRCP") 24, the Police Benevolent Association of the Police Department of the County of Nassau, N.Y., Inc. ("PBA"), by its undersigned counsel, respectfully moves to intervene in the above referenced proceeding. The PBA seeks to intervene in this action for the limited purpose of enforcing the Court's May 18, 2012 Stipulation and Order of Confidentiality ("Confidentiality Order") (Dkt. No. 26), as against all parties, particularly Plaintiff Thomas M. Moroughan's counsel, Anthony M. Grandinette, and Defendant County of Nassau's counsel, the Office of the County Attorney.

     The PBA seeks to intervene in order to protect the interests of Nassau County Police Officers named in the Nassau County Internal Affairs Unit Report ("IAU Report") at issue, pertaining to an incident that occurred in Suffolk County on February 27, 2011, involving Nassau County Police Officers. This IAU Report had been provided by the County of Nassau to Plaintiff's counsel subject to the Confidentiality Order. Notwithstanding the Order, *Newsday* published a lengthy article, titled "Long Road To the Truth," that is apparently based upon information contained in the IAU Report. Channel 12 also ran a story based upon the IAU Report. The rights of the PBA's members, including the right to due process, have thus been violated by the disclosure. As the PBA is committed to protecting the rights of its members, and no other party to this litigation can protect the PBA's interests, the PBA has a right to intervene.

1

Rule 24(a)(2) of the FRCP provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Consequently, courts will grant intervention as of right when: (1) the application is timely; (2) the movant has an interest in the transaction that is the subject of the action; (3) the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, and (4) existing parties may not adequately represent that interest. *United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 (2d Cir. 1994).

Courts generally consider these four factors on the whole rather than separately, as the Second Circuit has held that: "the various components . . . are not bright lines, but ranges" and are to be "read not discretely, but together. A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation," or vice versa. *United States v. Hooker Chemical & Plastic Corp.,* 749 F.2d 968, 983 (2d Cir. 1984). Moreover, Courts and commentators recognize that "Rule 24 traditionally has received a liberal construction in favor of applicants for intervention." *Washington State Bldg. and Const. Trades Council, AFL-CIO v. Spellman,* 684 F.2d 627, 630 (9th Cir. 1982), *citing* 7 A. C. Wright & A. Miller, Federal Practice and Procedure § 1904 (1972).

The PBA's application is timely, as the parties to the matter only learned of the public dissemination of the IAU Report this past Sunday. The Court has now ordered a telephone conference at 5 p.m. today to discuss the matter. Thus, the PBA's application could not be timelier.

The PBA also has a very strong interest in the enforcement of the Confidentiality Order, as the Nassau County Police Officers listed in the IAU Report – all of whom are PBA members – have or may be subject to disciplinary charges and are entitled to due process hearings under state and local laws. Furthermore, Section 50(a) of the New York State Civil Rights Law limits disclosure of personnel records in order to protect police officers, among others, from use of these records, which may include unsubstantiated and irrelevant complaints of misconduct as a means of encouraging harassment and reprisals. *Prisoners' Legal Services v. New York State Dep't of Correctional Services,* 73 N.Y.2d 26 (1988).

The disposition of this matter will prevent the PBA from being able to protect its interests. The Confidentiality Order is the source of right that limits the disclosure of the IAU Report. It is clearly the intent of the Order that the contents of the IAU Report be kept out of the media. Aside from the rights inherent in this Order, the PBA has no other recourse to challenge the disclosure of the IAU Report. Therefore, if the PBA is denied the right to enforce the terms of the Confidentiality Order in this forum, they will be entirely unable to protect their interests. Furthermore, the Protective Order will be rendered entirely ineffectual if the disclosure remains wholly unchecked. The PBA's Motion to Intervene to Enforce the Protective Order should equitably be granted where they have no other forum to protect their interests.

Finally, the existing parties to the action completely failed in their obligations to uphold the Confidentiality Order. Plaintiff's counsel failed to abide by the Confidentiality Order, along with Your Honor's individual rules (*see* Rule II.E.2., requiring documents subject to confidentiality order to be filed only in hard copy), when he filed the IAU Report through ECF in October 2012. He further violated the Confidentiality Order when he filed the IAU Report in State Court for different litigation (*see* Confidentiality Order ¶ 2(f)). Nassau County's counsel failed to abide by the Confidentiality Order when

they did not object to the publication of the IAU Report for 47 days – the time between Plaintiff's filing and Nassau County's December 7, 2012 letter objecting to the disclosure of the IAU Report. And all parties' counsel failed to follow-up on the matter, as evidenced by the fact that most of the IAU Report remains online even now (*see* Dkt. Nos. 35-37). Consequently, no party in this action can adequately represent the PBA's interests to uphold the terms of the Confidentiality Order.

  For the foregoing reasons, the PBA has substantial grounds that warrant intervention as a matter of right, and respectfully request to do so, as well as for any relief this Court may deem just and appropriate.

Respectfully yours,

*/s/ Seth H. Greenberg*

Seth H. Greenberg

cc: All counsel