The Law Office Of

# ANTHONY M. GRANDINETTE

Of Counsel:

**Paul Casteleiro**
New Jersey

**Bryant R. Camareno**
Florida

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Telephone: (516)877-2889
Telecopier: (516)294-5348
Email: Grandinettelaw@gmail.com

Honorable A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

June 26, 2013

RE: Thomas M. Moroughan v. The County of Suffolk
Index No.: CV-12-0512

I am counsel to plaintiff Thomas M. Moroughan (Moroughan) and submit this letter in opposition to the Nassau PBA[1] motion brought pursuant to FRCP 24 to intervene in the instant action for the limited purpose of enforcing the Stipulation and Order of Confidentiality (Confidentiality Order) (DE 26) as against all parties regarding the Nassau County IAU Report (DE 35-37).

The Nassau PBA seeks to intervene in this action "as of right" pursuant to FRCP 24(a)(2), which permits intervention where a party "...claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest". The Courts have established a four-pronged test, all elements of which must be satisfied when analyzing the question of intervention as of right.

A party will be permitted to intervene as of right  when (1) the application is timely; (2) the movant has an interest in the transaction that is the subject of the action; (3) the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, and (4) existing parties may not adequately represent that interest *Peterson v. Islamic Republic of Iran*, 2013 WL1947420).  Plaintiff agrees that the Nassau PBA motion is timely and that Nassau PBA has an interest in the underlying transaction that is the subject of the underlying action.  The disposition of the underlying litigation, however, will not impair or impede movant's ability to protects its interest.  Further, the existing parties to this action adequately represent the Nassau PBA interests regarding the enforcement of the Confidentiality Order (DE 26).

The facts and circumstances surrounding the wholly inadvertent disclosure of the Nassau IAU report are set forth in plaintiff's June 24, 2013 letter to Your Honor (DE 93).  In addition to the immediate remedial measures undertaken and subsequently outlined in plaintiff's June 24th letter, further remedial measures to ensure the enforcement of the Confidentiality Order (DE 26) were taken by the Court and all parties during a tele-conference held June 25, 2013. At the

_____

[1] Police Benevolent Association of the Police Department of the County of Nassau, N.Y., Inc.

1

conference the IAU report and all other docket entries which contained privileged information were sealed/withdrawn from the ECF system. Representations were made during the conference by the Nassau County Attorney's Office that further actions will be taken as soon as practicable to prevent further dissemination of the IAU Report, consistent with the Nassau PBA's primary rationale for seeking intervention.

In support of their position Nassau PBA argues that intervention is required as Nassau County was not timely in objecting to the inadvertent disclosure of the IAU Report (DE 94). Regardless of whether any previous actions taken by Nassau County were or were not timely, the fact of the matter is that measures are currently being taken by Nassau County to ensure compliance with the protective order. These facts distinguish this case from *Dorsett v. County of Nassau* 2012 WL 2076911, wherein the Nassau County Attorney's Office took no action following the intentional (as opposed to unintentional) disclosure of content in an IAU Report by a member of the Nassau County Legislature to the press. In stark contrast, in the instant action Nassau County and all parties have taken immediate remedial measures. *Dorsett* is further distinguished from this case in that following the initial disclosure if the IAU Report the Legislator "...has not even made an absolute commitment that he will comply with the Court's order in the future" See *Id.* That is clearly not the case in the instant action, as the parties to the instant action uniformly agree that specific portions of the IAU Report are privileged and will not be further disseminated. Accordingly, at this time, the Nassau PBA need not intervene to protect its interests.

Nassau PBA alleges a further breach of the protective order stemming from plaintiff's motion filed in the State Supreme Court for the disclosure of grand jury documents. Plaintiff's June 6, 2013 motion to the State Court seeking the production of grand jury materials did not violate the protective order. The Confidentiality Order (DE 26 at Paragraph D and F) clearly states that the Nassau IAU Report can be used by all parties for litigation purposes. Clearly the Suffolk County District Attorney's Office is a related party to this action as defined in Paragraph F as evidenced by the pending Federal and State Court motions pertaining to critical discovery materials (see DE 87, 90 and 91). Notwithstanding the foregoing, on June 26, 2013 plaintiff communicated with Tom Hancock, Chief Clerk of Special Term, who assured plaintiff that the State Court file is marked "sealed", he is in possession of the Federal protective order, his entire staff is aware of the order, and that the order will be complied with in its entirety. Further, Chief of the District Appeals Bureau, Mike Miller, has assured me of his bureau's compliance with the order and Judge Effman, the assigned Supreme Court Justice is also aware of the confidentiality order. On joint application of plaintiff and Mike Miller of the Appeals Bureau, measures have been taken to ensure strict compliance with the Confidentiality Order, including a commitment to return the entire IAU Report to plaintiff's counsel. In fact I expect to obtain a copy of the IAU Report from the Suffolk District Attorney's Office later this afternoon. Therefore the Nassau PBA's concern regarding the State Court filing is unwarranted.

Nassau PBA also argues that disclosure of the IAU Report may adversely affects the due process rights of the subject officers. However, large portions of the IAU Report are non-privileged materials, and as stated in the confidentiality order, "it is not the intent of the parties to make otherwise unprivileged documents privileged merely by their existence within the IAB file" (DE 26 at Paragraph E). Although plaintiff recognizes the concerns of the PBA regarding

due process rights, their intervention at this time will not further DiLeonardo or Bienz's due process interests as they are being adequately addressed by the Nassau County Attorney's office.

As stated by the Second Circuit in *United States v. Pitney Bowes, Inc.*, 25 F.3d, 66 (2d Cir. 1994):

> Intervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand. *See Unites States v. Texas E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991). In resolving the tension that exists between these dual concerns, the particular facts of each case are important, and prior decisions are not always reliable guides. Because of the variety of factual circumstances that face a district court called upon to decide whether to grant or deny a motion to intervene, and the close proximity of that court to the case's nuances, it has the advantage of having a better "sense" of the case than we do on appeal. For that reason intervention decisions are reviewed under an abuse of discretion standard. *See United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 969, 990-91 (2d Cir.1984).

Applying these principles to the instant case, intervention by the PBA at this time is unwarranted and will only serve to complicate this litigation. The interests of the Nassau PBA are adequately protected by the actions of the Nassau County Attorney's Office and Nassau County Police Department Legal Bureau. In the event of future litigation related to the enforcement of the protective order, the Court can permit the Nassau PBA to file an Amicus Brief related thereto. There are no additional actions the PBA could undertake which would further their interests at this juncture. Therefore, the fourth prong of the test set forth in *Peterson* is not satisfied and their application to intervene pursuant to FRCP 24(a)(2) should fail.

Therefore, at this time, plaintiff respectfully requests that Your Honor deny the Nassau PBA's motion to intervene in the action for the purpose of enforcing the protective order for the reasons stated herein.

Very truly yours,

Anthony M. Grandinette

AMG/hs

3