# COUNTY OF SUFFOLK
### OFFICE OF DISTRICT ATTORNEY



## THOMAS J. SPOTA
### DISTRICT ATTORNEY

July 10, 2013

Magistrate Judge A. Kathleen Tomlinson
Eastern District of New York
100 Federal Plaza, Courtroom 910
PO Box 9014
Central Islip, New York 11722-9014

        Re: *Thomas M. Moroughan v. County of Suffolk, et al.*
        Docket No. 12-CV-0512

Dear Magistrate Tomlinson:

  This letter is submitted in further support of our motion to quash a subpoena issued by plaintiff and signed by your Honor on May 8, 2013 (DE 84). On May 22, 2013, we filed our motion to quash the subpoena, on the basis that it called for the production of privileged material (DE 87). Since the the filing of our motion, further developments in this case compel us to update the Court and to provide an additional basis for the granting of our motion to quash.

  Concurrent with the filing of papers in this Court opposing our motion to quash, plaintiff moved in the County Court of Suffolk County for the disclosure of Grand Jury materials, on the basis that such an application was in compliance with *Ruther v. Boyle*, 879 F Supp 247 (EDNY 1995). On June 27, 2013, we filed papers interposing no objection to plaintiff's request, and on June 28, 2013, the County Court, Suffolk County (Efman) granted plaintiff's application, and provided that the materials be provided by our Office within 15 days. Since that time, however, the Grand Jury has opened an investigation into the facts and circumstances of the shooting, the very subject matter of plaintiff's current lawsuit in this Court. We are therefore are in the process of moving in the County Court for leave to renew plaintiff's motion to obtain the grand jury materials on the basis that the pendency of the Grand Jury investigation renders production of any materials improper and also statutorily protected under New York Criminal Procedure Law CPL 190.25.

The opening of a Grand Jury investigation into the facts and circumstances surrounding the shooting of plaintiff provide another basis for this Court to grand our motion to quash plaintiff's subpoena. We reiterate the arguments made in our initial motion to quash – that plaintiff has failed to demonstrate a particularized compelling need for the privileged information. *See, In re City of New York*, 607 F3d 923, 948 (2d Cir. 2010). Those concerns are of even more significance now that another Grand Jury has commenced an investigation into the shooting. The Supreme Court has consistently recognized "that the proper functioning of our grand jury system depends on the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 US 211, 218-19 (1979). We submit that nowhere is this more applicable and vital than when the Grand Jury proceedings are currently pending and ongoing. As the Court held in *Douglas Oil*:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule. *Douglas Oil*, 441 US at 219.

This is precisely the situation here. Because the Grand Jury is currently investigating the shooting, there is a "predominant secrecy-related interest that bears on this Court's analysis," and that is the "need to 'encourage all witnesses to step forward and testify freely without fear or retaliation.'" *In re Air Cargo Shipping Services Antitrust Litigation*, ___ F Supp 2d ___, 2013 WL 1149067 *6 (EDNY March 19, 2013), citing *United States v. Proctor & Gamble Co,* 356 US 677, 682 (1958). Disclosure of any material from the ongoing Grand Jury investigation in this case- an alleged shooting of plaintiff by off-duty police officers – could quite possibly result in precisely the harm envisioned by cases like *Douglas Oil and Proctor & Gamble*.

Wherefore, for the reasons stated in this letter and in our initial motion to quash (DE 87), we urge this Court to quash the subpoena so-ordered by this Court on May 22, 2013. Should this Court require fuller briefing on this matter, we would be happy to comply. Also, please do not hesitate to contact me with any questions or concerns. I can be reached directly at (631) 852-2466.

Sincerely,

Anne E. Oh
Assistant District Attorney

cc: Anthony M. Grandinette, Esq.
Attorney for Plaintiff
114 Old Country Road
Suite 420
Mineola, New York 11501

Brian C. Mitchell, Esq.
Attorney for Suffolk County
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099