UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

THOMAS M. MOROUGHAN,                           12-CV-512
                                               (JFB) (AKT)
                       Plaintiff,

                                               **ANSWER TO**
              -against-                        **AMENDED COMPLAINT**
                                               **WITH CROSS-CLAIMS**

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK DETECTIVES
RONALD TAVARES, CHARLES LESER, EUGENE
GEISSINGER, NICHOLAS FAVATTA, and ALFRED
CICCOTTO, DETECTIVE/SGT. WILLIAM J. LAMB,
SGT. JACK SMITHERS, SUFFOLK POLICE OFFICERS
WILLIAM MEANEY, ENID NIEVES, CHANNON
ROCCHIO, and JESUS FAYA and SUFFOLK JOHN DOES
1-10, THE COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, SGT. TIMOTHY MARINACI,
DEPUTY CHIEF OF PATROL JOHN HUNTER,
INSPECTOR EDMUND HORACE, COMMANDING
OFFICER DANIEL FLANAGAN, DETECTIVE/SGT.
JOHN DeMARTINIS, NASSAU POLICE OFFICERS
EDWARD BIENZ and JOHN DOES 11-20,

                       Defendants.

-----------------------------------------------------------------x

        The defendants, THE COUNTY OF NASSAU, NASSAU COUNTY POLICE

DEPARTMENT, SGT. TIMOTHY MARINACI, DEPUTY CHIEF OF PATROL JOHN

HUNTER, INSPECTOR EDMUND HORACE, COMMANDING OFFICER DANIEL

FLANAGAN, DETECTIVE/SGT. JOHN DeMARTINIS, NASSAU POLICE OFFICERS

EDWARD BIENZ, appearing herein by their attorney, JOHN CIAMPOLI, County Attorney

of Nassau County, MICHAEL J. FERGUSON, Deputy County Attorney, for its answer to the

amended complaint herein, sets forth upon information and belief, as follows:

**FIRST:** The allegations contained in paragraphs numbered 1, 2, 3 and 4 of the amended complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, the defendants make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

**SECOND:** Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraphs numbered 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 29, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 44, 46, 47, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 75, 78, 79, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 92, 93, 94, 95, 96, 97, 98, 99, 105, 106, 108, 109, 113, 115, 116, 117, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 141, 180 and 181 of the complaint.

**THIRD:** Denies each and every allegation contained in paragraph numbered 22 and 23 of the complaint in the form alleged except admit Police Officers Anthony DiLeonardo and Edward Bienz were employed as police officers with the County of Nassau.

**FOURTH:** Deny allegations contained in paragraphs numbered 30, 45, 49, 68, 71, 72, 73, 74, 76, 77, 80, 91, 107, 114, 118, 119, 120, 140, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152 and 153 of the complaint.

**FIFTH:** Denies each and every allegation contained in paragraphs numbered 101, 102, 103 and 104 of the complaint in the form alleged except admit that Police Officers Anthony DiLeonardo and Edward Bienz had been socializing which included the use of alcohol.

2

**SIXTH:** Denies each and every allegation contained in paragraph numbered and 112 of the complaint in the form alleged except admit that the DFR performed an investigation.

**SEVENTH:** Paragraphs 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178 and 179 are unintelligible. Notwithstanding the lack of clarity of plaintiffs allegations in paragraphs 154-179, if they allege acts of misconduct, overt acts, negligence, intentional acts, or conspiracy against defendants the County of Nassau, Sgt. Timothy Marinaci, Deputy Chief of Patrol John Hunter, Inspector Edmund Horace, Commanding Officer Daniel Daniel Flanagan, Detective/Sgt. John DeMartinis, and Edward Bienz, said allegations are denied.

**EIGHTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 182 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 183 of the complaint.

**NINTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 184 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 185 of the complaint.

**TENTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 186 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 187 of the complaint.

**ELEVENTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 188 of the complaint with the same force and

effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 189 of the complaint.

**TWELTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 190 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 191 of the complaint.

**THIRTEENTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 192 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 193 of the complaint.

**FOURTEENTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 194 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 195 of the complaint.

**FIFTEENTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 196 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 197 of the complaint.

**SIXTEENTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 198 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 199 of the complaint.

**SEVENTEENTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 200 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 201 of the complaint.

**EIGHTEENTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 202 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 203 of the complaint.

**NINTEENTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 204 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 205 of the complaint.

**TWENTIETH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 206 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 207 of the complaint.

**TWENTY-FIRST:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 208 of the complaint with the same force and effect as if fully set forth at length herein. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraphs numbered 209 and 210 of the complaint.

**TWENTY-SECOND:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 211 of the complaint with the

same force and effect as if fully set forth at length herein. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 212 of the complaint.

**TWENTY-THIRD:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 213 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 214 of the complaint.

**TWENTY-FOURTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 215 of the complaint with the same force and effect as if fully set forth at length herein. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 216 of the complaint.

**TWENTY-FIFTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 217 of the complaint with the same force and effect as if fully set forth at length herein. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 218 of the complaint.

**TWENTY-SIXTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 219 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 220 of the complaint.

**TWENTY-SEVENTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 221 of the complaint with the

same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 222 of the complaint.

**TWENTY-EIGHTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 223 of the complaint with the same force and effect as if fully set forth at length herein. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 224 of the complaint.

**TWENTY-NINTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 225 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraphs numbered 226 and 227 of the complaint.

**THIRTIETH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 228 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 229 of the complaint.

**THIRTY-FIRST:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 230 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraphs numbered 231 and 232 of the complaint.

**THIRTY-SECOND:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 233 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 234 of the complaint.

**THIRTY-THIRD:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 235 of the complaint with the same force and effect as if fully set forth at length herein. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 236 of the complaint.

**THIRTY-FOURTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 237 of the complaint with the same force and effect as if fully set forth at length herein. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 238 of the complaint.

**THIRTY-FIFTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 239 of the complaint with the same force and effect as if fully set forth at length herein. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraphs numbered 240 and 241 of the complaint.

**THIRTY-SIXTH:** Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraph numbered 242 of the complaint with the same force and effect as if fully set forth at length herein. Deny allegations contained in paragraph numbered 243 and 244 of the complaint

**AS AND FOR A FIRST CROSS-CLAIM THE DEFENDANT
COUNTY OF NASSAU ALLEGES AS AGAINST THE
COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, SUFFOLK DETECTIVES RONALD
TAVARES, CHARLES LESER, EUGENE GEISSINGER,
NICHOLAS FAVATTA and ALFRED CICCOTTO,
DETECTIVE/SGT. WILLIAM J. LAMB, SGT. JACK
SMITHERS, SUFFOLK POLICE OFFICERS WILLIAM
MEANEY, ENID NIEVES, CHANNON ROCCHIO and JESUS
FAYA AS FOLLOWS:**

**THIRTY-SEVENTH:** If the plaintiff has been damaged or sustained any injuries

as alleged in the amended complaint through any carelessness, recklessness and

negligence other than plaintiffs own, said damages were caused or contributed to by

reason of the negligence, gross negligence, culpable conduct, carelessness or want of care

of co-defendants and if it be determined that the plaintiff is entitled to any recovery, such

recovery shall be apportioned between the co-defendants and this answering defendant,

County of Nassau, according to their relative responsibility therefore, and that the

answering defendant, County of Nassau, demands judgment against defendants for the

percentage of liability attributed to them.

**AS AND FOR A SECOND CROSS-CLAIM THE DEFENDANT
COUNTY OF NASSAU ALLEGES AS AGAINST THE
COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, SUFFOLK DETECTIVES RONALD
TAVARES, CHARLES LESER, EUGENE GEISSINGER,
NICHOLAS FAVATTA and ALFRED CICCOTTO,
DETECTIVE/SGT. WILLIAM J. LAMB, SGT. JACK
SMITHERS, SUFFOLK POLICE OFFICERS WILLIAM
MEANEY, ENID NIEVES, CHANNON ROCCHIO and JESUS
FAYA AS FOLLOWS:**

**THIRTY-EIGHTH:** Upon information and belief, if plaintiff suffered any injuries

and/or damage through negligence other than their own, and if the plaintiff should thereby

recover any judgment against this defendants, such recovery will have been brought about and caused by the active, affirmative and primary negligence of the co-defendants, their agents, servants and/or employees without any active or affirmative negligence on the part of this answering defendant contributing thereto, and the co-defendants will thereby be obligated to indemnify this answering defendant, County of Nassau, for any judgment that may be recovered against it by reason of the occurrence alleged in the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

**THIRTY-NINTH:** That if the plaintiff sustained the damages as alleged in the complaint, such damages were sustained solely through and by virtue of the negligent conduct of the plaintiff without any negligence on the part of the defendant COUNTY OF NASSAU, its agents, servants or employees contributing thereto.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

**FORTIETH:** That the answering defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

**FORTY-FIRST:** That in performing such duties and responsibilities, answering defendants are and were protected by qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

**FORTY-SECOND:** That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

**FORTY-THIRD:** That the answering defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

**FORTY-FOURTH:** That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

**FORTY-FIFTH:** That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

**FORTY-SIXTH:** That the doctrines of respondent superior and vicarious liability do not apply to a civil rights claim.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

**FORTY-SEVENTH:** That municipal defendants are not liable for punitive damage awards.

**WHEREFORE,** the defendants, THE COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, SGT. TIMOTHY MARINACI, DEPUTY CHIEF OF PATROL JOHN HUNTER, INSPECTOR EDMUND HORACE, COMMANDING OFFICER DANIEL FLANAGAN, DETECTIVE/SGT. JOHN DeMARTINIS, NASSAU POLICE OFFICERS EDWARD BIENZ, demands judgment dismissing the complaint herein, and/or if judgment is rendered against the defendant, THE COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, SGT. TIMOTHY MARINACI, DEPUTY CHIEF OF PATROL JOHN

HUNTER, INSPECTOR EDMUND HORACE, COMMANDING OFFICER DANIEL FLANAGAN, DETECTIVE/SGT. JOHN DeMARTINIS, NASSAU POLICE OFFICERS EDWARD BIENZ, that said defendant have judgment in like amount against the co-defendants THE COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK DETECTIVES RONALD TAVARES, CHARLES LESER, EUGENE GEISSINGER, NICHOLAS FAVATTA and ALFRED CICCOTTO, DETECTIVE/SGT. WILLIAM J. LAMB, SGT. JACK SMITHERS, SUFFOLK POLICE OFFICERS WILLIAM MEANEY, ENID NIEVES, CHANNON ROCCHIO and JESUS FAYA together with the costs and disbursements of this action

Dated: Mineola, New York
      November 29, 2012

               **JOHN CIAMPOLI**
               County Attorney of Nassau County

               BY:    /S
               MICHAEL J. FERGUSON
               Attorney for County of Nassau
               1 West Street
               Mineola, New York 11501
               (516) 571-3054