**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
THOMAS M. MOROUGHAN,

                               Plaintiff,                    **ORDER**

      -against-

                                                              CV 12-512  (JFB) (AKT)

THE COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
SUFFOLK DETECTIVES RONALD TAVARES,
CHARLES LESER, EUGENE GEISSINGER,
NICHOLAS FAVATTA, and ALFRED CICCOTTO,
DETECTIVE/SGT. WILLIAM J. LAMB, SGT.
JACK SMITHERS, SUFFOLK POLICE OFFICERS
WILLIAM MEANEY, ENID NIEVES, CHANNON
ROCCHIO, and JESUS FAYA and SUFFOLK
JOHN DOES 1-10, THE COUNTY OF NASSAU,
NASSAU COUNTY POLICE DEPARTMENT,
SGT. TIMOTHY MARINACI, DEPUTY CHIEF OF
PATROL JOHN HUNTER, INSPECTOR EDMUND
HORACE, COMMANDING OFFICER DANIEL
FLANAGAN, DETECTIVE/SGT. JOHN
DEMARTINIS, NASSAU POLICE OFFICERS
ANTHONY D. DILEONARDO, EDWARD BIENZ
and JOHN DOES 11-20,

                               Defendants.

-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Before the Court are (i) Plaintiff's letter-motion to compel Nassau County to comply with Plaintiff's outstanding discovery demands and to compel the production of certain Nassau County witnesses to complete their depositions [DE 76]; (ii) a letter-motion submitted by Suffolk County Assistant District Attorney Anne E. Oh to quash a subpoena served by Plaintiff's counsel commanding the disclosure of certain District Attorney ("D.A.") files [DE 87]; and (iii) Plaintiff's "supplemental" motion for a protective order requesting that the Court order the

D.A.'s Office to take certain action with respect to the DA files related to this case [DE 105]. Each of the motions is decided in turn below.

I.     PLAINTIFF'S MOTION TO COMPEL

Plaintiff requests an order directing the Nassau County Defendants to (i) comply with plaintiff's outstanding discovery demands; and (ii) produce witnesses to complete their depositions. Pl.'s Mot. [DE 76]. Specifically, Plaintiff seeks cell phone and e-mail records related to the Nassau County Deadly Force Response Team's ("DFCT") revisions/drafts of the DFCT report of the underlying incident. *Id.* Plaintiff claims he only received one preliminary draft of the report. *Id.* Plaintiff also states that he has been "frustrated" by Mr. Ferguson's cooperation on certain discovery issues, including (i) production of cell phone records requested at the deposition of Defendant Detective DeMartinis; and (ii) production of civilian complaints against Detective DeMartinis (also made during the DeMartinis deposition). *Id.* According to Plaintiff's counsel, Attorney Ferguson also unilaterally declared that Sgt. Timothy Marinace's deposition completed and refuses to further produce him to continue the deposition. *Id.* Mr. Ferguson also failed to produce administrative complaint records prior to the depositions of any witnesses, Plaintiff's counsel maintains, despite this Court's Order directing him to do so. *Id.* (citing DE 61, ¶ 2). Plaintiff also notes at least five outstanding discovery issues related to Plaintiff's third demand for the production of documents (although these issues are not outlined in Plaintiff's letter motion but included as attachment I). *Id.*

Attorney Ferguson responds that he already provided the DFCT report to Plaintiff's counsel, along with any e-mails and revisions of the DFCT report, and that there were no substantive revisions to that report. Nassau Co. Defs.' Opp. [DE 77]. Attorney Ferguson

further represents that Plaintiff's counsel asked repetitive questions about cell phone records at the depositions, and the witnesses responded to those inquiries. *Id.* Further, Attorney Ferguson notes that Plaintiff's counsel arrived at noon for Sgt. Marinace's deposition, even though the deposition was scheduled for 10:30 a.m. *Id.* The witness had to leave at 5 p.m because he was scheduled to work at 6 p.m. No lunch break had been taken all day, Attorney Ferguson maintains, and Plaintiff's counsel asked the same questions over and over again, making a continued deposition unnecessary and burdensome. *Id.* Further, Attorney Ferguson argues that the civilian complaints Plaintiff's counsel seeks have already been requested from the police department. *Id.* Finally, Attorney Ferguson represents that all of the issues raised in Plaintiff's letter may be worked out without the need for court intervention. **Plaintiff's motion to compel [DE 76] is GRANTED, in part, and DENIED, in part, to the extent set forth below**.

    Having considered the motion and opposition, the Court rules as follows:

(A) As to the electronic communications Plaintiff 's counsel claims were generated by members of the Nassau County Deadly Force Response Team, to the extent that counsel for the Nassau County Defendants has not already done so, the Court is directing him to produce the email exchanges (including any attachments) and records of any telephone calls which took place between and among members of the DFRT on February 27, 2011. **These materials are to be served on Plaintiff's counsel no later than April 24, 2014**. To the extend the Nassau County Defendants maintain that there are no other records, then Defendants' counsel is directed to provide an affidavit from an individual with first-hand knowledge of the information requested attesting to the fact that there is no other documentation of the nature described here, and providing an explanation as to why that is the case. That alternative affidavit must be served on plaintiff's counsel by April 24, 2014, with a copy to the Court.

(B) Sergeant Timothy Marinace is to present himself for a continued deposition for a maximum of 90 minutes at a date and time mutually agreed-upon by his counsel as well as plaintiff's counsel. The deposition is not to be unreasonably delayed.

(C) To the extent that counsel for the Nassau County Defendants has not provided the disciplinary records, civil/departmental/civilian complaints were in prior litigation

3

>        records for the named Nassau County defendants, for the period running from the
>        date of the underlying incident and back five years – as previously ordered by
>        this Court on February 5, 2013 – counsel is directed to **provide these records by
>        April 14, 2014**. Any continuing noncompliance will be met with appropriate
>        action by the Court.

(D)     To the extent he has not already done so, plaintiff's counsel is directed to provide to defendants' counsel the deposition transcripts for Detective John T Martinis, Sgt. Timothy Marinace Deputy Chief Edward Horace **within seven days of this Order**.

## II.   DISTRICT ATTORNEY'S MOTION TO QUASH AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Assistant District Attorney Oh of the Suffolk County D.A.'s Office has moved to quash a subpoena served by Plaintiff's counsel and signed by this Court seeking the following documents:

>        [a]ll documents from District Attorney files related to the criminal
>        arrest of Thomas M. Moroughan on February 27, 2011 not previously
>        disclosed . . . including all documents, including notes, memorandum,
>        records, etc., including a physical copy of all grand jury subpoenas
>        themselves (excluding the documents returned thereto to which you
>        assert a privilege). Any documents which exist and are not produced
>        should be identified on a separate privilege log which should be
>        produced with the subpoenaed materials.

DA's Mot. [DE 87].

The D.A.'s Office argues that, with respect to Plaintiff's request for "a physical copy of all grand jury subpoenas themselves" Plaintiff should first make his application to the state court that supervised the grand jury process. D.A.'s Mot. at 2 (citing *Ruther v. Boyle*, 879 F. Supp. 247 (E.D.N.Y. 1995); *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218-19 (1979)). Plaintiff opposes the motion to quash. Pl.'s Opp. [DE 90]. However, Plaintiff's counsel does acknowledge that, as a matter of comity, an application for grand jury material

4

should first be made to the State Court supervising the grand jury.  Pl.'s Opp. at 3 (citing *Douglas Oil*, 441 U.S. at 218-19).  Plaintiff has submitted an application to the state court for the production of the grand jury documents from the initial grand jury proceeding.  *Id.*

The Suffolk County D.A.'s Office argues that the notes, memorandum and records Plaintiff seeks are protected by the law enforcement privilege.  *See* D.A.'s Mot. at 2-3.  Further, subsequent to the filing of the motion to quash, the D.A.'s Office submitted a further letter stating that a new Grand Jury investigation into the incidents underlying this lawsuit has been opened.  DE 101.  The D.A.'s Office argues that the pendency of a new Grand Jury investigation renders production of any materials improper.  *Id.*  For the grand jury system to function properly, the D.A.'s Office argues, proceedings must be kept secret, especially when they are ongoing.  *Id.* (citing *Douglas Oil*, 441 U.S. at 218-19).

Plaintiff argues that the law enforcement privilege does not apply here, because (i) the D.A.'s criminal investigation of Plaintiff has been closed for nearly two years; (ii) there is no reason to believe confidential sources are involved; (iii) the identities of the witnesses to the shooting are known to all parties; (iv) plaintiff is not interested in publicizing any unique or specialized investigative techniques; and (v) the information sought is highly relevant to Plaintiff's case, and cannot be obtained from other sources, and,  therefore, plaintiff has a "particularized need" for the information sought.  Pl.'s Opp. at 2.  Further, Plaintiff argues that the D.A.'s Office should be required to produce a privilege log, since Plaintiff is "unaware of what specific materials the District Attorney claims to be protected, or by what specific privilege."  *Id.*  In any event, Plaintiff maintains that any legitimate privacy interest that exists can be addressed by means of a protective order issued by the Court following an *in camera*

5

review. *Id.* Finally, Plaintiff contends in a supplement opposition that, even if a new investigation has been re-opened, the empaneling of a new grand jury can never transform investigatory and factual records into grand jury records. Pl.'s Supp. Opp. DE 104.

Moreover, Plaintiff's supplemental opposition to the motion to quash requests that the DA's Office be directed to immediately photocopy and separate their entire 2011 investigative file into two categories, Grand Jury materials and "investigative materials." DE 104. Plaintiff also requests that these documents be maintained separately from any materials obtained during the 2013 investigation and that the Court direct the DA to provide the entire 2011 investigative file to Chambers. *Id.*

Upon receipt of Plaintiff's supplemental opposition, the Court required Plaintiff to re-submit his application with supporting and substantive case law. Electronic Order, July 19, 2013. Plaintiff's counsel then filed a letter-motion for a protective order [DE 105], arguing that the request to categorize and separate the DA files would obviate any possible risk of spoliation. *Id.* Plaintiff's counsel seeks to prevent the possibility that the 2011 and 2013 files be co-mingled, therefore significantly impairing Plaintiff's legal rights. *Id.* Plaintiff's counsel argues that the D.A.'s Office has a duty to preserve this evidence, and that without a protective order it is highly likely that materials from the 2011 and 2013 investigations will be co-mingled, which could result in the material alteration of evidence central to Plaintiff's cause of action – evidence which cannot be procured from any other source. *Id.* Such an order would not result in any physical or financial burdens on the D.A.'s Office, plaintiff's counsel contends. *Id.* Counsel concludes that he would like the protective order to direct the 2011 file to be delivered to Chambers along with a privilege log. *Id.* In a subsequent letter updating the Court on the

discovery status of this case, Plaintiff's counsel represented that he was in discussions with the D.A.'s Office to resolve these issues, and the DA's Office had agreed to separate the 2011 and 2013 files.  DE 113.

Based on Plaintiff's counsel's representations that discussions regarding these issues were ongoing, on March 20, 2013, the Court directed Plaintiff's counsel to provide a further update regarding the status of this issue.  DE 122.  Plaintiff's counsel represented that the issue is still outstanding.  DE 124.   Plaintiff noted that he was able to receive some documents from the State Court.  The State Court ordered disclosure of "all documents that were obtained pursuant to a Grand Jury subpoena duces tecum."  *Id.* at Ex. A.  Plaintiff's request for any other documents were denied because the court found the request was overly broad and no showing was made that they were related to a state grand jury proceeding.  *Id.*

Plaintiff notes that there are two distinct classes of documents at issue here: (i) Documents which predate the dismissal of the criminal action and which the State Court has specifically excluded as protected by State Law Grand Jury Privilege; and (ii) documents which were created post dismissal, following the empaneling of a new Grand Jury in 2013.  *See id.* Plaintiff reiterates that he would like these two classes of documents to be maintained separately. *Id.*  Further, Plaintiff maintains that the D.A.'s Office has not met its burden to show that the documents sought are protected by the law enforcement privilege.  *Id.*  Plaintiff's counsel avers that he has attempted to meet and confer with the D.A.'s Office, but the Office continues to refuse to disclose any documents.  *Id.*  Accordingly, the Plaintiff requests that this Court (i) deny the motion to quash and compel the production of the D.A.'s file for an *in camera* review up to the date the D.A.'s Office empaneled a special Grand Jury following the dismissal of all charges;

and (ii) issue a protective order compelling the District Attorney to preserve any documents relating to the post dismissal documents which the District Attorney claims are not protected under the State Grand Jury privilege, and require the submission of a duplicate copy to chambers for inspection. *Id.*

In addition to reviewing the motion to quash by the Suffolk County D.A.'s Office and plaintiff's opposition, the Court has reviewed the June 28, 2013 Order of Hon. Martin Efman, Justice of the New York State Supreme Court, Suffolk County, ruling on plaintiff's motion for disclosure of grand jury records. *See* June 28, 2013 Order (Efman, J.), annexed as Exhibit B to the July 18, 2013 Letter of Anthony M. Grandinette, Esq. [DE 104]. **The motion by ADA Oh to quash the subpoena is DENIED**. However, the Court is directing that all of the documents responsive to the subpoena are to be sent to this Court for an *in camera* review. Not having seen the documents, the Court is unable to make a determination based on the information presented to date whether the law enforcement privilege applies to each of the documents at issue. **The documents are to be provided to this Court by April 21, 2014**.

Plaintiff's counsel is directed to serve a copy of this Order upon the District Attorney's Office forthwith by personal service and by first-class mail and is further directed to file proof of such service on ECF.

### III.    PLAINTIFF'S SUPPLEMENTAL MOTION FOR PROTECTIVE ORDER

Plaintiff's counsel filed a letter motion seeking, essentially, a preservation order so as to obviate any possible risk of spoliation of files in the office of the Suffolk County District Attorney. *See* DE 105. Specifically, counsel expresses his concern about the possibility that materials from the D.A.'s 2011 investigation and the recently announced 2013 investigation into

the February 27, 2011 Moroughan shooting will be co-mingled, thereby impairing his client's rights. *Id*. In addressing this issue, counsel draws attention to DE 104 in which he asked this Court to issue an order directing the Suffolk County D.A.'s Office "to immediately photocopy and separate their entire 2011 investigative file into two categories: Grand Jury materials and Investigative Materials." DE 104. This Court rejected the motion because Plaintiff failed to include any authority or legal support for the request he was making. Instead of citing any legal authority for this Court to direct the County D.A.'s Office to take such action in his supplemental filing, counsel spent time summarizing the law regarding spoliation of evidence. Plaintiff has provided no support or facts which would tend to show that the prospect of the co-mingling counsel is worried about is real or why that concern is not alleviated by current policies or procedures in the D.A.'s Office. Plaintiff's counsel has not provided any evidence or good faith basis to believe that such activity is ongoing. Rather, counsel wishes to have this Court issue some type preemptive Order, which the Court declines to do in these circumstances. **The relief requested in DE 105 is therefore DENIED**.

                                                  **SO ORDERED:**

Dated: Central Islip, New York
       March 31, 2014

                                          /s/ A. Kathleen Tomlinson
                                          A. KATHLEEN TOMLINSON
                                          United States Magistrate Judge