# The Law Office of
# ANTHONY M. GRANDINETTE

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Mirel Fisch
Admitted in New York/New Jersey

Of Counsel:
Paul Casteleiro
New Jersey

Telephone: (516) 877-2889
Facsimile: (516) 294-5348
Email: Grandinettelaw@gmail.com

May 12, 2014

Honorable A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

            Re:    Thomas Moroughan v. The County of Suffolk, et al.
                   Index No.: 12-CV-0512 (JB)(AKT)

Dear Magistrate Tomlinson:

      I represent Thomas M. Moroughan. I submit this letter to update the Court regarding the status of discovery and to request an extension of the May 19, 2014 fact discovery deadline set by Your Honor's March 20, 2014 Order (DE 122).

## NASSAU COUNTY

      On March 31, 2014, Your Honor issued an Order (DE 125) in connection with Plaintiff's Motion to Compel (DE 76), which directed Defendant Nassau County to tender specific discovery materials to Plaintiff and to produce Sgt. Marinaci on a mutually convenient date and time to complete the ninety (90) minutes remaining for his deposition. Mr. Ferguson promptly complied with this Order (DE 127), and Sgt. Marinaci's continued deposition is currently scheduled for June 17, 2014.

      The deposition of Former Deputy Chief of Patrol John Hunter, the signatory of the Deadly Force Response Report, remains open. He is now represented by Francis Schroeder (See DE 128). The deposition of Edward Bienz also remains open, however Mr. Ferguson has sent me numerous availability dates to conduct Mr. Bienz's deposition.

      On May 7, 2014, Plaintiff learned that the Nassau County Police Department held administrative hearings of Defendants DiLeonardo and Bienz in connection with their actions related to this case. The Nassau County Police Commissioner publically announced that Mr. DiLeonardo was terminated following his administrative hearing. Plaintiff does not know the administrative disposition following Mr. Bienz's hearing. Immediately after learning this information, Plaintiff sent a written request to Mr. Ferguson inquiring if his client would consent to release the documents and testimony associated with the aforementioned proceedings, subject to a protective order. The County denied this request, and Plaintiff followed up that request by serving a formal demand. Upon receipt of a formal response from the County, Plaintiff will move, if necessary, by letter motion to Your Honor seeking the production of these materials, subject to a protective order, and/or seeking an *in camera* review by the Court. The materials sought are clearly within the purview of FRE 401, in that the administrative proceedings examined each Officer's actions on the night in question, in junction with their proscribed

1

regulatory duties and responsibilities as Nassau County Police Officers. Their failure(s) to comply with the rules and regulations of the Department, if any, and the extent of those failures, are relevant to the liability phase of the case as to multiple causes of action. Additionally, they are pertinent to the evaluations which will be conducted by potential experts in this case.

## SUFFOLK COUNTY

Mr. Mitchell and I have been working together concerning the discovery issues related to the County of Suffolk. Two major and one minor discovery issues remain. First, the Suffolk County Internal Affairs report has still not been released after nearly three (3) years. Based upon communications with Mr. Mitchell, it is my understanding that the investigation itself has been completed but the final version of the physical report has not. Obviously, Mr. Mitchell has no control over the Suffolk County Internal Affairs Bureau, but continues to keep me informed and will provide me with the report when it becomes available. Despite not having the report, we have conducted depositions of many of the primary Suffolk Homicide Detectives involved in the case. The eventual release of this report will, as Mr. Schroeder states in his May 7, 2014 letter to the Court (DE 128), likely give rise to relevant factual discovery issues significant to all the litigants in this case.

Second, as this Court is aware, in July of 2013 the Suffolk District Attorney's Office announced the empanelling of a Special Grand Jury to further investigate the Moroughan case. Plaintiff believes that the term of that grand jury has expired. I inquired with the District Attorney's Office concerning the status of that investigation. However, no information was released to my office. Accordingly, Plaintiff filed a motion in Suffolk County Supreme Court on April 15, 2014, under seal, seeking the production of the materials generated by the Special Grand Jury investigation. This motion is currently being briefed and Plaintiff is awaiting receipt of the District Attorney's opposition. It is highly probable that the District Attorney will once again assert privilege pertaining to any new investigatory records or testimony, requiring Plaintiff to move Your Honor to compel the production of these materials.

As to the minor issue, Mr. Mitchell and I are currently scheduling a physical "walk-through" of the Suffolk County Police Department's Second Precinct. A dispute remains as to whether Plaintiff is entitled to photograph relevant areas of the precinct, to which Mr. Mitchell objects. Photographs of the Second Precinct will be useful during completion of the remaining depositions and will also be helpful for the jury's use at trial, as it will provide clear visual references to the locations of the events which occurred on February 27, 2011. Consequently, Plaintiff will be formally seeking a ruling from Your Honor to allow the taking of photographs of relevant portions of the Second Precinct, solely for use during this litigation, and which Plaintiff will return upon the conclusion of the action. Mr. Mitchell is also providing me with the availability dates of various Suffolk County Officers who have not yet been deposed.

Finally, Your Honor is currently conducting an *in camera* review of foundational documents which formulated the factual basis of the dismissal of all criminal charges against Moroughan (DE 125). While a determination by Your Honor regarding these materials is still pending, it would be premature to close factual discovery for obvious reasons.

## ANTHONY DiLEONARDO

Mr. DiLeonardo's deposition has yet to be scheduled. Given that Plaintiff's Complaint alleges causes of action for which DiLeonardo's actions on February 27, 2011 form the nucleus, his deposition is of the utmost importance for all parties to this action. In Mr. Schroeder's aforementioned letter (DE 128), it is stated that all parties consent to an extension of fact discovery, for which he requests November 21, 2014. Pursuant to the duty of all parties to meet and confer, Plaintiff has also requested the consent of all counsel for the extension of fact discovery. All counsel, with the exception of Ms. Marion, consented (see DE 129).

## CONCLUSION

Nine depositions have so far been conducted, including two non-party depositions, and significant progress towards the completion of fact discovery has been made. Several depositions remain open including that of Plaintiff, his passenger Ms. Mondo, Mr. DiLeonardo, his passenger Ms. Cornia, Mr. Bienz, his passenger Mrs. Bienz, and various Suffolk County Police Department personnel. However, based upon the reasons contained herein, significant discovery remains outstanding, materials and information which will likely have a significant impact on the litigation of this matter.[1] Therefore, concluding factual discovery at this stage will be premature. Recognizing these facts, all counsel with the exception of Ms. Marion, agreed to extend the conclusion of factual discovery. Lastly, as this Court is aware, because of the number of attorneys involved in this case, all of whom have active trial schedules, scheduling becomes more difficult.[2]

Therefore, Plaintiff respectfully joins in Mr. Schroeder's application (DE 128) to extend fact-discovery until November 21, 2014, as this will allow additional time to resolve the open discovery issues, to complete the remaining depositions, and to determine what, if any, further discovery and investigation may be needed upon the pending disclosure of the Suffolk County District Attorney's investigative and Grand Jury materials actively and diligently being sought by Plaintiff.

Respectfully Submitted,

/s/ Anthony M. Grandinette
Anthony M. Grandinette

CC: All counsel via ECF

---

[1] For example, the Suffolk County District Attorney's file has yet to be produced. All parties have a significant interest in reviewing the foundational documents which were relied upon by the District Attorney's office in dismissing all criminal charges against Plaintiff, these documents will be necessary during several remaining depositions, and they may also lead to the discovery of additional relevant discoverable evidence of interest to all parties.

[2] On a personal note, I was recently engaged in back to back trials with less than a week off in between. During the second trial, a homicide, my 87 year-old father was hospitalized for one month following emergency triple by-pass surgery. I was given several days off to fly to Florida to meet with his surgical team, and returned to complete the trial. Thereafter, I was away from my office for approximately three weeks in March and April as my presence in Florida was required to ensure he received the necessary healthcare. I am currently in Florida helping oversee and finalize those arrangements, and will return to New York on Wednesday, May 14, 2014.