# The Law Office of
# ANTHONY M. GRANDINETTE

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Mirel Fisch
Admitted in New York/New Jersey

Of Counsel:
Paul Casteleiro
New Jersey

Telephone: (516) 877-2889
Facsimile: (516) 294-5348
Email: Grandinettelaw@gmail.com

Magistrate A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

June 10, 2014

      Re:    Thomas M. Moroughan v. The County of Suffolk, et al.
              Docket No.: CV-12-0512

Dear Magistrate Tomlinson:

      I am counsel to Plaintiff, Thomas M. Moroughan (Moroughan) and submit this letter motion seeking a ruling from Your Honor in order to settle an extremely limited discovery dispute that has arisen between Plaintiff and the Suffolk County Attorney's Office.

      Pursuant to the duty incumbent upon all parties, Mr. Mitchell and I have met and conferred prior to the submission of this letter. Specifically, an issue has arisen in connection with Plaintiff's ability to enter and photograph those areas of the Suffolk County Police Department's 2nd Precinct which are relevant to the case at bar. Both parties have agreed that Plaintiff's counsel is entitled access to those relevant areas, but a dispute remains regarding Plaintiff's ability to photograph those areas. Plaintiff's position is that the photographs which Plaintiff seeks to obtain are important to pursuing his claims and represent relevant demonstrative evidence within the purview of FRE 401.

      Mr. Mitchell has communicated to me that the Suffolk County's opposition is predicated upon security concerns, namely the possible dissemination of photographs of the interior of the 2nd Precinct. It is Plaintiff's position that these concerns are over-stated, as there are hundreds, if not thousands of people who have entered the 2nd Precinct and are familiar with the physical layout of the premises and could, if they chose, to disseminate - in this digital age - information pertaining to the premises. However, cognizant of Suffolk's concerns and in an attempt to assuage those concerns, Plaintiff suggested entering into a stipulation whereby the Suffolk County Crime Scene Unit would physically take and provide the photographs requested by Plaintiff, retain possession of all negatives and upon the conclusion of this action Plaintiff would return all photographs to Mr. Mitchell. The Plaintiff believes this suggested compromise represents a logical balance of the competing interests. The Suffolk County Attorney's Office was not willing to enter into this proposed agreement, hence the limited application before Your Honor.

      After being treated at Huntington Hospital on February 27, 2011, Defendant's DiLeonardo and Bienz were transported to the 2nd Precinct. Approximately ten (10) named Defendants also reported to the 2nd Precinct. DiLeonardo and Bienz were interviewed by

1

Suffolk Detectives Tavares and Lesser, both of whom are also Defendants in the instant action. It is Plaintiff's contention that while at the 2nd Precinct squad room area, the SCPD and NCPD personnel continued to conspire with each other in order to insulate DiLeonardo and Bienz from administrative and criminal penalties through the false arrest of Moroughan.

The issues of who had access to DiLeonardo and Bienz, who observed the interactions between the co-Defendants, who may have been able to view or overhear the discussions between DiLeonardo, Bienz, Tavares, Lesser and the other named defendants is highly germane to the case at bar.

Photographs will not only assist Plaintiff with discovery during ongoing depositions, but will also be important in respect to Plaintiff's case in chief. It will be difficult to verbally construct accurate physical depictions of the relevant areas of the 2nd precinct for the jury, whereas photographs will allow deponents and jurors to easily place and visualize the locations of interactions that occurred between multiple named Defendants.

As per FRE 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and if the fact is of consequence in determining the action (FRE 401(a)&(b). Pursuant to FRCP 26(b)(1) the Court is empowered to order the discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence of any documents or other tangible things (such as photographs). Given the wide scope of materials and information made discoverable by FRCP 26, it has long been held that "[g]enerally, discovery is only limited when 'sought in bad faith, to harass or oppress the party subject to it...." *(In re Six Grand Jury Witnesses,* 979 F.2d, 949, 943 (2d Cir.1992). Clearly, pursuant to FRCP 45, Plaintiff is entitled to inspect the subject premises.

The photographs sought by Plaintiff are sought in good faith and will aid the trier of fact in following the evidence. By way of example, a visual reference that allows the observer to view the physical location where communications between numerous co-Defendants took place could aid in answering questions concerning the credibility of the claims related to the accessibility of DiLeonardo and Bienz by individually named Defendants, as well as issues regarding supervisory oversight, etc.

As a practical matter, photographs will provide a simple but essential demonstrative aid which will establish the presence of high ranking SCPD and NCPD personnel in the same room prior to the crafting of the criminal charges that would be brought against Moroughan. Further, Plaintiff has no other means of accessing these photographs for use as demonstrative aids from an alternative source.

Plaintiff respectfully requests that Your Honor grant Plaintiff permission to obtain photographs of the relevant areas of the 2nd Precinct subject to a protective order. Defendant Suffolk's security concerns will be appropriately addressed and nullified; while pertinent, relevant and discoverable material will be made available which will assist all parties in the further litigation of the case at bar.

AMG/eb

Respectfully submitted,

Anthony M. Grandinette

cc: All counsel via ECF