EDWARD P. MANGANO
County Executive



CARNELL T. FOSKEY
County Attorney

COUNTY OF NASSAU
OFFICE OF THE COUNTY ATTORNEY
One West Street
Mineola, New York 11501-4820
516-571-3056
FAX:  516-571-6604

August 12, 2014

Magistrate Judge A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:  **THOMAS M. MOROUGHAN v. THE COUNTY OF SUFFOLK**
Docket No. CV-0512 (JFB)(AKT)

Dear Magistrate Tomlinson:

As your Honor is aware, this office represents police officer Edward Bienz, the County of Nassau, and all individually named Nassau County defendants with the exception of former police officer Anthony DiLeonardo, who is represented by separate counsel.  This letter is submitted in opposition to plaintiff's motion to compel the production of discovery from defendant Nassau County in plaintiff's Fifth and Sixth Demands for Production of Documents (Pl's Exhibits A and B) seeking "all documents, records minutes of testimony recorded in connection with any and all indemnification proceedings" (Pl's Exhibit A), and "any and all documents, records and minutes of testimony recorded in connection with any and all departmental proceedings and/or hearings held by the Nassau County Police Department regarding Police Officer Anthony DiLeonardo" (Pl's Exhibit B).[1]

Plaintiff's motion for discovery of all documents records (Fifth Demand) from the police indemnification board is largely moot as the records, although not relevant and not discoverable, have already been provided by virtue of their inclusion in the Internal Affairs Report (IAU) which the plaintiff has since early in this investigation. (Exhibit A).  There were two indemnification board hearings as to officer DiLeonardo.  Plaintiff already has all the records and documents from the first hearing, including the determinations by the board (Exhibit B and Pls's Exhibit G).  Upon information and belief based on information from counsel to the indemnification board, at the second indemnification hearing, convened at the request of officer DiLeonardo's counsel on April 15, 2013, no new documents were produced, and the only record made was a transcript of the legal arguments, opinions and theories of DiLeonardo's counsel,

---

[1] Contrary to the statements in plaintiff's letter-motion, Exhibit B does not seek disciplinary proceedings involving Officer Bienz. In any event, there were none.

Bruce Barket, which is protected from discovery under Rule 26 (b)(3)(B). The Barket transcript is the only record or document before the police indemnification board which the plaintiff does not have.

As for the Plaintiff's Sixth Demand for records of the interdepartmental disciplinary hearing or trial of officer DiLeonardo, those proceedings are privileged under New York Civil Rights Law 50-a, and are not relevant under Rule 401 to any issue in this case.

In support of the motion plaintiff relies upon *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988), holding that the party asserting a claim of privilege against disclosure must make a "substantial threshold showing" "that specific harms are likely to accrue from disclosure." However the initial "threshold burden" established in *King* is applicable to relevant documents. See, *Cody v. New York State Division of Police*, 2008 WL 325 2081 [E.D.N.Y.] (holding irrelevant records will not be subject to discovery even when defendants fail to meet the requirements for shielding the documents from disclosure under *King*). The interdepartmental disciplinary proceedings are not a public record and are not relevant to any issue in this case. The only "witness" to testify at the proceedings was the police sergeant who prepared the IAU report which plaintiff has. The sergeant is not a lawyer and was not a witness to any of the events that occurred on February 27, 2011. Any legal conclusions or determinations she reached would not be relevant, and, contrary to plaintiff's counsel's contentions (Pl's Affidavit ¶18-21), any legal determinations made by the "disciplinary committee", if any, are not admissible and cannot be utilized to bolster any of the factual disputes in this case. *In Re September 11 Litigation*, 621 F. Supp. 2d 131 [S.D.N.Y. 2009]; see *Hines v. Brandon Stell Decks, Inc.*, 886 F.2d 299 (11th Cir. 1989) ("legal conclusions are inadmissible because the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements underlying the legal conclusion, and, if not, whether the preparer might have a higher or lower standard than the law requires").

## Records of the Police Indemnification Review Board

Plaintiff's Fifth Demand for the Production of Documents (Pl's Exhibit A) seeks all documents, records and minutes of testimony recorded in connection with all indemnification proceedings and/or hearings.

Nassau County responded to the plaintiff's demand on June 9, 2014 as follows:

> Nassau County defendants object to this document request on the grounds of relevancy, privacy and privilege pursuant to New York Civil Rights Law § 50-a. Notwithstanding said objections, and without waiving same, there are no minutes or records maintained of testimony and proceedings before Nassau County Police Indemnification Board. (Exhibit C).

Thereafter plaintiff's counsel sent a letter dated June 12, 2014 stating that it seems highly improbable there would be a process of indemnification that would not consist of some written documentation or records as to the application process and subsequent determinations (Exhibit D, which is Pl's Exhibit E).

I responded by letter dated June 23, 2004 (Exhibit E) stating I was present at the initial indemnification hearing as to officers DiLeonardo and Bienz on March 6, 2012 and there was no record, transcript, or documentation made of the proceedings other than the determination of the indemnification board which you already have. I further stated, you note that there was an appeal by Officer DiLeonardo to the initial decision not to indemnify. I was not present at the second police indemnification board proceedings on April 15, 2013 when Officer DiLeonardo appealed the initial decision of the

indemnification board.  After receiving your letter, I contacted legal counsel to the Indemnification Board, John M. Donnelly, Esq., who was present at the proceedings on April 15, 2013.  Mr. Donnelly informed me there was a transcript made of the proceedings on April 15, 2013, which consisted solely of the legal arguments made by Officer DiLeonardo's counsel.  Mr. Donnelly forwarded me a copy of the transcript, which I have read.  Review of the transcript reveals that in urging a reversal of the decision on indemnification, defense counsel's argument consisted of his mental impressions, legal theories, and proposed legal strategy for use at the trial of this action.  As such, this document is not discoverable and is protected from disclosure as the mental impressions, conclusions, opinions, and legal theories of a party's attorney.  Moreover, it is the position of Nassau County that all proceedings before the police indemnification review board, which under General Municipal Law § 50-1 is solely a proceeding between the police officer and the county, is not subject to disclosure by other parties. (See, *Galvani v. Nassau County Police Indemnification Review Board*, 242 AD2d 64 [2d Dept 1998]).

In his motion counsel states I lack standing to assert any attorney work-product privilege on behalf of DiLeonardo.  In my letter I did not assert an attorney work product privilege.  I said the transcript is protected from disclosure as the legal theories of a party's attorney.

## All of the Records Before the Indemnification Review Board Have Been Provided Except the Barket Transcript

In his affidavit in support of the letter motion to compel plaintiff's counsel states "[a]ccording to Mr. Ferguson's letter, when the Indemnification Board met, no evidence, testimony or arguments for or against indemnification were preferred and the board made their decision in a vacuum."  This statement like many others in counsel's affidavit is untrue.  I never stated that there was no testimony, evidence or arguments before the board.  I said there was no record or transcript of the proceedings other than the written determinations which have been provided (see Pl's Exhibit G).  The evidence and other documents which were submitted to the indemnification board are contained in the IAU report at pages 707 to 811 (Exhibit A).  The plaintiff has had the complete unredacted IAU report since early in this litigation.

## Plaintiff's Sixth Demand for Production of Documents

Plaintiff's Sixth Demand for Production of Documents provides:

1.      Produce any and all documents, records, and minutes of testimony recorded in connection with any and all departmental proceedings and/or hearings held by the Nassau County Police Department regarding Officer Anthony DiLeonardo.

Nassau County responded:

1.      **Response**: Plaintiff's Sixth Demand for the Production of Documents and Things seeks reports, documents, minutes, proceedings, and other discovery from COUNTY OF NASSAU and the NASSAU COUNTY POLICE DEPARTMENT AND NASSAU POLICE OFFICER ANTHONY DILEONARDO.  In addition to the General Objections set forth above, defendants object on the grounds of privilege and relevance.  The interdepartmental hearing constitutes personnel documents, which are protected under official information privilege, which protects police personnel files from "fishing expeditions." (*Velez v. City of New York*, 2010 WL 2265443, [E.D.N.Y. 2010]).  In addition, New York Civil Rights Law § 50-a protects "all personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state, " and are to be considered confidential and "not subject to inspection or review."  Since the disciplinary hearing was conducted to evaluate the conduct and performance of Police Officer DiLeonardo, it falls under the preview

of personnel documents. As to relevancy, upon information and belief, the interdepartmental disciplinary hearing of Police Officer DiLeonardo consisted of the testimony of just one person, the police sergeant who composed the IAU report, who was not a witness to any of the incidents which occurred on February 27, 2011, and was not involved in the investigation under June 2011, four months after the events at issue. The complete IAU records and report have previously been provided to counsel.

## The Records of the Interdepartmental Disciplinary Proceedings of Officer DiLeonardo Are Not Relevant to Any Issue In This Case

Upon information and belief based on conversations with the Nassau County Deputy County Attorney who presented the disciplinary case against officer DiLeonardo, the evidence at the disciplinary hearing consisted of : the testimony of Detective/Sergeant Joan Distler concerning portions of the IAU report (which plaintiff has) and relevant portions the Nassau County Police Department Manual (which plaintiff has); an affidavit from Det/Sgt. Distler setting forth her experience; the curriculum vital of Suffolk County Police Department Analyst, George Krivesta; and, an expert report submitted by counsel for officer DiLeonardo.

Nassau County defendants objected on the grounds of relevancy and privilege pursuant to N.Y. Civil Rights Law 50-a.[2]

Relevant Evidence is defined in Rule 401 as follows: "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

In his letter motion to compel plaintiff's counsel does not state any basis for the production of the records from the interdepartmental disciplinary proceedings other than to quote some general principles about the broad nature of discovery. He concludes stating that "evidence admissible as a public record is discoverable" and therefore "defendants must disclose it." In his supporting affidavit his argument for relevancy, is that without the records it won't be known which of the departmental charges were sustained, and regardless of which counts the disciplinary committee substantiated, "their [disciplinary committee] determination certainly has a tendency to a make a fact more or less probably than it would without the evidence" (Pl's affidavit ¶ 18-19).

Plaintiff's counsel is incorrect when he states the interdepartmental disciplinary proceedings are a public record admissible in evidence at trial under rule 803(8)(c), and incorrect when he states that the determination of the disciplinary committee can be received in evidence to make facts that the jury must determine more or less probable. The interdepartmental disciplinary proceedings are not a public record, and any determination made at the disciplinary hearing cannot be used to usurp the function of the jury as the sole finders of fact.

Even if the disciplinary proceedings were a public record they would not be admissible in evidence. F.R.E. 803(8)(c) provides for the admissibility in civil actions and proceeding against the government in criminal cases, factual findings from an investigation made pursuant to authority granted by law. Det/Sgt Distler was not a witness to anything and cannot state any facts. Similarly the expert's report would not be

---

[2] In opposing plaintiff's present motion to compel County defendants have no objection to disclosure of the C.V. of George Krivasta. It's hard to imagine that the affidavit of Det/Sgt. Distler would contain any privileged material, but it is not discoverable because it is not relevant to anything in this case.

able to state facts as opposed to opinions. As for determinations made by the "disciplinary committee", conclusions of law in a public report are generally inadmissible. *In September 11 Litigation*, 621 F. Supp. 2d 131.

But the internal police department proceedings are not a public record admissible under F.R.E. 803(8)(c). In support of his position that the disciplinary proceedings qualify as a public record plaintiff relies on the case of *Gentile v. County of Suffolk*, 129 F.R.D. 435 (E.D.N.Y. 1990), aff'd 926 F.2d 142 (2d Cir 1991). The single disciplinary hearing with just one witness in this case is a far cry from the comprehensive three year state mandated investigation in *Gentile*. In *Gentile* a §1983 action was brought in 1987 against individually named Suffolk County police officers and the County of Suffolk, who allegedly had responsibility for the wrongful acts of the defendant police officers under a Monell theory. Shortly before trial in May 1989 the State of New York Commission of Investigation issued its 199 page report entitled "An Investigation of the Suffolk County District Attorney's Office and the Police Department". (SIC report). The mandate of the investigative commission centered on activity occurring in Suffolk County from the mid 1970's into the late 1980's, including the period at issue in July 1981. The SIC report was the product of a formal investigation initiated by the Commission over three years earlier in January 1986. At trial selected portions of the NYS SIC report were admitted into evidence because it would have "a tendency to establish a policy, practice or custom or usage of inadequate investigation and discipline of employees' misconduct." *Gentile*, 129 F.R.D. 435 at 442. Surely in citing *Gentile* plaintiff's counsel cannot seriously maintain that DiLeonardo's disciplinary proceeding involving one witness with no independent knowledge of the facts is of the type of NYS mandated three year investigation in *Gentile*, or the congressionally mandated full scale investigation into the 911 terrorist attacks in *In Re September 11 Litigation* supra, where 160 witnesses testified under oath in proceedings that were the equivalent of cross-examination.

Plaintiff's demand for all the records of the police indemnification board and the internal police disciplinary hearing are nothing more than the fishing expedition that N.Y. Civil Rights Law 50-a was designed to prevent. It is clear that New York State Law is not binding on this federal court, but as Justice Weinstein stated in *King*, "the Magistrate need not ignore state privacy rules." Absent some indication that the personnel records plaintiff seeks are relevant or will lead to admissible evidence plaintiff's motion should be denied in its entirety.

## CONCLUSION

Plaintiff's demand for the records of the police indemnification review board is moot with the exception of the Barket transcript which is protected from disclosure under Rule 26. The internal disciplinary hearing of officer DiLeonardo is not a public record and is not relevant to any issue in this case or likely to lead to relevant evidence.

Yours, etc.,

CARNELL T. FOSKEY
NASSAU COUNTY ATTORNEY

Michael J. Ferguson, Esq.
Deputy County Attorney
(516) 571-3054

cc: All parties (via email)