# EXHIBIT D

# The Law Office of
# ANTHONY M. GRANDINETTE

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Mirel Fisch
Admitted in New York/New Jersey

Of Counsel,
Paul Casteleiro
New Jersey

Telephone: (516) 877-2889
Facsimile: (516) 294-5348
Email: Grandinettelaw@gmail.com

Nassau County Attorney's Office
Michael Ferguson, Esq.
Deputy County Attorney
One West Street
Mineola, NY 11501

June 12, 2014

Re: Thomas M. Moroughan v. The County of Suffolk, et al.
Docket No.: 12CV0512 (JB)(AKT)

Dear Mr. Ferguson:

As you are aware this office is counsel to Plaintiff Thomas M. Moroughan in the above captioned matter and I am in receipt of Defendant Nassau's June 9, 2014 Response to Plaintiff's Fifth and Sixth Demands For The Production of Documents and Things (Fifth Demand/Sixth Demand), and write this letter in relation thereto.

Plaintiff's Fifth Demand called, in part, for the production of documents, records and minutes of testimony used, relied upon or created in connection with the indemnification process pertaining to NCPD Officer Edward Bienz and former NCDP Officer Anthony DiLeonardo. Your response, *inter alia*, states that the Nassau County Police Indemnification Board does not maintain any records or minutes in connection with these indemnification proceedings and I respectfully request, pursuant to our duty to meet and confer and before submitting a motion to compel to Magistrate Tomlinson, that you telephone me to verify the accuracy of those statements.

It seems highly improbable there would be a process of indemnification pertaining to Nassau County employees that would not consist of some written documentation or records as to the application process and subsequent determinations. In this particular matter we understand that there was an appeal by DiLeonardo after his initial application to be indemnified was denied and that on appeal the initial decision not to indemnify him was affirmed. It seems unlikely that there would be absolutely no records created regarding this process.

Please note that I do not intend to imply that any of the information contained in your response is intentionally incomplete or inaccurate and I am simply trying to clarify this matter before proceeding with what may otherwise be unnecessary motion practice. Perhaps if you telephone me and walk me through the process I might better understand it.

Regarding your Response to Plaintiff's Sixth Demand - wherein Plaintiff requested any and all documents, records and minutes of testimony recorded in connection with all departmental proceedings held by the NCPD regarding Bienz an DiLeonardo - you have objected to the production of these documents on the basis of privilege as the materials sought constitute

1

constitute personnel documents and New York's 50-A law. Please let me know if there are any portions of the documents sought in Plaintiff's Sixth Demand to which privilege does not apply, and if so, if you would be willing to release those portions to this office. Further, please provide Plaintiff with a privilege log pursuant to FRCP 26 identifying the exact documents sought by Plaintiff which are in Nassau's possession and which privilege(s) you claims as applicable.

I thank you in advance for your time and attention to these matter.

Kind regards,

Bryan A. Zuckerman, Esq.

BAZ/eb

2