# EXHIBIT E

EDWARD P. MANGANO  
County Executive



CARNELL T. FOSKEY  
County Attorney

**COUNTY OF NASSAU**  
**OFFICE OF THE COUNTY ATTORNEY**  
One West Street  
Mineola, New York 11501-4820  
516-571-3076  
FAX: 516-571-6684

Bryan A. Zuckerman  
The Law Office of Anthony M. Grandinette  
114 Old Country Road, Suite 420  
Mineola, New York 11501

      *Re: Moroughan v. County of Suffolk, et al.*  
      *Docket No.: 12CV0512 (JB) (AKT)*

Dear Mr. Zuckerman,

      This letter concerns the Plaintiff's Fifth and Sixth Demands for the Production of Documents, and, more specifically responds to your letter dated June 12, 2014.

      As to Plaintiff's Fifth Demand for the Production of documents, records, and minutes of testimony used, relied upon, or created in connection with the indemnification process pertaining to Officer Edward Bienz and officer Anthony DiLeonardo, the County of Nassau objects to this demand for the reasons stated in my response.

      In your letter, you question how there would be no written documentation on records of the proceedings and the appeal by DiLeonardo. I was present at the initial indemnification hearing as to officers DiLeonardo and Bienz on March 6, 2012 and there was no record, transcript, or documentation made of the proceedings other than the determination of the indemnification board which you already have.

      You note that there was an appeal by Officer DiLeonardo to the initial decision not to indemnify. I was not present at the second police indemnification board proceedings on April 15, 2013 when Officer DiLeonardo appealed the initial decision of the indemnification board. After receiving your letter, I contacted legal counsel to the Indemnification Board, John M. Donnelly, Esq., who was present at the proceedings on April 15, 2013. Mr. Donnelly informed me there was a transcript made of the

proceedings on April 15, 2013, which consisted solely of the legal arguments made by Officer DiLeonardo's counsel. Mr. Donnelly forwarded me a copy of the transcript, which I have read. Review of the transcript reveals that in urging a reversal of the decision on indemnification, defense counsel's argument consisted of his mental impressions, legal theories, and proposed legal strategy for use at the trial of this action. As such, this document is not discoverable and is protected from disclosure as the mental impressions, conclusions, opinions, and legal theories of a party's attorney. Moreover, it is the position of Nassau County that all proceedings before the police indemnification review board, which under General Municipal Law § 50-l is solely a proceeding between the police officer and the county, is not subject to disclosure by other parties.

As to Plaintiff's Sixth Demand, the Nassau County defendants object to disclosure of any and all documents and proceedings at the departmental trial or hearing of Police Officer DiLeonardo (there was no trial or departmental proceedings held as to Officer Bienz) for the reasons stated in our response. As stated therein, and upon information and belief based on my conversations with legal counsel who represented the Nassau County Police Department at the departmental trial of hearing of Officer DiLeonardo, the only testimony was from one person, the police sergeant from the Internal Affairs Bureau concerning portions of the Internal Affairs Unit report and relevant portions of the Nassau County Police Department manual supporting the charges. In addition, an affidavit from this witness was submitted setting forth her experience with the Internal Affairs Bureau, and a copy of the *curriculum vitae* of Suffolk County Police Department Crime Laboratory Analyst, George Krivosta, was submitted. Upon information and belief, counsel for Officer DiLeonardo submitted an expert report, which I have not seen.

It remains the position of the County of Nassau that all proceedings, documents, records, and minutes of testimony at police departmental hearings or trials are privileged and confidential under the law enforcement privilege, official information privilege, and New York Civil Rights Law § 50-a

Very truly yours,

Dated: Mineola, New York
June 23, 2014

Michael J. Ferguson
Deputy County Attorney
One West Street
Mineola, New York 11501

2