**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
THOMAS M. MOROUGHAN,

                        Plaintiff,

          -against-

THE COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
SUFFOLK DETECTIVES RONALD
TAVARES, CHARLES LESER, EUGENE
GEISSINGER, NICHOLAS FAVATTA, and
ALFRED CICCOTTO, DETECTIVE/SGT.
WILLIAM J. LAMB, SGT. JACK SMITHERS,
SUFFOLK POLICE OFFICERS WILLIAM
MEANEY, and JESUS FAYA and SUFFOLK
JOHN DOES 1-10, THE COUNTY OF NASSAU,
NASSAU COUNTY POLICE DEPARTMENT,
SGT. TIMOTHY MARINACI, DEPUTY CHIEF
OF PATROL JOHN HUNTER, INSPECTOR
EDMUND HORACE, COMMANDING OFFICER
DANIEL FLANAGAN, DETECTIVE/SGT. JOHN
DEMARTINIS, NASSAU POLICE OFFICERS
ANTHONY D. DILEONARDO, EDWARD BIENZ
and JOHN DOES 11-20,
                        Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 12-512 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Presently before the Court is Plaintiff's letter motion to compel Defendant the County of Nassau ("Nassau County" or "the County") to produce discovery responsive to Plaintiff's demands for documents concerning indemnification and disciplinary proceedings brought against Defendants Anthony D. DiLeonardo ("P.O. DiLeonardo") and Edward Bienz ("P.O. Bienz"). DE 141. For the reasons set forth below, Plaintiff's motion is GRANTED to the extent

that Nassau County is directed to provide the Court all documents responsive to Plaintiff's demands for an *in camera* review within ten (10) days of this Order.

## I. BACKGROUND

### A. Plaintiff's Discovery Demands

Plaintiff requests an Order compelling the production of discovery sought pursuant to Plaintiff's Fifth and Sixth Demands for the Production of Documents and Things. *See* DE 141.

Plaintiff's Fifth Demand seeks "any and all documents, records, and minutes of testimony recorded in connection with any and all indemnification proceedings and/or hearings held by the Nassau County Police Officer Indemnification Board" ("the Indemnification Board") regarding P.O. DiLeonardo and P.O. Bienz. *Id.*, Ex. A. Nassau County objected to this demand on the grounds of "relevancy, privacy and privilege pursuant to New York Civil Rights Law § 50-a." *Id.*, Ex. C. Notwithstanding these objections, Nassau County asserted that "there are no minutes or records maintained of testimony and proceedings" before the Indemnification Board. *Id.*

Plaintiff's Sixth Demand requests "any and all documents, records, and minutes of testimony recorded in connection with any and all departmental proceedings and/or hearings held by the Nassau County Police Department regarding Officer Anthony DiLeonardo." *Id.*, Ex. B. Nassau County objected to this demand as follows:

> Response: Plaintiff's Sixth Demand for the Production of Documents and Things seeks reports, documents, minutes, proceedings, and other discovery from COUNTY OF NASSAU and the NASSAU COUNTY POLICE DEPARTMENT AND NASSAU POLICE OFFICER ANTHONY D. DILEONARDO. In addition to the General Objections set forth above, Defendants object on the grounds of privilege and relevance. The interdepartmental hearing constitutes personnel documents, which are protected under official information privilege, which protects police personnel files from "fishing expeditions." (*Velez v. City of New York*, 2010 WL 2265443, [E.D.N.Y. 2010]). In addition, New York Civil Rights Law § 50-a protects "all personnel records, used to evaluate

> performance toward continued employment or promotion, under the control of any police agency or department of the state," and are to be considered confidential and "not subject to inspection or review." Since the disciplinary hearing was conducted to evaluate the conduct and performance of Police Officer DiLeonardo, it falls under the purview of personnel documents. As to relevancy, upon information and belief, the interdepartmental disciplinary hearing of Police Officer DiLeonardo consisted of the testimony of just one person, the police sergeant who composed the IAU report, who was not a witness to any of the incidents which occurred on February 27, 2011, and was not involved in the investigation until June 2011, four months after the events at issue. The complete IAU records and report have previously been provided to counsel.

*Id.*, Ex. D.

### B. Correspondence Between Counsel

Upon receiving Nassau County's responses, Plaintiff's counsel sent a letter to Deputy County Attorney Michael Ferguson ("Attorney Ferguson"). *See id.*, Ex. E.[1] In his letter, Plaintiff's counsel stated that it seemed "highly improbable" that there was no written documentation or records concerning the indemnification process for P.O. DiLeonardo and P.O. Bienz. *Id.* Counsel pointed out that P.O. DiLeonardo had appealed the initial decision by the Indemnification Board denying his application for indemnification, and that this decision was later affirmed on appeal. *See id.* Counsel reiterated that it "seems unlikely that there would be absolutely no records created regarding this process." *Id.* Plaintiff's counsel also inquired whether Nassau County was willing to disclose any non-privileged documents responsive to Plaintiff's Sixth Demand. *See id.*

In his response, Attorney Ferguson stated that he was present at the initial indemnification hearing as to P.O. DiLeonardo and P.O. Bienz on March 6, 2012. *Id.*, Ex. F.

---

[1] Attorney Ferguson no longer represents Nassau County. On September 26, 2014, the firm of Leahey & Johnson, P.C. was substituted as counsel of record for Nassau County in place of the Nassau County Attorney. DE 151.

3

According to Attorney Ferguson, "there was no record, transcript, or documentation made of the proceedings other than the determination of the indemnification board," which was already produced to Plaintiff's counsel. *Id.*, Ex. F. Although Attorney Ferguson "was not present at the second police indemnification board proceedings on April 15, 2013 when Officer DiLeonardo appealed the initial decision of the indemnification board," he received a copy of the transcript from legal counsel to the Indemnification Board. *Id.* According to Attorney Ferguson:

> Review of the transcript reveals that in urging a reversal of the decision on indemnification, defense counsel's argument consisted of his mental impressions, legal theories, and proposed legal strategy for use at the trial of this action. As such, this document is not discoverable and is protected from disclosure as the mental impressions, conclusions, opinions, and legal theories of a party's attorney. Moreover, it is the position of Nassau County that all proceedings before the police indemnification review board, which under General Municipal Law § 50-l is solely a proceeding between the police officer and the county, is not subject to disclosure by other parties.

*Id.* Accordingly, Attorney Ferguson declined to disclose the transcript of the second indemnification proceeding.

As to Plaintiff's Sixth Demand, Attorney Ferguson reiterated that Nassau County objects to disclosure of all documents related to disciplinary proceedings concerning P.O. DiLeonardo "for the reasons stated in our response." *Id.* According to Attorney Ferguson, the following evidentiary items were presented at the disciplinary proceeding: (i) the testimony of Detective/Sergeant Joan Distler ("Sgt. Distler") concerning portions of the Internal Affairs Unit (IAU) report and relevant portions of the Nassau County Police Department Manual (concerning Uniforms and Equipment); (ii) an affidavit from Sgt. Distler setting forth her experience; (iii) the curriculum vitae (CV) of Suffolk County Police Department Analyst, George Krivesta; (iv) an

expert report submitted by counsel for officer DiLeonardo; and (v) the Charges and Specifications. *Id.*[2]

## II. THE FIFTH DEMAND

### A. The Parties' Arguments

Plaintiff argues that Nassau County has improperly withheld the transcript of P.O. DiLeonardo's second indemnification proceeding in response to the Fifth Demand. *See* DE 141 at 2. In particular, Plaintiff contends that Attorney Ferguson "lacks standing to assert any attorney work-product privilege on behalf of Mr. DiLeonardo as Nassau County does not represent DiLeonardo." *Id.* Rather, P.O. DiLeonardo is represented by the law firm of Barket, Marion, Epstein, & Kearon. *See id.*; Notice of Appearances [DE 7-8, 15]. Plaintiff argues that, "[a]t the very least, the factual issues asserted by DiLeonardo pertaining to the underlying events are certainly discoverable." DE 141 at 2. Accordingly, Plaintiff asks that Nassau County be compelled to submit the transcript of the second indemnification proceeding, as well as any other related documents, to the Court for an *in camera* review, along with an affidavit from an individual with knowledge stating that the documents produced "constitute the entirety of the respective files." *Id.* Finally, Plaintiff asserts that the documents related to the indemnification proceedings are relevant to shed light on the Indemnification Board's determination that P.O. DiLeonardo was acting outside the scope of his employment when he shot Plaintiff. *See* Affidavit of Anthony M. Grandinette In Support of Motion to Compel ("Grandinette Aff.") ¶¶ 32-33 [DE 142].

---

[2]    Nassau County has provided an Affidavit from Lesli P. Hiller, the police attorney who presented the disciplinary case against P.O. DiLeonardo, confirming that these were the only evidentiary items presented at the hearing. *See* DE 145, Ex. D.

5

In its opposition, Nassau County argues that Plaintiffs' Fifth Demand for all documents and records from the police Indemnification Board "is largely moot as the records, although not relevant and not discoverable, have already been provided by virtue of their inclusion in the Internal Affairs Report . . . which the plaintiff has had since early in this litigation." DE 145 at 1.[3] Noting that "[t]here were two indemnification board hearings as to officer DiLeonardo," Nassau County states that "Plaintiff already has all the records and documents from the first hearing, including the determinations by the board." *Id.* As for the second indemnification hearing, Nassau County asserts, "upon information and belief," that "no new documents were produced" at that hearing "and the only record made was a transcript of the legal arguments, opinions and theories of DiLeonardo's counsel, Bruce Barket." *Id.* at 1-2. Nassau County argues that this transcript "is the only record or document before the police indemnification board which the plaintiff does not have." *Id.* at 2.

Nassau County further argues that the transcript of the second proceeding is protected from discovery pursuant to Fed. R. Civ. P. 26(b)(3)(B), which "protect[s] against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Nassau County emphasizes that it is not attempting to assert the attorney work-product privilege on behalf of P.O. DiLeonardo, as Plaintiff argues. *See* DE 145 at 3. Rather, Nassau County merely contends that "the transcript is protected from disclosure as legal theories of a party's attorney." *Id.*[4]

---

[3]  Nassau County's opposition was submitted by Attorney Ferguson.

[4]  The Court notes that counsel for P.O. DiLeonardo has not expressed any view whether or not the transcript of the second indemnification hearing should be protected from disclosure under Fed. R. Civ. P. 26(b)(3)(B).

6

B.  Analysis

Although Plaintiff's Fifth Demand seeks documents concerning "any and all indemnification proceedings and/or hearings" held by the Indemnification Board, the parties' arguments focus on the transcript and documents related to P.O. DiLeonardo's second indemnification proceeding. As noted above, Nassau County asserts that Plaintiff has already been provided with all records from the first indemnification hearing, including the determinations by the Indemnification Board. DE 145 at 1. Plaintiff does not appear to dispute this contention. Accordingly, the Court finds that Plaintiff is not entitled to further production concerning the first indemnification proceeding.

As to the second indemnification proceeding, Plaintiff argues that the transcript and related documents (to the extent the latter exist) are relevant to show, in essence, why the Indemnification Board determined that P.O. DiLeonardo was acting outside the scope of his employment when he shot Plaintiff. Grandinette Aff. ¶ 32. In particular, Plaintiff argues that "[t]he specific determinations made by the Indemnification Board, as well as all documents, records, and legal arguments presented to it in making its determinations, are relevant in that [Plaintiff] does not know which acts alleged against [P.O. DiLeonardo] in the complaint, one, some, or all, the Indemnification Board found were committed outside the scope of his employment." *Id.* ¶ 33.

The Court notes at the outset that the parties have not cited to (and the Court has been unable to find) any case law which addresses whether indemnification hearing transcripts, or other internal documents relating to the indemnification decision, should be disclosed to a plaintiff in a civil rights action based on their potential relevance to the plaintiff's claims against the defendant police officer. Rather, the Court has found through its own research that the basis

7

for a municipality's decision to deny representation to a police officer is generally considered only in cases where the officer has challenged the denial. *See, e.g.*, *Barnes v. Banks*, No. 10-CV-4802, 2011 WL 4943972, at *5 (S.D.N.Y. Oct. 18, 2011); *Jocks v. Tavernier*, 97 F. Supp. 2d 303, 312–14 (E.D.N.Y. 2000), *rev'd on other grounds*, 316 F.3d 128 (2d Cir. 2003); *cf. Behar v. City of New York*, No. 98-CV-2635, 1999 WL 212685, at *3 (S.D.N.Y. Apr. 13, 1999) (granting motion by Corporation Counsel to withdraw as counsel to defendant police officers where the motion was opposed by Police Benevolent Association). Notwithstanding the lack of case law on the issue presented here, the Court concludes, based on the arguments presented by Plaintiff's counsel, that the transcript from the second indemnification proceeding meets the relevance threshold under Fed. R. Civ. P. 26. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'").

Moreover, Fed. R. Civ. P. 26(b)(3)(B) does not protect the transcript of the second indemnification from disclosure.[5] *See* DE 145 at 3. Rule 26(b)(3) states, in pertinent part:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . . But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable . . . ; and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
> . . . .
>
> If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions,

---

[5] As discussed, Nassau County also raised the New York Civil Rights Law § 50-a privilege as grounds for non-disclosure in its objections to Plaintiff's Fifth Demand. *See* DE 141, Ex. C. However, the County has not argued in its submissions on this motion that the § 50-a privilege applies to shield the transcript of the second indemnification hearing from discovery. Accordingly, the Court will not address this issue in its analysis.

> or legal theories of a party's attorney or other legal representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3). It is well established that Rule 26(b)(3) is the codification of the attorney work-product doctrine, which "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003). Despite the County's contentions to the contrary, it appears to the Court that, by invoking Rule 26(b)(3), the County is attempting to assert attorney work-product privilege to protect against the disclosure of statements made by counsel for P.O. DiLeonardo during the second indemnification hearing. However, Nassau County has failed to clear the "initial hurdle" of "demonstrate[ing] that it has standing to invoke work product protection for the documents at issue" because Nassau County did not represent P.O. DiLeonardo at the hearing. *Gonzalez v. City of New York*, No. 08-CV-2699, 2009 WL 2253118, at *2 (E.D.N.Y. July 28, 2009) (holding that the Corporation Counsel had no standing to assert the work-product privilege on behalf of the District Attorney ("DA") where Corporation Counsel did not "represent the DA *in the instant matter*." (emphasis in original)). Accordingly, the attorney work-product privilege does not apply to prevent disclosure of the transcript of P.O. DiLeonardo's second indemnification hearing.[6]

Ultimately, given the novel nature of Plaintiff's request and Nassau County's assertion of privilege, the Court concludes that the best course of action is for Nassau County to submit the transcript of the second indemnification proceeding, as well as any other related documents, to the Court for an *in camera* review. The Court also finds it appropriate to have the County

---

[6] The Court need not address at this time Plaintiff's alternative argument that counsel for P.O. DiLeonardo waived the attorney work-product privilege by disclosing the transcript to counsel for Nassau County. *See* DE 141 at 2 (citing *Salomon Bros. Treasury Litig. v. Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993)).

provide an affidavit from an individual with first-hand knowledge confirming that the documents produced "constitute the entirety of the respective files." DE 141 at 2.

## III. THE SIXTH DEMAND

### A. The Parties' Arguments

With regard to the Sixth Demand, Plaintiff argues that Nassau County has failed to meet its "threshold" burden set forth in *King v. Conde* (121 F.R.D. 180 (E.D.N.Y. 1988)) to demonstrate that the Civil Rights Law § 50-a privilege applies to prevent disclosure of the records relating to interdepartmental disciplinary proceedings against P.O. DiLeonardo. *See* DE 141 at 3-4. Even if the privilege does apply, Plaintiff contends that it does not operate as "an absolute bar to disclosure," as Nassau County argues. *Id.* at 4. Rather, the law requires, according to Plaintiff, that personnel records be disclosed to the requesting party if the Court determines after an *in camera* review that the records are relevant. *Id.* Plaintiff further asserts that Sgt. Distler's testimony at the disciplinary hearing could not be privileged because, according to Attorney Ferguson, "the substance of her testimony concerned the Internal Affairs Report previously disclosed to all parties in this case." *Id.* Plaintiff also points out that Nassau County has not shown what harm it would suffer by disclosing the documents presented at the hearing, namely, Sgt. Distler's affidavit regarding her experience with the IAU, the curriculum vitae of the Suffolk County Police Department Crime Laboratory Analyst, and the report of P.O. DiLeonardo's expert. *See id.*

Plaintiff further asserts that he has met his burden of showing that the requested material is relevant to his claims. *See* Grandinette Aff. ¶ 18. Plaintiff's counsel points out that, although he knows P.O. DiLeonardo was terminated from his employment with the Nassau County Police

Department and that, according to the statements published in *Newsday*, "he was terminated because of his 'egregious conduct,'" Plaintiff

> does not know which of the eleven counts of unlawful conduct, and which of the eight counts of violating department rules, the disciplinary committee substantiated. For example, [Plaintiff] does not know if the disciplinary committee substantiated the findings of the Internal Affairs Unit Report that [P.O. DiLeonardo] was impaired by the consumption of alcohol prior to shooting [Plaintiff], whether he engaged in excessive use of force, whether he attempted to arrest [Plaintiff] absent legal authority to do so, or a host of other possibilities.

*Id.* ¶ 18. Regardless of which counts the disciplinary committee upheld, Plaintiff asserts that "[e]very single count which the disciplinary committee substantiated, has a tendency to make the corresponding cause(s) of action in the Amended Complaint more probable, as [P.O. DiLeonardo] would not have been terminated if the disciplinary committee found that the did not engage in the alleged acts. *Id.* ¶ 19. Finally, Plaintiff contends that the documents related to the disciplinary proceedings are public records and would therefore be admissible under Fed. R. Evid. 803(8)(c). *Id.* ¶¶ 23-24; DE 141 at 4.

Nassau County argues in opposition that records relating to P.O. DiLeonardo's interdepartmental disciplinary proceedings "are privileged under New York Civil Rights Law § 50-a, and are not relevant under Rule 401 to any issue in this case." DE 145 at 2. Nassau County claims that it need only meet the "threshold burden" established in *King* since the documents Plaintiff seeks are irrelevant. *See id.* According to Nassau County, the interdepartmental disciplinary proceedings at issue here "are not a public record and are not relevant" to Plaintiff's claims, as the only person who testified at the hearing was Sgt. Distler, "who prepared the IAU report which plaintiff has." *Id.* Sgt. Distler "is not a lawyer and was not a witness to any of the events that occurred on February 27, 2011," and Nassau County therefore

11

argues that "[a]ny legal conclusions or determinations she reached would not be relevant." *Id.* Although Nassau County has provided the *curriculum vitae* ("C.V.") of George Krivasta, the County has declined to provide Sgt. Distler's affidavit "because it is not relevant to anything in this case." *Id.* at 4 n.2. Finally, Nassau County asserts that Plaintiff's counsel is "incorrect" when he states that the interdepartmental disciplinary proceedings would be admissible in evidence at trial under Rule 803(8)(c), since "interdepartmental disciplinary proceedings are not a public record, and any determination made at the disciplinary hearing cannot be used to usurp the function of the jury as the sole finders of fact." *Id.* at 4.

### B. Legal Standard Under Civil Rights Law § 50-a

Civil Rights Law § 50-a provides that:

> [a]ll personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency . . . shall be considered confidential and not subject to inspection or review without the express written consent of such police officer ... except as may be mandated by lawful court order.

In federal civil rights cases, issues of privilege are governed by federal law, not state law, and "[u]nder federal law, there is no confidentiality privilege afforded to police records as there is under New York Civil Rights Law § 50–a." *Smith v. Cnty. of Nassau*, No. CV 10-4874, 2013 WL 3893380, at *2 (E.D.N.Y. July 24, 2013) (citing *King*, 121 F.R.D. at 187); *see United States v. Collier*, No. 10-CR-820 2013 WL 125691, at *1 (E.D.N.Y. Jan. 9, 2013) ("Although 'federal common law provides for some consideration of state law privileges,' the protections of Section 50–a 'do not govern discovery in federal cases.'") (quoting *Mercado v. Div. of N.Y. State Police*, 989 F. Supp. 521, 522 (S.D.N.Y. 1998)) (alteration omitted). "In fact, 'in the context of a civil rights action asserted against police officers, no federal rule prohibits discovery of police personnel documents.'" *Smith*, 2013 WL 3893380, at *2 (quoting *McKenna v. Inc. Vill. of*

*Northport*, 06 CV 2895, 2007 WL 2071603, at *7, (E.D.N.Y. Jul. 13, 2007)). "However, 'the nonexistence of a federal law in this area does not give license for free and unfettered discovery of police personnel documents.'" *Dorsett v. Cnty. of Nassau*, 762 F. Supp. 2d 500, 531 (E.D.N.Y.) *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) *aff'd sub nom. Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013) (quoting *Cody v. N.Y.S. Div. of State Police*, No. CV 07–3735, 2008 WL 3252081, at *2 (E.D.N.Y. July 31, 2008)). Rather, a court "must balance the interests favoring and opposing confidentiality in the discovery phase of the litigation." *King*, 121 F.R.D. at 187; *see Smith*, 2013 WL 3893380, at *2; *Dorsett*, 762 F. Supp. 2d at 531.

To effectively balance these interests, courts apply the two-prong test established in *King*. *See, e.g.*, *Coggins v. Cnty. of Nassau*, No. 07-CV-3624, 2014 WL 495646, at *2 (E.D.N.Y. Feb. 6, 2014); *Smith*, 2013 WL 3893380, at *2; *Dorsett*, 762 F. Supp. 2d at 532. "Under the first prong of the *King* test, the police bear the burden of making a 'substantial threshold showing' that harm is likely to occur as a result of disclosure of the requested documents." *Dorsett*, 762 F. Supp. 2d at 532; *see King*, 121 F.R.D. at 189 (internal quotation marks omitted). "Unless the government, through competent declarations, shows the court what interests of law enforcement or privacy would be harmed, *how* disclosure under a protective order would cause the harm, and *how much* harm there would be, the court cannot conduct a meaningful balancing analysis." *Id.* (quoting *King*, 121 F.R.D. at 189) (internal quotations and alterations omitted) (emphasis in original). "The declaration or affidavit submitted must (1) be under oath and penalty of perjury; (2) from a responsible official within the agency who has personal knowledge of the principal matters to be attested to; and (3) upon personal review of the documents." *Id.* "Only upon satisfying this initial threshold showing will a Court turn to the next prong and weigh the factors in favor of and against disclosure." *Id.* (citing *Cody*, 2008 WL 3252081, at *3; *McKenna*, 2007

WL 2071603, at *7). "Where defendants have not satisfied their burden of justifying the application of any privilege, the Court will not shield the requested documents and information from disclosure based on Section 50–a or any other privilege." *Smith*, 2013 WL 3893380, at *2 (internal quotation marks omitted).

"However, even where no substantial harm is shown under the first prong of the analysis, an objection as to the relevance of the documents may prevent their disclosure." *Cody*, 2008 WL 3252081, at *3 (citing *Barrett v. City of New York*, 237 F.R.D. 39, 42 (E.D.N.Y. 2006) (ordering relevant requested documents to be produced despite defendants' failure to specifically identify any harm that would result from production); *Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y. 1989) (holding that where defendants made no substantial threshold showing of specific harm, the court had no choice but to order disclosure "unless defendants' objections on grounds of relevance are sustained"). "[T]he purpose behind § 50–a is that it be used as a shield against irrelevant and improper disclosure of documents." *Dorsett*, 762 F. Supp. 2d at 531; *see King*, 121 F.R.D. at 192 ("The sole function of section 50–a is thus to protect irrelevant materials from disclosure: to prevent fishing expeditions, not to safeguard privacy itself."). "Thus, irrelevant records will not be subject to discovery even where defendants fail to meet the requirements for shielding the documents from disclosure under *King*. Conversely, if a record is deemed relevant to a plaintiff's case, it must be disclosed by the defendant." *Cody*, 2008 WL 3252081, at *3 (citing *King*, 121 F.R.D. at 192; *Mercado*, 989 F. Supp. at 523 (ordering disclosure of ten disciplinary records of nonparty state troopers in Title VII action because "records might be relevant to prove that similarly situated white officers were treated differently")).

## C. Analysis

Nassau County argues that, although the records relating to P.O. DiLeonardo's interdepartmental disciplinary proceedings are privileged under Civil Rights Law § 50–a, the County need not make the "threshold showing" under *King* because these records are irrelevant to Plaintiff's case. DE 145 at 2. This argument misunderstands the application of the § 50-a privilege. As stated *supra*, for the privilege to apply, Nassau County must first make a substantial threshold showing "that harm is likely to occur as a result of disclosure of the requested documents." *Dorsett*, 762 F. Supp. 2d at 532. No such showing has been made here. In fact, Nassau County has "fail[ed] to specify what, if any, interests would be harmed by disclosure" of the disputed disciplinary records. *Cody*, 2008 WL 3252081, at *4. Further, as Plaintiff points out in his submissions, the County has neglected to provide a declaration or affidavit from a responsible official who, based on his or her personal review of the documents, has attested under oath and penalty of perjury to the particularized harm Nassau County would suffer were the documents disclosed. As this Court stated in *Dorsett*, without such a "competent declaration[]," the Court cannot conduct a meaningful balancing analysis under *King*. *Id.* Thus, the Court finds that Nassau County has not satisfied the substantial threshold showing required under *King*, which would bring the disputed documents within the confidentiality provisions of § 50–a. *See id.* at 533.

Although Nassau County has failed to satisfy the first prong of the *King* test, it may still rely on "relevance objections to prevent disclosures" of the records of the disciplinary proceedings. *Cody*, 2008 WL 3252081, at *4. As discussed, the parties dispute the relevance of the records at issue here – *i.e.*, the transcript of the disciplinary proceedings, Sgt. Distler's

affidavit, and the expert report presented by P.O. DiLeonardo.[7] Plaintiff asserts that these records are relevant to show which of the 19 disciplinary charges against P.O. DiLeonardo were substantiated by the disciplinary committee. Grandinette Aff. ¶ 18. Plaintiff asserts that, "[t]o evaluate the trustworthiness of the disciplinary committee's determination, [Plaintiff] must know which specific testimony was presented to the committee," as well as the contents of Sgt. Distler's affidavit and the expert report. *Id.* ¶¶ 25-27. The records will also likely lead to the discovery of admissible evidence, Plaintiff argues, because "[g]iven that the investigation by the disciplinary committee was certainly permitted by law, its findings and determinations fall under the Federal Rule of Evidence 803(8) exception to the rule against hearsay . . . Therefore, [Plaintiff] will be able to introduce its determinations at trial, during his case-in-chief, to prove the truth of the matter asserted." *Id.* ¶ 23. Nassau County disputes both that the records Plaintiff seeks are relevant and that they would fall under the Rule 803(8)(c) public record exception to the hearsay rule. *See* DE 145 at 2, 4.

Again, neither party has supported its position with case law addressing the relevance and/or admissibility of the type of records at issue here, namely, records of interdepartmental police disciplinary proceedings which relate to the incident underlying plaintiff's § 1983 action. The Court notes that Plaintiff has cited one case, *Gentile v. Cnty. of Suffolk* (129 F.R.D. 435, 447 (E.D.N.Y. 1990) *aff'd*, 926 F.2d 142 (2d Cir. 1991)), in support of his assertion that the interdepartmental disciplinary records he seeks would be admissible at trial pursuant to Federal Rule of Evidence 803(8), which permits a party to introduce "public records" containing "factual findings from a legally authorized investigation" to prove the truth of the matter asserted.

---

[7] Nassau County represents that it has already provided Plaintiff with the C.V. of George Krivasta. DE 145 at 4.

DE 141 at 5. In particular, Plaintiff relies on Judge Weinstein's statement in *Gentile* that "under Rule 803(8)(C) investigation need only be *permitted* by law . . . [and] need not be required [by law]." 129 F.R.D. at 448 (citing *Fraley v. Rockwell Int'l Corp.*, 470 F. Supp. 1264, 1266 (S.D. Ohio 1979)) (emphasis in original).

However, as Nassau County points out in its opposition, the circumstances in *Gentile* appears distinguishable from those presented in this case. Primarily, the public record at issue in *Gentile* was a 199-page report issued by the State of New York Commission of Investigation, which was the product of the Commission's three-year formal investigation into the Suffolk County District Attorney's Office and Suffolk County. *See* 129 F.R.D. at 440-45. As Judge Weinstein noted in *Gentile*, "[d]uring the nearly three years of its investigation, the Commission was contacted by over 200 complainants regarding County law enforcement matters . . . [and] interviewed several hundred witnesses, [held] nearly 100 private hearings consisting of sworn testimony, [as well as] four days of public hearings during which 42 witnesses testified; and [reviewed] tens of thousands of pages of documents[.]" *Id.* at 444. At trial, selected portions of the report were admitted into evidence because that material would have "a tendency to establish a policy, practice or custom or usage of inadequate investigation and discipline of employees' misconduct." *Gentile*, 129 F.R.D. 435 at 442.

By contrast, here, P.O. DiLeonardo's disciplinary hearing – which was not held publicly – involved one witness who, according to Nassau County, had no independent knowledge of the facts underlying the allegations against P.O. DiLeonardo. Moreover, Plaintiff points to no other cases which indicate that the records of an internal police disciplinary hearing, such as the one which occurred in this case, should be considered "public records" for the purposes of Rule 803(8)(C).

Based on the information presented to date and the fact that the Court has not seen the documents responsive to the Sixth Demand, the Court is unable to make a determination as to the relevance of those documents. Accordingly, the Court is directing that all responsive documents be sent to this Court for an *in camera* review within ten (10) days.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is GRANTED to the extent that Nassau County is directed to provide all documents responsive to the Plaintiff's Fifth and Sixth Demands to the Court for an *in camera* review within ten (10) days of the date of this decision. In addition, the County is directed to provide the affidavit outlined by the Court in Section II.B in that same timeframe.

**SO ORDERED:**

Dated: Central Islip, New York
September 16, 2015

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge