**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
THOMAS M. MOROUGHAN,

                Plaintiff,

        -against-

THE COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
SUFFOLK DETECTIVES RONALD
TAVARES, CHARLES LESER, EUGENE
GEISSINGER, NICHOLAS FAVATTA, and
ALFRED CICCOTTO, DETECTIVE/SGT.
WILLIAM J. LAMB, SGT. JACK SMITHERS,
SUFFOLK POLICE OFFICERS WILLIAM
MEANEY, and JESUS FAYA and SUFFOLK
JOHN DOES 1-10, THE COUNTY OF NASSAU,
NASSAU COUNTY POLICE DEPARTMENT,
SGT. TIMOTHY MARINACI, DEPUTY CHIEF
OF PATROL JOHN HUNTER, INSPECTOR
EDMUND HORACE, COMMANDING OFFICER
DANIEL FLANAGAN, DETECTIVE/SGT. JOHN
DEMARTINIS, NASSAU POLICE OFFICERS
ANTHONY D. DILEONARDO, EDWARD BIENZ
and JOHN DOES 11-20,

                Defendants.
-----------------------------------------------------------------X

**ORDER**

CV 12-512 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Presently before the Court is the letter motion by the Nassau County Defendants (collectively, "the County") to quash a subpoena, served by Plaintiff's counsel, which seeks to compel non-party Det. Sgt. Jo-Ann Distler ("Sgt. Distler") (1) to appear for a deposition, and (2) to produce her investigative notes related to the Internal Affairs Unit ("IAU") Report she prepared. *See generally* DE 188. The County also requests that the Court issue a protective order with respect to Plaintiff's Tenth Demand for Production of Documents, which seeks, *inter*

*alia*, (1) copies of all materials regarding Veh. & Traf. Law § 1192, Leandra's Law[1] or other alcohol-related incidents which were used while Defendants Anthony DiLeonardo ("DiLeonardo") and Edward Bienz ("Bienz") were in the Nassau County Police Academy ("the Police Academy"), and (2) all paperwork prepared by DiLeonardo or Bienz related to an arrest and/or charge made pursuant to Veh. & Traf. Law § 1192, Leandra's Law, or any other incident involving alcohol consumption. *See generally id.* Plaintiff opposes the motion. *See* DE 194.

For the reasons set forth in this Order, the Court (1) DEFERS RULING on the County's motion to quash the subpoena until the Court receives further information from the parties, and (2) GRANTS, in part, and DENIES, in part, the County's motion for a protective order.

### A. Motion to Quash

In moving to quash Plaintiff's subpoena, the County asserts, *inter alia*, that Sgt. Distler's testimony "would be cumulative of the information contained in the extensive and comprehensive IAU report and its supporting documents, which [are] already in Plaintiff's possession," as well as the testimony of fact witnesses referenced in the IAU Report whom Plaintiff has already deposed. DE 188 at 2-3. The County further maintains that Sgt. Distler's testimony and investigatory notes are "are protected by the qualified law enforcement privilege" because they "are intimately tied to her IAU Report." *Id.* at 3. According to the County, Plaintiff's counsel has stated, "in effect, that he wished to depose Det. Sgt. Distler as to her opinion of the credibility of the individuals she interviewed and to challenge comments purportedly made by counsel for Defendant DiLeonardo that Det. Sgt. Distler is unreliable and

---

[1] Veh. & Traf. Law § 1192 pertains to the operation of a motor vehicle while under the influence of alcohol or drugs. Leandra's Law, codified at Veh. & Traf. Law § 1192(2-a)(b), provides that "[n]o person shall operate a motor vehicle in violation of § 1192 while a child who is 15 years of age or less is a passenger in such motor vehicle." Leandra's Law was enacted on November 30, 2009. *See* N.Y. Sess. Laws Ch. 496 (A. 40008) (McKinney).

inexperienced." *Id.* Plaintiff's subpoena should therefore be quashed, the County contends, since Plaintiff plainly seeks to elicit Sgt. Distler's "privileged opinions and evaluations – "topics which have "no bearing on the facts of this case." *Id.*

According to Plaintiff, the County has failed to show that the law enforcement privilege applies here, or that the discovery Plaintiff seeks from Sgt. Distler would be cumulative and unduly burdensome. DE 194 at 1-2. Plaintiff states that he "seeks to depose Distler to establish the trustworthiness of her IAU Report in order to lay a foundation for its admissibility at trial," and that he seeks "her investigative notes for an identical purpose, but also because her investigatory notes taken contemporaneously with her investigation contain factual statements given by the witnesses, as well as the named defendants, close in time to the events in this case." *Id.* at 2. Plaintiff further notes that DiLeonardo has "already indicated that he will oppose the introduction of the IAU Report." *Id.* Specifically, DiLeonardo's attorney, Bruce Barket, "challenged Distler, publicly stating that her report was 'virtually worthless,' and that she 'had never previously investigated a use-of-force case.'" *Id.* (citation omitted). Accordingly, Plaintiff maintains that he "has a compelling need to depose Distler to solicit testimony as to her training, experience, and competence as it relates to this investigation, and as to the factual history of the investigation, such as when and the manner in which she interviewed witnesses, and her assessment of their credibility to the extent it influenced her findings." *Id.*

Having considered the arguments presented by Plaintiff's counsel and the County, the Court requires further information before it can rule on the County's motion to quash. Specifically, the Court needs to know whether the other parties in this action (*i.e.*, Defendant DiLeonardo, Defendant John Hunter, and the Suffolk County defendants) are challenging or intend to challenge (1) the admissibility of the IAU Report based on its "trustworthiness," and/or

(2) Sgt. Distler's "training, experience, and competence." *See* DE 194 at 2. The Court notes that it is not considering other arguments regarding the admissibility the IAU Report at this time, and is only interested in ascertaining whether these parties intend to challenge the "trustworthiness" of the IAU Report based on Sgt. Distler's alleged lack of "training, experience, and competence." The Court is directing counsel for DiLeonardo, Hunter, and the Suffolk County defendants to provide a written statement addressing these issues to the Court within seven (7) days of entry of this Order.

The Court also requires further information regarding the topics Plaintiff's counsel intends to cover during Sgt. Distler's deposition, should that deposition be permitted to proceed. Accordingly, the Court is directing Plaintiff's counsel to provide a bullet-point list setting forth the specific topics he intends to address at any prospective deposition of Sgt. Distler, should the deposition be permitted. That information is to be filed within seven (7) days of entry of this Order.

Finally, the Court is directing counsel for Nassau County to provide Sgt. Distler's investigative notes for an *in camera* review the Court. These documents are to be submitted directly to the Chambers within seven (7) days of the entry of this Order.

Accordingly, the Court DEFERS RULING on the County's application to quash Plaintiff's subpoena until it receives and evaluates the foregoing information.

### B. Motion for Protective Order

The County also requests that the Court issue a protective order as to Items 2 and 3 of Plaintiff's Tenth Demand which seeks (i) copies of all materials regarding Veh. & Traf. Law

§ 1192, Leandra's Law, or other incidents involving alcohol consumption which were used while DiLeonardo and Bienz were in the Police Academy, and (ii) all paperwork prepared by DiLeonardo or Bienz related to an arrest and/or charge made pursuant to Veh. & Traf. Law § 1192, Leandra's Law, or any other incident involving alcohol consumption. *See* DE 188 at 5. The County contends that "Plaintiff's demand for all records regarding alcohol-consumption related arrests effectuated by Defendants DiLeonardo and Bienz is nothing more than a 'fishing expedition' that potentially calls for the production of several years of records that are not reasonably calculated to reveal any information relevant, material or necessary to the claims in this case." *Id.* The County further maintains that producing these records would be burdensome since they "have no probative value to this case and . . . [have] no bearing on Plaintiff's ability to support his claims against the Nassau Defendants." *Id.*

In his opposition, Plaintiff asserts that the County has failed to show that a protective order is warranted, since the discovery Plaintiff has requested is "reasonably calculated to lead to admissible evidence." DE 194 at 4. According to Plaintiff, he seeks the disputed documents "to prove that despite DiLeonardo and Bienz's training [as police officers], they each failed to disclose that the other was intoxicated or impaired on the night [of Plaintiff's shooting], but rather, in furtherance of a conspiracy, intentionally withheld that information and submitted false statement[s] that they both acted within the scope of their official duties when DiLeonardo 'effected a lawful arrest' of Moroughan." *Id.* at 6 (citation omitted). Plaintiff further contends that the documents "will significantly increase Plaintiff's ability to prove their conspiracy, which by its very nature is secretive and difficult to prove," and "[t]he documents are therefore discoverable." *Id.*

5

Under Rule 26(c), the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order." *Torcasio v. New Canaan Bd. of Ed.*, No. 15-CV-53, 2016 WL 312102, at *2 (D. Conn. Jan. 26, 2016) (citing *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504, 505 (2d Cir. 2011) (summary order)); *see Snider v. Lugli*, No. 10- CV-4026, 2011 WL 5401860, at *2 (E.D.N.Y. Nov. 4, 2011) ("A protective order may only be issued, however, after the movant demonstrates that good cause exists for the protection sought.") (citing *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987)). To meet the good-cause standard under Rule 26(c), "the moving party must establish 'particular and specific facts' rather than 'conclusory assertions,' that justify the imposition of a protective order." *Coggins v. Cty. of Nassau*, No. 07-CV-3624, 2014 WL 495646, at *2 (E.D.N.Y. Feb. 6, 2014) (quoting *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005)); *see, e.g.*, *Torcasio*, 2016 WL 312102, at *2 ("To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.") (internal quotation marks omitted). Ultimately, the trial court has "broad discretion" in determining whether to enter a protective order pursuant to Rule 26(c). *See, e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 26 (1984) ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."); *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 391 (2d Cir. 1981) (stating that a district court has "broad discretion to determine whether an order should be entered protecting a party from disclosure of information claimed to be privileged or confidential").

Applying these standards here, the County has failed to meet its burden of demonstrating that a protective order is warranted. The County essentially asserts that good cause for the issuance of a protective order exists because the disputed document demands seek irrelevant information and would be burdensome to produce. *See* DE 188 at 5. Under Rule 26, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim, and such discovery need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1). Relevance is broadly and liberally construed for purposes of discovery and may include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see, e.g*, *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (noting that the scope of discovery under Rule 26(b) is "very broad"); *Greene v. City of New York*, No. 08-Cv-243, 2012 WL 5932676, at *3 (E.D.N.Y. Nov. 27, 2012) (citing *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (explaining that Rule 26 must be construed broadly to include any matter that has, or could reasonably have, bearing on any issue that is, or may be, in the case).[2]

---

[2] While the County's motion was pending, Rule 26(b)(1) was amended in December 2015 to allow discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Under the amended Rule, 'relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14–CV–9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015)) (internal quotation marks and alteration omitted); *accord Bagley v. Yale Univ.*, No. 13-CV-1890, 2015 WL 8750901, at *7 (D. Conn. Dec. 14, 2015). However, as courts in this Circuit have observed, "the amended Rule is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry*, 2016 WL 303114, *3 (S.D.N.Y. 2016); *accord Augustyniak v. Lowe's*

Given the broad scope of discovery and the representations made in Plaintiff's opposition, the Court finds that some of the requested documents may be relevant to the claims and defenses at issue in this litigation. Although the County has cited two cases from this District where the requests for a protective order were granted, these cases are factually distinguishable and do not demonstrate that a protective order should be imposed here. *See Fox Indus., Inc. v. Gurovich*, No. 03-CV-5166, 2006 WL 2882580, at *13 (E.D.N.Y. Oct. 6, 2006) (granting the defendant's request for a protective order as to third-party subpoena seeking banking records "[g]iven the potentially irrelevant personal information that may well be in the documents"); *Flores v. Amigon*, 233 F. Supp. 2d 462, 462, 464-65 (E.D.N.Y. 2002) (in Fair Labor Standards Act case, imposing protective order preventing the defendant from discovery related to the plaintiff's immigration status on the grounds that this information was not relevant in establishing the defendant's defense "that an award of back pay to an undocumented alien would run afoul of the policies underlying the Immigration Reform and Control Act of 1986" and even if it was, "the potential for prejudice far outweighs whatever minimal probative value such information would have").[3] Moreover, the County's contention that the documents "will merely serve to muddle the issues and prejudice the jury" goes to the documents' potential admissibility and is not sufficient to prevent disclosure. DE 188 at 5; *see, e.g.*, *Barrett v. City of*

---

*Home Ctr., LLC*, No. 14-CV-00488-JJM, 2016 WL 462346, at *5 (W.D.N.Y. Feb. 8, 2016). Particularly, "the Court should consider both the nature of information sought and whether its production is 'proportional to the needs of the case.'" *Henry*, 2016 WL 303114, at *3 (quoting Fed. R. Civ. P. 26(b)(1)).

[3] The County has also cited two cases from the Ohio Court of Appeals for the Sixth District – one from 1995 and the other from 1986. *See* DE 188 at 5(citing *Drawl v. Cleveland Orthopedic Ctr.*, 107 Ohio App. 3d 272, 668 N.E.2d 924, 925 (1995); *Henneman v. City of Toledo*, No. C.A. L-86-026, 1986 WL 15200 (Ohio Ct. App. Dec. 24, 1986) *aff'd*, 35 Ohio St. 3d 241, 520 N.E.2d 207 (1988)). In addition to being factually distinguishable, these decisions are not binding on this Court.

*New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable."). The Court is satisfied that production of some of the documents requested here "reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer*, 437 U.S. at 351.

Finally, the County has neglected to provide "specific facts" which support its bare assertion that some of the requested documents would be burdensome to produce. *See Coggins*, 2014 WL 495646, at *2. However, the Court nevertheless finds that the Plaintiff's requests for "all" responsive documents are overbroad. Consequently, the Court is directed to produce the specific DWI and alcohol-related training materials used during the training Defendants DiLeonardo and Bienz. On the other hand, the Court declines to require the County to produce DWI and alcohol-related arrests and charges made by DiLeonardo and Bienz during their employment as Nassau County Police Officers. The Court sees little relationship, if any, between such arrest-related paperwork involving non-parties and these two defendants' own conduct while off duty at the time of the underlying incident.

For the foregoing reasons, (1) the County's motion to quash the subpoena served by Plaintiff on Sgt. Distler is DEFERRED, and (2) the County's request for a protective order is GRANTED, in part, and DENIED, in part, and the County will be compelled to produce documents responsive to Item 2 but not Item 3 of Plaintiff's Tenth Demand. These documents are to be produced to Plaintiff within 21 days of entry of this Order.

**SO ORDERED:**

Dated: Central Islip, New York
        Match 31, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge