# The Law Office of
# ANTHONY M. GRANDINETTE

114 Old Country Rd. Suite 420 • Mineola, NY 11501

**Mirel Fisch**
Admitted in New York/New Jersey

Of Counsel:
**Paul Casteleiro**
New Jersey

Telephone: (516) 877-2889
Facsimile: (516) 294-5348
Email: Grandinettelaw@gmail.com

February 7, 2017

Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

       Re:      Moroughan v. The County of Suffolk, et al.
                  12-cv-0512 (JFB) (AKT)

Dear Judge Bianco:

     My office represents the Plaintiff, Thomas M. Moroughan, in this matter. I am submitting this status letter pursuant to Your Honor's Order dated January 27, 2017.

     The following discovery items (other than discovery pertaining to the *Monell* claim which was bifurcated, *see* DE 184), remain open at this time:

### Depositions

     Only one deposition still needs to be completed—the continued deposition of Assistant District Attorney Raphael Pearl, which was started on December 15, 2016. This deposition is scheduled to be completed on February 17, 2017.

### Pending Applications

     Plaintiff's motion to compel all documents, records, minutes of testimony, etc., relied upon or created by the Nassau County Police Officer Indemnification Board regarding DiLeonardo and Bienz, DE 141-142; 144, remains open. By Order dated September 16, 2015, Magistrate Judge Tomlinson directed Nassau County to produce the responsive documents for an *in camera* review. *See* DE 198.

     Defendant Nassau County's motion to quash the subpoena seeking the deposition testimony of non-party witness Sgt. Jo-Ann Distler, the author of the Nassau County Police Department's IAU report, *see* DE 188; 194, remains open. By Order dated March 31, 2016, Magistrate Judge Tomlinson deferred ruling on the motion to quash the subpoena, however directed Defendants to advise whether they intended to challenge the trustworthiness of the report, directed Plaintiff to provide a list of topics counsel intended to cover at Sgt. Distler's

1

deposition, and directed Nassau County to produce Sgt. Distler's investigative notices for an *in camera* review. *See* DE 217; 218-220.

## Other Discovery

**Plaintiff's requests:**

Plaintiff is awaiting a response as to two items from Suffolk County; DNA results from blood stains found at the scene of the shooting, and photographs of the squad room from the Suffolk County Police Department's Second Precinct. Counsel for Suffolk County advised that he is on trial this week, and will follow up regarding the outstanding requests.

**Defendant Nassau County's requests:**

On February 4, 2017, in response to my request regarding an expert discovery schedule, discussed below, counsel for Nassau County indicated that he will send a list of items he believes Plaintiff did not yet produce. This is the first time since August 2015 that Nassau County indicated some of its discovery requests to Plaintiff remain outstanding. As of today's date however, the list has not been provided, therefore I am unable to update the Court on these issues.

**Defendant Hunter's request:**

On January 30, 2017, in response to emails pertaining to scheduling ADA Pearl's continued deposition, counsel for Defendant Hunter requested an authorization for Plaintiff's mental health records, and requested, for the first time in a case that is more than five years old, that Plaintiff consent to a Rule 35 psychiatric exam. However approximately one and half years ago, Mr. Grandinette advised Defendants' counsel that Plaintiff will not be pursuing his claims for intentional infliction of emotional distress ("IIED"), but rather, only 'garden variety' emotional distress damages. Accordingly, Plaintiff is not waiving his psychiatric-patient privilege as to his mental health records. Counsel for Defendant Hunter did not request an authorization for Plaintiff's mental health records after Mr. Grandinette's representations to him. In response to my reminder as to Mr. Grandinette's representation, and my request as to whether I should indicate his intent to make a motion in this status letter, counsel for Defendant Hunter indicated that he nonetheless intends to make a motion for the mental health records.

Any such motion however should have been made well over a year ago. On May 20, 2015, during the last status conference before Magistrate Judge Tomlinson, the court set a September 8, 2015 deadline to complete fact discovery. *See* DE 183 at 3. Additionally, a status conference was scheduled for September 11, 2015, at which time a final schedule for the completion of *expert* discovery was to be entered. *See id.* By letter dated September 4, 2015, the parties submitted a joint request to extend the fact-discovery deadline, until a date to be determined at the September 11, 2015 conference. *See* DE 196. This request had been granted,

however a specific date as to when fact discovery would end, was not indicated. *See* DE 197. The September 11, 2015 conference was adjourned at that time. *See id.* Subsequently, requests had been made to extend the time to complete certain individual depositions, the last of which was to be conducted by January 2016. *See* DE 199; 202; 204; 207. Other than the deposition of ADA Pearl, which had not been included in the list of Court-ordered depositions, *see* DE 199; 202, fact discovery should have been completed months ago.

Additionally, Plaintiff did not allege an IIED distress claim against Defendant Hunter. Rather, the Second Amended Complaint alleges IIED against Defendant DiLeonardo, *see* DE 177 ¶ 57, and Defendants Nassau County and Suffolk County in the context of respondeat superior claims. *Id.* ¶¶ 282-87. Therefore, counsel for Defendant Hunter should not be permitted to file a motion seeking the disclosure of Plaintiff's mental health records.

### Expert Discovery

Plaintiff retained a toxicology expert who will be providing an expert opinion as to DiLeonardo and Bienz's blood alcohol content at the time of the shooting. Although fact discovery has not yet concluded, Plaintiff would like to commence expert discovery at this time in order to avoid additional delays, particularly given that the fact discovery which remains outstanding will not impact the expert discovery.[1] Prior to submitting a letter request to Magistrate Judge Tomlinson to set an expert discovery schedule, I proposed the following dates to counsel for Defendants:

- Plaintiff's expert report - by February 13, 2017
- Defendants' rebuttal report(s), if any - by March 13, 2017
- Plaintiff's expert's deposition - by April 13, 2017

Counsel for Suffolk County did not object to commencing expert discovery at this time, but indicated he would probably need additional time to submit a rebuttal report. Counsel for Nassau County objected to commencing expert discovery prior to completing fact discovery. Counsel for Defendant DiLeonardo and counsel for Defendant Hunter have not yet responded to my request, therefore I do not yet know whether they object to commencing expert discovery at this time.

Respectfully,

Mirel Fisch

CC: All counsel via ECF

---

[1] No defendant ever indicated an intent to obtain an expert opinion as to any other topic.

3