UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THOMAS M. MOROUGHAN,

         Plaintiff,

   -against-

THE COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
SUFFOLK DETECTIVES RONALD TAVARES,
CHARLES LESER, EUGENE GEISSINGER,
NICHOLAS FAVATTA, and ALFRED CICCOTTO,
DETECTIVE/SGT. WILLIAM J. LAMB, SGT.
JACK SMITHERS, SUFFOLK POLICE OFFICERS
WILLIAM MEANEY, ENID NIEVES, CHANNON
ROCCHIO, and JESUS FAYA and SUFFOLK
JOHN DOES 1-10, THE COUNTY OF NASSAU,
NASSAU COUNTY POLICE DEPARTMENT,
SGT. TIMOTHY MARINACI, DEPUTY CHIEF OF
PATROL JOHN HUNTER, INSPECTOR EDMUND
HORACE, COMMANDING OFFICER DANIEL
FLANAGAN, DETECTIVE/SGT. JOHN
DEMARTINIS, NASSAU POLICE OFFICERS
ANTHONY D. DILEONARDO, EDWARD BIENZ
and JOHN DOES 11-20,

         Defendants.

------------------------------------------------------------------X

**DECISION
AND ORDER**

CV 12-512 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I. PRELIMINARY STATEMENT**

  The history of discovery and extensive motion practice in this case is well-known and well-documented and the Court will not repeat that chronology here. Instead, the Court focuses on the motion by counsel for defendant Nassau County to re-open discovery at this point in this case. *See* DE 246.

  At the February 13, 2018 Motion Hearing/Status Conference, Plaintiff's counsel advised the Court that he had been served by Nassau County's counsel just the day before with a

purported demand for production of documents directed to the Internal Affairs Unit ("IAU") of the Suffolk County Police Department. *See* February 13, 2018 Civil Conference Minute Order [DE 241]. Plaintiff's counsel also stated that he was made aware that Nassau County's counsel was attempting to serve deposition notices for two members of the Suffolk County Board of Review. *Id*. Plaintiff objected on both counts. The Court informed Nassau County's counsel that discovery was closed and had been for some time. Consequently, if counsel intended to pursue this issue, the Court informed him that he would have to file a motion seeking to re-open discovery and meet the threshold criteria for establishing good cause as to why such relief should be granted at this juncture.

## II.     THE PARTIES' CONTENTIONS

Counsel for Nassau County, Christopher Clarke, Esq., asserts that the County should be permitted the additional discovery sought here because the "discovery demand and deposition subpoena mirror plaintiff's subpoena served upon Nassau IAB Detective Distler which resulted in Nassau's motion to quash filed on June 15, 2015." DE 246. In 2015, Nassau County argued that the IAU materials sought by the plaintiff were privileged and not subject to disclosure. *Id*. According to Attorney Clarke, based upon the February 5, 2018 decision issued by this Court denying Nassau's motion to quash and directing that Detective Distler be presented for deposition, he proceeded to (1) serve demands on Suffolk County for its Internal Affairs Unit documents relating to this case and (2) serve a subpoena to depose Suffolk's lead investigator. *Id.* Attorney Clarke maintains that discovery is ongoing and not closed and that "there has been no delay from Nassau in seeking this discovery . . . and no realistic concern of any delay in this case." *Id.*

Plaintiff's counsel opposes the motion, pointing out that this case was commenced some six years ago and that after "years of discovery, the day before the parties appeared before Judge Joseph F. Bianco on February 13, 2018 to have a summary judgment motion schedule set, Nassau advised that it intended to depose *an* investigator from the Suffolk IAB. . ." DE 250. Counsel further argues that defendant Nassau County received back in September 2015 the audio-recordings of the Suffolk IAU interviews which it is now purportedly seeking in its first document request. Plaintiff's counsel adds that "[i]n fact, these were produced *before* Mr. Clarke's office started representing Nassau, and plaintiff utilized transcripts of these recordings during numerous depositions." *Id.* (emphasis in original).

Ultimately, plaintiff's counsel argues that Nassau County had ample opportunity to pursue the evidence it now seeks during the multi-year course of discovery. Plaintiff maintains that Nassau County has not shown the requisite good cause to justify the re-opening of discovery at this late date and has not met the six-part test articulated by this Court in *Pharmacy Inc. v. Am. Pharm. Partners, Inc.,* CV 05-776, 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008).

### III. APPLICABLE LEGAL STANDARD

"'A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery.'" *Leong v. 127 Glen Head Inc.,* CV 13-5528, 2016 WL 845325, at *3 (E.D.N.Y. Mar. 2, 2016) (quoting *Thieriot v. Jaspan Schlesinger Hoffman LLP,* No. 07-CV-5315, 2010 WL 4038765 (E.D.N.Y. Sept. 30, 2010)); *see Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 927 (2d Cir. 1985) (denying plaintiff's request to re-open discovery when plaintiff had "ample time in which to pursue the discovery that it now

claims is essential").

The decision whether to reopen discovery is within a district court's discretion. *Krawec v. Kiewit Constructors Inc.*, No. 11-CV-123, 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013); *see Wingates, LLC v. Commonwealth Ins. Co. of Am.*, No. 14- CV-2119, 2015 WL 5692303, at *3 (2d Cir. Sept. 29, 2015) (summary order) (finding no abuse of discretion in the district court's "refus[al] to allow [the plaintiffs] to reopen discovery for the purposes of disclosing an expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2)"); *see generally Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (stating that a district court has "broad discretion to direct and manage the pre-trial discovery process."). "As a general rule, discovery should only be re-opened for good cause, depending on the diligence of the moving party." *Krawec*, 2013 WL 1104414, at *8 (citing *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)); *see, e.g.*, *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) ("In deciding whether to reopen discovery, courts consider whether good cause exists.") (citing *Gray v. Town of Darien*, 927 F.2d 69 (2d Cir. 1991)); *see Marshall v. Starbucks Corp.*, No. 11-CV-02521, 2013 WL 123763, at *2 (S.D.N.Y. Jan. 8, 2013) (same).

In analyzing a request to re-open discovery, courts apply the following six-part test:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Pharmacy, Inc.*, 2008 WL 4415263 at *3 (citations omitted); *accord Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011). The Court will address each of these factors with respect to defendant Nassau County's motion to re-open discovery.

## IV. DISCUSSION

### A. The Timing of Trial

No trial date has been set by Judge Bianco. In fact, the parties had a schedule in place for briefing summary judgment motions when the instant issue arose. Plaintiff does not contest this fact. Consequently, the first factor weighs in defendant Nassau County's favor. *See Spencer v. Int'l Shoppes, Inc.*, 06 Civ. 2637, 2011 WL 3625582, at * 2 (E.D.N.Y. Aug. 16, 2011); *Thieriot*, 2010 WL 4038765, at *6[1]; *Pharmacy Inc.*, 2008 WL 4415263, at *4.

### B. Whether the Motion Is Opposed

There is no question that plaintiff vigorously opposes defendant Nassau County's motion to re-open discovery. Nassau County's counsel here attempts to limit the sphere of consideration to defendant Suffolk County as the repository of the documents at issue. DE 246. Specifically, Attorney Clarke states that "the test should be resolved in Nassau's favor because Suffolk . . . has

---

[1] Counsel for the Nassau County defendants relies upon this Court's decision in *Thieriot* in terms of the six-part test to re-open discovery. However, counsel can take no solace from *Thieriot* since the Court there denied the defendants' motion to re-open discovery to add to witnesses, having found that defendants had ample time during the normal course of discovery to locate and depose these two witnesses.

In total, Nassau County's counsel cites just two cases in the totality of his motion. The second case, *Spencer v. Int'l Shoppes, Inc.*, 2011 WL 3625582 is distinguishable as well. There, plaintiff suffered a stroke in July 2011. Two weeks later, plaintiff sought to re-open discovery, asserting that a related state court litigation actually caused the stroke. The discovery sought related to the stroke and went directly to plaintiff's claim for damages. Unlike the instant case, this Court found that the discovery sought was not foreseeable, was directly relevant to the plaintiff's claim for damages, was diligently sought, and was not prejudicial to the non-movant.

not objected to the discovery demands at issue and has agreed to accept service of Nassau's subpoena and has confirmed via email that Sergeant Lynch is available for deposition as noticed." *Id*. Suffolk County's sudden change of heart and new-found willingness to cooperate – contrary to its earlier posture regarding any disclosure of Nassau County's IAU Report – is not the deciding factor here. There is no such limitation in the second prong of the standard set out in *Pharmacy, Inc*. and Nassau County's counsel has provided no case law supporting this myopic and disingenuous view. Consequently, plaintiff's emphatic opposition to the relief sought by the Nassau County defendants results in this factor favoring the plaintiff.

### C. Prejudice to the Non-moving Party

Defendant Nassau County's counsel points out that the only non-moving party to claim prejudice is the plaintiff and "that objection is limited only to meritless concerns of delay." *Id.* According to Attorney Clarke, "[s]ince Suffolk has not objected, has accepted service and confirmed attendance, relevance and discoverability are moot issues, and delay is not a concern." The Court disagrees. Delay may not be a concern to Nassau County, but it is of understandable concern to the Plaintiff. Likewise, Suffolk County's about-face and willingness to assist Nassau County at this juncture are irrelevant to the analysis of this third prong of the test for re-opening discovery. There is no doubt that re-opening discovery will cause plaintiff to incur costs and expenses associated with reviewing documents which Nassau County is requesting as well as preparation for and attendance at requested depositions of the Suffolk County investigators responsible for the IAU Report. Moreover, if defendants are permitted to conduct depositions, new information will likely be disclosed which the plaintiff has had no opportunity to explore and/or rebut. The prejudice to the Plaintiff here is not only the further postponement of this six-

6

year old case, but the toll on the memories of witnesses as this case lags. As a result, the Court finds that this factor slightly favors the plaintiff.

### D. Diligence of Defendant Nassau County and Foreseeability of Need

The Second Circuit has emphasized that "a finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). The diligence and foreseeability factors here weigh against defendant Nassau County. The real issue here boils down to the strategic decision Nassau County's counsel made in 2015 not to seek the discovery currently at issue here because doing so, in counsel's reasoning, would have run contrary to the litigation position the County had taken, namely, that its own Internal Affairs documents were privileged and not discoverable. This was a calculated risk and decision which the County undertook knowingly and freely. A review of some of the chronology of this case is warranted in order to place into context Nassau County's current contentions on this motion.

- At the April 6, 2012 Initial Conference, the Court addressed the respective Internal Affairs Unit Reports as follows:

    > Plaintiff's counsel seeks the Internal Affairs Reports prepared by the respective police departments in both counties. With regard to Nassau County, Attorney Ferguson stated that the police department has 18 months from the date of the underlying incident to complete the report and, consequently, Nassau has four more months for completion of that report. Counsel for Suffolk County will get back to me expeditiously with a response as to the timeframe in which Suffolk expects to finish its report. After some discussion regarding the case law addressing production of internal affairs reports, I stated to counsel that **this production would likely be required**, even in redacted form, solely to the respective parties in this case for purposes of this litigation only, and subject to a duly executed Stipulation and Order of Confidentiality. **Plaintiff's counsel stated that he was reserving his right to take depositions of the authors of the respective reports once they are completed.** Counsel for Suffolk County stated that **he did not see any purpose in examining the authors of the report when the report itself contains statements of witnesses**, etc. I advised counsel that we will see where this issue takes us as the case progresses and that, once again, the parties have an obligation to confer in good faith under Local Civil Rule 37.3 to try to resolve any discovery disputes before seeking Court intervention.

DE 13 (emphasis added). As this Order reflects, the productions of the respective Internal Affairs Reports from both Counties were an issue from the very first appearance of the parties before the Court. It was clear from the outset that plaintiff's counsel intended to depose the authors of the respective reports and at least one party, Suffolk County, objected. At that time, among other deadlines, the Court set the fact discovery cut-off at November 30, 2012. *Id.*; DE 14.

- Both IAU Reports were taken up again at the August 23, 2012 Status Conference. The Civil Conference Minute Order of that date reflects the discussion:

  > 3. With regard to the still pending Internal Affairs Reports, counsel for the Suffolk County defendants stated that in communicating with Suffolk County Police Department, he was advised that the report is still being worked on, but that it is expected to be completed in the short-term. Suffolk's counsel will continue to meet and confer with plaintiff's counsel regarding the disclosure of the contents of the report... With regard to the Internal Affairs Report of the Nassau County Police Department, I noted that the 18 month preparation period is expiring this month. However, Attorney Ferguson stated that he does not know when the report will be completed but that he has been advised the report is being worked on. ***I have directed counsel for the Nassau County defendants and the Suffolk County defendants to discuss with plaintiffs's counsel any issues they have regarding the disclosure of the reports to plaintiff's counsel once they are completed, subject to a Stipulation and Order of Confidentiality***. If the parties are unable to work out any disclosure issues, then plaintiff's counsel may apply to the Court for relief. Counsel for the Suffolk County defendants did note that he has provided some materials which are included in the IA Report to plaintiff's counsel while the report is still awaiting completion.

  DE 31 (emphasis added). Because of additional issues which had arisen in the case, the Court also extended fact discovery for an additional 90 days to February 28, 2013. DE 32.

- In Plaintiff's December 14, 2012 letter motion [DE 52] to compel production from defendant Nassau County, plaintiff challenged Nassau County's response to Document Request No. 1 of plaintiff's second request for production of documents and things. The Court points out that in its response, **Nassau County states that its IAU Report was produced to all other parties on September 7, 2012**.

- At the February 5, 2013 Status Conference, since the Suffolk County IAU Report still had not been served, I directed counsel for Suffolk County to speak with those preparing the report and report back to the Court at the earliest possible time the projected date for completion and service of that Report. DE 61. Based on the number of depositions the parties were contemplating, as well as some issues obtaining records from non-parties, the Court extended the fact discovery deadline once again, up to and including June 28, 2013. **The parties were put on notice that this date would not be further extended**. *Id*.

8

- By letter dated February 8, 2013, counsel for the Suffolk County defendants advised the Court that the anticipated date for completion of the IAU Report was March 15, 2013. DE 64.

- At the July 9, 2013 Status Conference, the Court notified all counsel that it had received an *ex parte* application from the Suffolk County District Attorney's Office seeking to permit the Nassau County Attorney's Office and the Suffolk County Attorney's Office to disclose their respective Internal Affairs Reports encompassed by the Stipulation of Confidentiality to the Suffolk County District Attorney's Office. Counsel for defendant DiLeonardo raised an objection and stated her intention to file a motion in opposition to such disclosure. DE 100.

- On July 11, 2013, counsel for defendant DiLeonardo filed a letter motion stating that the Suffolk County District Attorney's Office *ex parte* application was now moot since the Nassau County Police Department had turned over the Nassau IAU Report to the Suffolk County District Attorney's Office pursuant to a grand jury subpoena served upon the Nassau County Police Department. DE 102. DiLeonardo's counsel requested an Order directing the Suffolk County District Attorney's Office to return the IAU Report and to provide the names of all individuals who viewed the report and its contents. In addition, counsel requested that the Court issue an Order immediately enjoining the use of and dissemination of the Report until such time as the Court could rule upon the pending motion. *Id*.

- Counsel for the Suffolk County defendants filed a letter on July 16, 2013 stating that the Suffolk defendants were taking no position regarding the Suffolk District Attorney's request that the terms of the Confidentiality Order be extended to the Suffolk D.A.'s Office. Counsel added that "[i]t is our understanding that the application by the District Attorney does not include a specific request for the actual production of the report. To the extent that the *ex parte* order can be construed to include such a request, ***the defendants wish to make clear to the Court and the parties that we respectfully reserve our rights to be heard and, if necessary, object to any such production***, whether in this Honorable Court or in response to the service of a New York State Grand Jury subpoena." DE 103.

- In a September 25, 2013 Status Report to the Court, plaintiff's counsel stated, among other things, that "[e]ven though the SCPD IAB Report has not yet been completed, the parties have agreed to resume depositions of the remaining named Suffolk defendants, subject to Plaintiffs reservation of rights to conduct supplemental depositions limited to any new information contained in the IAB Report." By that date, four of the seven named Nassau County defendants had been deposed.

9

- On March 20, 2014, the Court granted yet another extension of the discovery deadline upon application by plaintiff's counsel, with no objections filed by defendants' counsel. The deadline was extended to May 19, 2014. DE 122

- On May 7, 2014, Frank Schroeder, Esq., new counsel for defendant Deputy Chief of Patrol John Hunter moved for an extension of the discovery deadline asserting that his firm had recently been brought into the case (actual appearance was entered on December 6, some six months prior) and noted that the other parties consented to the request. Attorney Schroeder also pointed out that "all parties are still awaiting receipt of the Suffolk County Police Department's Internal Affairs Report. Once this document is released, there will likely be additional discovery and investigation needed." DE 128. An extension was granted to November 1, 2014.

- The law firm of Leahey & Johnson, P.C., by Peter Johnson, Esq. and Christopher Clarke, Esq., came into the case on September 24, 2014 in place of the attorneys from the Office of the Nassau County Attorney. DE 150.

- New counsel immediately requested an extension of the discovery deadline which Judge Bianco granted, putting depositions over from October to December 2014 and extending the existing discovery deadlines by 60 days. Judge Bianco also set a briefing schedule for plaintiff's motion to amend. Electronic Order of September 29, 2014.

- Plaintiff's counsel advises on December 2, 2014 that depositions of the Suffolk County defendants have been completed, but the Suffolk County IAB Report has still not been produced.
  DE 160.

- On May 20, 2015, after having denied the motion by the Suffolk County District Attorney's Office to quash the subpoena served by plaintiff's counsel, the Court completed its *in camera* review and directed that the production of the designated documents be made within 14 days. DE 182.

- At the May 20, 2015 Motion Hearing/Status Conference, after being advised that the SCPD IAU Report still had not been turned over after years of delay, the Court directed that the Report was to be in the hands of the parties by July 6, 2015 at the latest or the Court would take further action. DE 183. A deadline of September 8, 2015 was set for completion of all fact depositions. All counsel were directed not to delay any further depositions while awaiting productions of other documents. Counsel for the Nassau County defendants stated that his clients were opposing any deposition of Sgt. Distler, author of Nassau's IAU Report, and would be filing a motion to quash the subpoena served. Counsel was directed to file the motion promptly given the schedule. The Court set September 11, 2015 for the next

conference and advised that an expert discovery schedule would be set at that time, along with a deadline for submitting pre-motion conference requests to Judge Bianco for intended summary judgment motion practice. *Id.*

- The Nassau County defendants moved on June 15, 2015 to quash the subpoena for Sgt. Distler's personal notes related to the IAU investigation report as well as for her deposition. DE 188. In the motion, Attorney Clarke noted that Nassau County had previously produced its IAU Report essentially containing all the information plaintiff needed. Counsel maintained that the Distler notes were covered by law enforcement privilege and therefore were immune from discovery. In addition, defendant's counsel argued that plaintiff had and would be deposing some of the fact witnesses whom Sgt. Distler interviewed in preparing the IAU Report, thus making the additional discovery unnecessary and duplicative. *Id*.

  In opposing the motion, plaintiff's counsel argued that Nassau's assertion of law enforcement privilege was without merit since Nassau previously disclosed the IAU Report to all parties in the case without ever having asserted law enforcement privilege. Likewise some of the defendants had made it known that they intended to challenge the trustworthiness of Sgt. Distler's IAU Report at trial. DE 194.

- On September 4, 2015, in anticipation of the September 11, 2015 status conference, plaintiff submitted a discovery update and also requested an extension of the discovery deadline based upon some unfortunate personal circumstances plaintiff's counsel had experienced. DE 196. The Court granted the request for an extension and also postponed the conference pending the determination of the outstanding motions. DE 197.

- Two weeks later, on September 16, 2015, the Court granted plaintiff's motion to compel the records of the disciplinary hearing of defendant DiLeonardo [DE 141] to the extent of directing Nassau County to provide the materials for an *in camera* review. DE 198. On October 27, 2015, the Court granted plaintiff's motion to establish deposition dates for certain witnesses and issued those dates, designating the remaining depositions as "Court-ordered" and ordering that the last of the depositions be concluded during the week of December 7, 2015. DE 202.

- On December 1, 2015, Attorney Clarke filed a letter motion seeking an extension of the deadline to complete non-party Jillian Bienz's deposition until mid-January 2016 since new counsel had been retained by Ms. Bienz. DE 204. That application was granted by Eletronic Order on December 3, 2015.

- The Court issued its ruling on March 31, 2016 concerning Nassau County's motion to quash with regard to Sgt. Distler's notes and deposition, directing that the notes be submitted for *in camera* review, that the defendants advise whether they intended to challenge the trustworthiness of the IAU Report prepared by Sgt. Distler and that

11

Attorney Grandinette submit a list of intended deposition topics for Sgt. Distler's deposition if the examination were permitted to go forward. DE 217.

- On April 10, 2016, counsel for defendant Hunter confirmed that he was reserving his client's right to challenge the admissibility of the Nassau IAU Report. DE 218. Counsel for the Suffolk County defendants followed suit on April 11, 2016. DE 219.

- In response to Judge Bianco's request for a status update on January 27, 2017, plaintiff's counsel advised Judge Bianco that all depositions had been completed except for the continued deposition of ADA Pearl; that there were several discovery motions pending before the undersigned; that plaintiff had retained a toxicology expert and had also submitted a request for a proposed expert discovery schedule to the undersigned. DE 227

- On April 21, 2017, plaintiff's counsel advised this Court that the attorneys for Nassau and Suffolk Counties had agreed to commence expert discovery on the limited area of the plaintiff's toxicology expert. DE 228. Counsel requested approval of the proposed expert discovery schedule. The Court approved that expert discovery schedule on May 15, 2017. DE 229.

- On July 21, 2017, counsel for Nassau County advised the Court that, sadly, his father had passed away unexpectedly. DE 230. Based on those circumstances, counsel requested an extension of the expert discovery deadline, which this Court granted on July 24, 2017.

- Almost two months later, counsel for defendant Hunter asked the Court for a further two-week extension of the expert discovery deadline on September 11, 2017 because of personal issues with his expert, including the fact that the expert resides in Florida, does not fly, would have to be presented by videoconference and was in the throes of a Category 5 hurricane. DE 231. Notwithstanding plaintiff's opposition [DE 232], the Court granted the motion. DE 235.

- On January 17, 2018, plaintiff's counsel sought a conference with this Court and noted the following, among other things:

    Other than the pending applications referenced above, no additional fact or expert discovery remains outstanding. Accordingly, Plaintiff is requesting a final discovery conference, so that the parties can determine what if any affect your Honor's rulings may have on an anticipated summary judgment briefing schedule. Lastly, Plaintiff, with all parties' consent, will be requesting a pre-trial conference before Judge Bianco shortly after the filling of this application.

    DE 236. The same day, plaintiff's counsel filed a letter request to Judge Bianco for a pre-motion conference, "on consent of all counsel" except defendant Hunter's attorney, for purposes of making a summary judgment motion. DE 237. The request

was granted by Judge Bianco that same day. On January 18, 2018, this Court set an in-person conference for February 13, 2018.

- On February 6, 2018, this Court issued an Order, denying Nassau County's motion to quash the subpoena served on Sgt. Distler, directing that Sgt. Distler's notes, with certain designated exceptions be produced and that Sgt. Distler appear for a deposition. DE 239.

- Judge Bianco set a briefing schedule for summary judgment motions on February 13, 2018. DE 240. That same day, at a motion hearing/status conference, this Court issued its rulings on the pending motions to compel production of the Second Indemnification Hearing of defendant DiLeonardo and for the records of the NCPD disciplinary hearing for DiLeonardo. DE 241. At that time, plaintiff's counsel advised that he had been given a copy of a demand served by Nassau County's counsel for the production of documents from the Suffolk County Internal Affairs Unit as well as deposition notices for two members of the Suffolk County Board of Review.

At the outset, the Court addresses some of the wording utilized by Nassau County's counsel in the motion. For example, counsel states that the Court "authorized Nassau to move to re-open discovery" and "authorized Nassau to file a motion to re-open discovery for the purpose of the limited disclosure sought from Suffolk. . . ." DE 246. The reality is that the Court did not "authorize" anything – it *permitted* Nassau to make the motion, pointing out that counsel had to show good cause for the failure to timely request the information now sought – effectively by prevailing on the six-part test to re-open discovery under existing Second Circuit case law.

The docket entries set forth here show a number of things relevant to the Court's consideration of this motion. It is clear, for example, that plaintiff originally sought the IAU Reports from both Nassau and Suffolk Counties in early 2012. At the April 6, 2012 Initial Conference, plaintiff's counsel reserved his right to take the depositions of the authors of those Reports as soon as they were completed. Consequently, the parties were aware from the outset that plaintiff attached great significance to these Reports. Ironically, counsel for the Suffolk

13

County defendants objected at that time to any deposition of the author of the subject SCPD IAU Report – a position which has shifted most recently.

The Nassau County IAU Report was provided to all parties on September 7, 2012. By contrast, the Suffolk County Police Department continued to delay completion and/or production of its IAU Report for more than four years, although counsel for the Suffolk defendants did produce some materials utilized in the Report while awaiting completion of the Report.[2] In a September 23, 2013 Status Report to the Court, plaintiff's counsel stated that despite the lack of completion of the Suffolk IAU Report, the parties agreed to resume depositions of the remaining Suffolk defendants, subject to a reservation of rights to conduct supplemental depositions limited to any new information contained in the Suffolk IAU Report.

After appearing in the case as new counsel for defendant Deputy Chief Hunter on December 6, 2013, Attorney Frank Schroeder filed a letter dated May 7, 2014 requesting a fourth extension of the discovery deadline to get up to speed and noting that the parties still had not received the Suffolk County IAU Report. Schroeder noted that there would likely be a need for additional discovery once the Report was available. Four months later, in September 2014, Attorney Clarke came into the case as substituted counsel for the Nassau County defendants and requested a fifth extension of the discovery deadline, which Judge Bianco granted for 60 days.

On December 23, 2014, plaintiff's counsel informed the Court that the depositions of all Suffolk County defendants had been completed, but that the Suffolk IAU Report had still not been provided. As a result, the Court granted a sixth extension of the discovery deadline. Then,

---

[2] In a February 8, 2013 letter to the Court, counsel for the Suffolk County defendants advised that the anticipated date for completion of Suffolk's IAU Report was March 15, 2013. Obviously, that did not occur and the Report was delayed for several additional years.

after being advised at a motion hearing on May 20, 2015 that the Suffolk IAU Report had still not been provided to the parties – more than three years after this case had been commenced and more than two years after the County represented that the Report would be issued by March 15, 2013 -- the Court directed that the Report was to be in the hands of the parties by July 6, 2015 or the Court would take further action to address the failure to comply. The Court granted a seventh extension of discovery and set a deadline of September 8, 2015 to complete all fact depositions. That deadline was extended for the eighth time to December 11, 2015 due to the unfortunate personal circumstances of plaintiff's counsel.

In his April 21, 2017 letter to the Court, plaintiff's counsel advised that the attorneys for both Nassau and Suffolk Counties had agreed to an expert discovery schedule on the limited issue of plaintiff's toxicology expert. The Court approved the expert discovery schedule which concluded expert discovery by September 14, 2017. On July 21, 2017, counsel for Nassau County requested an extension of the deadline for expert rebuttal reports and depositions based on counsel's bereavement circumstances. The Court granted the request, as it did the later September 11, 2017 request for an extension sought by counsel for defendant Hunter. The Court set the extended deadline for expert discovery at October 27, 2017. On January 17, 2018, plaintiff's counsel submitted a letter request for a pre-motion conference to Judge Bianco for purposes of making a motion for summary judgment. Judge Bianco set the briefing schedule in place on February 13, 2018.

Given the totality of these circumstances, the Court finds that the Nassau County defendants were not diligent in pursuing the discovery they now seek. Attorney Clarke does not contest the fact that all of the defendants had copies of the audio recordings of the Suffolk IAU

interviews before he even came into the case in 2014. Thus, all of the parties knew to a large extent the contents of witness statements and what, if anything, would be necessary for the defense of the case as to those statements. Consequently, the Nassau County defendants had ample opportunity to pursue this particular evidence for several years during the regular fact discovery period, both through their prior counsel and their current counsel.

Although Nassau County's counsel insists throughout his motion that "discovery is not closed," repeating that mantra does not make it so. The fact discovery deadline had been extended more than nine times as detailed above and the posture of the case at the time of the February 13, 2018 conference belies defendants' argument. Expert discovery had been completed and the parties had been given a schedule by Judge Bianco for briefing summary judgment motions.

Attorney Clarke's repeated attempts to minimize the significance and impact of the choices he made on behalf of his clients on these issues in 2015 and thereafter is unavailing. For example, arguing that the discovery demand and deposition subpoena he served on Suffolk County in February 2018 simply "mirror plaintiff's motion to quash filed on June 15, 2015" [DE 246] misses the point – plaintiff's motion was *filed timely in 2015*. Nassau's counsel knew well this was an issue in 2015 and logic dictated that there was a 50-50 chance that the motion to compel the Distler notes and deposition would be granted. Nassau's counsel made the strategic decision to assert arguments that the materials subpoenaed from Nassau County at that time were privileged and not subject to disclosure. The SCPD IAU Report was not hidden or unknown to the Nassau County defendants or any other party for that matter. The relevance of the Report and the potential need for the Report were certainly foreseeable. Counsel for Nassau County had

16

every opportunity to argue in the alternative on his motion to quash the Distler notes and deposition testimony, to move to reserve his clients' rights and options if the Court ultimately denied the motion, or to seek a stay until the motion was decided. He did none of those things. Litigation strategy is often based on a calculated risk. Counsel undertook that risk here. That decision has consequences.

With expert discovery completed and a briefing schedule in hand for summary judgment motion practice, the contention of Nassau County's counsel that fact discovery was still ongoing lacks candor. Defendants' counsel is a seasoned litigator and knew exactly what the case status was on June 15, 2015, let alone February 13, 2018. Moreover, the Court made clear that with the *exception* of the Court's rulings on certain outstanding discovery motions, fact discovery had long been closed.[3] The demand by Nassau County's counsel was not one of those exceptions. Creating a unique interpretation of the fact discovery deadline and attempting to place the onus on the Court rather than take responsibility for the strategic decision counsel made some two years earlier does not excuse counsel's failure to deal with this issue in a timely manner.

The fifth factor assesses the foreseeability of the need for additional discovery in light of the time allowed for discovery. *See Pharmacy, Inc.*, 2008 WL 4415263 at *3. A reasonable litigator could have and should have foreseen the need for the discovery now sought in the event the Court denied the motion to quash the subpoena for Sgt. Distler's notes and deposition. As

---

[3] It is significant to note that less than a month before, on January 17, 2018, plaintiff's counsel submitted a letter to the Court stating that "no other fact or expert discovery remains pending." DE 235. On that basis, counsel asked for a final conference. No other party filed a response to DE 235, including any objection, opposition, or refutation of the accuracy of that statement.

noted previously, plaintiff's counsel made clear in the very first discovery conference with the Court the significance of the IAU Reports from both Nassau and Suffolk Counties.

The Court further points out that defendants' counsel made no attempt to obtain any permission or authorization from the Court before serving the February 2018 demands and deposition notices now at issue. Instead, counsel made an end-run, presumably in anticipation (or hope) that plaintiff's counsel would not balk at the late service out of time. Counsel's persistence that "fact discovery is on-going in this matter" [DE 246] is crucial to his justification for these actions. The reality, however, is that there is no justification. The circumstances in which counsel finds himself are of his own making. Distilled to their essence, the arguments here seek to absolve the Nassau County defendants from accountability for the litigation strategy they elected in 2015. Having considered these facts, the Court finds that the Nassau County defendants were not diligent in pursuing this discovery despite the foreseeability that the discovery could lead to relevant evidence. Consequently, this factor favors the plaintiff.

### E. Likelihood of Relevant Evidence

Nassau County's counsel maintains that "the two separate, independent investigations of the police officers conducted by the separate law enforcement agencies is undeniably relevant...." DE 246. However, counsel never states with any specificity why the *SCPD* investigation is relevant, except to refer broadly to "plaintiff's multiple claims of conspiracy between various defendants...." *Id*. Instead, Nassau's counsel relies on the fact that the Court found relevant the notes and potential deposition testimony of Sgt. Distler and believes the Court should draw the same conclusion regarding the SCPD investigator's information, even though the Court has never seen it. The Court is not in a position to do so without more information, although the Court

18

does not doubt that some of the information may be pertinent. For these reasons, this factor is neutral as to both sides.

### F. Balancing the Factors

The Court does not condone the Nassau County defendants' actions here with regard to the lack of diligence in seeking the discovery which is the subject of this motion. However, the Court also finds that under Second Circuit case law, the circumstances of this case do not warrant the "drastic remedy" of preclusion of this discovery. *See, e.g.*, *Torres v. Dematteo Salvage Co., Inc.,* CV 14-774, 2016 WL 845326, at *6 (E.D.N.Y. Mar. 2, 2016); *Sci. Components Corp.*, No. 03 CV 1851, 2008 WL 4911440, at *4 (E.D.N.Y. Nov. 13, 2008); *see generally Valentin v. Cty. of Suffolk*, 342 F. App'x 661, 662 (2d Cir. 2009) (summary order) ("The district court recognized that defendants' late disclosure of their expert violated its expert discovery deadline. But rather than preclude the testimony, the court opted to impose the lesser sanction of requiring defendants to produce their expert for a deposition at Valentin's request. The court's decision to impose a less drastic sanction than preclusion was within its discretion."). Defendants' motion to reopen discovery is therefore granted.

Having considered the relevant factors, the Court reluctantly finds that discovery should be re-opened for a limited purpose. Notwithstanding the delinquency of the Nassau County defendants, as unsatisfactory as it is, a trial date has not been set and the prejudice to the plaintiff can be offset to a degree here. Moreover, "such prejudice [does] not outweigh the other factors." *Sci. Components Corp.*, 2008 WL 4911440, at *4. However, Nassau County is not to be rewarded for its dilatory conduct either. Counsel for Suffolk County shall respond to Nassau County's document request and produce responsive documents (that are not objected to) to all

19

parties by July 5, 2018. Nassau County's counsel will be permitted to depose one and only one investigator. That deposition must be completed no later than July 24, 2018. All counsel are on notice that these dates will not be extended. The cost of providing a transcript of this deposition to all the parties shall be borne by the Nassau County defendants.

Once the investigator's deposition has been concluded, to the extent plaintiff's counsel believes in good faith that plaintiff must explore further discovery based on the information obtained -- and if counsel can make a good cause showing for doing so – the Court will permit plaintiff's counsel to file a letter motion expeditiously (no later than 10 days after the investigator's deposition) addressing the issue.

## V. CONCLUSION

For the foregoing reasons, the Nassau County defendants' motion to re-open discovery [DE 246] to the limited extent set forth above is GRANTED. Counsel for Suffolk County shall respond to Nassau County's document request and produce responsive documents (that are not objected to) to all parties by July 5, 2018. Nassau County's counsel will be permitted to depose one and only one investigator. That deposition must be completed no later than July 24, 2018.

**SO ORDERED:**

Dated: Central Islip, New York
      June 22, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge