SHORT FORM ORDER

SUPREME COURT-NEW YORK STATE- NASSAU COUNTY
PRESENT:
<u>   HON. ANTHONY L. PARGA   </u>
                    JUSTICE

-------------------------------------------------------------------X PART 6

In the Matter of the Application of Nassau County
Police Officer ANTHONY DILEONARDO,

                        Petitioner,                                INDEX NO. 8686/14

For Judgement in the Nature of Mandamus to Review      MOTION DATE: 9/26/14
under Article 78 of the Civil Practice Law and Rules,        SEQUENCE NO. 001

    -against-

THE NASSAU COUNTY POLICE DEPARTMENT,
THE NASSAU COUNTY COMMISSIONER OF
OF POLICE; THOMAS J. KRUMPTER,

                        Respondents.
-------------------------------------------------------------------X

**Notice of Petition, Affs. & Exs**............................................................................**1**
**Verified Answer & Objection, Affs & Exs**...........................................................**2**

This Petition pursuant to Article 78 of the CPLR for, *inter alia*, a judgment annulling the determination of the respondents The Nassau County Police Department and the Nassau County Commissioner of Police Thomas J. Krumpter dated May 5, 2014 which adopted the recommendation of a Hearing Officer made after a hearing finding the petitioner guilty of certain charges of misconduct and terminating his employment with the Nassau County Police Department is determined as provided herein.

The petitioner in this proceeding seeks to annul a determination of the Nassau County Police Commissioner which adopted and endorsed the written findings of fact and the recommendation of

1

a Hearing Officer dated March 30, 2014, which was issued following a hearing and receipt of post-hearing submissions by the parties. The Hearing Officer found that DiLeonardo engaged in three acts of wrongful conduct in violation of Police Department rules. First, he found that DiLeonardo had violated Penal Law § 120.05(2), Assault in the Second Degree, by striking Thomas Moroughan in the face with his .38 caliber Smith & Wesson revolver while he was off duty and breaking Moroughan's nose. Second, he found that DiLeonardo had violated Penal Code § 145.10, Criminal Mischief in the Second Degree, by causing damage in excess of $1,500.00 to the 2010 Toyota Prius/taxi being operated by Thomas Moroughan; by firing his .38 caliber Smith & Wesson revolver five times at that automobile with three bullets entering the passenger compartment; and, by breaking the driver's side window with his revolver once the taxi had stopped. Finally, he found that DiLeoanrdo had violated a Department Rule by failing to properly safeguard his uniform and equipment and other Department property issued or assigned to him for his use on the grounds that after he used his .38 caliber Smith & Wesson revolver in the physical confrontation with Moroughan, he dropped it inside Moroughan's vehicle where it remained until it was recovered by the Suffolk County Police Department from the rear of Moroughan's taxi. The Hearing Officer declared that "[a]s a police officer, Officer DiLeonardo must command the absolute confidence and respect of the public he serves" and that his actions "reflect unfavorably upon his moral character and fitness for public service." Based on these findings, the Hearing Officer found that DiLeonardo's "own actions have made it impossible for him to carry out his duties as a Nassau County Police Officer" and that "[i]n light of the egregious nature of the[] violations, the only appropriate punishment [was] termination."

In his Petition, DiLeonardo alleges that the respondents' determination was arbitrary and

2

capricious and an abuse of discretion. He notes that there was only one witness presented by the Police Department at the hearing who was not a witness to any of the underlying events and that her testimony merely consisted of summarizing witnesses' statements and the Department of Internal Affair's reports of the incident. He also notes that he offered an opinion of a New York City Detective opining in his favor on the underlying sequence of events. He complains that no formal rules of evidence were announced nor were any followed. Finally, he notes that the Hearing Officer's determination is dated before the parties' closing submissions were submitted which establishes that the Hearing Officer's determination was in reality pre-determined.

The standard of review here is to be determined by the court. Orosz v. New York State Div. of Human Rights, 88 AD3d 798 (2d Dept 2011); Botsford v. Bertoni, 112 AD3d 1266 (3rd Dept 2014). Determinations of this nature are reviewed under the "substantial evidence" doctrine. See, Toth v. Nassau County Police Dept., 302 AD2d 600 [2d Dept 2003], lv denied, 3 NY3d 611 [2004]; Matter of Curto v Cosgrove, 256 AD2d 407 [2d Dept 1998]; Matter of Coyle v Rozzi, 199 AD2d 391 [2d Dept 1993]; see also, Matter of Denardo v. Board of Educ. of Mamaroneck Union Free School Dist., 61 AD3d 864 [2d Dept 2009]; Matter of Duda v. Board of Educ. of Uniondale Union Free School Dist., 34 AD3d 580 [2d Dept 2006]; Maher v. Cade, 15 AD3d 489 [2d Dept 2005], lv denied, 5 NY3d 706 [2005]). The proceeding must be transferred to the Appellate Division for that determination. CPLR 7804(g).

Nevertheless, under CPLR 7804(g), this court is required to first rule on any other points of law, a/k/a objections in point of law, that could otherwise terminate this proceeding (see *Figueroa v. Rhea*, 120 AD3d 814 [2d Dept 2014]; *MVM Const., LLC v. Westchester County*, 112 AD3d 635 [2d Dept 2013]). "[A]n 'objection in point of law' is one raised either by respondent in the answer

3

or by petitioner in response to 'new matter contained in the answer' " (*Matter of Hoch v. New York State Dept. of Health*, 1 AD3d 994, 994 [4th Dept 2003]; see also *Matter of G & G Shops v. New York City Loft Bd.*, 193 AD2d 405 [1st Dept 1993]). The petitioner's claim that the hearing officer failed to follow proper procedural requirements, in particular with respect to the receipt of evidence, is not to be determined by this court. Nor is the allegation that the determination was "predetermined."

In any event, assuming, *arguendo*, that review of the petitioner's evidentiary/due process objections is required before this proceeding is transferred to the Appellate Division, they are without merit. "The strict rules of evidence do not apply to administrative proceedings and hearsay evidence is admissible"( *Willis v New York State Liq. Auth.*, 118 AD3d 1013, 1014 [2d Dept 2014], citing *Matter of Culligan's Pub. v. New York State Liq. Auth.*, 170 AD2d 506 [2d Dept 1991]). "Hearsay evidence may constitute substantial evidence if sufficiently relevant and probative and may, under appropriate circumstances, form the sole basis for an agency's determination, unless it is seriously controverted" (*Willis v. New York State Liq. Auth.*, supra at 1014, citing *Matter of S & S Pub., Inc. v. New York State Liq. Auth.*, 109 AD3d 933 [2d Dept 2013]; *Matter of JMH, Inc. v. New York State Liq. Auth.*, 61 AD3d 1260, 1261[3rd Dept 2009]). Accordingly, the petitioner's claim regarding the Hearing Officer's evidentiary rulings would fail.

Similarly, the petitioner's contentions that the Hearing Officer failed to consider his expert's analysis and that his determination was predetermined would also fail. A reading of the Hearing Officer's determination reveals that he did consider the petitioner's expert's submission. It was within his domain to determine the weight to be afforded it. Furthermore, the respondents have adequately explained the typographical error regarding the date of the Hearing Officer's decision.

In fact, he referred to the parties' submissions in his decision.

Since the petitioner herein raises the question of whether the challenged determination is supported by substantial evidence, and since there remain no valid objections in point of law that could terminate the entire proceeding within the meaning of CPLR §7804(g), this Court is obligated to transfer this proceeding to the Appellate Division (*Bush v. Mulligan*, 57 AD3d 772 [2d Dept 2008]; *Dallas v. Doar*, 45 AD3d 592 [2d Dept 2007]).

The Clerk of the Court is hereby directed to forthwith transmit all papers and records in this proceeding to the Clerk of the Appellate Division, Second Judicial Department (CPLR §7804[g]; *Bott v. Incorporated Village of Freeport*, 29 AD3d 592 [2d Dept 2006]; *Royster v. Goord*, 26 AD3d 503 [2d Dept 2006]).

This shall constitute the decision and order of this Court.

Dated: October 16, 2014

Anthony L. Parga, J.S.C.

**ENTERED**

OCT 22 2014

NASSAU COUNTY
COUNTY CLERK'S OFFICE

Cc: Barket, Marion, Epstein & Kearon, LLP
666 Old Country Road, Suite 700
Garden City, NY 11530

Bee Ready Fishbein Hatter & Donovan, LLP
170 Old Country Road
Mineola, NY 11501

Nassau County Police Department
Legal Affairs Bureau
1490 Franklin Avenue
Mineola, NY 11501

Commissioner Thomas J. Krumpter
Nassau County Police Department
Legal Affairs Bureau
1490 Franklin Avenue
Mineola, NY 11501