# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D51390
O/afa

\_\_\_\_\_AD3d\_\_\_\_\_

Argued - January 17, 2017

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.

---

2014-05970

DECISION & ORDER

In the Matter of Anthony D. DiLeonardo, etc.,
appellant, v Nassau County Police Officer
Indemnification Board, et al., respondents.

(Index No. 9989/13)

---

Barket Marion Epstein & Kearon, LLP, Garden City, NY (Donna Aldea of counsel), for appellant.

Ryan, Brennan & Donnelly, LLP, Floral Park, NY (John M. Donnelly of counsel), for respondents Nassau County Police Officer Indemnification Board, Sheriff Michael S. Sposato, Daniel J. McCloy, and First Deputy Commissioner of Police Thomas J. Krumpter.

Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Michael S. Werner of counsel), for respondents Thomas V. Dale, John Ciampoli, County of Nassau, Edward Mangano, and Nassau County Police Department.

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Police Officer Indemnification Board dated March 6, 2012, in effect, that the petitioner is not entitled to defense or indemnification in an action entitled *Moroughan v County of Suffolk,* pending in the United States District Court for the Eastern District of New York under Case No. CV 12-0512, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Cozzens, J.), dated May 1, 2014, which denied the petition and, in effect, dismissed the proceeding.

March 1, 2017

Page 1.

MATTER OF DiLEONARDO v NASSAU COUNTY POLICE OFFICER INDEMNIFICATION BOARD

ORDERED that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

A federal civil rights action was commenced in the United States District Court for the Eastern District of New York entitled *Moroughan v County of Suffolk,* under Case No. CV 12-0512, against, among others, the petitioner, a police officer employed by the County of Nassau. The claims in the federal action against the petitioner arose from an off-duty altercation caused by a traffic dispute, during which the petitioner allegedly fired a gun at the plaintiff. The petitioner sought to have the County defend and indemnify him in the federal action.

In a determination dated March 6, 2012, the Nassau County Police Indemnification Board (hereinafter the Board) determined, in effect, that the petitioner was not entitled to defense and indemnification in the federal action because the acts alleged therein were not committed while in the proper discharge of his duties and were not within the scope of his employment. Thereafter, the petitioner commenced the instant CPLR article 78 proceeding seeking to annul the Board's determination. The Supreme Court denied the petition and, in effect, dismissed the proceeding.

The question of whether the petitioner's acts which formed the basis of the federal action were committed while in the proper discharge of his duties and within the scope of his employment is to be determined in the first instance by the Board (*see* General Municipal Law § 50-l; *cf. Matter of Williams v City of New York,* 64 NY2d 800, 802; *Harris v City of New York,* 30 AD3d 461, 464). The determination may be set aside only if it was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803[3]; *Matter of Salino v Cimino,* 1 NY3d 166, 172; *Matter of Williams v City of New York,* 64 NY2d at 802). That standard was not met here. The record supports the Board's determination that the petitioner was not acting while in the proper discharge of his duties or within the scope of his employment, since there is a factual basis for the conclusion that the alleged misconduct arose from an altercation that was personal in nature and was not undertaken in the exercise of his "public responsibility as a police officer" (*Matter of Salino v Cimino,* 1 NY3d at 172; *see Matter of Schenectady Police Benevolent Assn. v City of Schenectady,* 299 AD2d 717, 719; *Sanchez v New York City Tr. Auth.,* 254 AD2d 345, 346).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.

ENTER:

*Aprilanne Agostino*
Clerk of the Court

March 1, 2017                                                                                                           Page 2.
MATTER OF DiLEONARDO v NASSAU COUNTY POLICE OFFICER INDEMNIFICATION BOARD