UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

THOMAS M. MOROUGHAN,                              Docket # 12 CV 512 (JFB) (AKT)

                           Plaintiff,

     -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK DETECTIVES
RONALD TAVARES, CHARLES LESER, EUGENE
GEISSINGER, NICHOLAS FAVATTA, and ALFRED
CICCOTTO, DETECTIVE/SGT. WILLIAM J. LAMB,
SGT. JACK SMITHERS, SUFFOLK POLICE
OFFICERS WILLIAM MEANEY, and JESUS FAYA and
SUFFOLK JOHN DOES 1-10, THE COUNTY OF
NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, SGT. TIMOTHY MARINACI,
DEPUTY CHIEF OF PATROL JOHN HUNTER,
INSPECTOR EDMUND HORACE, COMMANDING
OFFICER DANIEL FLANAGAN, DETECTIVE/SGT.
JOHN DeMARTINIS, NASSAU POLICE OFFICERS
ANTHONY D. DILEONARDO, POLICE OFFICER
EDWARD BIENZ and JOHN DOES 11-20,

                           Defendants.

------------------------------------------------------------------------X

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS THE COUNTY OF
NASSAU, NASSAU COUNTY POLICE DEPARTMENT, SGT. TIMOTHY MARINACI,
INSPECTOR EDMUND HORACE, COMMANDING OFFICER DANIEL FLANAGAN,
DETECTIVE/SGT. JOHN DeMARTINIS, and POLICE OFFICER EDWARD BIENZ IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

LEAHEY & JOHNSON, P.C.
120 Wall Street, Suite 2220
New York, New York 10005
(212) 269-7308

Of Counsel:   Peter James Johnson, Jr.
                 Joanne Filiberti
                 Christopher Delamere Clarke

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 1

STANDARD OF REVIEW ........................................................................................ 2

ARGUMENT ..................................................................................................... 3

POINT I        DILEONARDO'S CROSS-CLAIMS AGAINST COUNTY OF NASSAU
               SHOULD BE DISMISSED AS A MATTER OF LAW ........................................ 3

POINT II       THE NASSAU COUNTY POLICE DEPARTMENT DOES NOT HAVE A
               DISTINCT IDENTITY APART FROM THE COUNTY OF NASSAU AND
               CANNOT BE SUED WARRANTING DISMISSAL OF ANY AND ALL
               CLAIMS AGAINST IT .................................................................. 5

POINT III      THE DFRT MEMBERS AND MARINACE SHOULD BE DISMISSED
               FROM THIS ACTION BECAUSE OFFICIAL CAPACITY SUITS ARE
               REDUNDANT WHEN THE MUNICIPALITY IS A NAMED DEFENDANT .. 6

POINT IV       THE DFRT MEMBERS AND MARINACE ARE ENTITLED TO
               QUALIFIED IMMUNITY .................................................................. 7

POINT V        THE FIFTH AMENDMENT CLAIM AGAINST THE COUNTY OF
               NASSAU FOR DEPRIVATION OF THE RIGHT TO COUNSEL CANNOT
               BE MAINTAINED BECAUSE MIRANDA VIOLATIONS ARE
               INACTIONABLE UNDER §1983 ......................................................... 9

POINT VI       POLICE OFFICERS BIENZ AND DILEONARDO WERE NOT ACTING
               UNDER COLOR OF STATE LAW AND THE COUNTY OF NASSAU DID
               NOT DEPRIVE PLAINTIFF OF ANY RIGHT, PRIVILEGE, OR IMMUNITY
               PROTECTED BY THE CONSTITUTION. THEREFORE, PLAINTIFF
               CANNOT SUSTAIN A §1983 FEDERAL CAUSE OF ACTION AGAINST
               MOVANTS ................................................................................. 11

POINT VII      PLAINTIFF'S CONSPIRACY CAUSES OF ACTION PURSUANT TO
               42 U.S.C. §1983 SHOULD BE DISMISSED AS A MATTER OF LAW ........... 13

POINT VIII     PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS FOR FALSE
               ARREST AGAINST BIENZ AND NASSAU COUNTY, PREMISED ON
               DILEONARDO'S CONDUCT, SHOULD BE DISMISSED AS A
               MATTER OF LAW ......................................................................... 15

POINT IX      PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS FOR MALICIOUS PROSECUTION AGAINST BIENZ AND NASSAU COUNTY, PREMISED ON DILEONARDO'S CONDUCT, SHOULD BE DISMISSED AS A MATTER OF LAW .................................................................... 16

POINT X      PLAINTIFF'S DUE PROCESS CLAIMS ARE DEFICIENT AS A MATTER OF LAW ................................................................. 18

      A.   *The Record is Devoid of Any Evidence that Movants Violated Plaintiff's Procedural Due Process Rights* .......................................... 18

      B.   *The Record is Devoid of Any Evidence that Movants Violated Plaintiff's Substantive Due Process Rights* ........................................... 19

POINT XI      UPON DISMISSAL OF THE CLAIMS AGAINST MOVANTS, THE REMAINING CLAIMS AGAINST THE COUNTY OF NASSAU SHOULD ALSO BE DISMISSED AS A MATTER OF LAW ..................... 20

POINT XII      PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES MUST BE DISMISSED .................................................................. 25

POINT XIII      PURSUANT TO FED. R. CIV. P. 4(m) PLAINTIFF'S CLAIMS AGAINST JOHN DOES 11-20 ARE BARRED BY THE STATUTE OF LIMITATIONS ................................................................ 25

## <u>TABLE OF AUTHORITIES</u>

### **FEDERAL CASES**

Page

Ackerson v. City of White Plains, 702 F.3d 15 (2d Cir. 2012) ................................... 15

Acri v. Varian Assocs., 114 F.3d 999 (9th Cir. 1997) (en banc) ............................... 3

Aguilera v. County of Nassau, 425 F. Supp. 2d 320 (E.D.N.Y 2006)........................... 5

Allen v. City of Los Angeles, 92 F.3d 842 (9th Cir. 1996) ...................................... 3

Am. Mfrs. Mut. Ins. Col. v. Sullivan, 526 U.S. 40 (1999) .................................... 19

Anderson v. Creighton, 483 U.S. 635 (1987) .............................................. 7

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505 (1986)........................ 2

Ashcroft v. al-Kidd, 131 S. Ct. 2074 (2011) .............................................. 7

Askins v. Doe, 727 F.3d 248 (2d Cir. 2013).............................................. 20

Bailey v. New York City Police Dep't, 910 F.Supp. 116 (E.D.N.Y. 1996) ....................... 21

Baker v. Willet, 42 F. Supp. 2d 192 (N.D.N.Y. 1999) ...................................... 5

Bartels v. Incorporated Village of Lloyd, 751 F. Supp. 2d 387 (E.D.N.Y. 2010) ................. 14

Batista v. Rodriguez, 702 F.2d 393 (2d Cir. 1983)......................................... 22

Beckles v. City of New York, 2011 U.S. Dist. LEXIS 21059 (S.D.N.Y. 2011) .................... 13

Beckles v. City of New York, 2012 U.S. App. LEXIS 17433 (2d Cir. 2012)...................... 2

Bertuglia v. City of New York, 839 F. Supp. 2d 703 (S.D.N.Y. 2012)......................... 16

Black v. Stephens, 662 F.2d 181 (3d Cir. 1981)
cert denied 455 U.S. 1008, 102 S. Ct. 1646 (1982) ...................................... 22

Bonsignor v. City of New York, 683 F.2d 635 (2d Cir. 1982)................................. 12

Brandon v. Holt, 469 U.S. 464 (1985)................................................... 6

Bristol v. Queens Cty., 2018 U.S. Dist. LEXIS 56996 (E.D.N.Y. 2018) ...................... 14

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548 (1986) .................................................... 2

<u>Chiaro v. County of Nassau N.Y.</u>, 2011 U.S. Dist. LEXIS 94229 (E.D.N.Y. 2011) .............. 5, 12

<u>Ciambriello v. County of Nassau</u>, 292 F.3d 307 (2d Cir. 2002)............................................. 14, 18

<u>Claudio v. Sawyer</u>, 675 F. Supp. 2d 403 (S.D.N.Y. 2009) .......................................................... 11

<u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998) ................................................................. 19

<u>Danielak v. City of New York</u>, 2005 U.S. Dist. LEXIS 40901 (E.D.N.Y. 2005) ........................ 14

<u>Davis v. County of Nassau</u>, 2013 U.S. Dist. LEXIS 1513 (S.D.N.Y. 2013)................................. 8

<u>Deshawn E. by Charlotte E. v. Safir</u>, 156 F.3d 340 (2d Cir. 1998) ............................................ 10

<u>Doe v. Guthrie Clinic, Ltd.</u>, 710 F.3d 492 (2d Cir. 2013) ........................................................... 23

<u>Douglas v. People of the State of New York</u>,
2015 U.S. Dist. LEXIS 175165 (E.D.N.Y. 2015)........................................................................ 10

<u>East Coast Novelty Co. v. City of New York</u>, 781 F.Supp. 999 (S.D.N.Y. 1992) ....................... 5

<u>Fiedler v. Incandela</u>, 222 F. Supp. 3d 141 (E.D.N.Y. 2016) ...................................................... 13

<u>Finnegan v. Fountain</u>, 915 F.2d 817 (2d Cir. 1990) ..................................................................... 8

<u>Forrest v. County of Nassau</u>, 2016 U.S. Dist. LEXIS 16531 (E.D.N.Y. 2016)............................ 6

<u>Girden v. Sandals Int'l</u>, 262 F.3d 195 (2d Cir. 2001)................................................................... 23

<u>Graham v. Connor</u>, 490 U.S. 386 (1989) ..................................................................................... 8

<u>Hall v. City of White Plains</u>, 185 F. Supp. 2d 293 (S.D.N.Y. 2002)............................................ 5

<u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).................................................................................... 7

<u>Harris v. Angelina County</u>, 31 F.3d 331 (5th Cir. 1994) .............................................................. 3

<u>Hunter v. Bryant</u>, 502 U.S. 224 (1991) ........................................................................................ 8

<u>Jones v. Town of East Haven</u>, 691 F.3d 72 (2d Cir. 2012)....................................................20-21

<u>Kaluczky v. City of White Plains</u>, 57 F.3d 202 (2d Cir. 1995) .................................................... 19

<u>Kinzer v. Jackson</u>, 316 F.3d 139 (2d Cir. 2003) ......................................................................... 17

Koch v. Mirza, 869 F. Supp. 1031 (W.D.N.Y. 1994) ...................................................... 3

Koulkina v. City of New York, 559 F. Supp. 2d 300 (S.D.N.Y. 2008)......................... 21

Lee v. Edwards, 101 F.3d 805 (2d Cir.1996)................................................................ 24

Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) ...................................................... 7

Lewis v. Hyland, 554 F.2d 93 (3d Cir. 1977)
cert denied 434 U.S. 931, 98 S. Ct. 419 (1977) ........................................................... 22

Lopez v. City of New York, 901 F. Supp. 648 (S.D.N.Y. 1995) ................................... 16

MacLeod v. Town of Brattleboro, 2013 U.S.App. LEXIS 23841 (2d Cir. 2013) ........................ 7

Malley v. Briggs, 475 U.S. 335 (1986) ........................................................................ 7

Martin v. City of New York, 627 F.Supp. 892 (E.D.N.Y. 1985) ................................. 21

Mason v. City of New York, 949 F. Supp. 1068 (S.D.N.Y. 1996)................................. 3

Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,
475 U.S. 574, 106 S. Ct. 1348 (1986)........................................................................... 2

Medley v. City of New York, 1998 U.S. Dist. LEXIS 20056 (E.D.N.Y. 1998) ........................ 4

Messerschmidt v. Millender, 132 S. Ct. 1235 (2012) .................................................. 7

Milfort v. Prevete, 3 F.Supp.3d 14 (E.D.N.Y. 2014) ................................................... 24

Mitchell v. Forsyth, 472 U.S. 511 (1985) .................................................................... 8

Monell v. New York City Dep't of Social Services, 436 U.S. 658,
98 S. Ct. 2018 (1978)........................................................................................... 20-22

Morpurgo v. Inc. Vill. of Sag Harbor, 697 F.Supp.2d 309 (E.D.N.Y. 2010) ............. 13

Morris v. Silvestre, 604 Fed. Appx. 22 (2d Cir. 2015)................................................. 15

Mosca v. City of New York, 2018 U.S. Dist. LEXIS 69846 (E.D.N.Y. 2018)............. 11

Narumanchi v. Bd. of Trustees, 850 F.2d 70 (2d Cir. 1988) ....................................... 18

Nesbitt v. County of Nassau, 2006 U.S. Dist. LEXIS 88262 (E.D.N.Y. 2006) .......... 10

Nimkoff v. Dollhausen, 751 F. Supp. 2d 455 (E.D.N.Y. 2010) .................................. 10

Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427 (1985)...................................................... 22

Oliveira v. Mayer, 23 F.3d 642 (2d Cir. 1994),
cert denied 513 U.S. 1076 (1995) ............................................................................................... 7-8

Pearson v. Callahan, 555 U.S. 223 (2009) ...................................................................................... 7

Pena v. DePrisco, 432 F.3d 98 (2d Cir. 2005) ............................................................................... 19

Phillips v. County of Orange, 894 F. Supp. 2d 345 (S.D.N.Y. 2012) ............................................ 6

Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994) .......................................................................... 11-12

Podlach v. Village of Southampton, 2017 U.S. Dist. LEXIS 73407 (E.D.N.Y. 2017) ............. 9-10

Ricciuti v. New York City Transit Auth., 70 F. Supp. 2d 300 (S.D.N.Y. 1999)......................... 17

Rivera v. La Porte, 896 F.2d 691 (2d Cir. 1990) ...................................................................... 11-12

Robischung-Walsh v. Nassau Cnty. Police Dep't, 699 F. Supp. 2d 563 (E.D.N.Y. 2010)
aff'd 421 F. App'x 28 (2d Cir. 2011)............................................................................................. 5

Rohman v. New York City Transit Auth., 215 F.3d 208 (2d Cir. 2000)..................................... 17

Romer v. Morgenthau, 119 F. Supp. 2d 346 (S.D.N.Y. 2000) ............................................... 13-14

Romero v. City of New York, 839 F. Supp. 2d 588 (E.D.N.Y. 2012) ........................................ 23

Rosado v. New York City Hous. Auth., 719 F. Supp. 268 (S.D.N.Y. 1989)
substituted op. at 827 F. Supp. 179 (S.D.N.Y. 1989) ..................................................................... 3

Rothgery v. Gillespie County, Tex., 554 U.S. 191 (2008) ....................................................... 9-10

Russell v. Crossland Sav. Bank, 111 F.3d 251 (2d Cir. 1997) ............................................... 15-16

Sandy Hollow Assocs. LLC v. Inc. Village of Port Washington North,
2010 U.S. Dist. LEXIS 142396 (E.D.N.Y. 2010) ...................................................................... 14

Sarus v. Rotundo, 831 F.2d 397 (2d Cir. 1987).......................................................................... 21

Savino v. City of New York, 331 F.3d 63 (2d Cir. 2003) ............................................................ 15

Screws v. United States, 325 U.S. 91, 89 L. Ed. 1495, 65 S. Ct. 1031 (1945)............................ 11

Singer v. Fulton County Sheriff, 63 F.3d 110 (2d Cir. 1995)..................................................... 17

Spavone v. New York State Department of Correctional Services,
719 F.3d 127 (2d Cir. 2013)................................................................ 10

Stancati v. County of Nassau, 2015 U.S. Dist. LEXIS 43802 (E.D.N.Y. 2015) ............................ 6

Super Nova 330 LLC v. Gazes, 2012 U.S. App. LEXIS 16083 (2d Cir. 2012) ............................ 2

Swarna v. AlAwadi, 622 F.3d 123 (2d Cir. 2010) ........................................................ 23

Tabor v. City of New York, 2012 U.S. Dist. LEXIS 29004 (E.D.N.Y. 2012) ............................ 21

Thomas v. DeMeo, 2017 U.S. Dist. LEXIS 138036 (S.D.N.Y. 2017) ........................................ 14

Velez v. Levy, 401 F.3d 75 (2d Cir. 2005)................................................................ 19

Vippolis v. Village of Haverstraw, 768 F.2d 40 (2d Cir. 1985) .................................... 21

Votta v. Castellani, 600 F. App'x 16 (2d Cir. 2015).................................................... 19

Warren v. Dwyer, 906 F.2d 70 (2d Cir. 1990),
cert. denied, 498 U.S. 967 (1990) ....................................................................... 8

Warren v. Fischl, 33 F. Supp. 2d 171 (E.D.N.Y. 1999)................................................. 14

Weyant v. Okst, 101 F.3d 845 (2d Cir. 1996)............................................................ 15

Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989)........................................ 6

Wilson v. City of New York, 800 F. Supp. 1098 (E.D.N.Y. 1992)................................. 5

Wray v. City of New York, 490 F.3d 189 (2d Cir. 2007)............................................ 21

## NEW YORK STATE CASES

Page

Bank v. Rebold, 69 A.D.2d 481 (2d Dep't 1979) ................................................... 3-4

Bibergal v. McCormick, 101 Misc. 2d 794 (Kings Civ. Ct. 1979)................................. 3

Broughton v. State of New York, 37 N.Y.2d 451 (1975) ...................................... 15

Cardona v. Cruz, 271 A.D.2d 221 (1st Dep't 2000)............................................23-24

Carrington v. City of New York, 201 A.D.2d 525 (2d Dep't 1994)........................... 16

Davis v. City of New York, 226 A.D.2d 271 (1st Dep't 1996)................................... 4

DuChateau v. Metro North Commuter R.R. Co., 253 A.D.2d 128 (1st Dep't 1999) .................. 17

Hoffman v. City of New York, 301 A.D.2d 573 (2d Dep't 2003)................................................ 24

Horvath v. L & B Gardens, Inc., 89 A.D.3d 803 (2d Dep't 2011) .............................................. 23

Matter of DiLeonardo v. Nassau County Police Officer Indemnification Board, 148 A.D.3d 701 (2d Dep't 2017) ........................................................................................... 4, 24

Moorhouse v.Standard, N.Y., 124 A.D. 3d 1 (1st Dep't 2014) .................................................. 24

Nardelli v. Stamberg, 44 N.Y.2d 500 (1978)............................................................................ 17

Pereira v. St. Joseph's Cemetery, 54 A.D.3d 835 (2d Dep't 2008)........................................... 24

Pinto v. Tenenbaum, 105 A.D.3d 930 (2d Dep't 2013)............................................................. 23

Pistilli Constr. & Dev. Corp. v. Epstein, Rayhill & Frankini, 84 A.D.3d 913 (2d Dep't 2011)... 24

Present v. Avon Products, Inc., 253 A.D.2d 183 (1st Dep't. 1999)............................................ 17

Stevens v. Kellar, 112 A.D.3d 1206 (3rd Dep't 2013) .............................................................. 24

## FEDERAL STATUTES

Page

42 U.S.C. § 1983................................................................................................................. passim

42 U.S.C. § 1988................................................................................................................... 3

Fed. R. Civ. P. 56.......................................................................................................... 1, 2, 23

## STATE STATUTES

Page

C.P.L.R. § 1401.................................................................................................................... 3

N.Y. Crim. Proc. Law § 100.05 .......................................................................................... 10

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion by Defendants County of Nassau ("County" or "Nassau County"), Nassau County Police Department ("NCPD"), Sgt. Timothy Marinace (s/h/a Timothy Marinaci), Inspector Edmund Horace, Commanding Officer Daniel Flanagan, Detective/Sgt. John DeMartinis,[1] and Nassau Police Officer Edward Bienz (collectively, "Movants") seeking an Order pursuant to Federal Rule of Civil Procedure 56, granting summary judgment to the individually named members of the Nassau County Police Department and directing the Clerk of the Court to enter judgment forthwith in favor of Movants dismissing Plaintiffs' Complaint and all cross-claims in their entirety and granting such other and further relief in favor of Movants as the Court deems justified under the circumstances.

Upon such exercise, Movants pray that this Court exercise its discretion and also grant summary judgment in favor of County of Nassau on Plaintiff's federal claims sounding in vicarious liability pursuant to § 1983; and Plaintiff's pendent state law claims based upon *respondeat superior*, and negligent hiring and retention for the same reasons.

## STATEMENT OF FACTS

The pertinent facts of this case are set forth in detail in the Rule 56.1 Statement of Undisputed Facts in support of Movant's motion for summary judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, and are demonstrated in evidentiary form in the exhibits annexed thereto.  In sum, the credible, admissible evidence annexed to the accompanying Rule 56.1 Statement of Undisputed Facts shows that the dispositive facts are not in dispute.  This Court may now determine, as a matter of law, that summary judgment in favor of Movants dismissing the Complaint and all cross-claims is necessary and appropriate.

---

[1] Inspector Edmund Horace, Commanding Officer Daniel Flanagan, and Detective/Sgt. John DeMartinis were members of the NCPD Deadly Force Response Team (collectively, "DFRT members"), which was coordinated by co-Defendant Deputy Chief of Patrol John Hunter.  Sgt. Timothy Marinace was not a member of the DFRT.

1

## **STANDARD OF REVIEW**

Summary judgment pursuant to Fed. R. Civ. P. 56 is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. See also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). Where there are no genuine issues of material fact, summary judgment is appropriate. Anderson, *supra*.

Upon a showing by the moving party that "there is an absence of evidence to support the non-moving party's case" (Celotex, 477 U.S. at 325), the burden shifts to the non-moving party to either proffer specific facts demonstrating a genuine issue exists, or demonstrate that there is sufficient evidence based on the facts at hand to support the non-moving party's case. Id. at 324; Matsushita, 475 U.S. at 586. The non-moving party must point to specific facts that create an issue for trial; conclusory allegations are not sufficient. Celotex, 477 U.S. at 324.

The evidentiary record in this action has been fully developed such that a determination can be made as a matter of law as to whether the Second Amended Complaint has stated a claim against Movants. "Summary judgment is appropriate when there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law." Beckles v. City of New York, No. 11-1226-cv, 2012 U.S. App. LEXIS 17433, at *2 (2d Cir. 2012). As set forth in the Accompanying Declaration, there is no genuine issue of material fact to be tried. Super Nova 330 LLC v. Gazes, No. 11-1773-bk, 2012 U.S. App. LEXIS 16083 (2d Cir. 2012).

2

## <u>ARGUMENT</u>

**I.**   **DILEONARDO'S CROSS-CLAIMS AGAINST COUNTY OF NASSAU SHOULD BE DISMISSED AS A MATTER OF LAW**

A defendant has no right to indemnification and/or contribution of any claims brought

against him by a plaintiff pursuant to § 1983. <u>See</u> <u>Mason v. City of New York</u>, 949 F. Supp.

1068, 1079 (S.D.N.Y. 1996) (ruling that federal law does not establish a right to contribution

under § 1983); <u>Rosado v. New York City Hous. Auth.</u>, 719 F. Supp. 268,273 (S.D.N.Y. 1989)

(holding that 42 U.S.C. § 1988 serves the purpose of vindicating rights under § 1983, not state

laws of contribution) substituted op. at 827 F. Supp. 179, 184 (S.D.N.Y. 1989) (holding liability

under C.P.L.R. § 1401 cannot be incorporated under § 1983 pursuant to § 1988); <u>Koch v. Mirza</u>,

869 F. Supp. 1031, 1040-42 (W.D.N.Y. 1994) (determining that there is no right to contribution

or indemnification under §§ 1983 or 1988); <u>Allen v. City of Los Angeles</u>, 92 F.3d 842,845 n.1

(9th Cir. 1996) <u>overruled on other grounds</u>, <u>Acri v. Varian Assocs.</u>, 114 F.3d 999 (9th Cir. 1997)

(en banc) ("There is no federal right to indemnification provided in 42 U.S.C. § 1983"); <u>Harris v.</u>

<u>Angelina County</u>, 31 F.3d 331, 338 n.9 (5th Cir. 1994) (noting that most courts have found no

right of contribution under § 1983). Accordingly, a § 1983 defendant is not entitled to indemnity

and/or contribution from a co-defendant under § 1983.

Accordingly, DiLeonadro has no standing to bring a cross claim against Nassau County

based on the *respondeat superior* doctrine in this action. Such doctrine is not intended to release

the employee from his portion of the liability.  Instead, it serves to protect and compensate the

injured party from the actions of an employee, by allowing that injured party to hold both the

employee and his employer financially responsible for the employee's actions. <u>Bibergal v.</u>

<u>McCormick</u>, 101 Misc. 2d 794 (Kings Civ. Ct. 1979); <u>Bank v. Rebold</u>, 69 A.D.2d 481, 487 (2d

Dep't 1979) (recognizing that the doctrine of *respondeat superior* imposes liability on a master

3

for injuries to third persons).

"Under the long-standing doctrine of *respondeat superior*, an employer will be vicariously liable for the acts of his employee when these acts are 'within the general scope of his employment, while engaged in the master's business, and with a view to the furtherance of that business and the master's interest.'" Medley v. City of New York, 1998 U.S. Dist. LEXIS 20056 (E.D.N.Y. 1998) (Docket No. 94cv3708 (RJD)) [internal citations omitted]. In addition, the burden is on the plaintiff to establish by a preponderance of the evidence that the employee was acting in the scope of his employment. Davis v. City of New York, 226 A.D.2d 271, 272 (1st Dep't 1996) (recognizing that the plaintiff has the burden of establishing that an officer was acting in the scope of his employment).

Here, the question of whether DiLeonardo is owed a defense or indemnification by Nassau County for the claims brought by Plaintiff against DiLeonardo in this lawsuit has been adjudicated in favor of the County in a CPLR Article 78 proceeding that DiLeonardo commenced in the NYS Supreme Court, Nassau County, and which ran concurrently to this lawsuit.  See Rule 56.1 Statement of Undisputed Facts ("Rule 56.1) at ¶¶ 254-258.  Thus, DiLeonardo is collaterally estopped from relitigating the issue in this Court.  In Matter of DiLeonardo v. Nassau County Police Officer Indemnification Board, 148 A.D.3d 701 (2d Dep't 2017), the Appellate Division, Second Department, affirmed the findings of the Police Officer Indemnification Board and the state Supreme Court and ruled, in pertinent part, as follows:

> The question of whether the petitioner's acts which formed the basis of the federal action were committed while in the proper discharge of his duties and within the scope of his employment is to be determined in the first instance by the Board.  The determination may be set aside only if it was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion.  That standard was not met here.  The record supports the Board's determination that the

4

> petitioner was not acting while in the proper discharge of his duties or within the scope of his employment, since there is a factual basis for the conclusion that the alleged misconduct arose from an alternation that was personal in nature and was not undertaken in the exercise of his "public responsibility as a police officer."  Id. at 702 [internal citations omitted].

Based on the foregoing, DiLeonardo's cross-claims against the County of Nassau should be dismissed in their entirety as a matter of law.

## II.    THE NASSAU COUNTY POLICE DEPARTMENT DOES NOT HAVE A DISTINCT IDENTITY APART FROM THE COUNTY OF NASSAU AND CANNOT BE SUED WARRANTING DISMISSAL OF ANY AND ALL CLAIMS AGAINST IT

Plaintiff's claims against the Nassau County Police Department must be dismissed because it lacks capacity to be sued.  "Under New York law, the Nassau County Police Department is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued."  Aguilera v. County of Nassau, 425 F. Supp. 2d 320, 323 (E.D.N.Y 2006); Robischung-Walsh v. Nassau Cnty. Police Dep't, 699 F. Supp. 2d 563 (E.D.N.Y. 2010) aff'd 421 F. App'x 28 (2d Cir. 2011); Chiaro v. County of Nassau N.Y., 2011 U.S. Dist. LEXIS 94229 (E.D.N.Y. 2011); see also Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); Baker v. Willett, 42 F.Supp.2d 192, 197 (N.D.N.Y. 1999); East Coast Novelty Co. v. City of New York, 781 F.Supp. 999 (S.D.N.Y. 1992); Wilson v. City of N.Y., 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992).

Therefore, the Complaint must be dismissed as against the Nassau County Police Department as a matter of law.

## III.    THE DFRT MEMBERS AND MARINACE SHOULD BE DISMISSED FROM THIS ACTION BECAUSE OFFICIAL CAPACITY SUITS ARE REDUNDANT WHEN THE MUNICIPALITY IS A NAMED DEFENDANT

Plaintiff asserts claims pursuant to 42 U.S.C. 1983 against both Nassau County and

members of the Deadly Force Response Team, ("DFRT"), in their official capacity, arising from their alleged acts after the incident occurring on February 27, 2011.  "[A] suit against a[n] [] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office… As such, it is no different from a suit against the State itself."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see Brandon v. Holt, 469 U.S. 464, 471-72 (1985) (holding that a "judgment against public servant 'in his official capacity' imposes liability on the entity he represents").  "Within the Second Circuit, where a plaintiff names both the municipal entity and an official in his or her official capacity, district courts have consistently dismissed the official capacity claims as redundant."  Forrest v. County of Nassau, 2016 U.S. Dist. LEXIS 16531 at *37 (E.D.N.Y. 2016) quoting Phillips v. County of Orange, 894 F. Supp. 2d 345, 385 (S.D.N.Y. 2012); see also Stancati v. County of Nassau, 2015 U.S. Dist. LEXIS 43802 (E.D.N.Y. 2015).

Here, the DRFT members were not named individually in any cause of action in Plaintiff's Second Amended Complaint showing that they are being sued solely in their official capacity. See; DE 177 at pages 34-41.  Thus, as Nassau County is a named party in this action, naming the DFRT members individually is redundant of naming the County warranting dismissal of all claims and cross-claims against the DFRT members as duplicative and redundant. Similarly, Sgt. Marinace was not named individually in any cause of action and is being sued solely in his official capacity, warranting dismissal of all claims and cross-claims against him as duplicative and redundant.

## IV.    THE DFRT MEMBERS AND MARINACE ARE ENTITLED TO QUALIFIED IMMUNITY

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2085 (2011) quoting Malley v. Briggs, 475 U.S. 335, 341 (1986). "'[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken.'" Messerschmidt v. Millender, 132 S.Ct. 1235, 1245 (2012) quoting Anderson v Creighton, 483 U.S. 635, 639 (1987); see also Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995).

"Police officers are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." Oliveira v. Mayer, 23 F.3d 642, 648 (2d Cir. 1994), cert denied 513 U.S. 1076 (1995). This Court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in [this] case[.]" Pearson, 555 U.S. at 236 (2009). The crucial analysis is that "[t]he protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Id. at 231.

"[T]he court's determination of reasonableness at the summary judgment stage is a pure question of law, and must be made from the 'perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" MacLeod v. Town of Brattleboro, 2013

U.S.App. LEXIS 23841, *3 (2d Cir. 2013) quoting Graham v. Connor, 490 U.S. 386, 396 (1989); see also Warren v. Dwyer, 906 F.2d 70 (2d Cir. 1990), cert. denied, 498 U.S. 967 (1990); Oliveira, 23 F.3d at 649 ("[I]mmunity ordinarily should be decided by the court... in those cases where the facts concerning the availability of the defense are undisputed."); Finnegan v. Fountain, 915 F.2d 817, 821 (2d Cir. 1990) ("Once disputed factual issues are resolved, the application of qualified immunity is ... ultimately a question of law for the court to decide.")). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396-97.

"Because qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'" Id. quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also Davis v. County of Nassau, 2013 U.S. Dist. LEXIS 1513 (S.D.N.Y. 2013).  In fact, the United States Supreme Court has "repeatedly [] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991).

Here, the testimonial and documentary evidence shows that the DFRT members received the information incorporated into the DFRT report to the Commissioner from the SCPD within the first ten hours following the shooting incident. Similarly, the evidence shows that Marinace based the Workers' Compensation paperwork on the information obtained from the SCPD in the same timeframe.  The evidence further established that the DFRT members and Marinace did not investigate the shooting incident, did not interview any of the parties involved in the shooting incident, that Suffolk County officials did not rely on the DFRT report or the Workers'

Compensation filings in their investigation of the shooting incident, and that Nassau IAB did not rely on the findings of the DFRT members or the Workers' Compensation filings in its later review of the shooting incident.  Thus, the record is devoid of any evidence that any conduct on the part of the DFRT members or Marinace in anyway violated or deprived Plaintiff of any constitutional rights, and demonstrates that the DFRT members acted reasonably in gathering information to prepare a report to the Commissioner pursuant to ADM 1221 of the NCPD manual, and that Marinace acted reasonably in completing the Workers' Compensation paperwork. See Rule 56.1 at ¶¶ 101, 108, 123-124, 128, 142, 147, 151, 154-155, 175, 180, 187-188, 191, 207, 209-213, 237-239, 246-249, 261-262. Accordingly, based on the foregoing, and in the interests of justice to avoid wasting this Court's valuable time and resources, Movants seek to have all claims against them dismissed based on the doctrine of qualified immunity.

## V.    THE FIFTH AMENDMENT CLAIM AGAINST THE COUNTY OF NASSAU FOR DEPRIVATION OF THE RIGHT TO COUNSEL CANNOT BE MAINTAINED BECAUSE MIRANDA VIOLATIONS ARE INACTIONABLE UNDER § 1983

Plaintiff asserts claims against Nassau County alleging deprivations of his right to counsel under both the Fifth Amendment to the United States Constitution and the New York State Constitution[2].  However, Plaintiff does not allege, and the record before this Court is devoid of any evidence that any of the individually named Nassau County Defendants questioned him or elicited a confession from him.  Even assuming all of the factual allegations in Plaintiff's Complaint are true, each of these claims must fail.  "A detainee does not have an inherent right to counsel prior to the initiation of adversarial judicial proceedings." Podlach v. Village of Southampton, 2017 U.S. Dist. LEXIS 73407 at *24-25 (E.D.N.Y. 2017) citing Rothgery v. Gillespie County, Tex., 554 U.S. 191 (2008) (which held that a criminal defendant's

---

[2] While Plaintiff brings Sixth Amendment right to counsel claims against Suffolk County Defendants he has only brought Fifth Amendment and New York State Constitution right to counsel claims against Nassau County Defendants.

right to counsel is only triggered by way of formal charge, preliminary hearing, indictment, information, or arraignment).  The point at which adversarial judicial proceedings have commenced is determined by state law.  Podlach, 2017 U.S. Dist. LEXIS at *25.  Under New York law, the filing of an accusatory instrument at an arraignment commences a criminal action. Id. citing Douglas v. People of the State of New York, 2015 U.S. Dist. LEXIS 175165 (E.D.N.Y. 2015) citing Nimkoff v. Dollhausen, 751 F. Supp. 2d 455, 465 (E.D.N.Y. 2010); see also N.Y. Crim. Proc. Law § 100.05.

In the specific context of pre-arraignment detention, though the right to have an attorney present prior to and during questioning implicates an individual's Fifth Amendment right against self-incrimination and may result in suppression of evidence at trial, that right does not substantiate a cognizable § 1983 claim as a matter of law.  Podlach at *25 citing Nesbitt v. County of Nassau, 2006 U.S. Dist. LEXIS 88262 (E.D.N.Y. 2006) and Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 346 (2d Cir. 1998).

Moreover, assuming *arguendo* this were a cognizable claim under § 1983, such a claim must allege the personal involvement of an individual defendant in the purported constitutional deprivation. See Spavone v. New York State Department of Correctional Services, 719 F.3d 127, 135 (2d Cir.2013).  As noted above, there is no evidence that any of the DFRT members, Marinace, or any other named Nassau County police officer or official was present while Plaintiff was spoken to or questioned by Suffolk County officials, when a statement was prepared for Plaintiff at the hospital, or that any of the named Nassau County Defendants spoke to Plaintiff at any point.  Accordingly, Plaintiff's claim alleging denial of counsel should be dismissed as a matter of law.

## VI.     POLICE OFFICERS BIENZ AND DILEONARDO WERE NOT ACTING UNDER COLOR OF STATE LAW AND THE COUNTY OF NASSAU DID NOT DEPRIVE

**PLAINTIFF OF ANY RIGHT, PRIVILEGE, OR IMMUNITY PROTECTED BY THE CONSTITUTION. THEREFORE, PLAINTIFF CANNOT SUSTAIN A § 1983 FEDERAL CAUSE OF ACTION AGAINST MOVANTS**

To maintain a § 1983 claim, a plaintiff must show: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Pitchell v. Callan, 13 F.3d 545, 547-548 (2d Cir. 1994). It is "axiomatic that under 'color' of law means under 'pretense' of law and that acts of officers in the ambit of their personal pursuits are plainly excluded" and do not give rise to § 1983 liability. Id. quoting Screws v. United States, 325 U.S. 91, 111, 65 S. Ct. 1031 (1945).

"There is no bright line test for distinguishing personal pursuits from activities taken under color of law." Mosca v. City of New York, 2018 U.S. Dist. LEXIS 69846 *10 (E.D.N.Y. 2018) quoting Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1994) [internal quotations omitted]. More is required than simply looking to an officer's on or off duty status at the time of the alleged incident. See Rivera v. La Porte, 896 F.2d 691, 695-696 (2d Cir. 1990). "Where the defendant is an off-duty police officer, courts look to the nature of the officer's act, not simply his duty status." Mosca, 2018 U.S. Dist. LEXIS 69846 at *10 (citations omitted).

"Factors to be considered when determining whether an off-duty police officer acted under color of law include whether defendants identified themselves as police officers at any time during the incident; if plaintiff was aware that the defendants were police officers; whether defendants detained or questioned the plaintiff in the line of duty or scope of employment as police officers; if defendants drew a firearm or arrested the plaintiff; whether defendants were engaged in any investigation or any aspect of the traditional public safety functions of police work." Claudio v. Sawyer, 675 F. Supp. 2d 403, 409 (S.D.N.Y. 2009) [internal citations

omitted].  "Even if the altercation was private in nature, an off-duty police officer will be considered to be acting under color of law if the officer responded by invoking his or her authority." Id. citing Rivera, 896 F.2d at 696; cf. Bonsignor v. City of New York, 683 F.2d 635 (2d Cir. 1982) (holding that an off-duty officer who shot his wife then committed suicide using his police handgun was not acting under color of law); cf. Chiaro v. County of Nassau N.Y., 2011 U.S. Dist. LEXIS 94229 *18 (E.D.N.Y. 2011) (finding that the off-duty police officer, at the time of the incident, did not act under color of state law, because his conduct, in restraining his brother from choking his father, was wholly personal and did not invoke the authority of the police department).

The Second Circuit has found that where an off-duty officer was drunk while in his own home and used his personal weapon to shoot a guest, that officer's actions were not state actions and that any violation of constitutional rights was done as a private citizen. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).  Similarly, here, as noted above, the Appellate Division, Second Department, affirmed the rulings of the lower court and the Police Officer's Indemnification Board denying DiLeonardo's request for defense and/or indemnification from Nassau County for the claims raised in this lawsuit.  This Court may take judicial notice of the fact that the Appellate Division so ruled on the grounds that "there is a factual basis for the conclusion that the alleged misconduct arose from an altercation that was personal in nature and was not undertaken in the exercise of [DiLeonardo's] 'public responsibility as a police officer[.]'" Matter of DiLeonardo, 148 A.D.3d at 702.  Further, the testimonial and documentary evidence before this Court establishes that Bienz never spoke to Plaintiff or identified himself as a police officer, that Plaintiff was not aware that Bienz or DiLeonardo were police officers, that neither Bienz nor DiLeonardo detained or questioned Plaintiff, that neither Bienz nor DiLeonardo

12

arrested Plaintiff, and that neither Bienz nor DiLeonardo participated in any investigation of Plaintiff or the shooting incident.  Moreover, the testimonial and documentary evidence shows that the alleged incident arose from a purely personal dispute between DiLeonardo and Plaintiff related to Plaintiff's observations of DiLeonardo's driving.  See Rule 56.1 at ¶¶ 10-15, 21-23, 27-31, 37, 44-46, 57-60.

Further, with respect to the members of the DFRT and the purported falsification of the DFRT report, the record is devoid of any evidence that the DFRT report was given to Suffolk County officials to use or support their investigation of the shooting incident or that the contents of the DFRT report resulted in any deprivation of Plaintiff's constitutional rights.

## VII.    PLAINTIFF'S CONSPIRACY CAUSES OF ACTION PURSUANT TO 42 U.S.C. § 1983 SHOULD BE DISMISSED AS A MATTER OF LAW

Plaintiff has alleged that various groups of co-conspirators conspired to violate his civil and constitutional rights. See DE 177 ¶¶ 215-232. "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." Beckles v. City of New York, 2011 U.S. Dist. LEXIS 21059 *19 (S.D.N.Y. Feb. 25, 2011) (citations omitted); see also Fiedler v. Incandela, 222 F. Supp. 3d 141, 165 (E.D.N.Y. 2016); Morpurgo v. Inc. Vill. of Sag Harbor, 697 F.Supp.2d 309, 331 (E.D.N.Y. 2010). "Thus, absent an underlying constitutional violation on which to base a § 1983 conspiracy claim, a plaintiff's conspiracy claim fails as a matter of law." Id.; see also Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) ("A violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right."). Moreover, "[u]nder the intra-corporate conspiracy doctrine, officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of

13

conspiring with each other." <u>Bristol v. Queens Cty.</u>, 2018 U.S. Dist. LEXIS 56996 *66 (E.D.N.Y. 2018) quoting <u>Bartels v. Incorporated Village of Lloyd</u>, 751 F. Supp. 2d 387, 402 (E.D.N.Y. 2010) [citations omitted]; <u>Sandy Hollow Assocs. LLC v. Inc. Village of Port Washington North</u>, 2010 U.S. Dist. LEXIS 142396 (E.D.N.Y. 2010) (holding that employees of the same municipal entity are incapable of conspiring with each other); <u>see</u> <u>also</u> <u>Danielak v. City of New York</u>, 2005 U.S. Dist. LEXIS 40901 *42 (E.D.N.Y. 2005) (discussing how the "intra-corporate conspiracy" doctrine provides that a corporation or public entity "generally cannot conspire with its employees or agents as all are considered a single entity").

If Plaintiff alleges a constitutional rights violation, then "[he] must provide some factual basis supporting a 'meeting of the minds,' such as that defendants 'entered into an agreement, express or tacit, to achieve the unlawful end'; plaintiff must also provide some 'details of time and place and the alleged effects of the conspiracy.'" <u>Romer</u>, 119 F. Supp.2d at 363 quoting <u>Warren v. Fischl</u>, 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 325 (2d Cir. 2002) [internal citation omitted]; <u>Thomas v. DeMeo</u>, 2017 U.S. Dist. LEXIS 138036 * 35 (S.D.N.Y. 2017) (dismissing the plaintiff's conspiracy claim for failure "to provide even circumstantial allegations that the alleged conspiracy existed, much less any details as to the extent of the alleged agreement or how [d]efendants collectively carried it out").

Here, the testimonial and documentary evidence shows that the investigation of the shooting incident was conducted by the Suffolk County Police Department, without any input

from or participation by the Nassau County Police Department or any of the individually named Nassau County Defendants.  See Rule 56.1 at ¶¶ 88-89, 95, 99-101, 105, 110, 118-119, 122-125, 127-128.

## VIII.  PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS FOR FALSE ARREST AGAINST BIENZ AND NASSAU COUNTY, PREMISED ON DILEONARDO'S CONDUCT, SHOULD BE DISMISSED AS A MATTER OF LAW

As shown, DiLeonardo was not acting under the color of state law or within the scope of his employment.  Thus, any actions by DiLeonardo cannot be attributed to Nassau County and the false arrest claims asserted against Nassau County based on DiLeonardo's actions must be dismissed.  Moreover, the testimonial and documentary evidence before this Court is devoid of any evidence that Bienz ever attempted, let alone effectuated an arrest of Plaintiff.

A claim for false arrest under § 1983 rests on the Fourth Amendment right to be free from unreasonable seizures, including arrest without probable cause.  See Morris v. Silvestre, 604 Fed. Appx. 22 (2d Cir. 2015) citing Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Under § 1983, a claim for false arrest is substantially the same as a claim for false imprisonment under New York State substantive law. Ackerson v. City of White Plains, 702 F.3d 15 (2d Cir. 2012) citing Weyant, 101 F.3d at 852.  New York law requires a plaintiff to show that "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Ackerson, 702 F.3d at 20 quoting Broughton v. State of New York, 37 N.Y.2d 451, 456 (1975); see also Savino v. The City of New York, 331 F.3d 63, 75 (2d Cir. 2003).

To show a defendant's intent to confine, a plaintiff needs to show that the defendant either: (1) confined or intended to confine plaintiff, or (2) affirmatively procured or instigated the plaintiff's arrest.  Russell v. Crossland Sav. Bank, 111 F.3d 251, 256 (2d Cir. 1997) citing

15

Carrington v. City of New York, 201 A.D.2d 525 (2d Dep't 1994).  "A defendant who is not an arresting officer may be liable for false arrest if the defendant instigated an arrest by a police officer, knowing that there was no probable cause to believe that plaintiff committed a crime." Bertuglia v. City of New York, 839 F. Supp. 2d 703, 721 (S.D.N.Y. 2012) quoting Lopez v. City of New York, 901 F. Supp. 648, 688 (S.D.N.Y. 1995).  However, when a defendant erroneously reports a suspected crime, but in no other way instigates the arrest, he is not liable for false arrest.  Russell, 111 F.3d at 256.

Here, as shown above, there is no evidence that Bienz ever spoke to Plaintiff, let alone detained or confined Plaintiff in any manner, and no evidence that Plaintiff was conscious of any confinement by Bienz or even DiLeonardo at the scene of the incident.  Moreover, the documentary evidence establishes that it was Suffolk County officials who detained and arrested Plaintiff and that they did so based solely on a statement obtained from DiLeonardo.  See Rule 56.1 at ¶¶ 37, 57-58, 60-63, 96-98, 114, 116-122, 126-127, 237.  Accordingly, the federal and state law false arrest claims against Movants should be dismissed.

## IX.  PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS FOR MALICIOUS PROSECUTION AGAINST BIENZ AND NASSAU COUNTY, PREMISED ON DILEONARDO'S CONDUCT, SHOULD BE DISMISSED AS A MATTER OF LAW

As shown, DiLeonardo was not acting under the color of state law nor was DiLeonardo acting in the scope of his employment.  Thus, any actions by DiLeonardo cannot be attributed to Nassau County and the malicious prosecution claims asserted against Nassau County based on DiLeonardo's actions should be dismissed.  Plaintiff also cannot establish a malicious prosecution claim against Bienz.

The constitutional right implicated in a malicious prosecution action is the Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty.

16

Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000) citing Singer v.

Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995).  To prevail on a malicious prosecution

claim under § 1983, a plaintiff must demonstrate that an officer: (1) initiated or continued a

criminal proceeding; (2) a termination of the proceeding in plaintiff's favor; (3) an absence of

probable cause for the proceeding; (4) actual malice as a motive for the defendant's actions; and

(5) a post-arraignment deprivation of liberty.[3]  See Rohman, 215 F.3d at 215; see also Kinzer v.

Jackson, 316 F.3d 139, 143 (2d Cir. 2003).  A plaintiff must allege and prove each such element

to succeed on a claim.  Ricciuti v. New York City Transit Auth., 70 F. Supp. 2d 300, 321

(S.D.N.Y. 1999).  Actual malice "means that the defendant must have commenced the prior

criminal proceeding due to a wrong or improper motive, something other than a desire to see the

ends of justice served."  Nardelli v. Stamberg, 44 N.Y.2d 500 (1978).

Here, the record before this Court is devoid of any evidence that either Bienz or Nassau

County either "played an active role in the prosecution, such as giving advice and

encouragement or importuning the authorities to act."  DuChateau v. Metro North Commuter

R.R. Co., 253 A.D.2d 128, 131 (1st Dep't 1999).  Further, "[a]s in the case of false arrest, '[t]he

mere reporting of a crime to police and giving testimony are insufficient' to show a defendant's

initiation of a criminal proceeding."  Id. at 132.  Likewise, the record is devoid of any evidence

that either Bienz or Nassau County gave any testimony or documentary evidence to either the

Suffolk County Police Department or the Suffolk County District Attorney to initiate or continue

any criminal proceeding against Plaintiff, or that Bienz or Nassau County offered any advice or

encouragement or importuned Suffolk County officials to act or to prosecute Plaintiff.  See Rule

56.1 at ¶¶ 113-122, 126-128, 161-163, 174, 187-188, 207-210, 218, 220, 241-244.

---

[3] The elements of malicious prosecution under New York State law are identical to its federal counterpart except that New York does not require the fifth element of a post-arraignment deprivation of liberty. Present v. Avon Products, Inc., 253 A.D.2d 183, 189 (1st Dep't 1999).

Accordingly, the federal and state law malicious prosecution claims against Movants should be dismissed as a matter of law.

## X.     PLAINTIFF'S DUE PROCESS CLAIMS ARE DEFICIENT AS A MATTER OF LAW

Because Plaintiff's Complaint is silent as to whether he intended to allege procedural or substantive due process violations pursuant to the Fourteenth Amendment, out of an abundance of caution, we address each in turn. Further, because Fifth Amendment due process can only be asserted against federal actors, we must assume that Plaintiff intended to assert his due process claim under the Fourteenth Amendment.

### A.     The Record is Devoid of Any Evidence that Movants Violated Plaintiff's Procedural Due Process Rights

The Due Process Clause of the Fourteenth Amendment is applicable only where the plaintiff has a discernible liberty or property interest. Narumanchi v. Bd. of Trustees, 850 F.2d 70, 72 (2d Cir. 1988) ("The threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution.").  In reviewing a § 1983 procedural due process claim under the Fourteenth Amendment, "we must determine (1) whether [Plaintiff] possessed a liberty or property interest and, if so, (2) what process he was due before he could be deprived of that interest." Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002) [internal citation omitted]. Here, Plaintiff's Second Amended Complaint alleges no property interest. In regard to Plaintiff's liberty interest, there is no evidence to demonstrate that Movants deprived Plaintiff of his liberty. Therefore, Plaintiff's procedural due process claim must fail.  Instead, the documentary and testimonial evidence shows that it was Suffolk County that arrested and detained Plaintiff, and Suffolk County that investigated and pursued criminal charges against Plaintiff.  The record is devoid of any evidence that Movants arrested, detained, or prosecuted Plaintiff; and likewise devoid of any evidence that Movants

18

provided any documents to Suffolk County officials, let alone purportedly falsified documents, which those officials relied on in their investigation of the shooting incident or prosecution of Plaintiff.

### B.   The Record is Devoid of Any Evidence that Movants Violated Plaintiff's Substantive Due Process Rights

Plaintiff's claim of a violation of his substantive due process rights is doomed by two fatal defects:  First, as explained above, Movants did not deprive Plaintiff of a property or liberty interest. See Am. Mfrs. Mut. Ins. Col. v. Sullivan, 526 U.S. 40, 59 (1999).  Second, "[w]here a specific constitutional provision prohibits governmental action, plaintiffs seeking redress for that prohibited conduct in a § 1983 suit cannot make reference to the broad notion of substantive due process." Velez v. Levy, 401 F.3d 75, 94 (2d Cir. 2005).  The Due Process Clause of the Fourteenth Amendment does not "provide a comprehensive scheme for determining the propriety of official conduct or render all official misconduct actionable." Pena v. DePrisco, 432 F.3d 98, 112 (2d Cir. 2005).  Substantive due process only protects against governmental action that is "arbitrary, conscious shocking or oppressive in a constitutional sense, but not against a government action that is incorrect or ill-advise." Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2d Cir. 1995). Instead, a plaintiff must prove governmental conduct that is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Id. at 93 quoting County of Sacramento v. Lewis, 523 U.S. 833, 847, n.8 (1998). "Conduct that is merely negligent does not shock the conscience, but 'conduct intended to injure in some way unjustifiable by government interest is the sort of official action most likely to rise to the conscience shocking level." Votta v. Castellani, 600 F. App'x 16, 18 (2d Cir. 2015) (citation omitted).

No such conduct exists here.  The record is devoid of any evidence, testimonial, documentary, or otherwise, to support Plaintiff's allegation that Movants transferred any documents

to Suffolk County, let alone that such documents were relied upon by Suffolk County District Attorneys or police in their investigation of the claims against Plaintiff.  Likewise, as shown, the record is devoid of any evidence that Suffolk officials relied on any documents received from Movants in their investigation of the shooting incident.  Thus, Plaintiff cannot and will not be able to establish any causal connection between any documents allegedly falsified by Movants and any purported due process or constitutional violation or deprivation.  <u>See</u> Rule 56.1 at ¶¶ 122, 131, 136, 158, 162, 188-189, 207, 218, 220, 241, 243-244.  Based on the foregoing, Plaintiff's substantive due process claim must fail.

## XI.   UPON DISMISSAL OF THE CLAIMS AGAINST MOVANTS, THE REMAINING CLAIMS AGAINST THE COUNTY OF NASSAU SHOULD ALSO BE DISMISSED AS A MATTER OF LAW

Upon dismissal of foregoing claims against Movants, the only claims remaining would be Plaintiff's <u>Monell</u> claim for vicarious liability pursuant to § 1983 and Plaintiff's pendent state law claims.  Here, the facts and allegations asserted by Plaintiff in his Second Amended Complaint are insufficient to support the <u>Monell</u> cause of action against Nassau County.  It has been long settled that a municipality, such as Defendant the County of Nassau, may be held liable as a "person" within the meaning of 42 U.S.C. § 1983.  <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 690, 98 S. Ct. 2018 (1978).  However, it is equally well-settled that a municipality will only be held liable pursuant to 42 U.S.C. § 1983 where it has promulgated a custom or policy that violated federal law and, pursuant to that policy a municipal actor has tortiously injured the plaintiff.  <u>Askins v. Doe</u>, 727 F.3d 248, 253 (2d Cir. 2013).

To sustain a <u>Monell</u> claim against a municipality a plaintiff must first establish that he suffered a tort in violation of federal law committed by the municipal actors and that their commission of the tort resulted from a policy or custom of the municipality.  <u>Id.</u>; <u>see also</u> <u>Jones</u>

v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012); Tabor v. City of New York, 2012 U.S. Dist. LEXIS 29004 (E.D.N.Y. 2012). To prevail, the plaintiff must plead and prove that an official policy or custom caused the plaintiff to be subjected to a denial of a constitutional right. Koulkina v. City of New York, 559 F. Supp. 2d 300 (S.D.N.Y. 2008) citing Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007); see also Sarus v. Rotundo, 831 F.2d 397, 400 (2d Cir. 1987) ("[T]o prevail against municipal defendants, first, a § 1983 plaintiff must 'prove the existence of a municipal policy or custom' that caused his injuries and, second, 'plaintiff must establish a causal connection … between the policy and the deprivation of his constitutional rights.'") quoting Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985).

There is no liability for a municipality merely "on the basis of the existence of an employer-employee relationship with a tortfeasor." Monell, 436 U.S.at 692 ("[W]e conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691.). Further, "[u]nder § 1983, municipalities may not be held liable unless action pursuant to official municipal policy caused a constitutional tort." Bailey v. New York City Police Dep't, 910 F.Supp. 116, 117 (E.D.N.Y. 1996); see also Martin v. City of New York, 627 F.Supp. 892 (E.D.N.Y. 1985). Absent a showing of a causal link between an official municipal policy and Plaintiff's alleged injury, a court is precluded from any finding of liability against the municipality. Monell, 436 U.S. at 694 fn 58 ("[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability.").

Accordingly, to hold Nassau County liable pursuant to § 1983 for the purported unconstitutional acts of the NCPD's CFRT, Plaintiff must sufficiently plead and prove the

following "three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.  'The mere invocation of the 'pattern' or 'plan' [will] not suffice without this causal link.'"  Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) quoting Black v. Stephens, 662 F.2d 181, 189 (3d Cir. 1981) cert denied 455 U.S. 1008, 102 S. Ct. 1646 (1982) quoting Lewis v. Hyland, 554 F.2d 93 (3d Cir. 1977) cert denied 434 U.S. 931, 98 S. Ct. 419 (1977).  Not only did Plaintiff's Second-Amended Complaint fail to sufficiently plead the three elements required to sustain a Monell claim against Defendant County of Nassau, the record before this Court is devoid of any evidence to support Plaintiff's claim.

There is no evidence that Nassau County's use of the DFRT in any way caused Plaintiff's constitutional rights to be violated or that any custom or policy of the NCPD resulted in the deprivation of Plaintiff's constitutional rights. The Monell Court concluded "that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983." Id. at 694. "Monell's 'policy or custom' requirement … was intended to prevent the imposition of municipal liability under circumstances where no wrong could be ascribed to municipal decisionmakers." Oklahoma City v. Tuttle, 471 U.S. 808, 821, 105 S.Ct. 2427 (1985).

Here, Plaintiff's Monell claim against the County of Nassau is based on the ground that the NCPD DFRT allegedly has a policy and custom of falsifying reports to the Commissioner of Police regarding to the use of deadly physical force by members of the NCPD.  See DE 177 at ¶ 255.  That the purported policy and custom allegedly violated Plaintiff's constitutional rights to

be free from unlawful arrest and to be free from malicious prosecution, and also violated his constitutional right to due process is pure conjecture. Plaintiff cannot point to any written or unwritten policy that resulted in the alleged deprivation of his constitutional rights in the form of deadly use of force because there is none. The fact that the NCPD investigated this incident and then discharged DiLeonardo as a result of its investigation cuts against the proposition that it condoned any alleged use of excessive force.  See Rule 56.1 at ¶¶ 245-251; see also Declaration of Daniel Flanagan at ¶¶ 25-28.

Under New York State law, an employer is vicariously liable for the torts of its employee only where the tortious act was foreseeable and committed within the scope of the tortfeasor's employment. Doe v. Guthrie Clinic, Ltd., 710 F.3d 492, 495 (2d Cir. 2013) citing Horvath v. L & B Gardens, Inc., 89 A.D.3d 803 (2d Dep't 2011). "An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business." Pinto v. Tenenbaum, 105 A.D.3d 930, 932 (2d Dep't 2013) [internal quotation marks and citations omitted].

By contrast, actions taken for purely "personal motives" cannot give rise to respondeat superior liability. Swarna v. AlAwadi, 622 F.3d 123, 144 (2d Cir. 2010); accord Pinto, 105 A.D.3d at 932. The question of whether a particular action falls within the scope of employment is typically reserved for the jury. Romero v. City of New York, 839 F. Supp. 2d 588, 629 (E.D.N.Y. 2012) citing Girden v. Sandals Int'l, 262 F.3d 195, 205 (2d Cir. 2001). In certain instances, however, a court may resolve this issue as a matter of law. Id.  Furthermore, a municipality should not be held vicariously liable through respondeat superior for an intentional shooting by its law enforcement officer outside the scope of employment. See Cardona v. Cruz,

271 A.D.2d 221 (1st Dep't 2000); see also Stevens v. Kellar, 112 A.D.3d 1206 (3rd Dep't 2013); Hoffman v. City of New York, 301 A.D.2d 573 (2d Dep't 2003).

Once the underlying torts against a defendant have been dismissed a plaintiff cannot prevail under the doctrine of *respondeat superior*.  See Moorhouse v. Standard, N.Y., 124 A.D. 3d 1 (1st Dep't 2014); Pistilli Constr. & Dev. Corp. v. Epstein, Rayhill & Frankini, 84 A.D.3d 913 (2d Dep't 2011) ("[a] claim of vicarious liability cannot stand when 'there is no primary liability upon which such a claim of vicarious liability might rest") quoting Pereira v. St. Joseph's Cemetery, 54 A.D.3d 835, 837 (2d Dep't 2008).

Here, again, this Court may take judicial notice of the ruling by the Appellate Division, Second Department, that DiLeonardo's actions at the time of the shooting incident were outside the scope of his employment and not within the discharge of his duties.  Matter of DiLeonardo, 148 A.D.3d at 702.  Further, as shown, the record is devoid of any evidence, testimonial, documentary, or otherwise, that Bienz was acting under the color of state law at the time of the shooting incident, and devoid of any evidence that any of the other individually named Movants committed any act that resulted in a violation or deprivation of Plaintiff's constitutional rights. Likewise, based on the foregoing, Plaintiff's state law claims for assault and battery against Nassau County premised on the intentional conduct of DiLeonardo must also be dismissed.

## XII.   PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES MUST BE DISMISSED

The record is devoid of any facts or evidence showing that any of the Movants were motivated by evil motive or intent or callous indifference to Plaintiffs federally protected rights, warranting dismissal of his claim for punitive damages. See generally Lee v. Edwards, 101 F.3d 805, 808 (2d Cir.1996); Milfort v. Prevete, 3 F.Supp.3d 14, 23 (E.D.N.Y. 2014).

**XIII.   PURSUANT TO FED. R. CIV. P. 4(m) PLAINTIFF'S CLAIMS AGAINST JOHN DOES 11-20 ARE BARRED BY THE STATUTE OF LIMITATIONS**

<u>**CONCLUSION**</u>

Based upon the foregoing, Movants respectfully request that the Court issue an order granting Movants' motion for summary judgment dismissing all claims and cross-claims against Movants, and all other and further relief in favor of Movants as this Court deems necessary and just.

Dated: New York, New York
         July 27, 2018

Yours, etc.,

LEAHEY & JOHNSON, P.C.
Attorneys for Defendants
THE COUNTY OF NASSAU, NASSAU
COUNTY POLICE DEPARTMENT, SGT.
TIMOTHY MARINACI, INSPECTOR EDMUND
HORACE, COMMANDING OFFICER DANIEL
FLANAGAN, DETECTIVE SGT. JOHN
DEMARTINIS AND POLICE OFFICER
EDWARD BIENZ
120 Wall Street, Suite 2220
New York, New York 10005
(212) 269-7308

BY:_____*Joanne Filiberti*_____
         JOANNE FILIBERTI