UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS M. MOROUGHAN,

                                    Plaintiff,

                                                              **CV12-CV-0521 (JFB)(AKT)**

          -against-


THE COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
SUFFOLK DETECTIVES RONALD
TAVARES, CHARLES LESER, EUGENE
GEISSINGER, NICHOLAS FAVATTA, and
ALFRED CICCOTTO, DETECTIVE
SERGEANT WILLIAM LAMB, SGT. JACK
SMITHERS, SUFFOLK POLICE OFFICERS
WILLIAM MEANEY, and JESUS FAYA and
Suffolk John Does 1-10, THE COUNTY OF
NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, SGT. TIMOTHY MARICACI,
DEPUTY CHIEF OF PATROL JOHN
HUNTER, INSPECTOR EDMUND HORACE,
COMMANDING OFFICER DANIEL
FLANAGAN, DETECTIVE SERGEANT JOHN
DEMARTINIS, NASSAU POLICE OFFICERS
ANTHONY D.DILEONARDO, EDWARD
BIENZ and John Does 11-20,

                                    Defendants.


**SUFFOLK COUNTY DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION PURSUANT TO LOCAL RULE 56.1**

DATED:        Hauppauge, New York
              July 30, 2018                      Respectfully submitted,

                                                 Dennis M. Brown
                                                 Suffolk County Attorney
                                                 Attorney for Suffolk County Defendants
                                                 H. Lee Dennison Building
                                                 100 Veterans Memorial Highway
                                                 Hauppauge, New York 11788

                                                 By:  Brian C. Mitchell
                                                 Assistant County Attorney

TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF RELEVANT FACTS ...................................................................... 3

STANDARD OF REVIEW .......................................................................................... 3

POINT I
PROBABLE CAUSE EXISTED TO ARREST THE PLAINTIFF
FOR ASSAULT IN THE SECOND DEGREE AND RECKLESS
ENDANGERMENT IN THE SECOND DEGREE .................................................... 5

POINT II
PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS MUST BE
DISMISSED AS THERE WAS PROBABLE CAUSE TO ARREST
AND INITIATE THE PROSECUTION AGAINST HIM INDEPENDENT
OF ANY ALLEGED FABRICATED EVIDENCE ................................................... 13

POINT III
THE COMPLAINT FAILS TO ALLEGE A VALID CLAIM FOR A
VIOLATION OF THE FIFTH, SIXTH OR FOURTEENTH AMENDMENT
AS THE PLAINTIFF'S STATEMENT WAS NEVER USED AGAINST HIM IN A
CRIMINAL PROCEEDING .................................................................................... 19

POINT IV
PLAINTIFF'S CONSPIRACY CLAIMS MUST BE DISMISSED AS
THERE IS NO UNDERLYING CONSTITUTIONAL VIOLATION ...................... 23

CONCLUSION ......................................................................................................... 25

TABLE OF AUTHORITIES

*Amnesty Am. v. Town of W. Hartford*,
    361 F.3d 113 (2d Cir.2004) ............................................................... 4

*Anderson v. Creighton,*
    483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) ........................ 8

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ........................ 4

*Beckles v. City of New York,*
    2011 WL 722770 (S.D.N.Y. Feb. 25, 2011) ...................................... 24

*BellSouth Telecomms., Inc. v. W.R. Grace & Co.*,
    77 F.3d 603 (2d Cir.1996) ................................................................. 4

*Bernard v. United States*,
    25 F.3d 98 (2d Cir 1994) .............................................................. 6, 8

*Betts v. Shearman*,
    751 F.3d 78 (2d. Cir. 2014) ....................................................... 9, 11, 18

*Betts v. Shearman*,
    2013 WL 311124 (S.D.N.Y.  2013) ................................................. 12

*Blau v. Suffolk Cty.*, No.,
    2016 WL 426515 (E.D.N.Y. Feb. 3, 2016) ...................................... 16

*Boyd v. City of New York*,
    336 F.3d 72 (2d Cir. 2003) ......................................................... 11, 13

*Broughton v. New York*,
    37 N.Y.2d 451, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975) ................... 7

*Caldarola v. Calabrese*,
    298 F.3d 156 (2d Cir.2002) ...................................................... 4, 6, 9

*Carlton v. Nassau Cty. Police Dep't,*
    306 A.D.2d 365 (2003) ................................................................. 25

*Carrow v. City of New York,*
    2010 WL 1009996 (S.D.N.Y. Mar. 17, 2010) .................................. 17

*Celotex Corp. v. Catrett,*
   477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ........................................................ 15

*Chandok v. Klessig,*
   632 F.3d 803 (2d Cir.2011) ........................................................ 15

*Christman v. Kick,*
   342 F.Supp.2d 82 (D.Conn.2004) ........................................................ 10

*Ciambriello v. County of Nassau,*
   292 F.3d 307 (2d Cir.2002) ........................................................ 23

*Clay v. Conlee,*
   815 F.2d 1164 (8th Cir.1987) ........................................................ 12

*Collom v. Vill. of Freeport,*
   691 F.Supp. 637 (E.D.N.Y.1988) ........................................................ 10

*Colon v. New York,*
   60 N.Y.2d 78, 468 N.Y.S.2d 453, 455 N.E.2d 1248 (1983) ........................................................ 14

*Cortes v. City of New York*,
   148 F. Supp. 2d 248 (E.D.N.Y. 2015) ........................................................ 16

*Crews v. Cty. of Nassau,*
   996 F. Supp. 2d 186 (E.D.N.Y. 2014) ........................................................ 4, 7, 9, 10

*Curley v. Village of Suffern,*
   268 F.3d 65 (2d Cir. 2001) ........................................................ 9, 10, 24

*Davis v. City of Charleston*,
   827 F.2d 317 (8th Cir.1987) ........................................................ 21

*Deshawn E. by Charlotte E. v. Safir*,
   156 F.3d 340 (2d Cir. 1998) ........................................................ 21

*Dickerson v. Napolitano,*
   604 F.3d 732 (2d Cir.2010) ........................................................ 14

*Donovan v. Briggs*,
   250 F.Supp.2d 242 ........................................................ 10

*Edwards v. Arizona,*
   451 U.S. 477, 101 S.Ct. 880 (1981) ........................................................ 19, 20

*Elmasri v. England,*
   111 F.Supp.2d 212 (E.D.N.Y.2000) ........................................................ 24

*Fariello v. Rodriguez,*
   148 F.R.D. 670 (E.D.N.Y.1993) ............................................................... 24

*Fuertado v. City of New York,*
   337 F.Supp.2d 593 (S.D.N.Y.2004) ......................................................... 15

*Fulton v. Robinson,*
   289 F.3d 188 (2d Cir.2002) ..................................................................... 13

*Gonzalez v. City of Schenectady,*
   728 F.3d 149 (2d Cir.2013) ....................................................................... 3

*Hahn v. County of Otsego,*
   820 F.Supp. 54 (N.D.N.Y.1993) ......................................................... 10, 11

*Harlow v. Fitzgerald,*
   457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ............................ 8

*Hill v. Melvin,*
   No. 05 Civ. 6645, 2006 WL 1749520 (S.D.N.Y. June 27, 2006) ........... 15

*Hoyos v. City of New York,*
   999 F. Supp. 2d 375 (E.D.N.Y. 2013) ............................................... 16, 23

*Huminski v. Corsones,*
   396 F.3d 53 (2d Cir.2005) ......................................................................... 3

*Husbands ex rel. Forde v. City of New York,*
   335 Fed. Appx. 124 (2d Cir. June 30, 2009) .......................................... 17

*Illinois v. Andreas,*
   463 U.S. 765, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983) .......................... 8

*In re Inflight Newspapers, Inc.,*
   423 B.R. 6, 2010 WL 104594 ................................................................. 24

*Jenkins v. City of New York,*
   478 F.3d 76 (2d Cir.2007) ............................................................. 7, 18, 19

*Jocks v. Tavernier,*
   316 F.3d 128 (2d Cir.2003) ............................................................... 10, 20

*Jovanovic v. City of New York,*
   486 Fed.Appx. 149 (2d Cir. 2012) ......................................................... 22

*Kent v. Thomas,*
   2012 WL 689127 (2d Cir. Mar.5, 2012) ................................................ 17

*Kirby v. Illinois,*
   406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) ................................................ 21

*Kruppenbacher v. Mazzeo,*
   744 F.Supp. 402 (N.D.N.Y.1990) ................................................................................ 10

*Lawrence v. City Cadillac,*
   2010 WL 5174209 (S.D.N.Y. Dec.9, 2010)................................................................. 17

*Lee v. Sandberg,*
   136 F.3d 94 (2d Cir. 1997)........................................................................................... 12

*Leon v. Murphy,*
   988 F.2d 303 (2d Cir.1993)........................................................................................... 24

*Loria v. Gorman,*
   306 F.3d 1271 (2d Cir. 2002) ......................................................................................... 6

*Lowth v. Town of Cheektowaga,*
   82 F.3d 563 (2d Cir.1996)............................................................................................. 17

*Mahan v. Plymouth Co.,*
   64 F.3d 14 (1st Cir. 1995) ............................................................................................. 21

*Mahoney v. Kesery,*
   976 F.2d 1054 (7th Cir.1992)........................................................................................ 21

*Maldonado v. City of New York,*
   2014 WL 787814 (S.D.N.Y. 2014) ............................................................................... 16

*Manganiello v. City of New York,*
   612 F.3d 149 ................................................................................................................. 13

*Martinez v. City of Schenectady,*
   97 N.Y.2d 78, 735 N.Y.S.2d 868, 761 N.E.2d 560 (2001) .......................................... 13

*Martinez v. Simonetti,*
   202 F.2d 625 (2d Cir. 2000) ........................................................................................... 6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
   475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ................................................. 4

*Miloslvski v. AES Eng'g Soc'y Inc.,*
   808 F.Supp. 351 (S.D.N.Y.)............................................................................................ 9

*Minnick v. Mississippi,*
   498 U.S. 146, 111 S.Ct. 486, (1990) ........................................................................... 20

v

*Miranda v. Arizona*,
    384 U.S. 436, 85 U.S. 1602 (1966) .................................................................. 19, 20

*Mitchell v. Cty. of Nassau*,
    786 F. Supp. 2d 545 (E.D.N.Y. 2011) ................................................................ 24

*Morse v. Spitzer*,
    2012 WL 3202963 (E.D.N.Y. Aug. 3, 2012) ...................................................... 16

*Mullenix v. Luna*,
    136 S. Ct. 305 (2015) ........................................................................................ 19

*Myers v. Cty. of Nassau*,
    825 F. Supp. 2d 359 (E.D.N.Y. 2011) ................................................................ 20

*Neighbour v. Covert*,
    68 F.3d 1508, (2d Cir.1995) .......................................................................... 20, 21

*Nesbitt v. County of Nassau*,
    2006 WL 3511377 n. 7 (E.D.N.Y.2006) ............................................................ 20

*Nova v. Bartlett*,
    211 F.3d 705 (2d Cir. 2000) .............................................................................. 20

*Paige v. City of New York*,
    2011 WL 3701923 (E.D.N.Y.2011) .................................................................. 20

*Panetta v. Crowley*,
    460 F.3d 388 (2d. Cir. 2006) ...................................................................... 6, 9, 10

*Pangburn v. Culbertson*,
    200 F.3d 65 (2d Cir.1999) ................................................................................. 23

*Pawlicki v. City of Ithaca*,
    993 F.Supp. 140 (N.D.N.Y.1998) ...................................................................... 10

*People v. Hicks*,
    38 N.Y. 2d 90, 378 N.Y.S.2d 660 (1975) ............................................................ 9

*Peterson v. Cnty. of Nassau*,
    995 F.Supp. 305 (E.D.N.Y.1998) ........................................................................ 8

*Pierson v. Ray*,
    386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) ..................................... 8, 11

*Polur v. Raffe*,
    912 F.2d 52 (2d Cir.1990) ................................................................................. 24

*Posr v. Doherty,*
   944 F.2d 91 (2d Cir.1991) ........................................................................................ 7

*Poux v. Cty. of Suffolk,*
   2012 WL 1020302 (E.D.N.Y. Mar. 23, 2012) ...................................................... 14

*R.G. Grp., Inc. v. Horn & Hardart Co.,*
   751 F.2d 69 (2d Cir.1984) ........................................................................................ 4

*Rae v. County of Suffolk,*
   693 F.Supp.2d 217 (E.D.N.Y.2010) ...................................................................... 17

*Reinhart v. City of Schenectady Police Dept.,*
   599 F.Supp.2d 323 (N.D.N.Y. 2009) .................................................................... 11

*Ricciuti v. N.Y.C. Transit Auth.,*
   124 F.3d 123 (2d Cir.1997) ............................................................................. 10, 22

*Riley v. Dorton,*
   115 F.3d 1159 (4th Cir.1997) ................................................................................ 21

*Rockwood Computer Corp. v. Morris,*
   94 F.R.D. 64 (E.D.N.Y.1982) ............................................................................... 24

*Rohman v. N.Y. City Transit Auth.,*
   215 F.3d 208 (2d Cir. 2000) .................................................................................. 13

*Rothstein v. Carriere,*
   373 F.3d 275 (2d. Cir 2004) ............................................................................. 8, 14

*Rounseville v. Zahl,*
   13 F.3d 625 (2d Cir.1994) ..................................................................................... 14

*Russo v. City of Bridgeport,*
   479 F.3d 196 (2d Cir.2007) ................................................................................... 18

*Savino v. City of New York,*
   331 F.3d 63 (2d Cir.2003) ............................................................................ 8, 13, 14

*SEC v. Research Automation Corp.,*
   585 F.2d 31 (2d Cir.1978) ................................................................................... 4, 5

*Simms v. De Paolis,*
   2000 WL 1134564 (S.D.N.Y. 2000) ..................................................................... 20

*Singer v. Fulton Cnty. Sheriff,*
   63 F.3d 110 (2d Cir.1995) ............................................................................. passim

*Smith-Hunter v. Harvey,*
    95 N.Y.2d 191, 712 N.Y.S.2d 438, 734 N.E.2d 750 (2000) .................................................. 14

*Stansbury v. Wertman,*
    721 F.3d 84 (2d Cir. 2013) ........................................................................................................... 15

*Thompson v. Sweet,*
    194 F.Supp.2d 97 (N.D.N.Y.2002) ............................................................................................. 17

*Torres v. City of New York,*
    2017 WL 4325822 (E.D.N.Y. 2017) ............................................................................. 14, 16, 22

*Townes v. City of New York,*
    176 F.3d 138 (2d Cir.1999) ......................................................................................................... 17

*United States v. Fama,*
    758 F.2d 834 (2d Cir. 1985) .......................................................................................................... 9

*Valdez v. City of New York,*
    18 NY3d 69 (2011) ...................................................................................................................... 25

*Weaver v. Brenner,*
    40 F.3d 527 (2d Cir 1994) ........................................................................................................... 21

*Weiner v. McKeefery,*
    90 F. Supp. 3d 17 (E.D.N.Y. 2015) ........................................................................................ 6, 17

*Weyant v. Okst,*
    101 F.3d 845 (2d Cir.1996) ........................................................................................................ 4, 8

*Zahrey v. Coffey,*
    221 F.3d 342 (2d Cir.2000) ................................................................................................... 22, 23

## STATUTES

42 U.S.C. §1983 ................................................................................................................... passim
NY VTL 1194 ................................................................................................................................ 12

## RULES

Fed.R.Civ.P. 56(c)(1)(A) .............................................................................................................. 15
Fed.R.Civ.P. 56(c)(1)(B) .............................................................................................................. 15
Federal Rule of Civil Procedure 56(a) ........................................................................................... 3

**PRELIMINARY STATEMENT**

The County of Suffolk, Suffolk Detectives Ronald Tavares, Charles Leser, Eugene Geissinger, Nicholas Favatta, and Alfred Ciccotto, Detective /Sgt. William J. Lamb, Sgt. Jack Smithers, Suffolk Police Officers William Meaney, and Jesus Faya ("Suffolk County defendants), defendants in this civil rights action pursuant to 42 U.S.C. §1983, submit this memorandum of law in support of their motion for summary judgment dismissing the Second Amended Complaint ("the complaint") filed by the plaintiff Thomas Moroughan.

This case arises out of an incident that occurred during the early morning hours of February 27, 2011 in the town of Huntington in the County of Suffolk, wherein co-defendant Anthony DiLeonardo, a Nassau County police officer shot the plaintiff after he claimed the plaintiff tried to run him down with his taxi cab.   Moroughan was arrested and charged with Assault in the Second Degree and Reckless Endangerment in the Second Degree based on his attempt to run down DiLeonardo and subsequently hitting DiLeonardo and co-defendant Nassau Police Officer Edward Bienz with his vehicle.   The plaintiff alleges, under 42 USC § 1983, varying charges against both Nassau and Suffolk County law enforcement officers, including claims of false arrest and malicious prosecution against the Suffolk County defendants in relation to that arrest and the subsequent prosecution that ultimately resulted in the dismissal of the charge against the plaintiff.   The plaintiff also asserts claims against several Suffolk County defendants for violations of his fifth sixth and fourteenth amendment rights relating to a statement he gave to defendants Leser and Tavares that he claims was fabricated and was taken after he invoked his right to counsel.   The plaintiff also brings claims of conspiracy against all the defendants for allegedly conspiring to violate his rights as detailed above.   While the plaintiff has a *Monell* claim against the County of Nassau, he does not assert such a claim against

1

the County of Suffolk.[1]     Plaintiff brings similar pendant New York State claims and a claim for Libel and Slander.

Regarding the Suffolk County defendants the Second Amended Complaint alleges the following causes of action:

**False Arrest under § 1983**:

Defendants Lamb, Tavares and Leser

**Malicious Prosecution under § 1983**:

Defendants Lamb Tavares Leser Meaney, Ciccotto and Faya

**Fifth and Sixth Amendment violations under § 1983 (statement)**

Defendants Tavares Lesser Meaney and Faya

**14th Amendment Due Process/Denial of Fair trial**

No named defendant specified

**Conspiracy**

All Suffolk defendants

As defendants explain below, the plaintiff cannot recover upon his claims against any of the Suffolk County defendants.  The actual arrest of the plaintiff was effectuated by Anthony DiLeonardo and it was not unreasonable for the Suffolk County defendants to rely on his representation that there was probable cause.  Notwithstanding who made the arrest, the accusatory instruments that served as the basis to charge the plaintiff were based solely upon the sworn statements of a putative victim (Police Officer DiLeonardo) that established the substantive elements of the offense charged.  As such, there was probable cause to arrest the plaintiff.   The existence of probable cause also serves as a bar to the plaintiff's claims of malicious prosecution against all defendants, and there is no evidence in the available record that

---

[1] The Second Amended Complaint is filed at DE 177.

any information became known to the defendants that would vitiate probable cause after the arrest and before the prosecution was turned over to the control of the District Attorney's office.

Further, there can be no violation of the plaintiff's fifth or sixth amendment regarding the alleged fabricated statement as the statement was never used against the plaintiff in a criminal proceeding.   Similarly, there is no denial of a fair trial because plaintiff cannot establish that the alleged fabricated statement caused a deprivation of his liberty.   As the plaintiff can sustain no underlying constitutional violation of his rights, his conspiracy claim must fall as well; nor can the plaintiff produce any evidence sufficient to establish a conspiracy among the defendants. Lastly, all defendants are entitled to qualified immunity as there was at least arguable probable cause for the arrest and prosecution of the plaintiff.

## STATEMENT OF RELEVANT FACTS

The relevant facts are set forth in the County Defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 and the exhibits therein and attached thereto and are adopted as if more fully set forth herein.   Specific facts, which the defendants assert are not in dispute or which have not been sufficiently disputed or controverted by the plaintiff, and which are salient to the arguments advanced by the defendants are included within the individual Points dedicated to those arguments.

## STANDARD OF REVIEW

The standard for summary judgment is well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir.2013). The moving party bears the burden of showing that he or she is entitled to summary judgment. See *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir.2005). The court " 'is not to weigh the

3

evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.' " *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir.2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir.1996)); see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").   *See also; Crews v. Cty. of Nassau*, 996 F. Supp. 2d 186, 200 (E.D.N.Y. 2014).

Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.' " *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir.2002) (alteration and emphasis in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). As the Supreme Court stated in Anderson, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted). Indeed, "the mere existence of some alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment." Id. at 247–48, 106 S.Ct. 2505 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth " 'concrete particulars' " showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co*., 751 F.2d 69, 77 (2d Cir.1984) (quoting *SEC v. Research Automation Corp*., 585 F.2d 31, 33 (2d Cir.1978)). Accordingly, it is insufficient for a party opposing summary judgment " 'merely to assert a conclusion without supplying supporting arguments or facts.' " *BellSouth Telecomms.,*

*Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir.1996) (*quoting Research Automation Corp.*, 585 F.2d at 33).

## POINT I

### PROBABLE CAUSE EXISTED TO ARREST THE PLAINTIFF FOR ASSAULT IN THE SECOND DEGREE AND RECKLESS ENDANGERMENT IN THE SECOND DEGREE

The Count defendants submit that the arrest of Thomas Moroughan was effectuated by Nassau Police Officer Anthony DiLeonardo at the time he approached the plaintiff's vehicle immediately after shooting the plaintiff based on a belief that he was about to be run over.   Both Anthony DiLeonardo and Edward Bienz have sworn under oath (DiLeonardo in his statement given to the Suffolk defendants and Beinz in his sworn deposition testimony) that DiLeonardo approached the plaintiff in his vehicle and told him he was under arrest.   Moreover, Detective Lamb, Tavares, Leser, and Ciccotto testified that they were advised at the Huntington Hospital that "Nassau" had arrested the plaintiff.    This is further confirmed by the testimony of the plaintiff's godmother Risco Lewis, that she was advised by Detective Tavares and Leser that Nassau was arresting the plaintiff and Suffolk was facilitating the arrest by processing the plaintiff.

At the time Detectives Lamb, Tavares and Leser arrived at the hospital, they were informed of the salient underlying facts relating to the incident that had occurred:  that there had been a dispute between the off duty Nassau officers and Thomas Moroughan; that the dispute escalated to a point where the plaintiff drove his vehicle at Officer DiLeonardo and that Officer DiLeonardo shot the plaintiff to protect himself.   They also knew that subsequent to the shooting the plaintiff had hit both officers with his car causing them injury and that DiLeonardo had arrested Moroughan.

5

It is well settled that when making a probable cause determination, police officers are entitled to rely upon the allegations of fellow officers. *Panetta v. Crowley*, 460 F.3d 388 (2d. Cir. 2006), *Martinez v. Simonetti*, 202 F.2d 625 (2d Cir. 2000), *see also Caldarola v. Calabrese*, 298 F.3d 156, at 166-167 (2d. Cir 2002) (citing *Bernard v. United States*, 25 F.3d 98 (2d Cir 1994). "Absent significant indications to the contrary, an officer is entitled to rely on his fellow officer's determination that an arrest was lawful." *Loria v. Gorman*, 306 F.3d 1271, 1288 (2d Cir. 2002). Moreover, "the determination of probable cause does not turn on whether [the fellow agent's] observations were accurate, but on whether [the arresting agent] was reasonable in relying on those observations." *Bernard*, 25 F.3d at 103. *See also,Weiner v. McKeefery,* 90 F. Supp. 3d 17, 24 (E.D.N.Y. 2015).

As noted above, the Suffolk detectives were equipped with the basic allegations surrounding the conduct of the plaintiff which standing alone established probable cause for the arrest of the plaintiff. Their preliminary investigation did not reveal any reason why they could not rely on the representations of Officer DiLeonardo that his arrest of the plaintiff was valid. (Plaintiff's claims of alcohol use by the Nassau Officers are discussed in more detail below). Accordingly, the Suffolk defendants had probable cause to process the arrest of the plaintiff that had been effectuated by DiLeonardo at the scene on Oakwood Road.

Even if there is a factual dispute as to whether Officer DiLeonardo advised the plaintiff that he was under arrest sufficient to overcome summary judgment on that point, the Suffolk detectives were equipped with probable cause to make the arrest of Thomas Moroughan themselves. This is because the charges against Thomas Moroughan were brought pursuant to a civilian complaint based upon the sworn statement of a putative victim and accordingly, the officers involved had probable cause.

Members of the Suffolk Police Department first became aware of the account by Officer DiLeonardo that the plaintiff attempted to run him down with his vehicle as soon as arriving on the scene.   In fact, the officers were responding to a call to 911 made by Officer DiLeonardo in which he tells the 911 operator "he tried to ram me" and "he tried to run me over sir."   When Officer Rocchio, the first officer to arrive spoke to DiLeonardo, he related to her his version of the events.   Shortly thereafter, defendant Suffolk Police Sergeant Jack Smithers also spoke to DiLeonardo and received the same account but with additional detail.   Later, at the hospital, Detective Sergeant Lamb was advised by his superior, Lieutenant Pelkofski, that the officer shot at the cab driver because the cab tried to run him over.   Upon being interviewed at the Second Precinct, DiLeonardo again related the facts to Detectives Leser and Tavares and gave them a sworn written statement detailing what occurred.    The information provided throughout the early morning hours on February 27, 2011 and then given in the sworn statement was sufficient to establish the elements of the offenses charged; Assault in the Second Degree and Reckless Endangerment in the Second Degree.

Under New York law, "the tort of false arrest is synonymous with that of false imprisonment," and courts use that tort to analyze an alleged Fourth Amendment violation in the Section 1983 context. *Posr v. Doherty,* 944 F.2d 91, 96 (2d Cir.1991); *see Singer v. Fulton Cnty. Sheriff,* 63 F.3d 110, 118 (2d Cir.1995). To prevail, a plaintiff must prove four elements: "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not contest the confinement and (4) the confinement was not otherwise privileged." *Crews v. Cty. of Nassau*, 996 F. Supp. 2d 186, 203–04 (E.D.N.Y. 2014) citing, *Broughton v. New York,* 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975).    The defendants respectfully submit that in the instant matter the plaintiff's arrest was privileged because it was supported by probable cause. *See Jenkins v. City of New York,* 478 F.3d 76, 84 (2d Cir.2007) ("

'The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest ....' " (quoting *Weyant v. Okst*, 101 F.3d 845, at 852) (internal citations omitted)).

It is well settled that there can be no federal civil rights claim for false arrest where the arresting officer had probable cause. *See Singer v. Fulton County Sheriff*, 63 F.3d 110 (2d Cir. 1995); Bernard v. United States, 25 F3d 98 (2d. Cir. 1994).    Moreover a malicious prosecution claim is likewise unavailable if the prosecution is supported by probable cause.  See *Rothstein v. Carriere,* 373 F.3d 275 (2d. Cir 2004).     "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant,* 101 F.3d at 852. Further, the "validity of an arrest does not depend upon an ultimate finding of guilt or innocence." *Peterson v. Cnty. of Nassau,* 995 F.Supp. 305, 313 (E.D.N.Y.1998) (citing *Pierson v. Ray,* 386 U.S. 547, 555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "Rather, the court looks only to the information the arresting officer had at the time of the arrest." *Id.* (citing *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

Under the collective knowledge doctrine, if one law enforcement officer has probable cause to arrest, cooperating law enforcement officers are deemed to have probable cause as well. *Savino v. City of New York,* 331 F.3d 63, 74 (2d Cir.2003) ("The collective knowledge doctrine provides that, for the purpose of determining whether an arresting officer had probable cause to arrest, 'where law enforcement authorities are cooperating in an investigation, ... the knowledge of one is presumed shared by all.' " (quoting *Illinois v. Andreas,* 463 U.S. 765, 772 n. 5, 103

S.Ct. 3319, 77 L.Ed.2d 1003 (1983);  *Crews v. Cty. of Nassau*, 996 F. Supp. 2d 186, 203–04 (E.D.N.Y. 2014).

It is also well established that an arresting officer who has been advised of a crime by a person who claims to be the victim or eye witness and who it seems reasonable to believe is telling the truth, has probable cause to arrest absent circumstances that raise doubts as to the victim's veracity.  *See* Singer*, supra at 119; Betts v. Shearman*, 751 F.3d 78 (2d. Cir. 2014); *Caldarola v. Calabrese*, 298 F.3d 156 (2d. Cir 2002).    Under New York law a person who has executed a sworn statement or affidavit which on its face contains a warning that the giving of a false statement constituted a violation of the Penal Law is considered to be inherently reliable. See *People v. Hicks*, 38 N.Y. 2d 90, 378 N.Y.S.2d 660 (1975).  Furthermore, the veracity of citizen complainants who are the victims of the very crime they report to the police is assumed. *Miloslvski v. AES Eng'g Soc'y Inc*.,  808 F.Supp. 351 (S.D.N.Y.), aff'd 993 F.2d 1534 (2d Cir. 1993)

Moreover,  probable cause is not negated simply because there may be an innocent explanation for the facts alleged, and "an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause."  *Panetta v. Crowley*, 460 F.3d 388, 395-396 (2d Cir. 2006) (citing *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985).  See also, *Curley v. Village of Suffern*, 268 F.3d 65 (2d Cir. 2001) (Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury.  Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence).

Nor do the alleged contrary accounts by the plaintiff and his girlfriend Ms. Mondo serve to impact the probable cause analysis.   The Second Circuit has held consistently that conflicting

accounts of a crime do not vitiate the probable cause established by an eyewitness identification or alleged victim of a crime. *See Panetta at* 395–96 (2d Cir.2006); *Curley at* 70 (2d Cir.2001) (conflicting accounts of arrestee and two eyewitnesses did not undermine probable cause established by eyewitness's statements inculpating arrestee); *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123, 128 (2d Cir.1997) (arresting officer entitled to believe victim's account of a fight, notwithstanding alleged assailant's cries of innocence, observing that "[o]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest"); *Singer,* 63 F.3d at 113, 119 (concluding probable cause existed where police officer was presented with different stories from alleged victim and arrestee).    Other courts in the Second Circuit have reached the same result when encountering similar situations. *See Christman v. Kick,* 342 F.Supp.2d 82, 88 (D.Conn.2004) ( "[I]t would seem that a police officer may chose [sic] to rely on either of two conflicting sworn statements in determining probable cause ...."); *Pawlicki v. City of Ithaca,* 993 F.Supp. 140, 145 (N.D.N.Y.1998) ("Even when an arresting officer is faced with competing accounts from different eyewitnesses, an officer is entitled to make an arrest based on believing the testimony of one side or the other ...."); *Kruppenbacher v. Mazzeo,* 744 F.Supp. 402, 407 (N.D.N.Y.1990) (same); *Collom v. Vill. of Freeport,* 691 F.Supp. 637, 640 (E.D.N.Y.1988) (same); *see Crews,* at 205–06 (E.D.N.Y. 2014).

The standard for probable cause is not as stringent as that necessary for a conviction after trial and a probable cause determination need not be based entirely upon non-hearsay facts. *Donovan v. Briggs*, 250 F.Supp.2d 242 at 253, quoting *Jocks v. Tavernier*, 316 F.3d 128 at 135 (2d Cir.2003). "It is the mere probability of criminal activity, based on the totality of the circumstances, that satisfies the Fourth Amendment." *Hahn v. County of Otsego*, 820 F.Supp. 54,

55 (N.D.N.Y.1993), aff'd, 52 F.3d 310 (2d Cir.1995), and ultimately probable cause is based upon these logical probabilities, not absolute certainty. *Boyd v. City of New York*, 336 F.3d 72 (2d Cir. 2003); *Reinhart v. City of Schenectady Police Dept.*, 599 F.Supp.2d 323, 328 (N.D.N.Y. 2009)    "In fact, the eventual disposition of the criminal charges is irrelevant to the probable cause determination." *Hahn*, *supra* (citing *Pierson v. Ray*,  386 U.S. 547, 87 S.Ct 1212 (1967)).

The Suffolk County defendants were equipped with information from a putative victim of a crime who it seemed reasonable to believe was telling the truth, and there were no circumstances sufficient to raise doubts about his veracity that would defeat probable cause. Based upon the complaint and discovery throughout this litigation, the County anticipates that the plaintiff will suggest that the acknowledged alcohol consumption by the Nassau officers should be viewed as raising doubts as to Officer DiLeonardo's veracity.   However, the mere consumption of alcohol alone, does not serve to defeat probable cause.  See, *Betts v. Shearman,* 751 F.3d 78, 83 (2d Cir. 2014) (Even assuming that the officers were aware that Sherman was intoxicated, absent other indicia raising concerns of reliability, the officers were not unreasonable in surmising that an offense had been committed by Betts).

Initially it should be pointed out that, while some of the Suffolk officers smelled the odor of alcohol on Officer DiLeonardo, none testified that they believed he was intoxicated.  Indeed, Officer Rocchio testified that DiLeonardo was able to answer her questions regarding his pedigree and displayed cognitive ability.     DiLeonardo was able to relate the vents of the incident concisely and clearly, and did so on more than one occasion, continuing to be consistent. The physical evidence at the scene was consistent with his account and there was no significant evidence known to the officers at the time to contradict his account, or raise concerns of reliability.

The plaintiff's own expert testified that at worst DiLeonardo's blood alcohol content was .11 percent at 1:16 a.m.     While this would put him above the legal limit to operate an automobile (See NY VTL 1192.2), the level of intoxication prohibiting one from safely operating a car, does not equate with a complete lack of cognitive ability.   Indeed, in New York, once a person is suspected to be driving while intoxicated, the law requires that he be given specific warnings, which he must acknowledge and then give consent, before any type of test, blood breath or urine may be taken to support the charge. (See NY VTL 1194).     Under the plaintiff's reasoning, any driver exhibiting signs of alcohol consumption would never be capable of given the necessary informed consent in order to administer the very test to prove his guilt. More importantly, under this concept, persons who have consumed alcohol could never be victims of crimes.

Of greater significance, is that the plaintiff's expert also confirms that at 6:30 a.m., DiLeonardo would have had a blood alcohol content of zero.   He did not give his sworn written statement until several hours after that; and when he did the statement was consistent with what he had told the officers earlier and with his initial outcry to the 911 operator.   See, *Betts v. Shearman*, 2013 WL 311124, at *1 (S.D.N.Y.  2013), aff'd, 751 F.3d 78 (2d Cir. 2014) (Given that Shearman was lucid enough to make a sworn statement on the DIR, which corroborated the claim in her original call to the police that she had been assaulted by Betts, it was objectively reasonable for Rodriguez to arrest Betts on suspicion of assault in the third degree); see also, *Lee v. Sandberg*, 136 F.3d 94 (2d Cir. 1997), quoting *Clay v. Conlee,* 815 F.2d 1164, 1168 (8th Cir.1987) (even where victim of rape was intoxicated and appeared "fuzzy-headed" when she first arrived at the hospital, arrest of defendant was supported by probable cause when victim was not "incoherent, irrational, confused, or intoxicated" when she spoke to police officers). As there was nothing to suggest that DiLeonardo's alcohol consumption had a significant impact

upon his ability to relate the events of the incident, and there was nothing known to the officers to contradict his account, it was reasonable for the officers to believe that he was telling the truth, and as such they had probable cause to arrest the plaintiff.   Accordingly the claims against them should be dismissed.

## POINT II

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS MUST BE DISMISSED AS THERE WAS PROBABLE CAUSE TO ARREST AND INITIATE THE PROSECUTION AGAINST HIM INDEPENDENT OF ANY ALLEGED FABRICATED EVIDENCE

The plaintiff has brought § 1983 claims of malicious prosecution against defendants Lamb, Tavares. Leser, Meaney, Ciccotto and Faya.      The defendants respectfully submit that the claims must be dismissed as the plaintiff cannot establish several of the essential elements to bring such a claim, chief among them the lack of probable cause to initiate the prosecution.

In order to prevail on a Section 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law. *Manganiello v. City of New York,* 612 F.3d 149. 160–61 (2d Cir.2010): *see also Fulton v. Robinson,* 289 F.3d 188, 195 (2d Cir.2002) (accord). To establish a claim of malicious prosecution under New York law, a plaintiff must demonstrate: (1) that the defendant commenced or continued a criminal proceeding against him or her (2) without probable cause and (3) out of malice; and (4) that the criminal proceeding terminated in his or her favor. *See Boyd v. City of New York,* 336 F.3d 72, 76 (2d Cir.2003); *Savino v. City of New York,* 331 F.3d 63, 72 (2d Cir.2003); *Martinez v. City of Schenectady,* 97 N.Y.2d 78, 84, 735 N.Y.S.2d 868, 761 N.E.2d 560 (2001).    In addition to these state law elements, a malicious prosecution claim brought under § 1983 requires showing "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman*

13

*v. N.Y. City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000);  *Torres v. City of New York*,  2017 WL 4325822, at *4 (E.D.N.Y. 2017), *appeal withdrawn*, 2018 WL 2022632 (2d Cir. Jan. 30, 2018).

In the context of a malicious prosecution claim, probable cause under New York law is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of."*Rounseville v. Zahl*, 13 F.3d 625, 629–30 (2d Cir.1994); <u>*Poux v. Cty. of Suffolk*</u>, 2012 WL 1020302, at *1-36 (E.D.N.Y. Mar. 23, 2012); *see also Colon v. New York*, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455 N.E.2d 1248 (1983) (holding that probable cause to prosecute consists of 'such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty.") "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York."*Savino,* 331 F.3d at 72; *see also Dickerson v. Napolitano,* 604 F.3d 732, 751 (2d Cir.2010) (accord).    Furthermore, "[b]ecause "accusers must be allowed room for benign misjudgments," the New York Court of Appeals has held that the law "places a heavy burden on malicious prosecution plaintiffs....". *Rothstein v. Carriere*, 373 F. 3d 275, 282 (2d Cir. 2004) *quoting*, *Smith-Hunter v. Harvey,* 95 N.Y.2d 191, 195, 712 N.Y.S.2d 438, 734 N.E.2d 750 (2000).

<u>*Initiation*</u>

At the outset, the claims against defendants Tavares, Leser, Meaney, Ciccotto, and Faya must be dismissed as they did not initiate or commence the criminal proceeding against the plaintiff.    It is undisputed that Meaney, Ciccotto, and Faya were not involved in the decision to charge the plaintiff at all.[2]    Ciccotto and Faya testified that they were not involved, and the

---

[2] The defendants may point to the absence of evidence in the record to discharge its burden on an issue for which the plaintiff has the burden of proof, in this case that Officer Meaney was not involved in the decision to charge the

plaintiff has no evidence that Meaney had any input into the decision to charge the plaintiff. While Tavares and Leser, completed some police paperwork relating to the arrest process, the only defendant that actually initiated or commenced charges against the plaintiff was Detective Sergeant Lamb.

### *Lack of Probable Cause*

Even if Tavares and Leser can be consider as having initiated or commenced the prosecution against the plaintiff, the defendants respectfully submit, that based upon the available undisputed facts in the record, the plaintiff cannot establish the essential element of his malicious prosecution claim of lack of probable cause.   Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements become immaterial and cannot defeat a motion for summary judgment."*Chandok v. Klessig,* 632 F.3d 803, 812 (2d Cir.2011); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (holding that summary judgment is appropriate when the non-moving party has no evidentiary support for an essential element for which it bears the burden of proof).

Since the lack of probable cause is an element of a malicious prosecution claim "the existence of probable cause is a complete defense to a claim of malicious prosecution." *Stansbury v. Wertman*, 721 F.3d 84, 94-95 (2d Cir. 2013).   As established above in the analysis

---

plaintiff. The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents ... [and] affidavits or declarations," Fed.R.Civ.P. 56(c)(1)(A), "which it believes demonstrate [s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may also meet its initial burden by showing ... that [the] adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(B); *Hill v. Melvin,* No. 05 Civ. 6645, 2006 WL 1749520, at *4 (S.D.N.Y. June 27, 2006) ("The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the non-moving party's case on an issue on which the non-movant has the burden of proof."); *Fuertado v. City of New York,* 337 F.Supp.2d 593, 599 (S.D.N.Y.2004) ("The moving party may use a memorandum or brief to 'point to' the absence of evidence and thereby shift to the nonmovant the obligation to come forward with admissible evidence supporting its claim.").

for false arrest, probable cause existed to arrest the plaintiff, and that probable cause did not dissipate prior to plaintiff being charged with Assault and Reckless Endangerment. "Where there is no change in the information known to police at the time of arrest and prosecution, probable cause sufficient to warrant arrest precludes a claim for malicious prosecution." *Cortes v. City of New York*, 148 F. Supp. 2d 248, 255 (E.D.N.Y. 2015) (noting that plaintiff pointed to no change in the information available to the defendants after the time he was arrested and, therefore, "[s]ince probable cause existed for the arrest and it did not dissipate, that same probable cause requires dismissal of plaintiff's malicious prosecution claim"); *see also Torres v. City of New York*, supra at *4 (E.D.N.Y. 2017).

The Suffolk County defendants anticipate that the plaintiff may claim that his purported "fabricated statement" that was taken by Detectives Tavares and Leser constitutes information known to the defendants that would dissipate probable cause.    This claim is without merit as probable cause to prosecute the plaintiff existed independent from the alleged fabricated statement.  It is well-settled that "even where plaintiff alleges ... that the malicious prosecution is based on fabricated evidence, the existence of probable cause independent of the fabricated evidence is a defense to that claim." *Torres v. City of New York*, quoting  *Hoyos v. City of New York*, 999 F. Supp. 2d 375, 290 (E.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Blau v. Suffolk Cty.*, No. 11CV4818, 2016 WL 426515, at *4 (E.D.N.Y. Feb. 3, 2016); *Maldonado v. City of New York*, 2014 WL 787814, at *8 (S.D.N.Y. 2014) ("[T]he existence of probable cause independent of the allegedly falsified evidence is a defense to a malicious prosecution claim." (internal quotation marks and citation omitted)); *Morse v. Spitzer*, No. 07-cv-4793, 2012 WL 3202963, at *5 (E.D.N.Y. Aug. 3, 2012).

On this point it is significant to note that neither the Felony Compliant nor the Misdemeanor Complaint charging the plaintiff make any mention of the statement, and are

supported entirely by the sworn statement of Anthony DiLoenardo.      Further, once the plaintiff was arraigned on the charges, the defendants no longer faced liability for the continued prosecution. Generally speaking, "once an arrestee is formally charged, the arresting officer is generally no longer responsible for the prosecution, and the chain of causation between the officer's conduct and the claim for malicious prosecution is broken by the intervening independent actions of the court or prosecutor."  *Weiner v. McKeefery,* 90 F. Supp. 3d 17, 24 (E.D.N.Y. 2015), citing *Thompson v. Sweet,* 194 F.Supp.2d 97, 102 (N.D.N.Y.2002) (citing *Townes v. City of New York,* 176 F.3d 138, 147 (2d Cir.1999).

        Defendants are cognizant that even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause."*Lowth v. Town of Cheektowaga,* 82 F.3d 563, 571 (2d Cir.1996) (quotations and citations omitted); *see also Kent v. Thomas,* No. 10–3688–cv, 2012 WL 689127, at * 1 (2d Cir. Mar.5, 2012) (summary order). However, "[i]n order for probable cause to dissipate, the groundless nature of the charge must be made apparent [to the defendants] by the discovery of some intervening fact."*Lowth,* 82 F.3d at 571;*see also Husbands ex rel. Forde v. City of New York,* 335 Fed. Appx. 124, 128 (2d Cir. June 30, 2009) (summary order); *Carrow v. City of New York,* No. 06 Civ. 1436, 2010 WL 1009996, at * 8 (S.D.N.Y. Mar. 17, 2010)."[T]he question is whether either the evidence gathered after arrest undermined a finding of probable cause, or whether the Defendants' inquiry into the alleged [crime] so far departed from what a reasonable person would have undertaken as to itself constitute evidence of lack of probable cause." *Rae v. County of Suffolk,* 693 F.Supp.2d 217, 227 (E.D.N.Y.2010), "[D]efendants are not obliged to exonerate [the] plaintiff or uncover exculpatory evidence, but the 'failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause."*Lawrence v. City Cadillac,* No. 10 Civ. 3324, 2010 WL 5174209, at * 6 (S.D.N.Y. Dec.9, 2010) (quoting *Lowth,* 82 F.3d at 571).

In the instant matter, no evidence surfaced after the arrest of the plaintiff that would make the groundless nature of the charges apparent.   No doubt the plaintiff will argue that the evidence of alcohol consumption was learned after the arrest through the admissions of DiLeonardo and Bienz, however, as explained above, this alone is insufficient to eliminate probable cause and Detective Seregeant Lamb testified that he took steps to further investigate the issue of alcohol use by seeking to preserve the blood from the hospital and by visiting one of the bars where the officers had been.   To the extent that the plaintiff may claim that a witness Eric Klug, could have cast doubt on DiLeonardo's version of the events, one: the detectives are under no obligation to uncover exculpatory evidence and two: Klug's account is inconsistent with those of even the plaintiff and Ms. Mondo and would not serve to undermine the probable cause determination even if known.     Lastly, the dispute in fact as to what Officer Bienz actually told Detective Leser does not bear on the issue because Bienz claims that he did not witness the actually shooting as it occurred, which is neither inconstant nor exculpatory.

### _Qualified Immunity_

Even it is determined that there was not probable cause to comence the prosecution against the plaintiff, there was "arguable probable cause" and the detectives were not objectively unreasonable in relying upon it.   Since their conduct was not objectively unreasonable they are entitled to qualified immunity from suit.

Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law. R_usso v. City of Bridgeport_, 479 F.3d 196, 211 (2d Cir.2007), _Betts v. Shearman,_ 751 F.3d 78 (2d. Cir. 2014) _citing_, _Jenkins v. City of New York_, 478 F.3d 76, at 88 (2d Cir. 2007).    An

officer's determination is objectively reasonable if 'officers of reasonable competence could disagree on whether the probable cause test was met." *Jenkins*, *supra* at 87.

While officers of reasonable competence could have disagreed on whether there was evidence to establish probable cause for the purpose of commencing a prosecution against the plaintiff,  it was not plainly incompetent or a knowing violation of the law for the detectives involved to believe the test was met, especially in light of the sworn statement from Officer DiLeonardo.  Accordingly the defendants would be entitled to qualified immunity.

Additionally, the law was not clearly established that under the specific facts of this case, including the facts and circumstances observed and known by the defendants, that charging the plaintiff would rise to the level of violation of his constitutional rights, *Mullenix v. Luna*, 136 S. Ct. 305, 308-09 (2015), and the defendants are entitled to qualified immunity on this ground as well.

## POINT III

### THE COMPLAINT FAILS TO ALLEGE A VALID CLAIM FOR A VIOLATION OF THE FIFTH SIXTH OR FOURTEENTH AMENDMENTS AS THE PLAINTIFF'S STATEMENT WAS NEVER USED AGAINST HIM IN A CRIMINAL PROCEEDING

The plaintiff alleges several claims that relate to the sworn rights statement he gave to Detectives Lesser and Tavares.    He claims that the statement was taken without his consent after he had requested an attorney.   He also claims that the content of the statement is not true and was fabricated by the detectives.     All the claims relating to the taking of the statement and the alleged fabrication must be dismissed as the statement was never used against the plaintiff in a criminal proceeding.

The right to counsel under the Fifth Amendment to the Constitution was recognized by the United States Supreme Court for the purpose of protecting the privilege against self-incrimination.   *Miranda v. Arizona*, 384 U.S. 436, 85 U.S. 1602 (1966); see also *Edwards v.*

*Arizona*, 451 U.S. 477, 101 S.Ct. 880 (1981), (holding that an accused who invokes his right to counsel "is not subject to further interrogation by the authorities until counsel has been made available to him").     The rule established in *Edwards* is designed to ensure that any statement made in subsequent interrogation is not the result of coercive pressures. *Minnick v. Mississippi*, 498 U.S. 146, 111 S.Ct. 486, (1990).     Accordingly, the Fifth Amendment protections as they relate to the right to have an attorney present during an interrogation are grounded in the desire to prevent statements that have been elicited from an accused in violation of those protections from being used against that person in a criminal proceeding.     However, in the absence of any such inculpating statements, or their subsequent use in a criminal proceeding, there can be no Fifth Amendment violation. *Simms v. De Paolis*, 2000 WL 1134564 (S.D.N.Y. 2000), citing *Nova v. Bartlett*, 211 F.3d 705, 708 (2d Cir. 2000).

### *Miranda violation*

Plaintiff claims that in addition to his statement being the result of unconstitutional coercion, that he was not read his Miranda warnings prior to giving the statement.     The Fifth Amendment protects against the admissibility of incriminating statements obtained during custodial interrogation of a person who has not properly waived his right to counsel. *Nesbitt v. County of Nassau,* 2006 WL 3511377 *2 n. 7 (E.D.N.Y.2006); *see Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).  However, the remedy for a violation of this right is exclusion of any self-incriminating statements from use at a criminal proceeding, and not an action for damages under Section 1983. *Myers v. Cty. of Nassau*, 825 F. Supp. 2d 359, 367 (E.D.N.Y. 2011). *Jocks v. Tavernier,* 316 F.3d 128 (2d Cir 2003); *Neighbour v. Covert,* 68 F.3d 1508, (2d Cir.1995); *Paige v. City of New York,* 2011 WL 3701923 *3 (E.D.N.Y.2011). Accordingly, to the extent that the plaintiff claim's that he was not read Miranda warnings prior to his interrogation, such a claim must be dismissed.

20

### *Coercion*

A §1983 action may exist under the Fifth Amendment if coercion was applied to obtain a waiver of the plaintiff's rights against self-incrimination and/or to obtain inculpatory statements. However, even if it can be shown that a statement was obtained by coercion, there can be no Fifth Amendment violation until that statement is introduced against the defendant in a criminal proceeding. See *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346–47 (2d Cir. 1998); *Weaver v. Brenner*, 40 F.3d 527 (2d Cir 1994); *Riley v. Dorton*, 115 F.3d 1159, 1164–65 (4th Cir.1997); *Mahan v. Plymouth* Co., 64 F.3d 14 at 17; *Mahoney v. Kesery*, 976 F.2d 1054, 1061–62 (7th Cir.1992); *Davis v. City of Charleston*, 827 F.2d 317, 322 (8th Cir.1987).    It is undisputed that the statement given by the plaintiff was never used in the criminal proceeding against him, for any purpose at all, including the determination of bail.    Accordingly, any claims that the statement was the product of coercion must be dismissed.

### *Right to Counsel*

The plaintiff also claims that he was denied the right to counsel during the interview and interrogation process at  the hospital.  However, "[i]t has been firmly established that a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him." *Kirby v. Illinois,* 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411 (1972).  Since, the plaintiff had not yet been arraigned at the time of questioning, his Sixth Amendment rights had yet to attach.  Accordingly, any claim for a denial of right to counsel must be dismissed as well.  *Neighbour v. Covert,* 68 F.3d 1508 (2d Cir. 1995).

### *Fourteenth Amendment Violations*

Plaintiff also alleges violations of his Fourteenth Amendment rights that sound in a claim of Denial of a Fair Trial.    When a government official manufactures false evidence against an

accused, and the use of that fabricated evidence results in the deprivation of the accused's liberty, the government official infringes the accused's constitutional right to a fair trial in a manner that is redressable in a § 1983 action for damages. *Zahrey v. Coffey,* 221 F.3d 342, 348–49 (2d Cir.2000); *Ricciuti v. New York City Transit Auth.,* 124 F.3d 123 (2d Cir.1997).

A plaintiff establishes a constitutional violation for the denial of his right to a fair trial based on the fabrication of evidence if he proves that "an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." *Jovanovic v. City of New York*, 486 Fed.Appx. 149, 152 (2d Cir. 2012); *see also Ricciuti v. N.Y. City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997)* ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.").  Therefore, to have a cognizable claim for the denial of the right to a fair trial, a plaintiff must establish a causal connection between the fabricated evidence and his deprivation of liberty. *See Zahrey v. Coffey, 221 F.3d 342, 348, 355 (2d Cir. 2000)* ("The manufacture of false evidence, in and of itself ... does not impair anyone's liberty, and therefore does not impair anyone's constitutional right," and the "deprivation of liberty of which [plaintiff] complains [must] be shown to be the *result of [the defendant's] fabrication of evidence.*"  *Torres v. City of New York*,  2017 WL 4325822 (E.D.N.Y. 2017).

Unlike a Malicious Prosecution claim, the Second Circuit has held that the existence of probable cause to arrest and prosecute is not a complete defense to a fair trial claim. *See Ricciuti*, 124 F.3d at 130. However, at the same time, the Second Circuit has also held that a plaintiff must show causation between the alleged fabricated evidence and a plaintiff's deprivation of liberty.

See Zahrey, 221 F.3d at 355.     There is no evidence in the available record, that the alleged fabricated statement taken from the plaintiff ever resulted in a depravation of his liberty and therefore he has no claim for a violation of his right to a fair trial. "[A]lthough probable cause is not a complete defense to a fair trial claim based on fabricated evidence, plaintiff still must show ... that the alleged fabrication caused a deprivation of liberty." Hoyos, 999 F. Supp. 2d at 394. In other words, to show causation, "plaintiff must show that the misconduct caused some deprivation above and beyond the fact of the prosecution itself," where "independent probable cause exists for the prosecution" in the first place. Id.     As previously shown, the plaintiff's statement was never used, or even considered during his brief pending criminal prosecution.   It was not a factor in a bail determination, and was never even eluded to in the minutes of the arraignment, or during the dismissal of the charges against him.     Accordingly, his Fourteenth Amendment claims must be dismissed.

### POINT IV

### PLAINTIFF'S CONSPIRACY CLAIMS MUST BE DISMISSED AS THERE IS NO UNDERLYING CONSTITUTIONAL VIOLATION

The plaintiff also brings claims of conspiracy against all the defendants for allegedly conspiring to violate the substantive rights detailed above.[3]   To establish a § 1983 conspiracy, plaintiff must prove "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999). Although a successful § 1983 claim requires evidence of state action, liability may be imposed upon private individuals pursuant to a conspiracy theory. Ciambriello v. County of Nassau, 292 F.3d 307, 324–25 (2d Cir.2002).  However, a § 1983 conspiracy claim fails as a

---

[3] The Suffolk County defendants respectfully directs the Court's attention to the arguments set forth in Co-defendant County of Nassau's memorandum of law on this point and incorporates those arguments herein.

matter of law where there is no underlying constitutional violation. *See Curley,* 268 F.3d at 72; *Singer,* 63 F.3d at 119; *Beckles v. City of New York,* 2011 WL 722770, at *6 (S.D.N.Y. Feb. 25, 2011). As it has been established that there was no constitutional violation, there can be no conspiracy. *Mitchell v. Cty. of Nassau*, 786 F. Supp. 2d 545, 564 (E.D.N.Y. 2011).

Additionally, the plaintiff has no proof of any acts engaged in by any of the defendants that contributed to the alleged conspiracy to violate his rights.[4]   A claim of a § 1983 conspiracy must be supported by more than conclusory allegations. *Leon v. Murphy,* 988 F.2d 303, 311 (2d Cir.1993); *Polur v. Raffe,* 912 F.2d 52 (2d Cir.1990); *see also  Fariello v. Rodriguez,* 148 F.R.D. 670, 677 (E.D.N.Y.1993), *aff'd.,* 22 F.3d 1090 (2d Cir.1994). Specifically, a plaintiff must allege "with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy." *Elmasri v. England,* 111 F.Supp.2d 212, 218 (E.D.N.Y.2000), quoting, *Fariello,* 148 F.R.D. at 677. Failure to allege any facts in support of a conspiracy claim results in dismissal. *See id.* at 221–22.

The defendants anticipate that the plaintiff may argue that the invocation of a fifth amendment privilege by co-defendant DiLeonardo in response to questions regarding an alleged conspiracy gives rise to an inference that a conspiracy occurred.   However, the invocation of the fifth amendment cannot be the sole basis upon which a significant penalty is leveled against the party remaining silent. *Rockwood Computer Corp. v. Morris,* 94 F.R.D. 64, 67 (E.D.N.Y.1982); *see also In re Inflight Newspapers, Inc.,* 423 B.R. 6, 2010 WL 104594, at *6–7 ("If the Court determines that an adverse inference may be drawn, the moving party must present additional evidence; it cannot rely solely on the adverse inference.").   Without more, DiLeonardo's fifth

---

[4] Plaintiff's claim that the Suffolk detectives did not properly investigate or arrest DiLeonardo does not constitute a viable constitutional claim.  "[A]llegations of a failure to investigate do not create an independent due process claim." *Blake v. Race,* 487 F.Supp.2d 187, 212 n. 18 (E.D.N.Y.2007); *McCaffrey v. City of New York,* 2013 WL 494025, at *5 (S.D.N.Y.  2013)

24

amendment invocation does not give rise to an inference of conspiracy sufficient to overcome summary judgement.

***State Causes of Action***

Plaintiff's New York State causes of action for Libel and Slander should be dismissed because there was probable cause to arrest the plaintiff for the offenses charged and the plaintiff was in fact arrested.   Carlton v. Nassau Cty. Police Dep't, 306 A.D.2d 365, 366 (2003).

In the alternative, the defendants respectfully request, in light of a lack of a viable federal claim that the Court decline jurisdiction of the plaintiffs state claims. *Valdez v. City of New York*, 18 NY3d 69 (2011).

## CONCLUSION

Based on the forgoing, the motion of defendants County of Suffolk, Suffolk Detectives Ronald Tavares, Charles Leser, Eugene Geissinger, Nicholas Favatta, and Alfred Ciccotto, Detective /Sgt. William J. Lamb, Sgt. Jack Smithers, Suffolk Police Officers William Meaney, and Jesus Faya pursuant to Rule 56 for summary judgment dismissing the second amened complaint should be granted.

Dated:  Hauppauge, New York
        July 30, 2018

                    /s/ Brian C. Mitchell
                    Brian C. Mitchell
                    Assistant County Attorney