UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THOMAS M. MOROUGHAN,                                    Docket # 12 CV 512 (JFB) (AKT)

                                    Plaintiff,

            -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK DETECTIVES
RONALD TAVARES, CHARLES LESER, EUGENE
GEISSINGER, NICHOLAS FAVATTA, and ALFRED
CICCOTTO, DETECTIVE/SGT. WILLIAM J. LAMB,
SGT. JACK SMITHERS, SUFFOLK POLICE
OFFICERS WILLIAM MEANEY, and JESUS FAYA and
SUFFOLK JOHN DOES 1-10, THE COUNTY OF
NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, SGT. TIMOTHY MARINACI,
DEPUTY CHIEF OF PATROL JOHN HUNTER,
INSPECTOR EDMUND HORACE, COMMANDING
OFFICER DANIEL FLANAGAN, DETECTIVE/SGT.
JOHN DeMARTINIS, NASSAU POLICE OFFICERS
ANTHONY D. DILEONARDO, POLICE OFFICER
EDWARD BIENZ and JOHN DOES 11-20,

                                    Defendants.
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS THE COUNTY OF
NASSAU, NASSAU COUNTY POLICE DEPARTMENT, SGT. TIMOTHY MARINACI,
INSPECTOR EDMUND HORACE, COMMANDING OFFICER DANIEL FLANAGAN,
DETECTIVE/SGT. JOHN DeMARTINIS, and POLICE OFFICER EDWARD BIENZ**

LEAHEY & JOHNSON, P.C.
120 Wall Street, Suite 2220
New York, New York 10005
(212) 269-7308


Of Counsel:    Peter James Johnson, Jr.
               Joanne Filiberti
               Christopher Delamere Clarke

# TABLE OF CONTENTS

Page

SUMMARY OF REPLY .................................................................................................. 1

STANDARD OF REVIEW ............................................................................................. 4

ARGUMENT .................................................................................................................. 2

POINT I     PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT OF
            FACTS SHOULD BE DISREGARDED BY THIS COURT ................................ 2

POINT II    PLAINTIFF HAS FAILED TO PROFFER SPECIFIC FACTS TO MEET HIS
            BURDEN DEMONSTRATING THAT A GENUINE ISSUE OF FACT EXISTS ... 4

POINT III   DILEONARDO'S CROSS-CLAIMS AGAINST COUNTY OF NASSAU
            SHOULD BE DISMISSED AS A MATTER OF LAW ........................................ 6

POINT IV    THE NASSAU COUNTY POLICE DEPARTMENT DOES NOT HAVE A
            DISTINCT IDENTITY APART FROM THE COUNTY OF NASSAU AND
            CANNOT BE SUED WARRANTING DISMISSAL OF ANY AND ALL CLAIMS
            AGAINST IT ................................................................................................ 6

POINT V     PLAINTIFF HAS AFFIRMATIVELY WITHDRAWN HIS OFFICIAL CAPACITY
            CLAIMS AGAINST THE COMMANDING OFFICER DANIEL FLANAGAN,
            DETECTIVE/SGT. JOHN DEMARTINIS, INSPECTOR EDMUND HORACE
            AND SGT. TIMOTHY MARINACI AND THEREFORE ALL CAUSES OF
            ACTION AGAINST THEM SHOULD BE DISMISSED ........................................ 6

POINT VI    THE DFRT MEMBERS AND MARINACE ARE ENTITLED TO QUALIFIED
            IMMUNITY .................................................................................................. 7

POINT VII   PLAINTIFF HAS AFFIRMATIVELY WITHDRAWN HIS FIFTH AMENDMENT
            CLAIM AGAINST THE COUNTY OF NASSAU FOR DEPRIVATION OF THE
            RIGHT TO COUNSEL AND THEREFORE THAT CLAIM SHOULD BE
            DISMISSED .................................................................................................. 8

POINT VIII  PLAINTIFF HAS FAILED TO REBUT THAT OFFICERS BIENZ AND
            DILEONARDO WERE NOT ACTING UNDER COLOR OF LAW AND THE
            COUNTY OF NASSAU DID NOT DEPRIVE PLAINTIFF OF ANY RIGHT,
            PRIVILEGE, OR IMMUNITY PROTECTED BY THE CONSTITUTION.
            THEREFORE, PLAINTIFF CANNOT SUSTAIN A § 1983 FEDERAL CAUSE OF
            ACTION AGAINST MOVANTS ...................................................................... 8

            A. *The Record is Devoid of Any Evidence that DiLeonardo was Acting Under the Color of Law* ........................................................................................................... 9
            B. *The Record is Devoid of Any Evidence that Bienz was Acting Under Color of Law* ........................................................................................................................ 11

POINT IX    PLAINTIFF'S CONSPIRACY CAUSES OF ACTION PURSUANT TO 42 U.S.C. § 1983 SHOULD BE DISMISSED AS A MATTER OF LAW .................................... 11

POINT X     PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS FOR FALSE ARREST AGAINST BIENZ AND NASSAU COUNTY, PREMISED ON DILEONARDO'S CONDUCT, SHOULD BE DISMISSED AS A MATTER OF LAW ..................... 13

POINT XI    PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS FOR MALICIOUS PROSECUTION AGAINST BIENZ AND NASSAU COUNTY, PREMISED ON DILEONARDO'S CONDUCT, SHOULD BE DISMISSED AS A MATTER OF LAW ........................................................................................................................... 14

POINT XII   PLAINTIFF'S DUE PROCESS CLAIMS ARE DEFICIENT AS A MATTER OF LAW AND SHOULD BE DISMISSED ................................................................ 15
           A. *The Record is Devoid of Any Evidence that Movants Violated Plaintiff's Procedural Due Process Rights* ...................................................................... 15

           B. *The Record is Devoid of Any Evidence that Movants Violated Plaintiff's Substantive Due Process Rights* ..................................................................... 16

POINT XIII  UPON DISMISSAL OF THE CLAIMS AGAINST MOVANTS, THE REMAINING CLAIMS AGAINST THE COUNTY OF NASSAU SHOULD ALSO BE DISMISSED AS A MATTER OF LAW ........................................................... 16

POINT XIV  PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE DISMISSED 17

POINT XV   PURSUANT TO FED. R. CIV. P. 4(m) PLAINITFF'S CLAIMS AGAINST JOHN DOES 11-20 ARE BARRED BY THE STATUTE OF LIMITATIONS ................. 17

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

Page

Alliance Sec. Prod. v. Fleming Co. 471 F. Supp. 2d 452 (2d Cir. 2007) ............................ 3

Ashcroft v. al-Kidd, 131 S. Ct. 2074 (2011) .................................................................... 7

Baez. Jetblue Airways Corp., 2009 U.S. Dist. LEXIS 67426 (E.D.N.Y. 2009) ................. 13

Baity v. Kralik, 51 F. Supp. 3d 414 (S.D.N.Y. 2014) .................................................. 4

Bosch v. Lamattina, 901 F. Supp. 2d 394 (E.D.N.Y. 2012) ........................................ 4

Brewton v. City of New York, 550 F. Supp. 2d 355 (E.D.N.Y. 2008) .......................... 14

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) .......................................................... 4

Claudio v. Sawyer, 675 F. Supp. 2d 403 (S.D.N.Y. 2009) .......................................... 9

Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463 (E.D.N.Y. 2002) ...................... 9

Estate of M.D. v. New York, 241 F.Supp.3d 413 (S.D.N.Y. 2017) .............................. 17

Gallop v. Cheney, 642 F. 3d 364 (2d Cir. 2011) ....................................................... 5

Goldstick v. Hartford, Inc., 2002 U.S. Dist. LEXIS 15247(S.D.N.Y. 2002) ................ 4

Jones v. Town of East Haven, 691 F.3d 72 (2d Cir. 2012) ......................................... 16

Jouthe v. City of New York, 2009 U.S. Dist. LEXIS 18163 (E.D.N.Y. 2009) ............... 11

Lee v. Edwards, 101 F. 3d 805 (2d Cir. 1996) .......................................................... 17

Leon v. Murphy, 988 F. 2d 303 (2d Cir. 1993) ......................................................... 5

Malley v. Briggs, 475 U.S. 335 (1986) ..................................................................... 7

Martinez v. Golding, 499 F. Supp. 2d 561 (S.D.N.Y. 2007) ...................................... 13

McDonough v. Smith, 898 F. Supp. 3d 259 (2d Cir. 2018) ....................................... 8,16

Milfort v. Prevete, 3 F. Supp. 3d 14 (E.D.N.Y. 2014) ............................................... 17

Mosca v. City of New York, 2018 U.S. Dist. LEXIS 69846 (E.D.N.Y. 2018) ............... 9

Oliviera v. Mayer, 23 F.3d 642 (2d Cir. 1994) cert denied 513 U.S. 1076 (1995) ...... 7

Poux v. City of Suffolk, No. 09 CV 3081, 2012 WL 1020302 (E.D.N.Y. 2012) ........... 5, 11

Riccuiti v. New York City Transit Authority, 124 F. 3d 123 (2d Cir. 1996) ................. 15

Rodriguez v. Schneider, 1999 U.S. Dist. LEXIS 9741 (S.D.N.Y. 1999) ..................... 4

Russell v. Crossland Savings Bank, 111 F. 3d 251 (2d Cir. 1997) ............................. 13

Saget v. Trump, 351 F.Supp.3d 251 (E.D.N.Y. 2019) ........................................................... 6

Scotto v. Almenas, 143 F.3d 105 (2d Cir. 1998) ............................................................... 12

Vassallo v. Lando 591 F. Supp. 2d 17 (E.D.N.Y. 2008) ...................................................... 17

Ward v. City of New York, 1998 U.S. Dist. LEXIS 18678 (S.D.N.Y. 1998) ........................... 12

Weintraub v. Board of Education of New York, 423 F. Supp. 2d 38 (E.D.N.Y. 2006) ............... 13

Zahrey v. City of New York, No. 98–4546, 2009 WL 1024261 (S.D.N.Y. 2009) ....................... 12

Zahrey v. Coffey, 221 F. 3d 342 (2d Cir. 2000) ............................................................. 8,16

## NEW YORK STATE CASES

Page

Brown v. Sears Roebuck and Co., 297 A.D.2d 205 (1st Dep't 2002) ....................................... 14

Matter of DiLeonardo v. Nassau County Police Officer Indemnification Board,
148 A.D.3d 701 (2d Dep't 2017)............................................................................... 9

## FEDERAL STATUTES

Page

42 U.S.C. § 1983.................................................................................................passim

Defendants County of Nassau, Nassau County Police Department, Sgt. Timothy Marinaci, Inspector Edmund Horace, Commanding Officer Daniel Flanagan, Detective/Sgt. John DeMartinis, and Police Officer Edward Bienz (collectively "Movants") submit this memorandum of law in reply to Plaintiff's opposition and in further support of their motion for summary judgment based on Plaintiff's failure to rebut Movants' *prima facie* showing of entitlement as a matter of law.

Plaintiff argues that his lawsuit is limited to claims that the Nassau and Suffolk defendants violated his constitutional rights by having him arrested and charged for crimes they knew he did not commit (see Plaintiff's Memorandum of Law at page 1). There is no evidence to support such claims, only the speculation of counsel coupled with an invitation that this Court make unreasonable inferences. The undisputed facts establish that the incident at the center of this case arose from a personal dispute that occurred when Plaintiff instigated a fight with co-defendant DiLeonardo[1] after Plaintiff had taken exception to DiLeonardo's driving. Plaintiff escalated that fight by pulling his car over next to DiLeonardo, arguing with DiLeonardo, and exiting his vehicle while shouting profanities at DiLeonardo. DiLeonardo ultimately discharged his weapon which he claims he was justified in doing when he claims Plaintiff attempted to run him over. Notwithstanding plaintiff's counsel speculation, the SCPD ultimately concluded it had probable cause to arrest plaintiff based exclusively upon the sworn statement DiLeonardo provided to them. As this Court and all parties know, the subsequent investigation conducted by the Suffolk County DA's office resulted in all charges against plaintiff being dropped, while the subsequent independent investigation performed by NCPD's Internal Affairs Bureau resulted in

---

[1] There is no dispute that at the time of the incident co-defendant DiLeonardo and movant Bienz were both off-duty Nassau County Police officers who had spent an evening out with their significant others.

Bienz being disciplined and DiLeonardo being permanently dismissed from the NCPD. If there was a Nassau County policy in place where Nassau's DFR Team fabricates evidence in order to shield police behavior and falsely arrest and prosecute innocent victims as Plaintiff claims, certainly no such policy was followed here.

Plaintiff has failed to offer admissible evidence to substantiate his §1983 claims which include claims of conspiracy, false arrest, malicious prosecution and due process violations, Plaintiff has failed to oppose Nassau's motion to dismiss his Monell claim. Plaintiff has withdrawn a significant number of claims and has failed to offer opposition to others, meriting dismissal. Movants have established their entitlement to summary judgment and dismissal of Plaintiff's complaint. To the extent that any opposition has been proffered, Plaintiff's arguments are founded in little more than speculation and conjecture, at times advance theories of liability never previously pleaded, while inviting this Court to draw unreasonable and speculative inferences. We ask this Court to dismiss plaintiff's complaint as against all moving defendants.

## ARGUMENT

## I. PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT OF FACTS SHOULD BE DISREGARDED BY THIS COURT

Movants complied with this Court's Local Rule 56.1(a) and submitted a short and concise statement, in numbered paragraphs, of the material facts to which movants contend there is no genuine issue to be tried. Local Rule 56.1(b) requires that the papers opposing a summary judgment motion shall include a statement consisting of correspondingly numbered paragraphs, responding to each numbered paragraph in the statement of the moving party. The Rule permits the opponent to submit additional paragraphs containing a statement of additional material facts to which opponents contend that there exists a genuine issue to be tried. Plaintiff did not comply with Local Rule 56.1(b). While Plaintiff's 209-page response to movants' statement of

undisputed facts did not include any additional paragraphs containing statements of facts that they contend represent triable issues of fact, it did include hundreds of pages of inadmissible lawyer argument and unsworn speculation.

Local Rule 56.1(d) requires that each statement by movant or opponent pursuant to Rule 56.1(a) and (b) must be followed by citation to evidence which would be admissible, set forth as required by F.R.C.P. 56(c). Plaintiff's response violated Local Rule 56.1(d) inasmuch as each and every response which purports to dispute one of the defendant's short and concise statements was routinely followed by legal and factual arguments and lengthy, speculative conjecture inviting unreasonable inferences based upon inadmissible unsworn arguments offered by counsel. None of the arguments, statements, or conjectures offered by counsel in response to Nassau's Local Rule 56.1 statement were sworn nor were they made on personal knowledge and as a result are inadmissible and should be entirely disregarded by this Court[2].

Plaintiff's Response to Nassau County Defendants' 56.1 Statement represents an attempt to offer inadmissible argument as a means of expanding upon plaintiff's Memorandum of Law both with respect to substance and page limits[3]. The Second Circuit has held that "[S]uch legal arguments… belong in briefs, not Rule 56.1 statements, and are so disregarded in determining whether there are genuine issues of material fact." Alliance Sec. Prods. v. Fleming Co. 471 F. Supp. 2d 452, 454 (2d Cir. 2007). Here, Plaintiff's rambling and confusing

---

[2] In support of their motion Defendants submitted sworn Declarations on behalf of each individual moving defendant; plaintiff's opposition is devoid of any sworn Declarations from plaintiff or any other witness.
[3] Plaintiff's rambling 209 page Rule 56.1 statement contains multiple argumentative and speculative responses, many of which on their own violate the page limitations imposed by this Court as to the length allowed for an entire Memorandum of Law. For example, rather than offer a short and concise statement with citations to evidence which would be admissible, plaintiff's response to movants' paragraph 122 ["SCPD's arrest of plaintiff was based solely upon information provided to SCPD by DiLeonardo (see DE 177, Exh. "H", pages 181-182)" was itself 28 pages long and consisted almost entirely of lawyer arguments, conjecture, and surmise.

conjectures does not ultimately rely upon admissible proof or personal knowledge but rely instead on assertions of counsel without admissible proof.

Legal argument is to be set forth in a memorandum of law, while factual affirmations are to be set forth in affidavits[4]. An opponent's response to a movant's Local Rule 56.1(a) statement is not the vehicle for legal or factual arguments, and plaintiff's response therefore should be disregarded entirely[5]. Because plaintiff disregarded and violated Local Rule 56.1(d) we ask that this Court exercise its discretion and disregard plaintiff's response to Movant's Rule 56.1 statement of undisputed facts and deem all facts relied upon by the movants undisputed for which no genuine issue remains to be tried.

## II.     PLAINTIFF HAS FAILED TO PROFFER SPECIFIC FACTS TO MEET HIS BURDEN OF DEMONSTRATING GENUINE ISSUES OF FACT

Upon a showing by the moving party that "there is an absence of evidence to support the non-moving party's case" Celotex Corp. v. Catrett, 477 U.S. 317, 417, 106 S. Ct. 2548 (1986), the burden shifts to the non-moving party to either proffer specific facts demonstrating a genuine issue exists, or demonstrate that there is sufficient evidence based on the facts at hand to support the non-moving party's case. Id. at 324. The non-moving party must point to specific facts that create an issue for trial; conclusory allegations are not sufficient. Id. at 324. Gallop v. Cheney,

---

[4] See Bosch v. Lamattina, 901 F. Supp. 2d 394 (E.D.N.Y. 2012). Rodriguez v. Schneider 1999 U.S. Dist. LEXIS 9741 *6 ("Rule 56.1 statements are not argument. They should contain factual assertions with citation to the record. They should not contain conclusions, and they should be neither the source nor the result of 'cut-and-paste' efforts with the memorandum of law."); Goldstick v. Hartford, Inc. 2002 U.S. Dist. LEXIS 15247 *6 (S.D.N.Y. 2002) ("The plaintiff's Rule 56.1 Statement here does not comply with the rule. While in most cases it does admit or deny defendants' descriptions of the allegedly uncontested facts on a paragraph-by-paragraph basis, it adds argumentative and often lengthy narrative in almost every case the object is to 'spin' the impact of the admissions plaintiff has been compelled to make."); Baity v. Kralik, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) ("Many of Plaintiff's purported denials – and a number of his admissions – improperly interject arguments and/or immaterial facts in response to facts asserted by Defendants, often speaking past Defendants' asserted facts without specifically controverting those same facts.")

[5] Even though the attorney's unsworn inadmissible hearsay arguments offered in plaintiff's improper Local Rule 56.1(b) statement are not admissible, Plaintiff routinely cites to such arguments throughout their Memorandum of Law, further illustrating the bankruptcy of their entire position.

642 F. 3d 364, 369 (2d Cir. 2011) (An inference will be found unreasonable when it contains

"conclusory, vague, or general allegations…"); quoting Leon v. Murphy, 988 F. 2d 303, 311 (2d

Cir. 1993). Further, "[T]o defeat a motion for summary judgment on a conspiracy claim, the

non-moving party may not rely on conclusory allegations or unsubstantiated speculation." Poux

v. City of Suffolk, No. 09 CV 3081, 2012 WL 1020302, at *30 (E.D.N.Y. 2012).

Plaintiff did not offer any statement of disputed issues of fact as he was permitted to

pursuant to Local Rule 56.1(b) and failed to establish the existence of disputed facts through

admissible evidence, relying instead upon counsel's speculation and conjecture. Notwithstanding

plaintiff's speculation as to what various members of SCPD and NCPD allegedly discussed at

different moments throughout that evening and early morning, he has not offered a single sworn

declaration, affidavit or deposition testimony from plaintiff; his wife (then girlfriend) Kristie

Mondo, or his godmother Risco Lewis, all of whom were present and all of whom were deposed,

to support his baseless claims of conspiracy. Similarly lacking is any direct evidence of

plaintiff's claims of wrongful arrest, wrongful prosecution, due process violations or any other

constitutional claim advanced in plaintiff's second amended complaint. As has been shown

neither the SCPD nor the Suffolk County District Attorney's Office ever received or relied upon

NCPD's DFRT report, which was prepared exclusively for, and submitted only to the NCPD

Commissioner on February 27, 2011, and was not shared with nor relied upon at any time by

anyone involved in the arrest and prosecution of plaintiff. Further, notwithstanding plaintiff's

counsel's baseless conjectures, the deposition testimony of all SCPD personnel, including that of

Suffolk County ADA Raphael Pearl clearly establish that they did not receive any information,

statements or documents from the Nassau defendants, including the NCPD DFRT, and that the

Nassau Defendants played no role in their investigation, arrest or prosecution. See Declaration of

Christopher Delamere Clarke dated July 11, 2019 ("Clarke Decl.") **Ex. BB** at 111:15-18; 114:2-5 and 207:13-208:12[6].

## III. DILEONARDO'S CROSS-CLAIMS AGAINST COUNTY OF NASSAU SHOULD BE DISMISSED AS A MATTER OF LAW

Neither Plaintiff nor co-defendant DiLeonardo opposed Nassau's motion to dismiss DiLeonardo's cross claims. We ask the Court to issue an Order dismissing Dileonardo's cross claims with prejudice.

## IV. THE NASSAU COUNTY POLICE DEPARTMENT DOES NOT HAVE A DISTINCT IDENTITY APART FROM THE COUNTY OF NASSAU AND CANNOT BE SUED WARRANTING DISMISSAL OF ANY AND ALL CLAIMS AGAINST IT

As reflected in Plaintiff's Memorandum of Law at page 1, footnote 2, plaintiff has conceded that Nassau County Police Department is an administrative arm of Nassau County and as such cannot be sued and therefore, plaintiff has withdrawn all claims against it. We ask that the Court issue an Order granting Defendants' motion and dismissing all causes of action asserted against Nassau County Police Department.

## V. PLAINTIFF HAS AFFIRMATIVELY WITHDRAWN HIS OFFICIAL CAPACITY CLAIMS AGAINST THE COMMANDING OFFICER DANIEL FLANAGAN, DETECTIVE/SGT. JOHN DEMARTINIS, INSPECTOR EDMUND HORACE AND SGT. TIMOTHY MARINACE AND THOSE CAUSES OF ACTION AGAINST THESE DEFENDANTS SHOULD THEREFORE BE DISMISSED

As reflected in Plaintiff's Memorandum of Law at page 1, footnote 2, plaintiff has withdrawn all "official capacity" claims asserted against movants Flanagan, DeMartinis, Horace

---

[6] The Court will note that plaintiff has not provided it with Raphael Pearl's entire deposition transcript notwithstanding their argument that "fabricated documents and statements were submitted to ADA Pearl." See Pl. Memorandum of Law at page 24. In the interest of fairness – Saget v. Trump 351 F.Supp.3d 251 (E.D.N.Y. 2019) – we have provided the Court with those sections of ADA Pearl's deposition transcript that directly addresses and rebuts plaintiff's baseless claim and clearly establish that he did not received anything from Nassau and did not make any prosecutorial decisions based upon anything received from Nassau as he did not receive anything from Nassau.

and Marinaci. As all of the conduct complained of by Plaintiff in his Complaint was conduct performed by these individuals in their official capacity, all claims and causes of action asserted against each of these individuals should be dismissed, and they should be removed from the caption of this case.

## VI. THE DFRT MEMBERS AND MARINACE ARE ENTITLED TO QUALIFIED IMMUNITY

Police officers are entitled to qualified immunity if their conduct does not violate clearly established constitutional rights or it was objectively reasonable for them to believe their acts did not violate those rights. Oliviera v. Mayer, 23 F.3d 642, 648 (2d Cir. 1994) cert denied 513 U.S. 1076 (1995). When properly applied qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law". Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2085 (2011) quoting Malley v. Briggs, 475 U.S. 335, 341 (1986). In opposition to DFRT members (Flanagan, DiMartinis and Horace), and Marinaci's motion seeking dismissal based upon qualified immunity, plaintiffs rest their hollow arguments upon the speculative claim that these men were part of an unproven conspiracy to wrongly arrest and prosecute plaintiff based upon certain paperwork they prepared in furtherance of their duties that night. However plaintiff has conceded that none of these individuals ever spoke to or otherwise interacted with plaintiff; that none of them arrested him; that none of them detained him; that none of them testified against him at any time in any forum; that none of them provided documents or any other evidence to SCPD or the Suffolk DA which was relied upon in furtherance of any criminal proceeding. Plaintiff provided nothing other than speculation and unreasonable inferences to support his contention that when these individuals prepared their paperwork, which was for NCPD only (i.e. DRFT report, worker's compensation records, firearms discharge report, etc.,), and that they did so knowing that anything documented in such reports was false. As plaintiff

concedes, at page 23 of his brief, in order for there to be a deprivation of liberty, the alleged false or fabricated documents or evidence must cause such deprivation. Zahrey v. Coffey, 221 F. 3d 342, 350 (2d Cir. 2000); see also McDonough v. Smith, 898 F. 3d 259 (2d Cir. 2018). Here, there is no causal nexus linking plaintiff's arrest by SCPD (based upon DiLeonardo's sworn statement only), to the NCPD paperwork, including the DFRT's report, which was authored hours later for an audience of one. As a result, Plaintiff has failed to establish through admissible evidence that the conduct of these defendants was not objectively reasonable. Further, the DFR team did not cause a violation of Moroughan's constitutional rights[7]. Plaintiff concedes that SCPD was running the investigation of the shooting which occurred that night and that it was movants' primary function to gather information from SCPD to relay to their Police Commissioner in the form of a preliminary report. See Rule 56.1 Statement ¶¶ 129,130, 131, 132, 135, 136, 144, 148, 150, 151, 153, 155, 157, 158, 159, 165, 169, 173, 174, 179, 186, 187, 188, 189, 191, 193, 194, 195, 197, 199, 200, 205, 206, 213, 216, 217, 218, 219, 220, 221.

## VII. PLAINTIFF HAS AFFIRMATIVELY WITHDRAWN HIS FIFTH AMENDMENT CLAIM AGAINST THE COUNTY OF NASSAU FOR DEPRIVATION OF THE RIGHT TO COUNSEL AND THEREFORE THAT CLAIM SHOULD BE DISMISSED

As reflected in Plaintiff's Memorandum of Law at page 1, footnote 2, plaintiff has withdrawn his Fifth Amendment claims against the Nassau Defendants. We ask that the Court issue an Order granting Defendants' motion and dismissing plaintiff's 16th cause of action.

## VIII. PLAINTIFF CANNOT SUSTAIN A § 1983 FEDERAL CAUSE OF ACTION AGAINST MOVANTS BECAUSE HE HAS FAILED TO REBUT THAT OFFICERS BIENZ AND DILEONARDO WERE NOT ACTING UNDER COLOR OF STATE

---

[7] Plaintiff has conceded that none of the documents prepared by the DFR members and Marinaci were ever provided to SCPD or the Suffolk County DA and as a result, cannot establish that they violated plaintiff's constitutional rights, nor could any rational jury so conclude.

8

**LAW AND THE COUNTY OF NASSAU DID NOT DEPRIVE PLAINTIFF OF ANY RIGHT, PRIVILEGE, OR IMMUNITY PROTECTED BY THE CONSTITUTION. THEREFORE**

**A. The Record is Devoid of Any Evidence that DiLeonardo was Acting Under the Color of State Law**

Plaintiff has conceded that Bienz was a private actor throughout these events, and also conceded that the purely personal fight between DiLeonardo and plaintiff was instigated by plaintiff. In that factual setting, plaintiff unavailingly relies on Davis v. Lynbrook Police Dep't, 224 F.Supp. 2d 463 (E.D.N.Y. 2002); Mosca v. City of New York, 2018 U.S. Dist. LEXIS 69846 (E.D.N.Y. 2018) and Claudio v. Sawyer, 675 F. Supp.2d 403 (S.D.N.Y. 2009), each of which are easily distinguishable. In Davis, Mosca, and Claudio the off-duty officers who were found to be acting under "color of law" instigated confrontations and did in fact exert their authority, announcing themselves as police officers and exerting their authority and the real or apparent power of a police officer. Here, unlike Davis Mosca and Claudio, plaintiff concedes that plaintiff instigated this purely personal dispute (see plaintiff brief at page 5) in which DiLeonardo did not take any action or exert any authority pursuant to State law. Therefore, DiLeonardo cannot be classified as a State actor acting pursuant to State law See Rule 56.1 Statement ¶¶ 21-23, 27-33

Further, notwithstanding plaintiff's opposition, this Court may take judicial notice of the ruling by the Appellate Division, Second Department, rulings which are a matter of public record, which held that DiLeonardo's actions at the time of the shooting incident were outside the scope of his employment and not within the discharge of his duties. Matter of DiLeonardo v. Nassau County Police Officer Indemnification Board, 148 A.D.3d 701, 702 (2d Dep't 2017).

There can be little disagreement that DiLeonardo was not acting under the "color of law" when he got lost leaving the Village of Huntington; when he drove toward Jericho Turnpike and pulled off to the side of the road to speak with movant Bienz; when plaintiff drove up and stopped his vehicle next to him; when plaintiff engaged him in a verbal attack; when he insulted plaintiff and his girlfriend in response; when plaintiff exited his vehicle to escalate their fight; when he exited his vehicle and walked toward plaintiff; when plaintiff drove his vehicle directly toward him; when he fired his off-duty weapon at plaintiff and later struck plaintiff through his car window; nor can it be demonstrated that Bienz was acting under color of law while he was sitting in his car or standing by the side of the road with his back turned during the altercation between Plaintiff and DiLeonardo. DiLeonardo was not acting under color of law at any time during any of his interactions with plaintiff that night, and, notwithstanding plaintiff's baseless claims of a Nassau County policy to shield Nassau police officers from discipline, NCPD's own Internal Affairs Bureau conducted a thorough investigation which resulted in severe discipline to both officers, including severance of DiLeonardo from the force. See Rule 56.1 Statement ¶¶ 246-260. Further, notwithstanding plaintiff's lawyer's distorted analysis of the record, there is no proof that DiLeonardo ever flashed a badge or otherwise identified himself as a police officer until he called 9-1-1 from his personal cell phone to report this incident after Moroughan had left the scene. Plaintiff had no idea that the person he had argued with and cursed at who later shot him was in fact an off-duty police officer See Rule 56.1 Statement ¶¶ 57-58. DiLeonardo did not in any way invoke the real or apparent power of a police officer that night, his conduct cannot be characterized as action taken under color of law. See Rule 56.1 Statement ¶¶ 21-23, 27-33, 57, 59, 60.

### B. The Record is Devoid of Any Evidence that Bienz was Acting Under the Color of State Law

At page 10 of his brief plaintiff concedes that Bienz was a private actor, and therefore was not acting under color of state law. The documentary and testimonial evidence establish that Bienz was not a willful participant in joint activity under color of law but was standing on the side of the road, wondering what was happening and ducking when shots were fired. Since neither were acting under color of law plaintiff's joint action theory of liability is inapplicable. See Jouthe v. City of New York, 2009 U.S. Dist. LEXIS 18163. Furthermore, the credible admissible evidence clearly establishes that Bienz never identified himself as a police officer or have any contact with plaintiff, and was unaware of the altercation as it transpired. The record is clear that Bienz did not invoke his apparent authority as a police officer. In fact, Bienz caused injury to no one but was injured when plaintiff's vehicle struck him as he ran toward the altercation between plaintiff and DiLeonardo. Bienz did not assault plaintiff – plaintiff assaulted Bienz. See Rule 56.1 Statement ¶¶ 47, 58, 61, 62, 223-227. See Clarke Decl. **Ex. BB** at 192:2-22.

### IX. PLAINTIFF'S CONSPIRACY CAUSES OF ACTION PURSUANT TO 42 U.S.C. § 1983 SHOULD BE DISMISSED AS A MATTER OF LAW

In the interest of brevity and due to page limit constraints, the Nassau movants adopt the arguments raised by co-defendant Hunter with respect to our prayer seeking dismissal of plaintiff's speculative and meritless claims of conspiracy to deprive plaintiff of his civil rights, to falsely arrest and maliciously prosecute him. Further, "[T]o defeat a motion for summary judgment on a conspiracy claim, the non-moving party may not rely on conclusory allegations or unsubstantiated speculation." Poux v. City of Suffolk, No. 09 CV 3081, 2012 WL 1020302, at *30 (E.D.N.Y. 2012).

The case law in the Second Circuit is clear that if the evidence shows that the defendants merely worked together, or communicated generally with each other, such allegations are routinely dismissed. See Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998) (concluding that "several telephone calls and other communications" were not sufficient to show conspiracy); Zahrey v. City of New York, No. 98–4546, 2009 WL 1024261, at *11 (S.D.N.Y. 2009) (dismissing conspiracy claim where plaintiff "provide[d] no evidence, absent the fact that the Individual Defendants worked together, that ... an agreement existed"). Plaintiff's claim is based upon speculation and conjecture. It is respectfully submitted that no material questions of fact remain and the conspiracy claims should be dismissed.

There can be no legitimate dispute that on this record the admissible evidence establishes that the investigation into the shooting incident was conducted solely by the Suffolk County Police Department. See Rule 56.1 Statement ¶ 123. Plaintiff has admitted that Nassau did not have jurisdiction and therefore it was not their investigation to conduct. See Rule 56.1 Statement ¶ 187-188. Suffolk County's District Attorney's Office led the investigation into the incident. Further and critical to this analysis, contrary to plaintiff's counsel's wild assertions and unreasonable inferences, at his deposition Assistant District Attorney Rafael Pearl testified that he had no contact with Nassau County throughout his investigation nor did he rely on any reports or speak to any members of Nassau County regarding the investigation. See Clarke Decl. **Ex. BB** at 44:3-22; 111:15-18; 114:2-5; 185:21-23 and 207:13-208:12**.**

There is no dispute - none of the documents produced by Nassau County or the DFR Team were ever used or relied upon by anyone to prosecute Plaintiff in any capacity or for any purpose. In addition, none of the movants testified in any proceedings, or provided information to the Suffolk County Police Department in furtherance of its prosecution of plaintiff. As

reflected in the admissible evidence, Suffolk County Police Department's arrest was based solely

on information provided to Suffolk County Police Department by co-defendant DiLeonardo. See

Rule 56.1 Statement ¶ 122. SCPD concluded that it had probable cause to make the arrest.

Furthermore, Detective Charles Leser of SCPD testified at his deposition on November 13, 2013

that the arrest was based on the deposition of DiLeonardo. See the Declaration of Joanne

Filiberti dated July 27, 2018 ("Filiberti Decl."), **Ex. J** at 138:3-4.

X.    **PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS FOR FALSE ARREST
      AGAINST BIENZ AND NASSAU COUNTY, PREMISED ON DILEONARDO'S
      CONDUCT, SHOULD BE DISMISSED AS A MATTER OF LAW**

"A defendant is liable for false arrest if, with the intent to have plaintiff arrested, he

makes false statements to the police and instigates an arrest." Baez v. Jetblue Airways Corp.

2009 U.S. Dist. LEXIS 67426 *25 (E.D.N.Y. 2009); see also Weintraub v. Board of Education

of New York 423 F. Supp.2d 38 (E.D.N.Y. 2006); Russell v. Crossland Savings Bank 111 F.3d

251 (2d Cir. 1997). Furthermore, "there is no liability when the arrest follows an independent

police review of the matter, even if information provided by the defendant to the police is later

found to be erroneous." Baez 2009 U.S. Dist. LEXIS 67426 *25; see also Russell 111 F.3d 251

at 257.

The testimonial and documentary evidence before this Court is devoid of any evidence

that Bienz ever attempted, let alone instigated an arrest of Plaintiff. Bienz had no interactions

whatsoever with Plaintiff and did not shoot him or otherwise confine him. The credible

admissible evidence clearly shows that Bienz never identified himself as a police officer. In

addition, Bienz never engaged in a physical altercation with Plaintiff. It is undisputed that Bienz

never spoke a single word to Plaintiff and that Bienz did not interact with Plaintiff in any fashion

during the course of the incident. In fact, Bienz had his back turned as DiLeonardo shot Plaintiff.

See Rule 56.1 Statement ¶ 47. It is clear that none of Beinz's actions resulted in a constitutional violation of Plaintiff. Bienz did not provide any statement, documents, writing, or any other information which was relied upon as a basis to arrest Plaintiff, nor is there any evidence that he instigated such an arrest. See Rule 56.1 at ¶¶ 47, 58-63, 118, 123-125, 223-227.

## XI. PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS FOR MALICIOUS PROSECUTION AGAINST BIENZ AND NASSAU COUNTY, PREMISED ON DILEONARDO'S CONDUCT, SHOULD BE DISMISSED AS A MATTER OF LAW

To establish a cause of action for malicious prosecution, a plaintiff must establish each of the four required elements: "(1) the commencement or continuation of a criminal proceeding by the defendant against plaintiff; (2) the proceeding terminated in favor of the plaintiff; (3) lack of probable cause for commencing or continuing the action; and (4) the defendant acted with malice." Brewton v. City of New York, 550 F.Supp.2d 355, 371 (E.D.N.Y. 2008). "Failure to establish any of these elements defeats the entire claim." Brown v. Sears Roebuck and Co., 297 A.D.2d 205, 746 N.Y.S.2d 141 (1st Dep't 2002).

The record is clear that Nassau County did not commence or continue a criminal proceeding against Plaintiff. Instead, Suffolk County commenced, conducted and controlled the entire investigation which ultimately resulted in a dismissal of all proceedings[8]. Plaintiff's efforts to manufacture an issue of fact here is found in their distorted arguments that Suffolk District Attorney Office's investigator Palumbo's recollections of his interview of Bienz (which was not recorded, transcribed or sworn nor result in a signed statement) was somehow inconsistent with Bienz's sworn deposition testimony, which is uncontradicted. Plaintiff's opposition merely established that Bienz, and every other member of the various conspiracies described within his

---

[8] We understand that the Suffolk County DA later empaneled a grand jury to investigate these events further and plaintiff refused to cooperate with that investigation and refused to testify before such tribunal. See Filiberti Decl. at **Ex. C** at 292:17-293:6.

complaint, cooperated with the Suffolk County DA in its investigation which resulted in a dismissal of all charges against plaintiff, not a continuation of its prosecution.

Plaintiff has not proffered any evidence to suggest that Movants acted with malice. To the contrary, the record established that whereas movants played no part in the investigation which lead to the arrest or prosecution of Plaintiff, they, unlike Plaintiff, cooperated fully with the DA's investigation, which resulted in charges against plaintiff being dropped. Further none of the documents plaintiff alleges were fabricated were ever provided to Suffolk or used against plaintiff, rendering Plaintiff's entire claim hypothetical. At page 18 of their opposition they argue "These documents would have been discoverable during Moroughan's criminal prosecution". There was no prosecution, these documents were not used. There is no viable claim.

Plaintiff unpersuasively relies on Ricciuti v. New York City Transit Authority 124 F. 3d 123 (2d Cir. 1996). Unlike Riccuiti, Nassau did not secure a false confession, nor did movants falsify documents. No information provided by Bienz or any of the movants were relied upon in the commencement or continuation or the prosecution of this incident. The credible, admissible evidence proffered by the Moving Defendants demonstrates that Plaintiff cannot establish a cause of action for malicious prosecution. See Rule 56.1 at ¶¶ 123-128, 137-139, 146, 150, 151, 161-163, 165-167, 176, 188, 191, 193-197, 201, 201, 204, 205, 207, 213, 217-221.

## XII.   PLAINTIFF'S DUE PROCESS CLAIMS ARE DEFICIENT AS A MATTER OF LAW

### A.   The Record is Devoid of Any Evidence that Movants Violated Plaintiff's Procedural Due Process Rights

In a nutshell plaintiff claims that movants violated his procedural due process rights by fabricating evidence against him. Of course, for this to be actionable the alleged fabricated evidence must exist and must have caused the deprivation of liberty. See Zahrey v. Coffey, 221 F. 3d 342, 350 (2d Cir. 2000); see also McDonough v. Smith, 898 F. 3d 259 (2d Cir. 2018).

Unlike Zahrey and McDonough, the DFR team's report, which there is no evidence of fabrication, was never used against Plaintiff and was not relied upon by Suffolk County Police Department in making their arrest. Furthermore, the DFR Team's report was not relied upon by the Suffolk County Assistant District Attorney Rafael Pearl who testified that he did not have any contact with Nassau County. See Clarke Decl. **Ex. BB** at 44:3-22; 111:15-18; 114:2-5; 185:21-23 and 207:13-208:12**.**

### B. Plaintiff Concedes that They Did not Allege a Substantive Due Process Claim

As reflected in Plaintiff's Memorandum of Law at page 1, footnote 2, plaintiff has conceded that he did not allege a substantive due process claim. We ask that the Court issue an Order granting Defendants' motion and dismissing all causes of action asserted against Nassau County Police Department.

### XIII. UPON DISMISSAL OF THE CLAIMS AGAINST MOVANTS, THE REMAINING CLAIMS AGAINST THE COUNTY OF NASSAU SHOULD ALSO BE DISMISSED AS A MATTER OF LAW

In Movants' brief at pages 20-24 movants sought dismissal of all remaining claims and causes of action including plaintiff's Monell claim which is premised upon allegations that at the time of this incident Nassau County had in place a policy wherein the DFR team was created to fabricate evidence in order to exonerate and protect officers and to falsely charge innocent victims. See generally DE 177 at ¶¶ 187-194. Plaintiff has not opposed Nassau's motion to dismiss his

Monell claim, but instead, referencing DE 184, (a Discovery Order dated March 22, 2014), plaintiff incorrectly claims at footnote 1 on page 1 of their brief that because the Monell claim was bifurcated, it is not ripe for summary adjudication. As can be plainly shown, DE 184 operated only to bifurcate discovery as to plaintiff's Monell claim, it did not sever or otherwise bifurcate the entire claim. Plaintiff's Monell claim is ripe for summary adjudication and plaintiff has not opposed Nassau's motion. See DE 177.

Plaintiff has failed to prove through admissible evidence that in the instant matter the DFR team fabricated evidence to exonerate and protect officers and to falsely charge innocent victims. Instead, here, the charges against Plaintiff were dismissed and the police officers were disciplined. Because Plaintiff has failed to establish a constitutional claim based upon the allegation here, his Monell claim must fail as a matter of law. See Vassallo v. Lando 591 F.Supp.2d 17, 202 (E.D.N.Y. 2008) (holding that because there was no constitutional violation by the individual defendants, no Monell claim remained against the municipality); quoting Estate of M.D. v. New York, 241 F.Supp.3d 413, 431 (S.D.N.Y. 2017). Inasmuch as plaintiff has not opposed this aspect of Nassau's motion, we ask that the Court grant the motion and dismiss plaintiff's Monell claim as asserted within plaintiff's second amended complaint.

## XIV. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES MUST BE DISMISSED

The record is devoid of any facts or evidence showing that any of the Movants were motivated by evil motive or intent or callous indifference to Plaintiffs federally protected rights, warranting dismissal of his claim for punitive damages. See generally Lee v. Edwards, 101 F.3d 805, 808 (2d Cir.1996); Milfort v. Prevete, 3 F.Supp.3d 14, 23 (E.D.N.Y. 2014). The records shows that movants complied fully with Suffolk's investigation resulting in the charges being dismissed.

**XV.     PURSUANT TO FED. R. CIV. P. 4(m) PLAINTIFF'S CLAIMS AGAINST JOHN DOES 11-20 ARE BARRED BY THE STATUTE OF LIMITATIONS**

Plaintiff has not opposed this aspect of Movant's motion, has taken no steps to identify the names or identifies of John Does 11-20 as alleged in his complaint and such claims regardless would be times barred.  We ask that the Court dismiss all such claims accordingly.

## CONCLUSION

Based upon the foregoing, Movants respectfully request that the Court issue an order granting Movants' motion for summary judgment dismissing all claims and cross-claims against Movants, and all other and further relief in favor of Movants as this Court deems necessary and just.

Dated: New York, New York
       July 11, 2019

                             Yours, etc.,

                             LEAHEY & JOHNSON, P.C.
                             Attorneys for Defendants
                             THE COUNTY OF NASSAU, NASSAU
                             COUNTY POLICE DEPARTMENT, SGT.
                             TIMOTHY MARINACI, INSPECTOR EDMUND
                             HORACE, COMMANDING OFFICER DANIEL
                             FLANAGAN, DETECTIVE SGT. JOHN
                             DEMARTINIS AND POLICE OFFICER
                             EDWARD BIENZ
                             120 Wall Street, Suite 2220
                             New York, New York 10005
                             (212) 269-7308

                         BY: *Christopher Delamere Clarke*
                           CHRISTOPHER DELAMERE CLARKE