UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS M. MOROUGHAN, | |
| Plaintiff, | 12-CV-0512 (JFB) (AKT) |
| -v- | MEMORANDUM AND ORDER |
| THE COUNTY OF SUFFOLK, ET AL, | |
| Defendants. | |

Bianco, Joseph F., United States Circuit Judge (sitting by designation):

On January 20, 2021, the Court issued its Memorandum and Order (the "Opinion") in connection with the pending motions for summary judgment. Although many of the documents and exhibits referenced in the Opinion were submitted by the parties under seal pursuant to a stipulated confidentiality order entered during discovery, the Court identified no portion of the Opinion which should be sealed given the presumption of public access afforded to judicial decisions. However, in an abundance of caution, the Court placed the Opinion temporarily under seal in order to allow the parties the opportunity to request redactions to the Opinion.

On January 22, 2021, a joint letter was filed by the Nassau County and Suffolk County defendants (the "moving defendants") requesting certain redactions to the Opinion. In particular, the moving defendants have requested that "to the extent that this Court directly quoted from confidential and privileged documents, records, statements, recordings, etc., which have already been deemed confidential and are presently under seal and therefore not available on the public docket, we ask that the Court accordingly redact those sections discretely identified therein." Moving Defs.' Letter, at 2. In the letter, the moving defendants have focused the Court on "its numerous quotes to portions of the

Suffolk County Internal Affairs documents, the Nassau County Internal Affairs Bureau documents, and the parties' medical records, as well as other references to documents filed by plaintiff under seal." *Id.* The moving defendants argue that "[t]he proposed redactions do not offend nor detract from the presumption of public access to judicial documents, particularly where the proposed redactions refer only to documents which are confidential and privileged." *Id.* The moving defendants attached a proposed redacted version of the Opinion that is consistent with their sealing request. The letter also states that plaintiff has no objection to the proposed redactions.

As the Supreme Court has articulated, it is well-established under the common law that there is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). However, this "right to inspect and copy judicial records is not absolute," and, therefore, a court may exercise its "supervisory power over its own records and files" to deny access in certain circumstances, such as "where court files might have become a vehicle for improper purposes." *Id.* at 598 (internal quotation marks omitted). In determining whether to deny common-law access to documents filed with the court, the Second Circuit has established the following three-part analysis: (1) whether the document is a judicial document; (2) what strength of presumption of public access attaches; and (3) whether competing considerations outweigh that presumption. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

As set forth below, applying that standard to the circumstances in the instant case, the Court, in its discretion, denies the motion to seal in its entirety. The Opinion is a judicial document to which the strongest presumption of public access attaches, and the moving

defendants have failed to articulate competing considerations that outweigh that presumption under the circumstances of this case.[1]

## DISCUSSION

First, it is axiomatic that a court's orders and written opinions are "judicial documents" to which the presumption of access applies. *See, e.g.*, *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("[I]t should go without saying that the judge's opinions and orders belong in the public domain."); *see also Hardy v. Equitable Life Assurance Soc'y of U.S.*, 697 F. App'x 723, 725 (2d Cir. 2017) ("There is a long tradition of public access to court orders . . .; they are judicial documents . . . .") (citations and quotations omitted).

Second, the weight given to that presumption of access for judicial opinions is extremely strong. *See, e.g.*, *Adler v. Ingle*, No. 1:20-CV-00048 (TNM), 2020 WL 7682392, at *1 (D.D.C. Oct. 29, 2020) ("The presumption of full disclosure is 'especially strong for judicial orders and opinions.'") (quoting *In re McCormick & Co.*, No. 15-1825 (ESH), 2017 WL 2560911, *1 (D.D.C. June 13, 2017)); *see also EEOC v. Nat'l Child's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (holding that, for a consent decree, the presumption of access is "especially strong" because "[a] court's decrees, its judgments, its orders, are the quintessential business of the public's institutions"); *Encyc. Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) ("There is a particularly strong presumption of public access to [judicial] decisions . . . .   The Court's decisions are

---

[1] Because the common-law right of access warrants denial of the motion, the Court need not analyze whether the motion should also be denied under the right of access to judicial documents under the First Amendment.

adjudications—direct exercises of judicial power the reasoning and substantive effect of which the public has an important interest in scrutinizing.").

In the instant case, the moving defendants' request to redact certain portions of the Opinion is based upon the Opinion's referencing of certain information and statements contained in the underlying documents and exhibits that were part of the submissions made in connection with the summary judgment motions. In making this argument, however, the moving defendants appear to overlook a well-settled legal principle—that is, the submissions by both sides in connection with the summary judgment motions, as well as the exhibits filed thereto, are also judicial documents to which a strong presumption of access attaches. *See Lugosch*, 435 F.3d at 121 ("Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."). Thus, the Second Circuit has emphasized that the weight of the presumption as it relates to documents filed in connection with summary judgment motions "is of the highest: 'documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons.*'" *Id.* at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Although internal affairs reports and medical records may typically be confidential, the quotations in the Court's Opinion, which the moving defendants argue should be redacted, all come from documents filed in connection with the motions for summary judgment and were considered (and relied upon) by the Court in reaching its decision on the litigants' "substantive legal rights." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Thus, the presumption of public access is "at its zenith." *Bernstein v. Bernstein Litowitz*

4

*Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016); *see also United States v. Cohen*, 366 F. Supp. 3d 612, 621 (S.D.N.Y. 2019) ("[T]he strength of the public's right to access judicial documents is at its zenith when the documents play a role 'in determining litigants' substantive rights'—that is, 'conduct at the heart of Article III' that implicates 'the need for public monitoring.'") (quoting *Amodeo*, 71 F.3d at 1049). Moreover, the fact that a summary judgment motion was denied, in whole or in part, does not reduce the strong presumption of access otherwise afforded to such documents. *See Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019).

Having determined that a strong presumption of access to the Court's entire written decision (including references to the confidential discovery materials in that Opinion), the Court turns to the final stage of the inquiry—namely, whether there are countervailing considerations in this particular case that overcome that strong presumption. The D.C. Circuit has outlined some factors that might, individually or collectively, overcome such a presumption, including, among others: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

In attempting to provide a countervailing interest to overcome the strong presumption of access, the moving defendants rely almost exclusively on the fact that the exhibits to the summary judgment motion were subject to stipulated confidentiality agreements entered between the parties during discovery and "so ordered" by the

5

Magistrate Judge. However, the Second Circuit has made clear that "the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable." *Lugosch*, 435 F.3d at 126; *see also Estate of Jackson v. County of Suffolk*, No. 2:12-cv-1455, 2019 WL 3253063, at *8 (E.D.N.Y. July 19, 2019) ("[T]hat a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document." (citation omitted)). Thus, after considering whether there are any countervailing considerations militating against public access, courts often publish opinions containing references to materials that were filed under seal by the parties. *See, e.g.*, *Spinelli v. Nat'l Football League*, 903 F.3d 185, 193 n.2 (2d Cir. 2018) ("The materials quoted from or referenced to the [Confidential Joint Appendix] in this opinion concern contractual language that is integral to the dispute that is the subject of this opinion. We see no justification for sealing those materials that would outweigh the public's right of access to judicial documents necessary to understand the basis for court rulings, and accordingly, the portions of the [Confidential Joint Appendix] referenced in this opinion are, to that extent, unsealed."); *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-CV-885 (JPO), --- F. Supp. 3d ----, 2020 WL 1673687, at *1 n.1 (S.D.N.Y. Apr. 6, 2020) ("Where the Court relies on documents that have been filed under seal, the Court has concluded that the parties' interests in continued sealing of the portions referenced in this Opinion and Order are insufficient to overcome the presumption of public access to judicial documents.").

It is well settled that, because of the presumption of access to judicial documents, the law "requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." *Newsday v. County of Nassau*, 730 F.3d 156, 167

n.15 (2d Cir. 2013).   Here, the moving defendants, beyond their reliance on the confidentiality order itself, do not point to any countervailing interests to support the redactions, nor has the Court identified such an interest.  The compelling interests that have existed in other cases in which judicial documents have been sealed—such as, for example, compromising an ongoing law enforcement investigation, revealing a business trade secret, invading attorney-client privilege, or disclosing private information of a non-party—are simply not present in this case.[2] *See, e.g.*, *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011) (finding that the privacy interests of numerous officers who were not parties to the litigation carried a strong weight in favor of granting a protective order over an IAU report).

As the Second Circuit has emphasized, "'the natural desire of parties to shield prejudicial information contained in judicial records from . . . the public . . . cannot be accommodated by courts without seriously undermining the tradition of an open judicial system.'" *Lugosch*, 435 F.3d at 123 n.5 (citation omitted); *see also Shetty v. SG Blocks, Inc.*, No. 20-cv-00550 (ARR) (SMG), 2020 WL 3183779, at *11 (E.D.N.Y. June 15, 2020) ("[F]ear of public embarrassment as to his alleged conduct . . . does not outweigh the presumption of public access.").  In short, the moving defendants have simply failed to satisfy their burden of identifying a countervailing interest that would warrant the sealing of portions of this Opinion. *See, e.g.*, *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012) ("[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test

---

[2] Although the moving defendants refer to certain underlying documents referenced in the Court's Opinion as being "confidential and privileged," they have not identified what legal "privilege" applies to any such document, and the Court cannot discern one.  Thus, the Court treats these documents as confidential, rather than legally privileged, under the stipulated confidentiality order.

[for sealing judicial documents]." (internal quotation marks omitted)); *MacroMavens. LLC v. Deutsche Bank Secs.s, Inc.*, No. 09 Civ. 7819, 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) (denying plaintiff's request to seal judicial documents where "[p]laintiff [did] not make a particularized showing of the injury that public disclosure of this information would cause").

To the extent that the information referenced in the Court's Opinion derives from documents and recordings that were part of internal affairs investigations, the confidential and internal nature of those materials does not outweigh the strong presumption of public access to judicial documents related to summary judgment motions, as well as court opinions referencing those documents. *See, e.g.*, *Coleman v. County of Suffolk*, 174 F. Supp. 3d 747, 756–57 (E.D.N.Y. 2016) (denying defendants' motion to seal documents filed in opposition to summary judgment motion that, *inter alia*, referenced an internal affairs report), *aff'd on other grounds*, 685 F. App'x 69 (2d Cir. 2017). Any concern about such a disclosure is particularly weak in this case because of the public's compelling need to have access to the particular information that the moving defendants seek to redact from the Opinion. More specifically, much of the redactions sought by the moving defendants would eliminate reference to highly material portions of the underlying evidence in the record upon which the Court relied in determining that there was sufficient evidence to defeat, in part, the summary judgment motions. For example, the moving defendants seek to redact the Opinion's references to certain information and statements in the documentary record with respect to, among other things, (1) defendant Anthony DiLeonardo's level of intoxication and mental state in the aftermath of the shooting of plaintiff, (2) DiLeonardo's identification of himself as a police officer during the incident, and (3) the scope of

8

information about the incident supplied to the Suffolk County District Attorney's Office. Such documents are among the categories of evidence in the summary judgment record that were critical to the Court's determination that there was sufficient evidence to create material issues of disputed fact that precluded summary judgment as to the various claims in the Second Amended Complaint. Thus, any redactions of references to such evidence in the Opinion would, to a significant extent, deprive the public of the ability to fully evaluate the Court's reasoning and ultimate decision. *See, e.g.*, *IBM Corp. v. United States*, 119 Fed. Cl. 145, 148 (2014) ("Moreover, publishing this information [in the court's opinion] without redaction would serve the public interest because such information . . . is crucial to any reader's understanding of the Court's reasoning in the case.").

In addition, it is the Court's recollection that at least some of the evidence that the moving defendants seek to redact was discussed at oral argument that was conducted in connection with the summary judgment motions, and no request was made to conduct that argument under seal. At a minimum, the factual and legal issues pertaining to the evidence that the moving defendants seek to redact from the Opinion are already part of the public domain (and are also contained in other portions of the Opinion to which no redaction is sought), and there is no discernible interest in concealing a portion of the evidence related to those issues.[3] In fact, given the critical nature of those issues in this litigation and their presence in other public documents, it is the Court's view that the public has a strong interest in access to *all the evidence* surrounding those issues in the Court's Opinion in order to allow the public to make their own assessment of the parties' summary judgment

---

[3] The Court also notes that a newspaper publication has already been able to obtain court records containing substantial portions of the Nassau County Internal Affairs Unit Report, and has published an article about those records and placed them on the internet.

arguments and the Court's decision. *See, e.g.*, *United States v. Basciano*, Nos. 03-CR-929, 05-CR-060, 2010 WL 1685810, at *4 (E.D.N.Y. Apr. 23, 2010) ("Shielding third parties from unwanted attention arising from an issue that is already public knowledge is not a sufficiently compelling reason to justify withholding judicial documents from public scrutiny.").

In sum, under the circumstances of this case, the Court concludes in its discretion that the moving defendants have failed to identify any countervailing interest that would overcome the strong presumption of public access to the entirety of this Court's Opinion disposing of the parties' summary judgment motions, including its summary of the evidence in the record and its reasoning as it relates to that evidence.

## CONCLUSION

For the foregoing reasons, the motion to seal portions of the Court's January 20, 2021 Memorandum and Order is denied. The Clerk of the Court is directed to unseal the January 20, 2021 Memorandum and Order (ECF No. 301) in its entirety, as well as the Temporary Sealing Order related to the issuance of that Opinion (ECF No. 302).

Dated: January 24, 2021

SO ORDERE

/s/ Joseph F. Bianco
THE HONORABLE JOSEPH F. BIANCO
UNITED STATES CIRCUIT JUDGE (Sitting by Designation)

10