# Leahey & Johnson P.C.
## Attorneys at Law

(212) 269-7308
FACSIMILE (212) 422-4751
www.leaheyandjohnson.com

120 Wall Street New York N.Y. 10005

December 10, 2021

Honorable Arlene Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York  11722

> RE:    *Moroughan v. County of Suffolk, et al.*
>         12 Civ. 512 (JFB)(AKT)

### *Letter Motion Seeking to Enlarge Time to Complete Mediation*

Dear Magistrate Judge Lindsay:

My office represents the County of Nassau and P.O. Edward Bienz in the above-referenced matter. My client has asked me to write to the Court to request that the Court enlarge the time to complete mediation in this matter by 30 days, to February 14, 2022.  The parties have met and conferred on this issue.  Plaintiff does not consent to this application.

Pursuant to Your Honor's Order dated November 3, 2021 [DE 316], this matter has been referred to mediation and the parties have been directed to complete mediation no later than January 14, 2022.  Based upon several recent developments the County of Nassau seeks a thirty-day extension of time to complete this mediation.

Although November 2, 2021, was election day, the outcome of that election with respect to several critical races, including that of County Executive, was not determined until November 17, 2021.  As a result, Nassau is presently preparing for a complete change in administration, which will necessarily involve a change in County Attorney and County leadership at several crucial levels.  Nassau County is requesting an extension of time to mediate so that when a mediation is conducted it has the best chance of success.  Even were we to attempt to mediate this matter between January 3 to January 14 after the incoming administration takes office, there would be an insufficient amount of time for the leadership within the incoming administration, and the incoming County Attorney as well as the budgetary personnel to be able to mediate this case effectively.

Nassau is committed to attempting in good faith to resolve this matter at mediation and does not wish to waste time and effort in what we anticipate would be an unsuccessful meeting if we are compelled to move forward under the present timeline, given these recent developments

1

and the impact it has upon the current outgoing administration's ability to negotiate. We wish the Court to know that discussions regarding resolution through mediation began many months ago. In early July 2021, Nassau and Suffolk provided a list of several mediators to plaintiff's counsel with who we proposed to mediate this case. Plaintiff wished instead to mediate the matter with the late Magistrate Judge Tomlinson. Sadly, her untimely and tragic death made that impossible. Even now efforts are afoot between the parties to agree upon a mediator from the list made available by the Court.

The enlargement of time to mediate the matter will not impact nor delay the trial of this case nor prejudice any party. Indeed, when the parties met and conferred, plaintiff's primary concern was that a delay in the mediation would necessarily result in a delay in finalizing the Joint Pre-Trial Order which would necessarily delay a trial in the event the matter could not be resolved. Therefore, we proposed to finalize the joint pre-trial order by January 17, 2022 and asked our colleagues to additionally consent to our application to similarly extend the deadline to mediate the matter so as to optimize the chance for a productive outcome. Counsel for plaintiff agreed to the first proposal but not the second. Judge Bianco recently granted the parties' application, made on consent, to finalize the proposed Joint Pre-Trial Order to January 17, 2022 [DE 318]. The parties are committed to finalizing the proposed order in a timely manner.

This is a complex matter involving more than twenty causes of action alleging wide-ranging and far-reaching claims against both Nassau and Suffolk County police departments and personnel. We ask that the time to mediate the case be extended by an additional thirty days so that the incoming administration has sufficient time to be brought up to date with respect to the complexity of this matter and be in the best position to address this case at mediation both knowledgably and effectively.

Accordingly, the County of Nassau requests that the deadline to mediate this matter be extended by thirty days, to February 14, 2022. We are grateful for the Court's time and consideration of this application.

Respectfully submitted,

LEAHEY & JOHNSON, P.C.

*Christopher Delamere Clarke*

Christopher Delamere Clarke [CDC 6160]

On Consent of All Parties
*Via ECF*