UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
THOMAS M. MOROUGHAN,

                                         **12-CV-0512**
                             Plaintiff,           **(JFB) (ARL)**

              -against-

THE COUNTY OF SUFFOLK, SUFFOLK DETECTIVES
RONALD TAVARES, CHARLES LESER, EUGENE
GEISSINGER, NICHOLAS FAVATTA, and ALFRED
CICCOTTO, DETECTIVE/SGT. WILLIAM J. LAMB,
SGT. JACK SMITHERS, SUFFOLK POLICE OFFICERS
WILLIAM MEANEY and JESUS FAYA, and SUFFOLK
JOHN DOES 1-10, THE COUNTY OF NASSAU,
NASSAU POLICE OFFICERS ANTHONY D.
DILEONARDO, EDWARD BIENZ and JOHN DOES 11-20,

                           Defendants.
--------------------------------------------------------------------------X


## JOINT PRETRIAL ORDER


1. **Full Caption of the Action**

    Thomas M. Moroughan, Plaintiff, <u>against</u> the County of Suffolk, Suffolk Detectives
Ronald Tavares, Charles Leser, Eugene Geissinger, Nicholas Favata, and Alfred
Ciccotto, Detective/Sergeant William J. Lamb, Sergeant Jack Smithers, Suffolk Police
Officers William Meaney and Jesus Faya, Suffolk John Does 1-10, the County of Nassau,
Nassau Police Officers Anthony D. DiLeonardo and Edward Bienz, and Nassau John
Does 11-20.


2. **Trial Counsel**

    <u>Plaintiffs are represented by</u>:

        Anthony M. Grandinette, Esq.
        The Law Office of Anthony M. Grandinette
        114 Old Country Rd., Suite 420
        Mineola, New York 11501
        (o): (516) 877-2889
        (f): (516) 294-5348

Mirel Fisch, Esq.
The Law Office of Mirel Fisch
2329 Nostrand Ave, Suite 100
Brooklyn, New York 11210
(o): (718) 954-1931


All Suffolk Defendants are represented by:

Brian C. Mitchell, Esq.
Suffolk County Attorney's Office
H. Lee Dennison Bldg.
100 Veterans Memorial Highway
Hauppauge, New York 11788
(o): (631) 853-4055
(f): (631) 853-5169


The Nassau Defendants (other than Defendant DiLeonardo) are represented by:

Christopher Delamere Clarke, Esq.
Leahey & Johnson, P.C.
120 Wall Street, 22nd Floor
New York, New York 10005
(o): (212) 269-7308
(f): (212) 422-4751


Defendant DiLeonardo is represented by:

Bruce A. Barket, Esq.
Barket Epstein Kearon Aldea & LoTurco, LLP
666 Old Country Road, Suite 700
Garden City, New York 11530
(o): (516) 745-1500
(f): (516) 745-1245


## 3. **Subject-Matter Jurisdiction**

Plaintiff contends that as to claims 1-13, and 17-19 pursuant to 42 U.S.C. § 1983, this Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and as to claims 20-23 and 26-30 pursuant to New York State common law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

<u>The Suffolk Defendants</u>:

The defendants contend that the plaintiff does not possess claims upon which relief may be granted under 42 U.S.C. §1983, and that the Court accordingly lacks subject matter jurisdiction under 28 U.S.C. §1331 and §1343

<u>The Nassau Defendants</u>:

The defendants contend that the plaintiff does not possess claims upon which relief may be granted under 42 U.S.C. §1983, and that the Court accordingly lacks subject matter jurisdiction under 28 U.S.C. §1331 and §1343.

<u>Defendant DiLeonardo</u>:

DiLeonardo Agrees with Plaintiff's contention as to subject-matter jurisdiction.

**4.** **<u>Claims and Defenses remaining to be tried</u>**

<u>Claims</u>:

**The following claims are to be tried:**

Count 1: 42 U.S.C. § 1983 – Conspiracy

Count 2: 42 U.S.C. § 1983 – Conspiracy

Count 3: 42 U.S.C. § 1983 – Conspiracy

Count 4: 42 U.S.C. § 1983 – Conspiracy

Count 5: 42 U.S.C. § 1983 – Conspiracy

Count 6: 42 U.S.C. § 1983 – Conspiracy

Count 7: 42 U.S.C. § 1983 – Conspiracy

Count 8: 42 U.S.C. § 1983 – Conspiracy

Count 9: 42 U.S.C. § 1983 – Conspiracy

Count 10: 42 U.S.C. § 1983 – False Arrest (Suffolk)

Count 11: 42 U.S.C. § 1983 – Malicious Prosecution (Suffolk)

Count 12: 42 U.S.C. § 1983 – False Arrest (Nassau)

Count 13: 42 U.S.C. § 1983 – Malicious Prosecution (Nassau)

Count 17: 42 U.S.C. § 1983 – Due Process (Suffolk)

Count 18: 42 U.S.C. § 1983 – Due Process (Nassau)

Count 19: 42 U.S.C. § 1983 – Unreasonable and Excessive Force

Count 20: New York law – False Arrest (Suffolk)

Count 21: New York law – Malicious Prosecution (Suffolk)

Count 22: New York law – False Arrest (Nassau)

Count 23: New York law – Malicious Prosecution (Nassau)

Count 26: New York law – Battery

Count 27: New York law – Assault and Battery

Count 28: New York law – Libel and Slander (Suffolk)

Count 29: New York law – Respondeat Superior (Suffolk)

Count 30: New York law – Respondeat Superior (Nassau)

**The following claims were previously asserted but are not to be tried:**

Count 14: 42 U.S.C. § 1983 – Fifth Amendment Violation (Suffolk)

Count 15: 42 U.S.C. § 1983 – Sixth Amendment Violation (Suffolk)

Count 16: 42 U.S.C. § 1983 – Fifth Amendment Violation (Nassau)

Count 19: 42 U.S.C. § 1983 – Monell (Nassau)
(two counts were listed as 19 in the SAC)

Count 24: New York law – Right to Counsel (Suffolk)

Count 25: New York law – Right to Counsel (Nassau)

<u>Defenses</u>:

**The Suffolk Defendants' Defenses:**

DEFENDANTS' CLAIMS AND DEFENSES

The Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim. The Complaint fails to state a claim upon which relief can be granted.

The evidence to be introduced at the time of trial will establish that there was probable cause for the arrest and prosecution of plaintiff THOMAS MOROUGHAN on February 27, 2011. Such evidence includes, but is not limited to the testimony of those police and other witnesses, and exhibits, identified below. Plaintiff was charged with one count of Reckless Endangerment and one count of Assault in the Second Degree. As probable cause existed for the arrest probable cause existed to commence the prosecution of the plaintiff. No information became known to the defendants between the arrest and prosecution that would vitiate or diminish the probable cause established at the time of the arrest or lead the defendants to doubt the veracity of the putative victim. Further, once the plaintiff was arraigned on the above charges, the defendants had no input or control regarding the manner in which the District Attorney prosecuted the case.

The evidence will further show that there was no conspiracy between any of the named defendants to violate the plaintiff's constitutional rights and since the plaintiff suffered no deprivation of a constitutional right in the first place there can be no claim for conspiracy. This claim is also barred by the intra-corporate conspiracy doctrine.

The defendants will further contend that the substance of any communications, if any, made by the defendants and/or their agents are and were true, and that the substance of any communications, if any, made by defendants and/or their agents are and were absolutely privileged.

The defendants will further contend that the damages sustained by plaintiff, if any, were caused by plaintiff's own culpable and/or negligent conduct; that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the defendants or otherwise ratified by defendants authorized the deprivation of plaintiff's Constitutional rights; that the individual defendants actions were justified by the facts and circumstances presented; that the individual defendants acted reasonably and in good faith in discharge of their official duties and responsibilities; that the arrest and detention and prosecution of the plaintiff were reasonable and based upon probable cause to believe that the plaintiff had committed a crime; and that defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement officials.

The individual defendants will contend that they are entitled to judgment in their favor on the basis of qualified immunity.

The defendants will contest the true nature, extent and cause of the plaintiff's purported damages.

**The Nassau Defendants' Defenses:**

***Summary of Defenses to be raised by Nassau and Bienz at trial:***

In addition to those affirmative defenses set forth in Nassau and Bienz Answer to Plaintiff's Second Amended Complaint which are incorporated herein by reference, the following is a brief summary of defenses to be raised at trial as to plaintiff's claims.

Nassau and Bienz contend that plaintiff does not possess claims upon which relief may be granted under 42 U.S.C. §1983, and that the Court accordingly lacks subject matter jurisdiction under 28 U.S.C. §1331 and §1343.

The evidence to be adduced at trial will establish that on February 27, 2011, NCPD Officer Bienz ("Bienz") was off-duty, unarmed, out of uniform, and had gone to dinner in Suffolk County with his wife, another off-duty NCPD Officer, Anthony DiLeonardo, and his girlfriend. The evidence will demonstrate that at no time that night did Bienz ever confront plaintiff, cause injury to plaintiff, shoot plaintiff, assault plaintiff, arrest plaintiff or interact with plaintiff in any manner at all. The evidence will demonstrate that the interactions between DiLeonardo and Moroughan were private in nature. The evidence to be adduced at trial will demonstrate that DiLeonardo was not acting under color of law and that Bienz and the County of Nassau did not deprive plaintiff of any right, privilege, or immunity protected by the Constitution such that plaintiff cannot sustain a §1983 civil rights claim against, Nassau or Bienz.

The evidence to be adduced at trial will establish that members of the Suffolk County Police Department alone made the determination to arrest plaintiff Moroughan based upon their own independent investigation. The evidence will establish that because the incident occurred in Suffolk County, SCPD lead the investigation and made all investigatory decisions, including the determination as to whether or not to make an arrest. The evidence will demonstrate that Moroughan was arrested by SCPD after 8:00 a.m. on February 27, 2011, several hours after the incident in the vicinity of Oakwood Road and Tippin Drive in Huntington Station, and that an SCPD officer was identified as the arresting officer. The evidence will demonstrate that the arrest was not based upon any information, representation or statement made by Bienz, regarding the events of February 27, 2011, and that Bienz did not provide any information to SCPD or to the Suffolk County District Attorney's Office which resulted in an arrest or

prosecution of plaintiff. No NCPD officer including the named defendants ever testified against Moroughan in any proceeding.

The evidence to be adduced at trial will demonstrate that on February 27, 2011 during his altercation in Suffolk County with Moroughan while he was off-duty and out of uniform, that DiLeonardo was not acting within the scope of his employment nor under color of law, and that the New York State Supreme Court and the Appellate Division, Second Department have affirmed rulings wherein it was established that DiLeonardo was acting outside the scope of his employment, not under color of law, and was appropriately terminated from his employment as a member of the NCPD.

The evidence to be adduced at trial will establish that plaintiff was arrested by SCPD and arraigned by the Suffolk County District Attorney's Office, and that neither Nassau nor Bienz played any role in the arrest or arraignment, and that thereafter all prosecutorial decisions rested exclusively within the purview of the Suffolk County District Attorney's Office without any input, supervision, decision-making, or control from Nassau or Bienz. The evidence will similarly demonstrate that Bienz never testified nor participated in any decision to arrest or prosecute plaintiff such that all claims including those claiming wrongful arrest and malicious prosecution are not supported by the evidence.

The evidence will further show that there was no conspiracy between any of the named defendants to violate plaintiff's constitutional rights and since the plaintiff suffered no deprivation of a constitutional right in the first instance, there can be no claim for conspiracy. These claims are similarly barred by the intra-corporate conspiracy doctrine.

Based upon the Court's recent decision which granted, in part, the motion for summary judgment filed by the Nassau and the several Nassau defendants, including defendant Bienz and former Nassau defendants Timothy Marinace, Deputy Chief Hunter, Inspector Edmund Horace, Commanding Officer Daniel Flanagan, Detective Sergeant John DeMartinis, plaintiff's causes of action sounding in conspiracy, as pleaded, have been dismissed. In its decision dated January 20, 2021, all claims as against former Nassau defendants Timothy Marinace, Deputy Chief Hunter, Inspector Edmund Horace, Commanding Officer Daniel Flanagan, Detective Sergeant John DeMartinis were dismissed. This court ruled, in part, *"…no rational juror could find that any DFRT member or Marinace violated plaintiff's constitutional rights or conspired to do so."* (see Memorandum and Order, dated January 20, 2021 at page 3) As such, as pleaded Counts I-V have already been dismissed. The remaining conspiracy claims are meritless and not supported by the admissible evidence in this matter.

As a result of the Court's decision granting summary judgment in part as to Nassau and the several Nassau defendants, the remaining causes of action are not supported by the proof. The evidence will demonstrate Bienz did not arrest

Moroughan; that Bienz did not do or fail to do anything that resulted in plaintiff being arrested or prosecuted; that plaintiff was not prosecuted such that his claim for malicious prosecution is not supported by the evidence, that there was no due process violation as alleged within plaintiff's XVIII's cause of action inasmuch as Bienz and the Nassau defendants did not falsify documents and did not provide any documents to the Suffolk County District Attorney which resulted in an arrest of prosecution.  Indeed, the Court has already ruled that "…*there is no evidence that the DFRT report was given to the SCPD or the Suffolk County District Attorney's Office, or even viewed or considered by them…In short, there is no evidence that the DFRT report played any role whatsoever in plaintiff's arrest or prosecution.*" (see Memorandum and Order, dated January 20, 2021 at page 40) Inasmuch as plaintiff's due process cause of action is limited to a claim that Nassau allegedly falsified documents and forwarded such documents to prosecutors, and as a matter of law it has already been determined that there is no evidence to support this claim, because the Court has ruled that such documents were never provided to the DA nor viewed or considered by them, this claim cannot proceed.

Nassau and Bienz will further contend that the substance of any communications, if any, made by them or their agents were true, and that the substance of such communications were absolutely privileged.

Nassau and Bienz will further contend that the damages sustained by plaintiff, if any, were caused by plaintiff's own culpable conduct and negligent conduct, that the private and personal roadside incident was precipitated and exacerbated by plaintiff's own aggressive and threatening conduct, and that whatever physical injuries that may have occurred during this private dispute between plaintiff and DiLeonardo have long since resolved, such that plaintiff has not sustained a loss of earnings, nor experienced prolonged or permanent pain and suffering, and that no evidence has ever been produced to substantiate any claim of loss of earnings, that all emotional distress and/or psychological and/or psychiatric claims have been discontinued by plaintiff with prejudice.  Nassau and Bienz will contest the true nature, extent, and cause of plaintiff's purported damages.


**Defendant DiLeonardo's Defenses:**

Justification, qualified immunity and lawful arrest.

5. **Jury Statement**

All parties have demanded a jury trial. Plaintiff anticipates that his case will take approximately **15** trial days. The Suffolk Defendants anticipate that their case will collectively take **3** trial days. The Nassau Defendants anticipate that their case will collectively take **4** trial days. Defendant DiLeonardo anticipates that his case will take **1** trial day.

6. **Trial Before Magistrate Judge**

The parties do not consent to trial by a Magistrate Judge.

7. **Stipulations**

Agreed statement of facts:

On February 27, 2011 Anthony DiLeonardo and Edward Bienz were employed by the Nassau County Police Department, but were off duty on that date.

On February 27, 2011 Thomas Moroughan was employed by Dobro Express Taxi, and was driving their Toyota Prius taxicab. His girlfriend, Christie Mondo, was his front seat passenger.

The Suffolk defendants at all times relevant to the claims were acting under the color of law and within the scope of their employment.

8. **Witnesses**

Plaintiffs' Witness List:
*All witnesses will be testifying in person, unless otherwise noted. Should a witness who is now available subsequently become unavailable, Plaintiff may seek to have that witness testify through deposition.

    1.    Thomas M. Moroughan, Plaintiff

    2.    Kristie Mondo

    3.    Eric Klug (video deposition)

        **The Suffolk Defendants: Suffolk objects to the use of Klug's deposition for any reason other than to impeach him or refresh his recollection. Suffolk does not believe he is "unavailable" and should be produced as an in person witness.**

**The Nassau Defendants: Objects. This deposition was not videotaped. If it was a copy, of the video tape was not produced in discovery and Nassau will object to its use at trial for any purpose. The witness is available and should appear in person to avoid prejudice to the parties. His transcript may be used for no reason other than impeachment.**

4. Ruti Besares

5. Timothy Jochen

6. PO Anthony DiLeonardo, Defendant (deposition)

7. PO Edward Bienz, Defendant

8. Sophia Cornia

9. Jillian Bienz

10. PO Channon Rocchio

11. PO Enid Nieves

12. PO Robert Lubanski

13. PO Jesus Faya, Defendant

14. PO William Meaney, Defendant

15. Det. Eugene Geissinger, Defendant

16. Det. Nicholas Favata, Defendant

17. Det. Alfred Ciccotto, Defendant

18. Det. Ronald Tavares, Defendant

19. Det. Charles Leser, Defendant

20. Det./Sgt. William J. Lamb, Defendant

21. Sgt. Jack Smithers, Defendant

22. Sgt. Timothy Marinace

**The Nassau Defendants: Objects.**

23. D/Sgt. John DeMartinis

   **The Nassau Defendants: Objects.**

24. CO Daniel Flanagan

   **The Nassau Defendants: Objects.**

25. Ins. Edmund Horace

   **The Nassau Defendants: Objects.**

26. Chief John Hunter

   **The Nassau Defendants: Objects.**

27. William Petrillo, Esq.

28. Risco Mention-Lewis

29. Investigator Anthony Palumbo (deposition, witness is deceased)

   **The Suffolk Defendants: Mr. Palumbo is deceased. Suffolk agrees that the witness is unavailable but objects to the use of his deposition testimony on the basis of relevance and hearsay (hearsay within the deposition – not the deposition itself)**

   **The Nassau Defendants: Objects.**

30. ADA Raphael Pearl

   **The Nassau Defendants: Objects.**

31. Forensic Scientist George Krivosta

32. PI Robert M. Leake

   **The Suffolk Defendants: Objection – relevance and hearsay.**

   **The Nassau Defendants: Objects.**

33. Sgt. Joann Distler

   **The Suffolk Defendants: Objection – relevance and hearsay.**
   **The Nassau Defendants: Objects.**

34. Dr. Beverly Kraszewski

   **The Nassau Defendants: Objects; hearsay, no medical narrative, no expert disclosure per FRCP 26; FRE 702 et seq.**

35. Dr. Robert Gluck

   **The Nassau Defendants: Objects – no medical narrative, no expert disclosure per FRCP 26; FRE 702 et seq.**

36. Dr. David Benisch

   **The Nassau Defendants: Objects – no medical narrative, no expert disclosure per FRCP 26; FRE 702 et seq.**

37. Dr. Dominic Labianca

   **The Nassau Defendants: Objects – Daubert, etc.**

38. Various custodians of records, as needed.
   In the event any defendant objects to the admissibility of documents and/or records on foundation or authentication grounds, Plaintiffs will call custodians of records or other appropriate individuals from these entities/companies, to testify as to those facts.

   **The Suffolk Defendants: Suffolk will not object to authenticity of any documents at this time. We reserve the right to do so in the future**


The Suffolk Defendants' Witness List:

   The defendants reserve their right to offer the relevant and admissible testimony of any and all witnesses identified by the plaintiff, whether or not the plaintiff actually calls such witnesses at the time of trial. (Such witnesses are hereby incorporated by reference.)

   In addition to the named defendants the County may call the following witnesses at trial:

   A.      Suffolk Police Officer Patrick Olchovy

   The defendants further reserve their right to use such additional and unidentified witnesses for impeachment purposes and/or as may be warranted in response to the plaintiff's direct case as the need arises. See FRCP Rule 26(d)(3).

<u>The Nassau Defendants' Witness List</u>:

Nassau/Bienz reserve their right to call any of the following witnesses and reserve the right to read all or a portion of any deposition transcript of the following witnesses pursuant to the Court's Order dated December 7, 2021 [DE 318]:

**Plaintiff objects to Nassau 'reading all or any portion of any deposition transcript' on the basis of hearsay. Additionally, Plaintiff will specify additional objections to the specific deposition excerpts once those are identified. The Court's December 7, 2021 Order did not permit the unfettered use of deposition transcript in the manner Nassau indicated.**

B.    Thomas Moroughan

C.    Kristie Mondo

D.    Edward Bienz

E.    PO Channon Rocchio

F.    PO Enid Nieves

G.    PO Jack Smithers

H.    PO William Meaney

I.    Detective Ronald Tavares

J.    Detective William Lamb

K.    Detective Charles Leser

L.    Risco Mention-Lewis

Nassau/Bienz designate the deposition transcripts of the following witnesses, pursuant to the Court's Order dated December 7, 2021; DE 318

M.    50-h hearing of Thomas Moroughan (Nassau)

N.    50-h hearing of Thomas Moroughan (Suffolk)

O.    Deposition of Thomas Moroughan

P.   Deposition of Channon Rocchio

**Plaintiff: Objection – hearsay. Plaintiff will specify additional objections to the specific deposition excerpts once those are identified.**

Q.   Deposition of Enid Nieves

**Plaintiff: Objection – hearsay. Plaintiff will specify additional objections to the specific deposition excerpts once those are identified.**

R.   Deposition of Jack Smithers

**Plaintiff: Objection – hearsay. Plaintiff will specify additional objections to the specific deposition excerpts once those are identified.**

S.   Deposition of William Meaney

**Plaintiff: Objection – hearsay. Plaintiff will specify additional objections to the specific deposition excerpts once those are identified.**

T.   Deposition of Charles Leser

**Plaintiff: Objection – hearsay. Plaintiff will specify additional objections to the specific deposition excerpts once those are identified.**

U.   Deposition of Ronald Tavares

**Plaintiff: Objection – hearsay. Plaintiff will specify additional objections to the specific deposition excerpts once those are identified.**

V.   Deposition of William Lamb

**Plaintiff: Objection – hearsay. Plaintiff will specify additional objections to the specific deposition excerpts once those are identified.**

<u>Defendant DiLeonardo's Witness List</u>:

A.   Anthony DiLeonardo

**Plaintiff: Objection, DiLeonardo invoked his Fifth Amendment right to remain silent at his deposition and therefore he is precluded from testifying at trial.**

\* Defendant DiLeonardo joins in the other defendants' objections to the witnesses listed above.

14

**9. <u>Deposition Designations</u>**

Pursuant to Judge Bianco's Order dated December 7, 2021, the parties are not required to designate deposition excerpts at this time.

<u>Plaintiffs' designations</u>:
* Should any other witness who is now available subsequently become unavailable, Plaintiff may seek to designate excerpts of that witness's deposition transcript.

| Witness Name | Deposition Designations | Cross-designations | Objections |
|---|---|---|---|
| Eric Klug | TBD | | **Suffolk:**<br>Object hearsay- no objection to impeach or refresh recollection<br><br>**Nassau:**<br>Object hearsay- no objection to impeach or refresh recollection |
| PO Edward Bienz | TBD | | **Suffolk:**<br>Object hearsay- no objection to impeach or refresh recollection<br><br>**Nassau:**<br>Object hearsay- no objection to impeach or refresh recollection |
| PO Anthony DiLeonardo | TBD | | **Suffolk:**<br>Object hearsay- no objection to impeach or refresh recollection<br><br>**Nassau:**<br>Object hearsay- no objection to impeach or refresh recollection |
| PO William Meaney | TBD | | **Suffolk:**<br>Object hearsay- no objection to impeach or refresh recollection |
| PO Jesus Faya | TBD | | **Suffolk:**<br>Object hearsay- no objection to impeach or refresh recollection |
| Det. Eugene Geissinger | TBD | | **Suffolk:**<br>Object hearsay- no objection to impeach or refresh recollection |
| Det. Nicholas Favata | TBD | | **Suffolk:**<br>Object hearsay- no objection to impeach or refresh recollection |

| | | | |
|---|---|---|---|
| Det. Alfred Ciccotto | TBD | | **Suffolk:** Object hearsay- no objection to impeach or refresh recollection |
| Det. Ronald Tavares | TBD | | **Suffolk:** Object hearsay- no objection to impeach or refresh recollection |
| Det. Charles Leser | TBD | | **Suffolk:** Object hearsay- no objection to impeach or refresh recollection |
| Det./Sgt. William J. Lamb | TBD | | **Suffolk:** Object hearsay- no objection to impeach or refresh recollection |
| Sgt. Jack Smithers | TBD | | **Suffolk:** Object hearsay- no objection to impeach or refresh recollection |
| DA Investigator Anthony Palumbo | TBD | | **Suffolk:** Object hearsay- no objection to impeach or refresh recollection |

The Suffolk Defendants' designations:

The Suffolk defendants do not anticipate using any deposition testimony at trial except for the purposes of impeachment or to refresh the recollection of witness. The Suffolk defendants reserve the right to use deposition testimony of the plaintiff or his witnesses on their case in chief and for the purpose of impeachment.

The Nassau Defendants' designations:

Per Court's Order dated December 7, 2021 (see DE 318) the parties are not required to designate deposition testimony. The Nassau defendants reserve the right to use deposition testimony of the plaintiff or his witnesses on their case in chief and for the purpose of impeachment.

**Plaintiff objects to the use of deposition transcripts of 'Plaintiff's witnesses' on the basis of hearsay. They are not party opponents in this matter. Plaintiff will specify additional objections to the specific deposition excerpts once those are identified.**

Defendant DiLeonardo's designations:

None. However Defendant DiLeonardo joins in the other defendants' objections listed above.

10. **Exhibits**

Plaintiffs' Exhibits:

*Plaintiff will be seeking to use copies of the below exhibits, to the extent the exhibits are stipulated to or deemed admissible, which were marked during depositions in this matter.

**The Nassau Defendants: NASSAU/BIENZ objects to this blanket statement and do not consent.**

| Exhibit | Stip | Suffolk's Objections | Nassau's Objections |
|---|---|---|---|
| 1. Second Amended Complaint | | Object hearsay- no objection to impeach or refresh recollection | Hearsay; Fed. R. Evid. 801, 802 [Stevenson v. Hearst, 214 F2d 902 (1954)] |
| 2. DiLeonardo's Answer to the Complaint | | Object hearsay- no objection to impeach or refresh recollection | Hearsay; Fed. R. Evid. 801, 802 [Stevenson v. Hearst, 214 F2d 902 (1954)] |
| 3. DiLeonardo's Answer to the Amended Complaint | | Object hearsay- no objection to impeach or refresh recollection | Hearsay; Fed. R. Evid. 801, 802 [Stevenson v. Hearst, 214 F2d 902 (1954)] |
| 4. Notice of Claim, dated May 25, 2011 | | Object hearsay- no objection to impeach or refresh recollection | Hearsay; Fed. R. Evid. 801, 802 [Stevenson v. Hearst, 214 F2d 902 (1954)] |
| 5. Letter from Brian Mitchell, Esq., dated Aug. 5, 2012, with attachments | | Hearsay – Relevance. | Hearsay; Fed. R. Evid. 801(c), 802, Hearsay, Fed. R. Evid. 401, 403 |
| 6. Google Maps screenshot depicting the location of the four establishments visited that evening | | No objection to use of Google overhead maps. Objection to use of pin drops. Any markings to be made on the maps should be made by competent witnesses. | Objection. Relevance; Foundation; Authentication; designed to mislead or confuse jury; Fed. R. Evid. 801(c), 802, 104, 401, 403, 404, 901 |
| 7. Google Maps screenshot depicting DiLeonardo and Bienz's route from Huntington Station to Oakwood and Tippin, along with pin drops depicting other relevant locations | | No objection to use of Google overhead maps. Objection to use of pin drops. Any markings to be made on the maps should be made by competent witnesses. | Objection. Relevance; Foundation; Authentication; designed to mislead or confuse jury; Fed. R. Evid. 801(c), 802, 104, 401, 403, 404, 901 |
| 8. Google Maps screenshot depicting distance from 1071 | | | Objection. Relevance; Foundation; Authentication; designed to mislead or confuse |

| | | | | |
|---|---|---|---|---|
| | Park Ave, Huntington, to 401 Oakwood Road, Hunting | | | jury; Fed. R. Evid. 801(c), 802, 104, 401, 403, 404, 901 |
| 9. | Google Maps screenshots for February 27, 2011 at 4:00 AM depicting distance from Oakwood Road scene to Huntington Hospital Emergency Room | | Hearsay | Objection. Relevance; Foundation; Authentication; designed to mislead or confuse jury; Fed. R. Evid. 801(c), 802, 104, 401, 403, 404, 901 |
| 10. | Google Maps screenshot depicting distance from 422 Oakwood Road to 191 West 19th Street | | | Objection. Relevance; Foundation; Authentication; designed to mislead or confuse jury; Fed. R. Evid. 801(c), 802, 104, 401, 403, 404, 901 |
| 11. | Photographs of Oakwood Road, marked Pl.'s Dep. Exs. 4, 5 | X | | |
| 12. | Photograph of 422 Oakwood Road, marked Klug Dep. Ex. 32 | X | | |
| 13. | CD containing the 911 calls | X | | |
| 14. | CD containing the Second Precinct radio transmissions | X | | |
| 15. | CD containing the County Wide North radio transmissions | X | | |
| 16. | SCPD Handwritten transcription of radio transmissions | | Hearsay- no objection to using a transcript agreed upon by the parties as aid to jury if necessary. | Objection. Relevance; Hearsay; Authentication; designed to mislead or confuse jury; Fed. R. Evid. 801(c), 802, 104, 401, 403, 404, 901 |
| 17. | SCPD Second Precinct Duty Chart for February 27, 2011, 9X7 Tour | | Relevance | Objection. Relevance; |
| 18. | Oakwood Road Scene Log | X | | |
| 19. | Memo page titled "Crime Scene Log Scene Oakwood" | | Relevance | Relevance; Hearsay; Fed. R. Evid. 401, 402, 403 |

| | | | |
|---|---|---|---|
| 20. | Huntington Hospital Scene Log | X | |
| 21. | Memo page titled "Crime Scene Log Hospital" | | Relevance | Relevance; Hearsay; Fed. R. Evid. 401, 402, 403 |
| 22. | SCPD document titled "People Present at Huntington Hospital 2/27/11 CC#11-95045" | | | Objection; Relevance; Foundation; Relevance; Hearsay; Fed. R. Evid. 401, 402, 403; 801(c), 802 |
| 23. | Huntington Hospital Emergency Room diagram | | | Hearsay; Relevance; Authentication; designed to mislead or confuse jury; Fed. R. Evid. 801(c), 802, 104, 401, 403, 404, 901 |
| 24. | Marked up copies of Huntington Hospital Emergency Room diagram, marked Pl.'s Dep. Ex. 43, 43A | | | Hearsay; Relevance; Authentication; designed to mislead or confuse jury; Fed. R. Evid. 801(c), 802, 104, 401, 403, 404, 901 |
| 25. | Moroughan Huntington Hospital medical records | | | Objection; Hearsay; Foundation; FRCP 26 et seq' (no expert); Fed. R. Evid. 702; 703 (no expert); 802 |
| 26. | DiLeonardo medical records | | | Fed. R. Evid. 402; 403; 404;Not relevant to any issue in dispute to be tried; DiLeonardo medical condition post-incident is not at issue and not relevant; Foundation; FRCP 26 et seq. (no expert); Fed. R. Evid. 702, 703 (no expert); Hearsay |
| 27. | Bienz medical records | | | Fed. R. Evid. 402; 403; 404; Not relevant to any issue in dispute to be tried; Bienz medical condition post-incident is not at issue and not relevant; Foundation; FRCP 26 et seq. (no expert); Fed. R. Evid. 702, 703 (no expert); Hearsay |
| 28. | Permission to Search form | X | |
| 29. | Tavares notes of Moroughan 'interview' | X | | Nassau/Bienz objects to plaintiff's description of |

| | | | | |
|---|---|---|---|---|
| | | | | document and use of quotations therein |
| 30. | Moroughan 'statement' | X | | Nassau/Bienz objects to plaintiff's description of document and use of quotations therein |
| 31. | Leser notes of Bienz interview | | | Hearsay, Fed. R. Evid. 801, 802 |
| 32. | Tavares notes of DiLeonardo interview | | | Hearsay, Fed. R. Evid. 801, 802 |
| 33. | DiLeonardo supporting Deposition | X | | |
| 34. | Ciccotto notes of Mondo interview | | | Hearsay, Fed. R. Evid. 801, 802 |
| 35. | Mondo statement | | | Hearsay, Fed. R. Evid. 802, 802, not sworn |
| 36. | Ciccotto notes of Jillian Bienz interview | | | Hearsay, Fed. R. Evid. 801, 802 |
| 37. | Jillian Bienz statement | | | Hearsay, Fed. R. Evid. 801, 802, not sworn |
| 38. | Ciccotto notes of Cornia interview | | | Hearsay, Fed. R. Evid. 801, 802 |
| 39. | Cornia statement | | | Hearsay, Fed. R. Evid. 801, 802 |
| 40. | Geissinger hospital notes | | Object hearsay- no objection to impeach or refresh recollection | Objection; Hearsay; Relevance;   Fed. R. Evid. 801(c), 802, Hearsay, Fed. R. Evid. 401, 403 |
| 41. | Niemir memo book pages | | Object hearsay- no objection to impeach or refresh recollection | Objection; Hearsay; As Fed. R. Evid. 801(c), 802, Hearsay, Fed. R. Evid. 401, 403 |
| 42. | Lubanski memo book pages | | Object hearsay- no objection to impeach or refresh recollection | Objection; Hearsay; As Fed. R. Evid. 801(c), 802, Hearsay, Fed. R. Evid. 401, 403 |
| 43. | Smithers memo book pages | | Object hearsay- no objection to impeach or refresh recollection | Objection; Hearsay; As Fed. R. Evid. 801(c), 802, Hearsay, Fed. R. Evid. 401, 403 |
| 44. | Walsh memo book pages/canvas notes | | Object hearsay- no objection to impeach or refresh recollection | Objection; Hearsay; As Fed. R. Evid. 801(c), 802, Hearsay, Fed. R. Evid. 401, 403 |
| 45. | Ciccotto memo book pages | | Object hearsay- no objection to impeach or refresh recollection | Objection; Hearsay; As Fed. R. Evid. 801(c), 802, Hearsay, Fed. R. Evid. 401, 403 |
| 46. | Ciccotto memo notes | | Object hearsay- no objection to impeach or refresh recollection | Objection; Hearsay; As Fed. R. Evid. 801(c), 802, Hearsay, Fed. R. Evid. 401, 403 |

| | | | |
|---|---|---|---|
| 47. | Tavares memo book pages | Object hearsay- no objection to impeach or refresh recollection | Objection; Hearsay; As Fed. R. Evid. 801(c), 802, Hearsay, Fed. R. Evid. 401, 403 |
| 48. | Leser memo book pages | Object hearsay- no objection to impeach or refresh recollection | Objection; Hearsay; As Fed. R. Evid. 801(c), 802, Hearsay, Fed. R. Evid. 401, 403 |
| 49. | Business cards provided to SCPD | Relevance | Objection; Relevance; Hearsay; Prejudice, Fed. R. Evid. 402; 403; 404; 802; 803 |
| 50. | Rocchio Supplementary Report, dated Feb. 27, 2011 | Object hearsay- no objection to impeach or refresh recollection | |
| 51. | Meany Supplementary Report, dated Feb. 27, 2011 | Object hearsay- no objection to impeach or refresh recollection | |
| 52. | Faya Supplementary Report, dated Feb. 27, 2011 | Object hearsay- no objection to impeach or refresh recollection | |
| 53. | SCPD Homicide Section Incident Worksheet (handwritten and typed) | Object hearsay- no objection to impeach or refresh recollection | Objection; Hearsay; Fed. R. Evid. 801(c), 802, Hearsay, Fed. R. Evid. 401, 403 |
| 54. | Lamb Supplementary/Contin uation Report (typed and handwritten), dated June 14, 2011, with attachments | Object hearsay- no objection to impeach or refresh recollection | |
| 55. | Lamb Supplementary/Contin uation Report (typed and handwritten), dated July 14, 2011 | Object hearsay- no objection to impeach or refresh recollection | |
| 56. | Walsh Supplementary Report, dated April 21, 2011 (6 pages) | Object hearsay- no objection to impeach or refresh recollection | |
| 57. | Walsh Supplementary Report, dated April 21, 2011 (3 pages) | Object hearsay- no objection to impeach or refresh recollection | |
| 58. | Walsh Supplementary Report, dated April 21, 2011 (1 page) | Object hearsay- no objection to impeach or refresh recollection | |
| 59. | SCPD Incident Report, form PDCS 1099c, dated Feb. 28, 2011 | Object hearsay- no objection to impeach or refresh recollection | |

| | | | |
|---|---|---|---|
| 60. | SCPD Conversation Listings from Feb. 27, 2011 | Object hearsay, relevance- no objection to impeach or refresh recollection | Objection; Hearsay; Relevance; Foundation; Fed. R. Evid. 402, 403, 802, 803; designed and offered to mislead and invade province of the jury |
| 61. | SCPD AVL Tracking | Objection Relevance/Hearsay | Objection; Relevance; Hearsay; Foundation; Fed. R. Evid. 401, 403, 404; 802; 803; 901, 902 |
| 62. | New York Penal Law § 10.00, Definitions of terms of general use | Fed. R. Evid. 401, 403, 403; 901, 902; otherwise inadmissible, it is the sole province of the Court alone to determine all questions of law and to instruct the jury accordingly; it is the province of the jury to determine contested questions of fact; Nudd v. Burrows, 91 U.S. 426 (1875); Sparf v. United States, 156 U.S. 51 (1895) Same for 63 through 71 | Fed. R. Evid. 401, 403; 901, 902; otherwise inadmissible, it is the sole province of the Court alone to determine all questions of law and to instruct the jury accordingly; it is the province of the jury to determine contested questions of fact; Nudd v. Burrows, 91 U.S. 426 (1875); Sparf v. United States, 156 U.S. 51 (1895) |
| 63. | New York Penal Law §§ 35.05, 35.10, 35.15, 35.30, Justification; use of physical force | | Fed. R. Evid. 401, 403; 901, 902; otherwise inadmissible, it is the sole province of the Court alone to determine all questions of law and to instruct the jury accordingly; it is the province of the jury to determine contested questions of fact; Nudd v. Burrows, 91 U.S. 426 (1875); Sparf v. United States, 156 U.S. 51 (1895) |
| 64. | New York Penal Law § 105.05, Conspiracy in the Fifth Degree | | Fed. R. Evid. 401, 403; 901, 902; otherwise inadmissible, it is the sole province of the Court alone to determine all questions of law and to instruct the jury accordingly; it is the province of the jury to determine contested questions |

| | | | |
|---|---|---|---|
| | | | of fact; Nudd v. Burrows, 91 U.S. 426 (1875); Sparf v. United States, 156 U.S. 51 (1895) |
| 65. | New York Penal Law § 110.00, Attempt to commit a crime | | Fed. R. Evid. 401, 403; 901, 902; otherwise inadmissible, it is the sole province of the Court alone to determine all questions of law and to instruct the jury accordingly; it is the province of the jury to determine contested questions of fact; Nudd v. Burrows, 91 U.S. 426 (1875); Sparf v. United States, 156 U.S. 51 (1895) |
| 66. | New York Penal Law § 125.00 et seq., Homicide and Related Offenses | | Fed. R. Evid. 401, 403; 901, 902; otherwise inadmissible, it is the sole province of the Court alone to determine all questions of law and to instruct the jury accordingly; it is the province of the jury to determine contested questions of fact; Nudd v. Burrows, 91 U.S. 426 (1875); Sparf v. United States, 156 U.S. 51 (1895) |
| 67. | New York Penal Law § 120.05, Assault in the Second Degree | | Fed. R. Evid. 401, 403; 901, 902; otherwise inadmissible, it is the sole province of the Court alone to determine all questions of law and to instruct the jury accordingly; it is the province of the jury to determine contested questions of fact; Nudd v. Burrows, 91 U.S. 426 (1875); Sparf v. United States, 156 U.S. 51 (1895) |
| 68. | New York Penal Law § 120.10, Assault in the First Degree | | Fed. R. Evid. 401, 403; 901, 902; otherwise inadmissible, it is the sole province of the Court alone to determine all questions of law and to instruct the jury accordingly; it is the |

| | | | |
|---|---|---|---|
| | | | province of the jury to determine contested questions of fact; Nudd v. Burrows, 91 U.S. 426 (1875); Sparf v. United States, 156 U.S. 51 (1895) |
| 69. | New York Penal Law § 120.15, Menacing in the Third Degree | | Fed. R. Evid. 401, 403; 901, 902; otherwise inadmissible, it is the sole province of the Court alone to determine all questions of law and to instruct the jury accordingly; it is the province of the jury to determine contested questions of fact; Nudd v. Burrows, 91 U.S. 426 (1875); Sparf v. United States, 156 U.S. 51 (1895) |
| 70. | New York Penal Law § 120.20, Reckless Endangerment in the Second Degree | | Fed. R. Evid. 401, 403; 901, 902; otherwise inadmissible, it is the sole province of the Court alone to determine all questions of law and to instruct the jury accordingly; it is the province of the jury to determine contested questions of fact; Nudd v. Burrows, 91 U.S. 426 (1875); Sparf v. United States, 156 U.S. 51 (1895) |
| 71. | New York Penal Law § 195.05, Obstructing governmental administration in the Second Degree | | Fed. R. Evid. 401, 403; 901, 902; otherwise inadmissible, it is the sole province of the Court alone to determine all questions of law and to instruct the jury accordingly; it is the province of the jury to determine contested questions of fact; Nudd v. Burrows, 91 U.S. 426 (1875); Sparf v. United States, 156 U.S. 51 (1895) |
| 72. | Hunting Hospital 'fit for confinement' note | X | |
| 73. | Moroughan Prisoner Activity Log | X | |

| | | | |
|---|---|---|---|
| 74. | Emergency Incident Report with Huntington Hospital attachment | | | Objection; Hearsay; Prejudice; Relevance; Foundation; Fed. R. Evid. 402, 403, 404, 802, 803; FRCP 26 et seq.; Fed. R. Evid. 702 (no expert) |
| 75. | Property Receipts | | Hearsay- relevance | Hearsay; Relevance |
| 76. | Arrest Report and Arrest Worksheets | X | | |
| 77. | Felony and Misdemeanor Complaint with DiLeonardo Deposition | X | | |
| 78. | Prosecution Worksheets | X | | Improperly identified as "Prosecution Worksheets" |
| 79. | Moroughan Booking Data Sheet | X | | |
| 80. | SCPD notes regarding Bill Petrillo, Esq.'s notice of representation | X | | |
| 81. | Alcohol consumption chart | | Hearsay | Hearsay, Fed. R. Evid. 801, 802; no foundation; Fed. R. Evid. 702 |
| 82. | Marked up copy of Alcohol consumption chart, previously marked Pl.'s Dep. Ex. 58A | | Hearsay | Hearsay., Fed. R. Evid. 801, 802, no foundation; Fed. R. Evid. 702 |
| 83. | Ruler, previously marked Pl.'s Dep. Ex. 69 | | | Not relevant to any issue to be tried; Fed. R. Evid. 402 |
| 84. | SCPD Second Precinct Floor Plan | | Relevance | Not relevant to any issue to be tried; Fed. R. Evid. 402 |
| 85. | Crime Scene Photographs of Oakwood Road, taken on Feb. 27, 2011 | X | | |
| 86. | Marked up copy of crime scene photograph, previously marked Pl.'s Dep. Ex. 122 | X | | |
| 87. | Crime Scene photographs of the taxi outside the emergency | X | | |

| | | | |
|---|---|---|---|
| | room, taken on Feb. 27, 2011 | | | |
| 88. | Photographs of Moroughan taken at SCDP Second Precinct, on Feb. 27, 2011 | X | | |
| 89. | Photographs of DiLeonardo taken at SCDP Second Precinct, on Feb. 27, 2011 | X | | |
| 90. | Photographs of Bienz taken at SCDP Second Precinct, on Feb. 27, 2011 | X | | |
| 91. | Crime Lab photographs of the taxi and gun, taken on Mar. 1, 2011 | X | | |
| 92. | Photographs of incident reenactment | | | Fed. R. Evid. 702; 402; 403; not relevant |
| 93. | Marked up copies of photographs of incident reenactment, previously marked Pl.'s Dep. Ex. 138 (on 5/24/16) | | | Fed. R. Evid. 702; 402; 403; not relevant |
| 94. | Photographs of the Second Precinct, taken on Feb. 24, 2017 | | | Not relevant to any issue to be tried; Fed. R. Evid. 401, 402, 403 |
| 95. | SCPD Impound Vehicle Examination Request form | | | Not relevant to any issue to be tried; Fed. R. Evid. 401, 402, 403 |
| 96. | Impound Records | X | | |
| 97. | SCPD Information or Recording Search Request form | X | | |
| 98. | SCPD Communications Section report listing the 911 calls made | X | | |
| 99. | CAD reports | | Object hearsay- no objection to impeach or refresh recollection | Objection; Hearsay; Foundation; Fed. R. Evid. 401, 402, 403, 801, 802 |
| 100. | SCPD Identification | X | | |

| | | | |
|---|---|---|---|
| | Section Report, dated Mar. 1, 2011 | | | |
| 101. | SCPD Evidence Recovery Sheet forms | X | | |
| 102. | SCPD Evidence Analysis Request forms | X | | |
| 103. | SCPD Property Section Invoice-Receipt forms | | Relevance | Relevance |
| 104. | SCPD Property Section Invoice-Property Sheet | | Relevance | Relevance |
| 105. | Krivosta Curriculum Vitae | X | | |
| 106. | Krivosta bench notes | X | | |
| 107. | Marked up copy of Krivosta bench notes, previously marked Pl.'s Dep. Ex. 131, 136 | | | Authentication; Hearsay; Fed. R. Evid. 402; 801; 802; 702 |
| 108. | Krivosta Worksheets | X | | |
| 109. | SCPD Crime Laboratory Crime Scene Recovery Report, dated Apr. 27, 2011 | X | | |
| 110. | SCPD Crime Laboratory Shooting Incident Reconstruction Report, dated April 27, 2011 | X | | |
| 111. | SCPD Crime Laboratory firearms report, dated. Mar. 10, 2011, with Worksheet and bench notes attached | X | | |
| 112. | SCPD Crime Laboratory Biological Sciences Report | X | | |
| 113. | Sgt. Marinace memo book page for February 26-27, 2011 | | *Monell* Claims have been dismissed, all claims against Sg. Marinace have been dismissed; proposed exhibit not relevant to any issue in | *Monell* Claims have been dismissed, all claims against Sg. Marinace have been dismissed; proposed exhibit not relevant to any issue in dispute to be tried; Fed. R. |

| | | | |
|---|---|---|---|
| | | dispute to be tried; Fed. R. Evid. 402; 403; 404; hearsay | Evid. 402; 403; 404; hearsay |
| 114. | Firearms Discharge Report | Object hearsay-  no objection to impeach or refresh recollection | |
| 115. | Email chain from/to Hannon and Hunter, dated Feb. 27, 2011 at 4:30, 4:33, 6:48, and 7:39 AM | 115-123 Same as 113 | *Monell* Claims have been dismissed, Hannon not a party, all claims against Hunter have been dismissed; not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; 403; 404; hearsay |
| 116. | Email from Papa to various NCPD members, dated Feb. 27, 2011 at 4:35 AM, with attachment | 115-123 Same as 113 | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; 403; 404, hearsay |
| 117. | Email from Hunter to Patrol Executive Members, dated Feb. 27, 2011, at 10:41 AM | 115-123 Same as 113 | *Monell* Claims have been dismissed, Hunter and "Patrol Executive Members" are not parties and all claims against Hunter have been dismissed; not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; 403; 404; hearsay |
| 118. | Email from DeMartinis to D/Lt. Pelkofsky, dated Mar. 11, 2011 | 115-123 Same as 113 | *Monell* Claims have been dismissed, all claims against DiMarinis have been dismissed; not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; 403; 404, hearsay |
| 119. | DiLeonardo's Incident/Accident Statements, dated February 27, 2011 | 115-123 Same as 113 | Fed. R. Evid. 801, 802(c), 803; *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; hearsay |
| 120. | DiLeonardo's PDCN 206 packet | 115-123 Same as 113 | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; 403; 404; invades province of the jury; DiLeonardo medical condition post-incident is not relevant to any issue to be tried; hearsay |

| | | | |
|---|---|---|---|
| 121. DiLeonardo's Workers' Compensation forms | | 115-123 Same as 113 | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; 403; 404; invades province of jury; DiLeonardo medical condition post-incident is not relevant to any issue to be tried; hearsay |
| 122. Workers' Compensation Board file on DiLeonardo | | 115-123 Same as 113 | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; 403; 404; invades province of jury; DiLeonardo medical condition post-incident is not relevant to any issue to be tried; hearsay |
| 123. Workers' Compensation Notice of Decision as DiLeonardo | | 115-123 Same as 113 | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; DiLeonardo medical condition post-incident; is not relevant to any issue to be tried; hearsay |
| 124. Bienz's Incident/Accident Statements, dated February 27, 2011 | | | Object; Hearsay; Fed. R. Evid. 802, 803; No objection to impeach or refresh recollection |
| 125. Bienz's PDCN 206 packet | | 125-128 Same as 113 | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; 403; 404; invades province of the jury; Bienz medical condition post-incident is not relevant to any issue to be tried; hearsay |
| 126. Bienz's Workers' Compensation forms | | 125-128 Same as 113 | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; 403; 404; invades province of the jury; Bienz medical condition post-incident is not relevant to any issue to be tried; hearsay |
| 127. Workers' Compensation Board file on Bienz | | 125-128 Same as 113 | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; |

| | | | |
|---|---|---|---|
| | | | Fed. R. Evid. 402; 403; 404; invades province of the jury; Bienz medical condition post-incident is not relevant to any issue to be tried; hearsay |
| 128. Workers' Compensation Notice of Decision as to Bienz | | 125-128 Same as 113 | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402; 403; 404; invades province of the jury; Bienz medical condition post-incident is not relevant to any issue to be tried; hearsay |
| 129. Fax Cover Sheet from D/Sgt. Lamb to ADA Albertson, dated Feb. 27, 2011 | | Object hearsay- no objection to impeach or refresh recollection | Objection; Relevance, Fed. R. Evid. 402, 403 |
| 130. ADA Pearl memo book notes | | Object hearsay- privilege no objection to impeach or refresh recollection | Fed. R. Evid. 802; Attorney Work Product; Fed. R. Evid. 503; Fed. R. Civ. P. 26(b)(3) |
| 131. Fax coversheet and subpoenas from ADA Pearl to Huntington Hospital Medical Records, dated February 28, 2011 | | Object hearsay- relevance - no objection to impeach or refresh recollection | Fed. R. Evid. 402, 802; Attorney Work Product; Fed. R. Evid. 503; Fed. R. Civ. P. 26(b)(3) |
| 132. Fax coversheet and letters from ADA Pearl to Huntington Hospital Laboratory Administrative Director, dated Feb .28, 2011 | | Object hearsay- relevance - no objection to impeach or refresh recollection | Fed. R. Evid. 402, 802; Attorney Work Product; Fed. R. Evid. 503; Fed. R. Civ. P. 26(b)(3) |
| 133. Fax coversheet and letter from Palumbo to Carla Price, Travel Nurse Across America, dated Mar. 9, 2011 | | Object hearsay- relevance - no objection to impeach or refresh recollection | Fed. R. Evid. 402, 802; Attorney Work Product; Fed. R. Evid. 503; Fed. R. Civ. P. 26(b)(3) |
| 134. Palumbo notes (2 pages) | | Object hearsay- relevance - no objection to impeach or refresh recollection | Objection; Hearsay; Foundation; Prejudice; Fed. R. Evid. 402, 403, 404, 802, 803 |
| 135. Palumbo memo book notes:    A. Notebook 1    B. Notebook 2 | | Object hearsay- relevance - no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404; 802, 803, 503; hearsay, relevance |

| | | | |
|---|---|---|---|
| | C. Notebook 3<br>D. Certification by Anne E. Oh, dated June 4, 2015 | | | |
| 136. Letter from ADA Lato to Brian Mitchell, Esq., dated Sept. 10, 2012 | | Hearsay – Relevance – Privilege | Fed. R. Evid. 402; Attorney Work Product; Fed. R. Evid. 503; Fed. R. Civ. P. 26(b)(3); hearsay; relevance |
| 137. Arraignment minutes, dated Feb. 28, 2011 | X | | |
| 138. Dismissal minutes, dated June 6, 2011 | X | | |
| 139. Internal Correspondence from Bienz to C.O. Internal Affairs Unit, dated Mar. 13, 2012 | | | Fed. R. Evid. 402, 403, 404; designed to embarrass and prejudice and to mislead the jury; *Monell* claims have been dismissed; nor relevant to any issue to be tried |
| 140. Internal Correspondence from DiLeonardo to C.O. Internal Affairs Unit, dated Mar. 17, 2012 | | | Fed. R. Evid. 402, 403, 404; designed to embarrass and prejudice and to mislead the jury*; Monell* claims have been dismissed; nor relevant to any issue to be tried |
| 141. Internal Correspondence from PO Covais to C.O. Internal Affairs Unit, dated Mar. 20, 2012 | | | Fed. R. Evid. 402, 403, 404; designed to embarrass and prejudice and to mislead the jury; *Monell* claims have been dismissed; nor relevant to any issue to be tried |
| 142. Statement of Erik Klug to NC IAU, dated July 18, 2011 | | Object hearsay-relevance - no objection to impeach or refresh recollection | Fed. R. Evid. 402, 802, 803, lacking authentication, not sworn, *Monell* claims have been dismissed; nor relevant to any issue to be tried |
| 143. Statement of Ruti Besares to NCPD IAU, dated July 20, 2011 | | Object hearsay-relevance - no objection to impeach or refresh recollection | Fed. R. Evid. 402, 802, 803, lacking authentication, not sworn, *Monell* claims have been dismissed; nor relevant to any issue to be tried |
| 144. Statement of Timothy Jochen to NCPD IAU, dated July 20, 2011 | | Object hearsay-relevance - no objection to impeach or refresh recollection | Fed. R. Evid. 402, 802, 803, lacking authentication, not sworn, *Monell* claims have been dismissed; nor relevant to any issue to be tried |

| | | | |
|---|---|---|---|
| 145. County of Nassau Inter-Departmental Memo, from Ferguson, Esq., to Police Indemnification Review Board, dated Feb. 23, 2012 | | Object hearsay- relevance - no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404; designed to embarrass and prejudice and to mislead the jury; *Monell* claims have been dismissed; nor relevant to any issue to be tried |
| 146. Sgt. Distler Investigative Notes: <br> A. Timeline <br> B. Activities sheets <br> C. Notes <br> D. Approval sheet | | Hearsay - Relevance | Nassau reserved its right to object as to relevance, admissibility, etc.; as described document covers hundreds of pages of diverse documents; objection based in part, but not limited to Fed. R. Evid. 402, 403, 404, 802, 803, contains hearsay; invades province of jury, will confuse jury, unfairly prejudice; not relevant to the issues to be tried; *Monell* claims have been dismissed |
| 147. NCPD IAU Investigation and Report: <br> A. Part I <br> B. Part II <br> C. Part III | | Hearsay - Relevance | Nassau reserved its right to object as to relevance, admissibility, etc.; as described document covers hundreds of pages of diverse documents; objection based in part, but not limited to Fed. R. Evid. 402, 403, 404, 802, 803, contains hearsay; invades province of jury, will confuse jury, unfairly prejudice; not relevant to the issues to be tried; *Monell* claims have been dismissed |
| 148. Excerpts of NCPD IAU Investigation and Report: <br> A. NCPD Internal Investigation Summary (citizen complaint summary) <br> B. NCPD Executive Summary IAU 27-2011 <br> C. NCPD Civilian Complaint | | Hearsay - Relevance | Nassau reserved its right to object as to relevance, admissibility, etc.; as described document covers hundreds of pages of diverse documents; objection based in part, but not limited to Fed. R. Evid. 402, 403, 404, 802, 803, contains hearsay; invades province of jury, will confuse jury, unfairly prejudice; not relevant to the issues to be tried; *Monell* claims have been dismissed |

| | | | |
|---|---|---|---|
| | Disposition as to DiLeonardo<br>D. NCPD Civilian Complaint Disposition as to Bienz<br>E. Internal Correspondence titled "Investigative Findings" as to DiLeonardo, dated Aug. 1, 2012<br>F. Internal Correspondence titled "Investigative Findings" as to Bienz, dated Aug. 1, 2012 | | |
| 149. | Sgt. Distler Affidavit, dated Mar. 26, 2014 | Hearsay - Relevance | Fed. R. Evid. 402, 404, 802, hearsay, inadmissible, law enforcement privilege; not relevant; *Monell* claims have been dismissed |
| 150. | Sgt. Distler testimony during DiLeonardo disciplinary hearing, dated Mar. 10 and 11, 2014 | Hearsay - Relevance | Fed. R. Evid. 402, 403, 404, 802, 803, hearsay, relevant, *Monell* claims have been dismissed, law enforcement privilege |
| 151. | Internal Correspondence from PO Lubanski to Sgt. Lynch, dated June 12, 2012 | Object hearsay- no objection to impeach or refresh recollection | |
| 152. | Internal Correspondence from Det. Niemir to Sgt. Lynch, dated June 26, 2012 | Object hearsay- no objection to impeach or refresh recollection | |
| 153. | Internal Correspondence from Sgt. Miller to Sgt. Lynch, dated June 14, 2012 | Object hearsay- no objection to impeach or refresh recollection | |
| 154. | CD containing | Object hearsay- no | Objection; Hearsay, Fed. R. |

| | | |
|---|---|---|
| | recordings of SCPD IAB interviews | objection to impeach or refresh recollection | Evid. 802, 803 |
| 155. | Stenographic Transcript of Rocchio IAB interview | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 156. | Stenographic Transcript of Nieves IAB interview | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 157. | Stenographic Transcript of Meaney IAB interview | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 158. | Stenographic Transcript of Faya IAB interview | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 159. | Stenographic Transcript of Geissinger IAB interview | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 160. | Stenographic Transcript of Smithers IAB interview | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 161. | Stenographic Transcript of Ciccotto IAB interview | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 162. | Stenographic Transcript of Tavares IAB interview | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 163. | Stenographic Transcript of Leser IAB interview | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 164. | Stenographic Transcript of Lewis IAB interview | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 165. | Transcript of Geissinger's IAB interview produced by Suffolk | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 166. | Transcript of Leser IAB interview produced by Suffolk | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 167. | Transcript of Tavares IAB interview | Object hearsay- no objection to impeach or refresh recollection | Fed. R. Evid. 402, 403, 404, 802, 803 |
| 168. | Moroughan medical records from Dr. David Benisch | | Fed. R. Evid. 702; 802, 803, lacking in foundation; failure to serve any expert notice |

| | | | |
|---|---|---|---|
| | | | pursuant to Fed. R. Evid. 702 et seq., Fed. R. Civ. P. 26(a)(2)(A)-(B) and various court orders [see, i.e., DE 14, 23, 32, 62, 150, 229, 230, 235] |
| 169. Moroughan medical records from Dr. Willian Martin | | | Fed. R. Evid. 702; 802, 803, lacking in foundation; failure to serve any expert notice pursuant to Fed. R. Evid. 702 et seq., Fed. R. Civ. P. 26(a)(2)(A)-(B) and various court orders [see, i.e., DE 14, 23, 32, 62, 150, 229, 230, 235] |
| 170. Moroughan medical records from Dr. Robert Gluck | | | Fed. R. Evid. 702; 802, 803, lacking in foundation; failure to serve any expert notice pursuant to Fed. R. Evid. 702 et seq., Fed. R. Civ. P. 26(a)(2)(A)-(B) and various court orders [see, i.e., DE 14, 23, 32, 62, 150, 229, 230, 235] |
| 171. Moroughan medical records from Dr. Harold German | | | Fed. R. Evid. 702; 802, 803, lacking in foundation; failure to serve any expert notice pursuant to Fed. R. Evid. 702 et seq., Fed. R. Civ. P. 26(a)(2)(A)-(B) and various court orders [see, i.e., DE 14, 23, 32, 62, 150, 229, 230, 235] |
| 172. Moroughan medical records from Stony Brook Plastic and Reconstructive Surgery | | | Fed. R. Evid. 702; 802, 803, lacking in foundation; failure to serve any expert notice pursuant to Fed. R. Evid. 702 et seq., Fed. R. Civ. P. 26(a)(2)(A)-(B) and various court orders [see, i.e., DE 14, 23, 32, 62, 150, 229, 230, 235] |
| 173. SCPD Organizational Charts | | Hearsay - Relevance | Fed. R. Evid. 402, 802, 803, lacking in foundation |
| 174. SCPD Rules and Procedures: <br> A. Ch. 1, Sec. 2, titled Rules & Procedures, Familiarization/Enforcement | | Hearsay – Relevance | Fed. R. Evid. 401, 402, not relevant to the issues to be tried; Fed. R. Evid. 403, Hearsay, 802, 803, prejudicial and misleading, police department policies are not relevant to Plaintiff's claims of |

| | | | |
|---|---|---|---|
| B. Ch. 13, Sec. 4, titled Written/ Verbal Communications<br>C. Ch. 13, Sec. 8, Reporting Police Activities<br>D. Ch. 13, Sec. 5, titled Department Records and Forms<br>E. Ch. 14, Sec. 1, Evidence Procedures, Crime Scene Evidence<br>F. Ch. 16, Sec. 1, titled Arrest Procedures<br>G. Ch. 16, Sec. 11, titled Holding Facility and Prisoner Safety<br>H. Ch. 16, Sec. 14, titled Miranda Warning<br>I. Ch. 23, Sec. 2, titled Radio Signals – Ten Code<br>J. Ch. 24, Sec. 2, titled Preliminary Investigations<br>K. Ch. 24, Sec. 3, titled Follow-up Investigations<br>L. Det. Division Memo #89-5, titled Investigative Note Taking, Reporting and Evidence Documentation/Procedures<br>M. "Assaults" (Ch/Sec not identified in Suffolk's production)<br>N. "Crime Scene | | | excessive force etc., *Monell* claims have been dismissed; Fletcher v. City of New York, 54 F.Supp 2d 328 (SDNY 1999) |

| | | | |
|---|---|---|---|
| | Search – General" (Ch/Sec not identified in Suffolk's production)<br>O. "Interviews and Interrogations"(Ch/Sec not identified in Suffolk's production)<br>P. "Investigation – General" (Ch/Sec not identified in Suffolk's production)<br>Q. "Investigative Reporting and report Writing" (Ch/Sec not identified in Suffolk's production)<br>R. "Physical Evidence – General" (Ch/Sec not identified in Suffolk's production)<br>S. "Written Confessions" (Ch/Sec not identified in Suffolk's production)<br>T. "Written Statements" (Ch/Sec not identified in Suffolk's production) | | |
| 175. | NCPD Police Department Manual excerpts:<br>A. NCPD Rules, Article 5 – Standards of | Hearsay-relevance | Fed. R. Evid. 401, 402, not relevant to the issues to be tried; Fed. R. Evid. 403, Hearsay, 802, 803, prejudicial and misleading, police department policies are not |

| | | | |
|---|---|---|---|
| | Conduct<br>B. NCPD Rules, Article 8 – Uniforms and Equipment<br>C. NCPD ADM 1220, effective Apr. 10, 1998<br>D. NCPD ADM 1221, effective June 15, 1997<br>E. NCPD ADM 1221, effective Aug. 5, 2011<br>F. NCPD Department Manual, Appendix C – Radio Codes, effective Aug. 14, 1998<br>G. NCPD Department Manual, Glossary, effective Apr. 1, 2011<br>H. Others to be added per DE 318 | | | relevant to Plaintiff's claims of excessive force etc., *Monell* claims have been dismissed; Fletcher v. City of New York, 54 F.Supp 2d 328 (SDNY 1999) |
| 176. | DiLeonardo Training Record | | Hearsay - Relevance | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 403, 404 |
| 177. | DiLeonardo NCPD weapons training records | | Hearsay - Relevance | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 403, 404 |
| 178. | Command Personnel Order titled "Restricted – PO DiLeonardo," effective June 14, 2011 | | Hearsay – Relevance- 404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |
| 179. | Command Personnel Order titled "Change of Assignment" as to DiLeonardo, effective June 18, 2011 | | Hearsay – Relevance- 404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |
| 180. | Command Personnel Order titled "Changes of Assignment" as to DiLeonardo, effective | | Hearsay – Relevance- 404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |

| | | | |
|---|---|---|---|
| | Nov. 17, 2011 | | |
| 181. | Command Personnel Order titled "Change of Assignment" as to DiLeonardo and Bienz, effective Oct. 19, 2013 | Hearsay – Relevance-404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |
| 182. | Reports of Violation of Department Rules as to DiLeonardo | Hearsay – Relevance-404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |
| 183. | DiLeonardo's Charges and Specifications | | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |
| 184. | Bienz Training Record | Hearsay – Relevance | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |
| 185. | Command Personnel Order titled "Temporary Assignment" as to Bienz, effective Jan 12, 2011 | Hearsay – Relevance-404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |
| 186. | Command Personnel Order titled "Restricted – PO Bienz, E.," effective June 26, 2013 | Hearsay – Relevance-404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |
| 187. | Command Personnel Order titled "Change of Assignment" as to Bienz, effective June 27, 2013 | Hearsay – Relevance-404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |
| 188. | Determination of Police Officer Indemnification Board regarding PO Bienz, dated March 6, 2012 | Hearsay – Relevance-404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |
| 189. | History of Charges and Specifications as to Bienz | Hearsay – Relevance-404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Fed. R. Evid. 402, 404 |
| 190. | Timoth Marinace Training Record | Hearsay – Relevance | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Marinace is not a party; Fed. |

| | | | |
|---|---|---|---|
| | | | R. Evid. 402 |
| 191. Edward Horace Training Record | | Hearsay – Relevance | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Horace is not a party; Fed. R. Evid. 402 |
| 192. John DeMartinis Training Record | | Hearsay – Relevance | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; DeMartinis is not a party; Fed. R. Evid. 402 |
| 193. Danial Flanagan Training Record | | Hearsay – Relevance | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Flanagan is not a party; Fed. R. Evid. 402 |
| 194. John Hunter Training Record | | Hearsay – Relevance | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Hunter is not a party; Fed. R. Evid. 402 |
| 195. NCPD Dep. Chief Hunter's Indictment, dated Feb. 23, 2012 | | Hearsay – Relevance- 404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Hunter is not a party; being offered to inflame and prejudice the jury; Fed. R. Evid. 402, 404 |
| 196. NCPD Dep. Chief Hunter's Plea and Sentence minutes, dated May 1, 2013 | | Hearsay – Relevance- 404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Hunter is not a party; being offered to inflame and prejudice the jury; Fed. R. Evid. 402, 404 |
| 197. NCPD Dep. Chief Hunter's Certificate of Disposition | | Hearsay – Relevance- 404 Prejudice | *Monell* Claims have been dismissed, not relevant to any issue in dispute to be tried; Hunter is not a party; being offered to inflame and prejudice the jury; Fed. R. Evid. 402, 404 |
| 198. William Lamb Training Transcript | | Hearsay – Relevance | |
| 199. Ronald Tavares Training Transcript | | Hearsay – Relevance | |

| | | | |
|---|---|---|---|
| 200. | Charles Leser Training Transcript | Hearsay – Relevance | |
| 201. | Photographs of SCPD police personnel present at Hunting Hospital on February 27, 2011 | Relevance | Objection; Relevance; Fed. R. Evid. 401, 402, 403 |
| 202. | Photograph of Anthony DiLeonardo | Relevance | Objection; Relevance; Fed. R. Evid. 401, 402, 403 |
| 203. | Photograph of Edward Bienz | Relevance | Objection; Relevance; Fed. R. Evid. 401, 402, 403 |
| 204. | Photograph of Timothy Marinace | Relevance | Objection; Relevance; Fed. R. Evid. 401, 402, 403 |
| 205. | Photograph of John DeMartinis | Relevance | Objection; Relevance; Fed. R. Evid. 401, 402, 403 |
| 206. | Photograph of Daniel Flanagan | Relevance | Objection; Relevance; Fed. R. Evid. 401, 402, 403 |
| 207. | Photograph of Edmund Horace | Relevance | Objection; Relevance; Fed. R. Evid. 401, 402, 403 |
| 208. | Photograph of John Hunter | Relevance | Objection; Relevance; Fed. R. Evid. 401, 402, 403 |
| 209. | Photograph of Dr. Beverly Kraszewski | Relevance | Objection; Relevance; Illegible; Fed. R. Evid. 401, 402, 403 |
| 210. | Dr. Kraszewski resume | Hearsay -Relevance | Objection; Hearsay; Relevance; Fed. R. Evid. 401, 402, 403 |
| 211. | Photograph of Risco Mention-Lewis | Relevance | Objection, Relevance, Fed. R. Evid. 401, 402, 403 |
| 212. | Nassau County Executive Good Citizen Declaration on behalf of Kristie Mondo | Relevance – Prejudice - 403 | Objection, Relevance; Prejudicial; Hearsay; not provided in discovery; Fed. R. Evid. 401, 402, 403; FRCP 26 et seq. |
| 213. | Email from Cornia to DiLeonardo, dated Mar. 5, 2011 | | Objection; Hearsay; Prejudice; Relevance; 402, 403, 404; 801; 802; 803; misleading and invades province of jury |
| 214. | Expert report of Dr. Dominick Labianca, Phd | | Hearsay; Fed. R. Evid. 801, 802; Fed. R. Evid.; Daubert, et al., |
| 215. | Suffolk Police News Release, dated Feb. 27, 2011 | | Fed. R. Evid. 801(c); 802; Hearsay |
| 216. | Newsday – "Cops: Cabbie crashes into | Hearsay | Fed. R. Evid. 801(c); 802; Hearsay |

| | | |
|---|---|---|
| officers, then shot" | | |
| 217. Moroughan Suffolk 50-h transcript, dated July 28, 2011 – excerpts, to be used for rebuttal where necessary | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Object to use for rebuttal; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 218. Moroughan Nassau 50-h transcript, dated Aug. 29, 2011 – excerpts, to be used to refresh recollection and for rebuttal where necessary | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Object to use for rebuttal; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 219. Deposition transcript of Thomas Moroughan, dated Jan. 20 & 21, 2015 – excerpts, to be used to refresh recollection and for rebuttal where necessary | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Object to use for rebuttal Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 220. Deposition transcript of Kristie Mondo, dated Jan. 21, 2015 – excerpts, to be used to refresh recollection and for rebuttal where necessary | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court;  Object to use for rebuttal Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 221. Deposition video of Erik Klug, dated July 19, 2013 – excerpts, to be used to refresh recollection and for rebuttal where necessary | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 222. Deposition transcript of Erik Klug, dated July 19, 2013 – excerpts, to be used to refresh recollection and for rebuttal where | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts |

| | | | |
|---|---|---|---|
| | necessary | | | themselves as Trial Exhibits |
| 223. | Deposition transcript of Risco Mention-Lewis, Part 1, dated Feb. 17, 2015 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 224. | Deposition transcript of Risco Mention-Lewis, Part 2, dated March 16, 2015 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 225. | Deposition transcript of Jillian Bienz, Pt 1, dated Mar. 1, 2016 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 226. | Deposition transcript of Jillian Bienz, Pt 2, dated May. 26, 2016 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 227. | Deposition transcript of Sophia Cornia, dated Sept. 27, 2016 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 228. | Deposition transcript of Edward Bienz, Part 1, dated Dec. 2, 2015 – | | Hearsay -Object to use of rebuttal – no objection to impeach or refresh | Nassau does not objection to marking transcripts for identification to be read where |

| | | |
|---|---|---|
| excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | recollection | appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 229. Deposition transcript of Edward Bienz, Part 2, dated Dec. 7, 2015 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 230. Deposition transcript of Anthony DiLeonardo, dated Nov. 17, 2015 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 231. Deposition transcript of Channon Rocchio, dated June 27, 2014 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 232. Deposition transcript of Enid Nieves, dated Jan. 30, 2013 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 233. Deposition transcript of Jesus Faya, dated July 2, 2014 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |

| | | | |
|---|---|---|---|
| 234. | Deposition transcript of Robert Lubanski, dated July 3, 2014 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 235. | Deposition transcript of William Meany, dated June 26, 2014 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 236. | Deposition transcript of Eugene Geissinger, dated July 2, 2014 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 237. | Deposition transcript of Alfred Ciccotto, dated June 26, 2014 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 238. | Deposition transcript of Charles Leser, dated Nov. 11, 2013 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 239. | Deposition transcript of Ronald Tavares, dated Nov. 21, 2013 – excerpts, to be used to refresh recollection, and for impeachment | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts |

| | | | |
|---|---|---|---|
| | and rebuttal where necessary | | themselves as Trial Exhibits |
| 240. | Deposition transcript of William Lamb, dated Nov. 14, 2013 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 241. | Deposition transcript of Timothy Marinace, Part 1, dated Mar. 8, 2013 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay – relevance | *Monell* Claims have been Dismissed – Testimony of this witness is not relevant to plaintiff's remaining claims and causes of action; in the event this witness is called to testify Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 242. | Deposition transcript of Timothy Marinace, Part 2, dated June 17, 2014 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay – relevance | *Monell* Claims have been Dismissed – Testimony of this witness is not relevant to plaintiff's remaining claims and causes of action; in the event this witness is called to testify Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 243. | Deposition transcript of John DeMartinis, dated Mar. 12, 2013 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay – relevance | *Monell* Claims have been Dismissed – Testimony of this witness is not relevant to plaintiff's remaining claims and causes of action; in the event this witness is called to testify Nassau does not objection to marking |

| | | | |
|---|---|---|---|
| | | | transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 244. Deposition transcript of Daniel Flanagan, dated Feb. 25, 2013 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | | Hearsay – relevance | *Monell* Claims have been Dismissed – Testimony of this witness is not relevant to plaintiff's remaining claims and causes of action; in the event this witness is called to testify Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 245. Deposition transcript of Edmund Horace, dated Feb. 21, 2013 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | | Hearsay – relevance | *Monell* Claims have been Dismissed – Testimony of this witness is not relevant to plaintiff's remaining claims and causes of action; in the event this witness is called to testify Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 246. Deposition transcript of John Hunter, Part 1, dated Nov. 19, 2015 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | | Hearsay – relevance | *Monell* Claims have been Dismissed – all claims against this former defendant have been dismissed; Testimony of this witness is not relevant to plaintiff's remaining claims and causes of action; in the event this witness is called to testify Nassau does not objection to marking transcripts for identification to be read where appropriate as |

| | | | |
|---|---|---|---|
| | | | ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 247. | Deposition transcript of John Hunter, Part 2, dated Nov. 20, 2015 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay – relevance | *Monell* Claims have been Dismissed – all claims against this former defendant have been dismissed; Testimony of this witness is not relevant to plaintiff's remaining claims and causes of action; in the event this witness is called to testify Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 248. | Deposition transcript of Dr. Beverly Kraszewski Part 1, dated Nov. 22, 2013 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 249. | Deposition transcript of Dr. Beverly Kraszewski Part 2, dated Dec. 13, 2013 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay -Object to use of rebuttal – no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 250. | Deposition transcript of George Krivosta, Part 1, dated Mar. 23, 2016 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |

| | | | |
|---|---|---|---|
| | necessary | | |
| 251. | Deposition transcript of George Krivosta, Part 2, dated May 24, 2016 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 252. | Deposition transcript of Anthony Palumbo, Part 1, dated Sept. 30, 2015 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Witness is deceased. Objection on basis of relevance and hearsay. | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 253. | Deposition transcript of Anthony Palumbo, Part 2, dated Oct. 13, 2015 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Witness is deceased. Objection on basis of relevance and hearsay. | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 254. | Deposition transcript of Raphael Pearl, Part 1, dated Dec. 15, 2016 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 255. | Deposition transcript of Raphael Pearl, Part 2, dated Feb. 17, 2017 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | Hearsay - no objection to impeach or refresh recollection | Nassau does not objection to marking transcripts for identification to be read where appropriate as ruled upon by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |
| 256. | Deposition transcript of Dr. Dominick | Hearsay -Object to use of rebuttal – no objection to | Fed. R. Evid. 702; Daubert, etc. If witness is permitted to |

| | | |
|---|---|---|
| Labianca, dated Oct. 31, 2017 – excerpts, to be used to refresh recollection, and for impeachment and rebuttal where necessary | impeach or refresh recollection | testify, Nassau does not objection to marking transcripts for identification to be read where appropriate for confrontation and impeachment only, subject to ruling by the Court; Nassau objects to admitting the transcripts themselves as Trial Exhibits |

The Suffolk Defendants' Exhibit List:

The defendants reserve their right to offer into evidence any and all relevant and admissible exhibits, and all portions thereof, previously identified by the plaintiffs whether or not the plaintiff actually offers such exhibits. (Said exhibits are hereby incorporated by reference.)

The Suffolk defendants may also offer the following additional exhibits:

| Exhibit | Stip | Plaintiff's Objections | Nassau's Objections |
|---|---|---|---|
| A. Plaintiff's Rights Statement dated February 27, 2011 | X | | |
| B. Plaintiff's hand written notes – Exb B at 50 h hearing | X | | |
| C. Plaintiff's medical records | | | Objections, various, as noted herein on Plaintiff's proposed exhibit list |
| D. Sworn Statement of Anthony DiLeonardo dated February 27, 2011 | X | | |

The Nassau Defendants' Exhibit List:

| Exhibit | Stip | Plaintiff's Objections | Suffolk's Objections |
|---|---|---|---|
| A. William Petrillo Statement in Open Court on June 6, 2011; see: DE 177, Exh. H, Bates pages 196-206, minutes of court proceedings, Peo. v. Moroughan, Case No. 2011SU007884 | | Hearsay. No objection to impeach or refresh recollection | |
| B. SCPD PO Meaney Supplemental Report dated February 27, 2011, see DE 177, Exh. | X | | |

| | | | |
|---|---|---|---|
| H, Bates page 194 | | | |
| C. Scene Log, Huntington Hospital, see DE 177, Exh. H, Bates page 178 | X | | |
| D. SCPD Rights Statement and Sworn Statement of Thomas Moroughan dated February 27, 2011, see DE 177, Exh. H, Bates pages 108-110 | X | | |
| E. Plaintiff's Hospital Record from Huntington Hospital reflecting admission at 1:30 a.m. and discharge at 8:00 a.m.; see DE 177, Exh. H. Bates 308-339 | X | | |
| F. Felony and Misdemeanor Complaints; see DE 177, Exh. H, Bates pages 181-182 | X | | |
| G. DiLeonardo Article 78 Petition dated September 5, 2014 | | Hearsay, irrelevant, misleading, confusing the issues, not disclosed in discovery | |
| H. Appellate Division, Second Department Order dated April 11, 2016, dismissing DiLeonardo's Article 78 Petition | | Same as G above. Additionally, Plaintiff was never provided with the documents which informed the Judges' opinion | |
| I. March 6, 2012 Determination of NCPD Indemnification Board as to DiLeonardo | | Irrelevant, misleading, confusing the issues. | |
| J. April 15, 2013 Determination of NCPD Indemnification Board as to DiLeonardo | | Same as G above. | |
| K. DiLeonardo Article 78 Petition dated August 13, 2013 | | Same as G above. | |
| L. May 1, 2014 Order of Justice R. Bruce Cozzens, Jr. | | Same as H above. | |
| M. Copy of decision found at Matter of DiLeonardo v. Nassau County Police Officer Indem. Bd., 148 A.D.3d 701 (2d Dep't 2017). | | Same as H above. | |

Defendant DiLeonardo's Exhibit List:

None. However Defendant DiLeonardo joins in the other defendants' objections to the exhibits listed above.

Dated:  January 19, 2022

Respectfully,

s/Mirel Fisch _____
Mirel Fisch, Esq.
The Law Office of Mirel Fisch
*Attorneys for Plaintiff*
2329 Nostrand Ave, Suite 100
Brooklyn, New York 11210

s/Anthony Grandintete
Anthony M. Grandinette, Esq.
*Attorneys for Plaintiff*
The Law Office of Anthony M. Grandinette
114 Old Country Rd., Suite 420
Mineola, New York 11501

s/Brian Mithcell
Brian C. Mitchell, Esq.
Suffolk County Attorney's Office
*Attorneys for the Suffolk Defendants*
H. Lee Dennison Bldg.
100 Veterans Memorial Highway
Hauppauge, New York 11788

s/Christopher Clarke
Christopher D. Clarke, Esq.
Leahey & Johnson, P.C.
*Attorneys for the County of Nassau and Edward Bienz*
120 Wall Street, 22nd Floor
New York, New York 10005

s/Bruce Barket
Bruce A. Barket, Esq.
Barket Epstein Kearon Aldea & LoTurco, LLP
*Attorneys for Defendant DiLeonardo*
666 Old Country Road, Suite 700
Garden City, New York 11530